IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090-SLR |
| | ) | |
| ALCATEL-LUCENT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR AN
EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendant asked Microsoft for a routine 30-day extension to respond to the Complaint – the sort of extension that is granted in virtually every patent case in this Court. Surprisingly, Microsoft declined to agree unless defendant would agree not to contest service of process. Microsoft says that it does not oppose a reasonable extension, but accuses defendant of "seeking to stall for two months" and "searching for a loophole regarding service of process."[1] There is no basis for that accusation. Defendant did not raise an issue regarding service of process; Microsoft did. Having raised it, Microsoft throws accusations at defendant for not giving up something to get an extension of time. Defendant requested an extension of 30 days because it needs the time to analyze the claims against it and decide how to proceed, including

---

[1] It is surprising that Microsoft would make those accusations, especially because it has filed a parallel action on the same patents in the ITC and has stated in other litigation in Texas that "[i]t is presumed that Alcatel will exercise their statutory right to stay the Delaware action until the ITC case is finished (including any appeals)." (Microsoft March 2, 2007 Reply in C.A. No. 6:06-cv-499 (E.D. Texas, Tyler Div.), at p. 4 n. 1). Thus, at the same time that Microsoft asserts in Texas that it believes defendant will exercise its statutory right to stay this case, it argues here that defendant is seeking to stall this action. If Microsoft really believed that defendant would exercise its right to stay, there would be no reason to accuse defendant of stalling.

2

investigating service of process.  There is no reason it should have to give anything up to get a routine extension.

    Defendant requests the Court to grant its request for an extension.

              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

              */s/ Jack B. Blumenfeld (#1014)*
              Jack B. Blumenfeld (I.D. No. 1014)
              1201 North Market Street
              P.O. Box 1347
              Wilmington, DE  19899
              (302) 658-9200
              jblumenfeld@mnat.com

              *Attorneys for Defendant*

March 19, 2007

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on March 19, 2007, I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
Fish & Richardson

I also certify that copies were caused to be served on March 19, 2007 upon the following in the manner indicated:

**BY HAND**

Thomas L. Halkowski, Esquire
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY E-MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Fish & Richardson P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com