IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIMS OF ALCATEL BUSINESS SYSTEMS

Defendant Alcatel Business Systems[1] ("ABS") submits the following Answer and Counterclaims in response to the First Amended Complaint and Demand For Jury Trial of Plaintiff Microsoft Corporation ("Microsoft"):

### THE PARTIES

1.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    Admits.

3.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

### JURISDICTION AND VENUE

4.    ABS admits that the Complaint purports to allege an action for patent infringement under Title 35 of the United States Code, and that this Court has subject matter jurisdiction.   Otherwise, this allegation contains conclusions of law to which no answer is required.

---

[1] Alcatel Business Systems is now known as Alcatel-Lucent Enterprise.

5.    ABS does not contest personal jurisdiction for purposes of this action, but denies that any infringing acts have occurred in this judicial district or elsewhere.

6.    ABS does not contest venue for purposes of this action, but denies that any infringing acts have occurred in this judicial district or elsewhere.

## FACTS

7.    ABS admits that a copy of U.S. Patent No. 6,421,439 ("the '439 patent"), entitled "System and Method for User Affiliation in a Telephone Network," is attached to the Complaint as Exhibit A.  ABS admits that the '439 patent was issued by the United States Patent and Trademark Office on July 16, 2002 from U.S. Patent Application Serial No. 09/275,689, filed March 24, 1999, and names Stephen M. Liffick as the inventor, but denies that the '439 patent was duly and legally issued.  ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Microsoft is the owner by valid assignment of the entire right, title, and interest in and to United States Patent No. 6,421,439" and on that basis denies such allegations and all remaining allegations in Paragraph 7.

8.    ABS admits that a copy of U.S. Patent No. 6,430,289 ("the '289 patent"), entitled "System and Method for Computerized Status Monitor and use in a Telephone Network," is attached to the Complaint as Exhibit B.  ABS admits that the '289 patent was issued by the United States Patent and Trademark Office on August 6, 2002 from U.S. Patent Application Serial No. 09/291,693 filed April 13, 1999, and names Stephen M. Liffick as the inventor, but denies that the '289 patent was duly and legally issued.  ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Microsoft is the owner by valid assignment of the entire right, title, and interest in and to United States Patent No.

6,430,289" and on that basis denies such allegations and all remaining allegations in Paragraph 8.

9.    ABS admits that a copy of United States Patent No. 6,263,064 ("the '064 patent") entitled "Centralized Communication Control Center for Visually and Audibly Updating Communication Options Associated With Communication Services of a Unified Messaging System and Methods Therefor," is attached to the Complaint as Exhibit C. ABS admits that the '064 patent was issued by the United States Patent and Trademark Office on July 17, 2001 from U.S. Patent Application Serial No. 09/239,585, filed January 29, 1999, and names Stephen C. O'Neal and John Jiang as the inventors, but denies that the '064 patent was duly and legally issued. ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Microsoft is the owner by valid assignment of the entire right, title, and interest in and to United States Patent 6,263,064 B1" and on that basis denies such allegations and all remaining allegations in Paragraph 9.

10.    ABS admits that a copy of United States Patent No. 6,728,357 ("the '357 patent") entitled "Centralized Communication Control Center and Methods Therefor" is attached to the Complaint as Exhibit D. ABS admits that the '357 patent was issued by the United States Patent and Trademark Office on April 27, 2004, and names Stephen C. O'Neal and John Jiang as the inventors, but denies that the '357 patent was duly and legally issued. ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Microsoft is the owner by valid assignment of the entire right, title, and interest in and to United States Patent 6,728,357" and on that basis denies such allegations and all remaining allegations in Paragraph 10.

## COUNT I: ABS'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,421,439

11.    ABS incorporates by reference each of its answers to Paragraphs 1-10 above.

12.    ABS denies each and every allegation contained in Paragraph 12, and specifically denies any wrongdoing or infringement.

13.    ABS denies each and every allegation contained in Paragraph 13, and specifically denies any wrongdoing or infringement.

14.    ABS denies each and every allegation in Paragraph 14, specifically denies any wrongdoing or infringement, and further denies any willful infringement.

15.    ABS denies each and every allegation contained in Paragraph 15, specifically denies any wrongdoing or infringement, and further denies that Microsoft is entitled to recover any damages whatsoever.

16.    ABS denies each and every allegation contained in Paragraph 16, and specifically denies any wrongdoing or infringement.

## COUNT II: ABS'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,430,289

17.    ABS incorporates by reference each of its answers to Paragraphs 1-16 above.

18.    ABS denies each and every allegation contained in Paragraph 18, and specifically denies any wrongdoing or infringement.

19.    ABS denies each and every allegation contained in Paragraph 19, and specifically denies any wrongdoing or infringement.

20.    ABS denies each and every allegation in Paragraph 20, specifically denies any wrongdoing or infringement, and further denies any willful infringement.

21.     ABS denies each and every allegation contained in Paragraph 21, specifically denies any wrongdoing or infringement, and further denies that Microsoft is entitled to recover any damages whatsoever.

22.     ABS denies each and every allegation contained in Paragraph 22, and specifically denies any wrongdoing or infringement.

## COUNT III: ABS'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,263,064

23.     ABS incorporates by reference each of its answers to Paragraphs 1-22 above.

24.     ABS denies each and every allegation contained in Paragraph 24, and specifically denies any wrongdoing or infringement.

25.     ABS denies each and every allegation contained in Paragraph 25, and specifically denies any wrongdoing or infringement.

26.     ABS denies each and every allegation in Paragraph 26, specifically denies any wrongdoing or infringement, and further denies any willful infringement.

27.     ABS denies each and every allegation contained in Paragraph 27, specifically denies any wrongdoing or infringement, and further denies that Microsoft is entitled to recover any damages whatsoever.

28.     ABS denies each and every allegation contained in Paragraph 28, and specifically denies any wrongdoing or infringement.

## COUNT IV: ABS'S INFRINGEMENT OF UNITED STATES PATENT NO. 6,728,357

29.     ABS incorporates by reference each of its answers to Paragraphs 1-28 above.

30.    ABS denies each and every allegation contained in Paragraph 30, and specifically denies any wrongdoing or infringement.

31.    ABS denies each and every allegation contained in Paragraph 31, and specifically denies any wrongdoing or infringement.

32.    ABS denies each and every allegation in Paragraph 32, specifically denies any wrongdoing or infringement, and further denies any willful infringement.

33.    ABS denies each and every allegation contained in Paragraph 33, specifically denies any wrongdoing or infringement, and further denies that Microsoft is entitled to recover any damages whatsoever.

34.    ABS denies each and every allegation contained in Paragraph 34, and specifically denies any wrongdoing or infringement.

## COUNT V: GENESYS'S INFRINGEMENT OF U.S. PATENT NO. 6,421,439

35.    ABS incorporates by reference each answer to Paragraphs 1-34 above.

36.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

## COUNT VI: GENESYS'S INFRINGEMENT OF U.S. PATENT NO. 6,430,289

41.    ABS incorporates by reference each answer to Paragraphs 1-40 above.

42.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    ABS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, ABS alleges as follows:

### First Affirmative Defense
(Failure to State a Claim)

47.    Microsoft's purported claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense
(Non-Infringement)

48.    ABS has not directly infringed, contributed to the infringement, or induced the infringement of any claim of the '439 patent, the '289 patent, the '064 patent or the '357 patent.

## Third Affirmative Defense
(Patent Invalidity)

49.     The claims of the '439 patent, the '289 patent, the '064 patent and the '357 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.*

## Fourth Affirmative Defense
(Inequitable Conduct)

50.     The '439 patent and the '289 patent are unenforceable due to inequitable conduct.

51.     The '439 patent and the '289 patent both issued to Stephen M. Liffick. The '439 patent and the '289 patent claim virtually identical inventions. Claim 1 of the '439 patent claims:

> In an environment where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network, a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications, the system comprising:
>
> a data structure contained within a computer network to store user-selectable criteria for call processing, wherein the data structure stores the user-selectable criteria in one or more lists that are used in filtering an incoming call and wherein some of the one or more lists are used to filter the incoming call according to current activity of subscribers on the computer network or according to current activity of the user on the computer network;
>
> a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port; and
>
> a controller to receive the incoming call designated for the user telephone and to process the incoming call in accordance with the user-selectable criteria, the controller accessing the user-selectable criteria in the one or more lists of the data structure via the computer network access port and thereby applying the user-selectable criteria to the incoming call.

Similarly, claim 1 the '289 patent claims:

> In a system that includes a telephone network and a computer network with one or more users, wherein each user is connected through a user computer the computer network and is logically connected through the computer network to the telephone network, a method of determining when to establish telephone communication between two parties, at least one of whom is a user connected to said computer network, comprising:
>
> at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party;
>
> at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party;
>
> at the computer network, storing a set of pre-determined rules for determining when the second party is available to take a call from the first party;
>
> at the computer network, using the set of a pre-determined rules to process i) the information received from the telephone network regarding the call being originated by the first party, and ii) information regarding the monitored activity of the user computer of the second party, to determine when the second party is available to take the call originated by the first party; and
>
> using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party.

52.    During the prosecution of the application leading to the '439 patent only three prior art references were considered by the examiner of that application. During the prosecution of the application leading to the '289 patent, only five prior art references were considered by the examiner of that application. The '439 patent and the '289 patents were examined by different patent examiners. None of the prior art references before the examiner of the '289 patent were before the examiner of the '439 patent.

9

53.    On information and belief, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '439 patent were aware of the disclosures contained in the prior art references considered by the examiner of the '289 patent.  The references cited during the prosecution of the '289 patent were highly material to the claims of the '439 patent.  On information and belief, during prosecution of the '439 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '439 patent knew that one or more of the references cited during the prosecution of the '289 patent were material to the patentability of the claims of the '439 patent.  On information and belief, during the prosecution of the application for the '439 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application withheld and failed to disclose the references cited in the application for the '289 patent with an intent to deceive the United States Patent and Trademark Office.

54.    On information and belief, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '289 patent were aware of the disclosures contained in the prior art references considered by the examiner of the '439 patent.  The references cited during the prosecution of the '439 patent were highly material to the claims of the '289 patent.  On information and belief, during prosecution of the '289 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '289 patent knew that one or more of the references cited during the prosecution of the '439 patent were material to the patentability of the claims of the '439 patent.  On information and belief, during the prosecution of the application leading to the '289 patent, one or more of the inventor, and/or

the prosecuting attorneys, and/or others associated with the filing and prosecution of the application withheld and failed to disclose the references cited in the application for the '439 patent with an intent to deceive the United States Patent and Trademark Office.

### Fifth Affirmative Defense
(Laches)

55.    Microsoft's claim for any damages purportedly incurred prior to filing this action is barred by the equitable doctrine of laches.

### Sixth Affirmative Defense
(Failure to Mark)

56.    On information and belief, Microsoft has not marked its products in accordance with 35 U.S.C. § 287 and, accordingly, Microsoft's damages claim is limited in accordance with that statute.

## COUNTERCLAIMS

As and for its counterclaims against Plaintiff Microsoft Corporation, ABS alleges as follows:

### Parties

1.    Counterclaim-Plaintiff Alcatel Business Systems ("ABS") is incorporated in France and has its offices at 32 Avenue Kléber, 92707 Colombes, France.

2.    Counterclaim-Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with a principal place of business at One Microsoft Way, Redmond, Washington 98052.

### Jurisdiction and Venue

3.    This is an action for declaratory relief over which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201.

4.     Venue is proper in this Court under 28 U.S.C. §§ 1391 because Microsoft has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court.

## Count I: Non-Infringement

5.     ABS incorporates by reference paragraphs 1-4 as if fully set forth herein.

6.     By the filing of its Complaint, Microsoft has purported to assert a claim against ABS for the alleged infringement of the '439 patent, the '289 patent, the '064 patent and the '357 patent.

7.     ABS has denied Microsoft's allegations of infringement and believes that the Complaint has been filed without good cause.

8.     An actual controversy exists between Microsoft and ABS in that Microsoft contends that the '439 patent, the '289 patent, the '064 patent and the '357 patent are infringed by ABS, and ABS in turn contends that it does not infringe these patents.

9.     ABS is entitled to judgment from this Court that the '439 patent, the '289 patent, the '064 patent and the '357 patent are not infringed by ABS or any of its products.

## Count II: Invalidity

10.     ABS incorporates by reference paragraphs 1-9 as if fully set forth herein.

11.     An actual controversy exists between Microsoft and ABS in that Microsoft contends that the '439 patent, the '289 patent, the '064 patent and the '357 patent are valid, while ABS in turn contends that these patents are invalid and/or unenforceable.

12.     As a result, ABS is entitled to judgment from this Court finding that the '439 patent, the '289 patent, the '064 patent and the '357 patent are invalid pursuant to 35 U.S.C. §§ 1 et seq.

## Count III: Unenforceability

13.　　ABS incorporates by reference paragraphs 1-12 as if fully set forth herein.

14.　　An actual controversy exists between Microsoft and ABS in that Microsoft contends that the '439 patent and the '289 patent are enforceable, while ABS in turn contends that these patents are invalid and/or unenforceable.

15.　　The '439 patent and the '289 patent are unenforceable due to inequitable conduct.

16.　　The '439 patent and the '289 patent both issued to Stephen M. Liffick. The '439 patent and the '289 patent claim virtually identical inventions.  Claim 1 of the '439 patent claims:

> In an environment where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network, a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications, the system comprising:
>
> a data structure contained within a computer network to store user-selectable criteria for call processing, wherein the data structure stores the user-selectable criteria in one or more lists that are used in filtering an incoming call and wherein some of the one or more lists are used to filter the incoming call according to current activity of subscribers on the computer network or according to current activity of the user on the computer network;
>
> a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port; and
>
> a controller to receive the incoming call designated for the user telephone and to process the incoming call in accordance with the user-selectable criteria, the controller accessing the user-selectable criteria in the one or more lists of the data structure via the computer network access port and thereby applying the user-selectable criteria to the incoming call.

Similarly, claim 1 the '289 patent claims:

> In a system that includes a telephone network and a computer network with one or more users, wherein each user is connected through a user computer the computer network and is logically connected through the computer network to the telephone network, a method of determining when to establish telephone communication between two parties, at least one of whom is a user connected to said computer network, comprising:
>
> at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party;
>
> at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party;
>
> at the computer network, storing a set of pre-determined rules for determining when the second party is available to take a call from the first party;
>
> at the computer network, using the set of a pre-determined rules to process i) the information received from the telephone network regarding the call being originated by the first party, and ii) information regarding the monitored activity of the user computer of the second party, to determine when the second party is available to take the call originated by the first party; and
>
> using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party.

17.    During the prosecution of the application leading to the '439 patent only three prior art references were considered by the examiner of that application.    During the prosecution of the application leading to the '289 patent, only five prior art references were considered by the examiner of that application.    The '439 patent and the '289 patents were examined by different patent examiners.    None of the prior art references before the examiner of the '289 patent were before the examiner of the '439 patent.

18.    On information and belief, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '439 patent were aware of the disclosures contained in the prior art references considered by the examiner of the '289 patent.  The references cited during the prosecution of the '289 patent were highly material to the claims of the '439 patent.  On information and belief, during prosecution of the '439 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '439 patent knew that one or more of the references cited during the prosecution of the '289 patent were material to the patentability of the claims of the '439 patent.  On information and belief, during the prosecution of the application for the '439 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application withheld and failed to disclose the references cited in the application for the '289 patent with an intent to deceive the United States Patent and Trademark Office.

19.    On information and belief, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '289 patent were aware of the disclosures contained in the prior art references considered by the examiner of the '439 patent.  The references cited during the prosecution of the '439 patent were highly material to the claims of the '289 patent.  On information and belief, during prosecution of the '289 patent, one or more of the inventor, and/or the prosecuting attorneys, and/or others associated with the filing and prosecution of the application for the '289 patent knew that one or more of the references cited during the prosecution of the '439 patent were material to the patentability of the claims of the '439 patent.  On information and belief, during the prosecution of the application leading to the '289 patent, one or more of the inventor, and/or

the prosecuting attorneys, and/or others associated with the filing and prosecution of the application withheld and failed to disclose the references cited in the application for the '439 patent with an intent to deceive the United States Patent and Trademark Office.

20.     As a result, ABS is entitled to judgment from this Court finding that the '439 patent and the '289 patent are unenforceable.

**RELIEF**

WHEREFORE, Alcatel Business Systems seeks judgment as follows:

A.     That U.S. Patent Nos. 6,421,439; 6,430,289; 6,263,064; and 6,728,357 are not infringed and invalid;

B.     That U.S. Patent Nos. 6,421,439 and 6,430,289, and every claim thereof, are unenforceable;

C.     That Microsoft take nothing by its Complaint and that Microsoft's Complaint be dismissed with prejudice;

D.     That, pursuant to 35 U.S.C. § 285, the Court find that this an exceptional case;

E.     That ABS be awarded its attorneys' fees incurred in connection with this action; and

F.     That ABS be granted such other and additional relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

ABS hereby demands a trial by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Alcatel Business Systems*

*Of Counsel*:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

Date:   June 13, 2007

<u>CERTIFICATE OF SERVICE</u>

I, Jack B. Blumenfeld, hereby certify that on June 13, 2007, I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

> Thomas L. Halkowski, Esquire
> Fish & Richardson

I also certify that copies were caused to be served on June 13, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Thomas L. Halkowski, Esquire
Fish & Richardson P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

### BY ELECTRONIC MAIL and FIRST CLASS MAIL

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Fish & Richardson P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com