# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
302 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

August 1, 2007

**<u>VIA ECF</u>**
The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

Dear Judge Robinson:

Re:    *Microsoft Corporation v. Alcatel Business Systems, et al.*
       USDC-D. Del. –  C.A. No. 07-90-SLR

Dear Judge Robinson:

Per the Court's instruction, enclosed is the final scheduling order in the above-referenced matter.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

TLH/sb

Enclosure

cc      Clerk of Court (via hand)
        Jack B. Blumenfeld, Esq. (via ECF )

80047521.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION,

Plaintiff,

v.

ALCATEL BUSINESS SYSTEMS and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,

Defendants.

C.A. No. 07-90-SLR

## SCHEDULING ORDER

At Wilmington this _____ day of _____, 200__, the parties

having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a

pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures**.  The parties have previously exchanged  the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.      **Discovery**.

(a)   Discovery will be needed on at least the following subjects:

prosecution of the patents-in-suit, documents related to prior art asserted, research and

development of the accused products, features and operation of the accused products, the named

inventors of the patents-in-suit, commercial success of products covered by the patents-in-suit,

sales and marketing of the accused products and products covered by the patents-in-suit.

Discovery obtained as part of a parallel dispute in the United States International Trade

Commission – Investigation No. 337-TA-598 – shall be available for use by any party to this suit

without restriction.  Discovery in this suit, however, is not limited to the testimony, documents

and other information produced in the parallel ITC investigation.

(b)     All fact discovery shall be commenced in time to be completed by February 8, 2008.

(1)     Document production shall be completed on or before November 21, 2007.

(2)     Maximum of thirty-five (35) interrogatories by each party to any other party.

(3)     In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)     Maximum of fifty (50) requests for admission by each party to any other party.

(5)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(7)     Maximum of one hundred (100) hours for fact depositions for each party, exclusive of 30(b)(6) depositions.  Maximum of 24 hours of 30(b)(6) depositions per side.

(c)     Expert discovery shall be commenced in time to be completed by May 2, 2008.

(1)     Expert reports on issues for which the parties have the burden of proof due March 7, 2008.  Rebuttal expert reports due April 4, 2008.

(2)     Expert depositions to be limited to a maximum of (8) hours per report submitted by the expert unless extended by agreement of the parties.

(3)     All <u>Daubert</u> motions shall be filed on or before June 9, 2008.

(d)     If willfulness has been asserted and absent agreement among the parties, any party intending to rely upon advice of counsel must inform the other party as to whether it intends to rely on advice of counsel by November 30, 2007.  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by the party to its counsel and whatever other materials related to the issues in dispute that the party had in its possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) are due every month starting from March 7, 2008 to 30-days before trial.

(f)     **Discovery Disputes**.

(1)     The court shall conduct an in-person discovery status conference on November 8, 2007 at 4:30 p.m. EDT, the time to be allocated equally among the parties.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R Civ. P. 37 shall be filed.

(g)    **Fact Witnesses to be Called at Trial.**

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.    **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before November 30, 2007.

4.    **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.    **Claim Construction Issue Identification.**  On February 8, 2008, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.    **Summary Judgment Motions**.  All summary judgment motions shall be served and filed with an opening brief on or before May 9, 2008.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7.    **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on April 25, 2008, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on May 9, 2008.  Simultaneous response briefs should be filed by May 30, 2008.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on June 30, 2008 at 2:00 p.m. EDT.

8.    **Applications by Motion**.  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.      **Motions in Limine**.  **No** motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.      **Pretrial Conference**.  A pretrial conference will be held on September 4, 2008 at 4:30 p.m. EDT in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.      **Trial**.  This matter is scheduled for a 2-week jury trial commencing on September 22, 2008 in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge