IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | **REDACTED VERSION** |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF JASON AMISS

                                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                    Jack B. Blumenfeld (#1014)
                                                    Maryellen Noreika (#3208)
                                                    1201 North Market Street
                                                    P.O. Box 1347
                                                    Wilmington, DE 19899-1347
                                                    (302) 658-9200
                                                    jblumenfeld@mnat.com
                                                    mnoreika@mnat.com

                                                    *Attorneys for Defendants*
                                                      *Alcatel Business Systems and*
                                                      *Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:
Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

Original Filing Date: August 31, 2007
Redacted Filing Date: September 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, )<br>)<br>*Plaintiff/Counterclaim Defendant,* )<br>)<br>)<br>v. )<br>)<br>)<br>ALCATEL BUSINESS SYSTEMS )<br>and )<br>GENESYS TELECOMMUNICATIONS )<br>LABORATORIES, INC., )<br>)<br>*Defendants/Counterclaim Plaintiffs.* ) | Civil Action No. 07-90-SLR |

### DECLARATION OF JASON AMISS

I, Jason Amiss, declare:

1. I am currently a Director, Northeast Channel Sales for the North American Enterprise / Channel Sales team.

2. On August 14, 2007, I received a call from Steven Roos, an Alcatel-Lucent ("ALU") salesperson who informed me that Rich Knapp of Alliance Telecommunications ("Alliance"), one of ALU's business partners, contacted him and said that he wanted advice on how to handle a situation (pertaining to his interaction with Fish & Richardson). Steve wanted to know if I could direct Rich to someone in Legal or in Human Resources to speak to about it. I told Steve that I had contact with John Garcia of ALU Legal about a separate, but relevant, case and that I would follow-up on it.

3. On August 14, 2007, I called Mr. Knapp. Mr. Knapp informed me as follows:

4. Alliance received a phone call from Miercom a couple of months ago to install an Alcatel OmniPCX Enterprise ("OXE") and the Alcatel OminTouch Unified

Communications software suite ("OTUC"). Alliance was familiar with Miercom and proceeded with the installation with the intention of presenting ALU and our solutions in a positive light. Miercom told Alliance that the installation was for an office in Washington, D.C. To be absolutely sure it went successfully, Alliance contacted Alcatel to have an ALU Professional Services engineer assist Alliance with the installation. When the Alliance engineer got on site in Washington, there was no Miercom office, and when contacted, Miercom stated that the system (intended for lab use at first) was really for a law firm—Fish and Richardson—the same firm involved in a lawsuit against Alcatel-Lucent.

Fish & Richardson told Alliance that Fish & Richardson's intent was to roll out an Alcatel system to 29 of their offices nationwide. The OXE and OTUC were installed in Fish & Richardson's offices about a month ago, accepted and paid in full.

I was informed that Fish & Richardson was "locking up the system and testing it," and that the woman representing Fish & Richardson on site was only really interested in the OTUC piece during the install. She did not care about the phones or anything else. Fish & Richardson was apparently threatening Alliance with a lawsuit if Alliance did not immediately fix any lock up issues.

I was further informed that, as a result of these issues, Alliance had investigated Fish & Richardson and determined that Fish & Richardson had represented Microsoft in lawsuits against Alcatel-Lucent. I was then informed that Alliance wants nothing more to do with Fish & Richardson and would like Alcatel-Lucent to provide direction on how it should proceed.

2

5. On that same day, I contacted John Garcia, an ALU contract manager, informed Mr. Garcia of my conversation with Mr. Knapp and asked Mr. Garcia to contact corporate counsel to further investigate this situation.

6. I declare under the penalty of perjury that the foregoing is true and correct.

Dated August _24_, 2007

Jason Amiss

3

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 10, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on September 10, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com