IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALCATEL BUSINESS SYSTEMS and ) <br> GENESYS TELECOMMUNICATIONS ) <br> LABORATORIES, INC., ) <br> ) <br> Defendants. ) | C.A. No. 07-090 (SLR) <br><br> **REDACTED VERSION** |

## DECLARATION OF ROBERT J. MALIONEK

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants*
  *Alcatel Business Systems and*
  *Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:
Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

Original Filing Date: August 31, 2007
Redacted Filing Date: September 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| *Plaintiff/Counterclaim Defendant,* | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-90-SLR |
| | ) | |
| | ) | |
| ALCATEL BUSINESS SYSTEMS | ) | |
| and | ) | |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| *Defendants/Counterclaim Plaintiffs.* | ) | |

### DECLARATION OF ROBERT J. MALIONEK

I, Robert J. Malionek, declare:

1. I am currently an associate with Latham & Watkins LLP, counsel to Defendants and Counterclaim Plaintiffs Alcatel Business Systems and Genesys Telecommunications Laboratories, Inc., in this action. I am admitted to practice in the states of New York and California.

2. My office address is 885 Third Avenue, New York, New York.

3. On August 24, 2007, at 3:27 pm, I sent a letter by facsimile to Linda Kordziel of Fish & Richardson P.C. ("F&R), bringing to her attention the F&R misconduct described in the Motion To Disqualify Fish & Richardson P.C. As Counsel For Microsoft, For Exclusion Of Evidence And For Other Sanctions and asking for a prompt response providing (1) a full

explanation and (2) all documents relating to the issue. A true and correct copy of my August 24 letter is attached as Exhibit A.

4. On August 27, 2007, at approximately 6:00 p.m. ET, having received no response to my August 24 letter, I called Linda Kordziel's office but was unable to reach her. I left a message with Ms. Kordziel's assistant that I needed to hear from Ms. Korziel, and that it was important.

5. On August 27, 2007, at 9:14 p.m. ET, I received a letter by facsimile from John E. Gartman of F&R, a true and correct copy of which is attached as Exhibit B.

6. On August 28, 2007, at 11:44 a.m. ET, I sent a letter, by facsimile, to Mr. Gartman. A true and correct copy of my August 24 letter is attached as Exhibit C.

7. As of August 31, 2007, F&R has not provided me or, as far as I am aware, any Alcatel counsel with either (1) an explanation for its misconduct or (2) all documents relating to the issue, as requested.

8. I declare under the penalty of perjury that the foregoing is true and correct.

Dated August 31, 2007

_____
Robert J. Malionek

**EXHIBIT A**

Case 1:07-cv-00090-SLR     Document 43     Filed 09/10/2007     Page 4 of 12

Robert J. Malionek
Direct Dial: (212) 906-1816
robert.malionek@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

File No. 038857-0011

August 24, 2007

**BY FACSIMILE**

Linda Liu Kordziel
Fish & Richardson P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005

> Re: In re Certain Unified Communication Systems, Products Used with Such Systems, and Components Thereof (U.S. Int'l Trade Commission, Inv. No. 337-TA-598)
>
> Microsoft Corporation v. Alcatel Business Systems and Genesys Telecommunications Laboratories, Inc. (D. Del., Civil Action No. 07-90-SLR)

Dear Ms. Kordziel:

      I am a senior member of the Ethics Committee of Latham & Watkins LLP, and I work with Steven Cherny with regard to the representation of Alcatel-Lucent and its subsidiaries, including Alcatel Business Systems (collectively, "Alcatel"), in the above actions. We very recently learned of several instances of serious misconduct by your firm in the prosecution of these actions on behalf of Microsoft, and we have just completed a full investigation of information available to Alcatel regarding these actions. Based upon the information we have obtained to date, we believe that Fish & Richardson, P.C. ("F&R") has committed egregious ethical violations to the great prejudice of Alcatel. Given the seriousness of the ethical violations and their impact on Alcatel, we ask that your firm immediately withdraw from representing Microsoft in these actions, that Microsoft withdraw the July 11, 2007 and July 30, 2007 expert reports of Jack Chang and refrain from using Mr. Chang in any capacity in connection with these or any related actions, and that Microsoft immediately take steps to cure all prejudice to Alcatel, as discussed below. Absent such prompt action, we will seek these and other appropriate sanctions from the U.S. District Court of Delaware and the U.S. International Trade Commission.

NY\1319343.2

LATHAM&WATKINS LLP

As you know, F&R, acting through a third party, recently arranged for an installation of, among other products, an Alcatel OmniPCX Enterprise ("OXE") and the Alcatel OmniTouch Unified Communications software suite ("OTUC"), both accused products in these actions, through Alcatel's business partner, Alliance Telecommunications ("Alliance"). We are extremely troubled by the conduct, in connection with this installation, of the F&R attorneys directly responsible for litigating these actions on behalf of Microsoft. When the Alliance engineer and a senior Alcatel employee, Po Ching Lin, arrived at the customer address provided for the installation—which turned out to be F&R's offices (F&R had kept its name a secret until the date of the installation)—they were met by Rama Elluru, one of the F&R attorneys with lead responsibility in these actions. Over the course of several days and extending into the following weeks, Ms. Elluru and other F&R attorneys, including Joshua Pond and Ahmed Davis, questioned Mr. Lin regarding the products, focusing on the very functionality Microsoft has accused in the pending lawsuits. Upon learning of Mr. Lin's affiliation with Alcatel, F&R at that time should have, but did not, take steps to ensure that it did not run afoul of the many well-known and simple ethical rules governing the conduct of its lawyers, both in these actions and otherwise. These steps would have included contacting Latham & Watkins LLP to discuss whether F&R could communicate directly with Mr. Lin, informing Mr. Lin that F&R represents Microsoft, and further informing Mr. Lin that Microsoft and the F&R attorneys interrogating him were engaged in patent litigation with Alcatel with respect to the very products that were the subject of the installation.

Rather than take any of these actions, however, F&R misrepresented the purpose of the installation, interrogated Mr. Lin regarding the accused products over several days, and obtained confidential information for use in connection with Microsoft's prosecution of these actions against Alcatel. Nor did F&R see fit, after the fact, to contact our firm regarding its questioning of Mr. Lin. Indeed, at the conclusion of the installation, F&R contacted Alliance and specifically requested Mr. Lin's immediate return to F&R for additional "training." When Mr. Lin arrived to conduct this training, he was placed in a segregated conference room and F&R's interrogations continued (while Microsoft's technical expert, Jack Chang, was at F&R's offices preparing his expert report in these actions regarding the Alcatel system that Mr. Lin installed, and while F&R attorneys stepped in and out of the conference room in which Mr. Lin was placed, questioning Mr. Lin about the operation and configuration of the Alcatel system), again without disclosing to Mr. Lin F&R's role as outside counsel representing Microsoft in these actions.

We also understand that by engaging in such unethical and misleading conduct, F&R improperly obtained information which otherwise would have remained confidential to Alcatel. Worse, this information has been used improperly by F&R and Microsoft in furtherance of their litigation aims. Mr. Chang's deposition testimony yesterday made this abundantly clear.

The ethical rules which these F&R attorneys violated—including Rules 4.1, 4.2, 4.3 and 8.4 of the ABA Model Rules of Professional Conduct, as well as various ethics rules of the jurisdictions in which the attorneys are admitted to practice law—are designed to prevent exactly this kind of prejudice to Alcatel. Indeed, the damage caused by such unethical conduct is the reason courts issue sanctions, including—at a minimum—the sanctions appropriate in these

August 24, 2007
Page 3

**LATHAM&WATKINS**LLP

circumstances: the disqualification of the firm committing the violations and the exclusion of any evidence, including expert testimony, based in any way upon the misconduct.

F&R must therefore withdraw from representing Microsoft in these actions, Mr. Chang must be excluded from any involvement in these and any related actions on Microsoft's behalf, and Microsoft may make no use of the fruit of this misconduct. F&R and/or Microsoft must inform us immediately that F&R and Microsoft will take these actions, and detail all steps being taken to prevent Microsoft's capitalizing upon this gross misbehavior.

So that the remedy may be fully effective, we, the District Court and the International Trade Commission need to understand the full reach of these ethical violations. Please, therefore, immediately provide us with the identities of all F&R and Microsoft employees or agents who are aware of these contacts with Mr. Lin, and produce to us all documents and evidence of any kind, including notes taken during the interrogations and otherwise, memoranda, correspondence (including but not limited to e-mails), communications, recordings, reports, billing records and anything else relating in any way to (1) F&R's ordering and installation of the products; (2) any communications and interaction between F&R and Alliance or any Alcatel representative, including Mr. Lin, or information derived from such communications and interaction; (3) any communications and interaction between F&R (and/or its co-counsel) and Microsoft regarding the foregoing; and (4) any use by F&R or Microsoft regarding the same. *See, e.g., Faison v. Thornton*, 863 F. Supp. 1204, 1218 (D. Nev. 1992) ("plaintiffs and their counsel shall produce for examination and copying the originals of any documents provided by, shown to, or discussed with [represented party] during the course of [their] contacts with him, as well as all originals and copies of statements, notes, memoranda, tape recordings, correspondence, facsimile transmission cover sheets, and all other recordings and documents generated as a result of [their] contacts;" ordering disqualification of firm); *Penda Corp. v. STK, L.L.C.*, 2004 U.S. Dist. LEXIS 13577, 20-21 (E.D. Pa. July 16, 2004) (ordering production by plaintiff of information and all "documents, recordings, notes, and memoranda relating to or generated as a result of the ex parte contact," including the "fruit" of that contact; precluding use of all such information and documents because it would be "inequitable to permit the plaintiff to keep any advantage it may have gained from the ethical violation").

Given the circumstances, we need to hear from you promptly. If we do not hear from you by the close of business on Monday, August 27, Alcatel will seek appropriate relief from the ITC and the U.S. District Court for the District of Delaware.

Very truly yours,

Robert J. Malionek
of LATHAM & WATKINS LLP

NY\1319343.2

**EXHIBIT B**

08/27/07 MON 18:14 FAX 8586785099        FISH & RICHARDSON P.C.                    ⌀002

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
858 678-5070

**VIA FACSIMILE**

Facsimile
858 678-5099

Web Site
www.fr.com

August 27, 2007

John E. Gartman
858 678-4313

Robert J. Malionek, Esq.
Latham & Watkins LLP
53rd at Third
885 Third Avenue
New York, NY 10022-4834

Email
gartman@fr.com



Re: Microsoft v. Alcatel-Lucent (ITC) Certain Unified Communications Systems, Products Used with Such Systems and Components Thereof 337-TA-598

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Microsoft Corporation v. Alcatel Business Systems and Genesys Telecommunications Laboratories, inc. (D.Del., Civil Action No. 07-90-SLR)

Dear Mr. Malionek:

This responds to your late Friday letter to Linda Kordziel, asserting "egregious ethical violations to the great prejudice of Alcatel" and threatening disciplinary charges against my firm. We have undertaken a full investigation of your allegations and will provide a response when that investigation is complete. In the meantime, we suggest that your firm double check the accuracy of the facts underlying your letter, some of which are demonstrably wrong.

Sincerely,

John E. Gartman

JEG/cjc

10767825.doc

**EXHIBIT C**

Robert J. Malionek
Direct Dial: (212) 906-1818
robert.malionek@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

August 28, 2007

File No. 036857-0011

**BY FACSIMILE**

John E. Gartman
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

Re: In re Certain Unified Communication Systems, Products Used with Such Systems, and Components Thereof (U.S. Int'l Trade Commission, Inv. No. 337-TA-598)

Microsoft Corporation v. Alcatel Business Systems and Genesys Telecommunications Laboratories, Inc. (D. Del., Civil Action No. 07-90-SLR)

Dear Mr. Gartman:

In your letter sent last night, you stated that some of the facts in my August 24, 2007 letter to Linda Kordziel are "demonstrably wrong." Please let me know, by 5:00 p.m. ET today, the facts to which you refer. Also, I reiterate my request for any documents that relate to the events set forth in my letter.

You also stated that I threatened "disciplinary charges" against your firm. That is incorrect. I made no such threat. What I made clear in my letter, and what I reiterate now, is that this is a serious matter that must be brought to the attention of the tribunals in which F&R and Microsoft continue to capitalize upon the misconduct, if not rectified immediately. And while Alcatel is attempting to address this issue without having to involve the pertinent tribunals, your delay in responding will only compound the prejudice to Alcatel. Thus, if we are not able to resolve the situation promptly, we intend to bring the facts to the attention of the ITC and the Court.

Sincerely,

Robert J. Malionek
of LATHAM & WATKINS LLP

NY\1320128.1

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 10, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on September 10, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com