IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | **REDACTED – PUBLIC VERSION** |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF ROBERT J. MALIONEK

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants*
  *Alcatel Business Systems and*
  *Genesys Telecommunications Laboratories, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

Originally Filed:  September 27, 2007
Redacted Version Filed:  October 2, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 SLR |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | **CONFIDENTIAL –** |
| GENESYS TELECOMMUNICATIONS | ) | **FILED UNDER SEAL** |
| LABORATORIES, INC.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF ROBERT J. MALIONEK

I, Robert J. Malionek, declare:

1.    I am currently an associate with Latham & Watkins LLP ("Latham"), and am admitted to practice in the states of New York and California.

2.    My office address is 885 Third Avenue, New York, New York.

3.    A true and correct copy of Microsoft's August 31, 2007 Deposition Notice of Po Ching Lin is attached as Exhibit A.

4.    A true and correct copy of a July 2, 2007 email from Dan McGirr, of Alliance, to Po Ching Lin, of Alcatel, ABSE 000116 - ABSE 000117, is attached as Exhibit B.

5.    A true and correct copy of a July 5, 2007 email from Po Ching Lin to Arnold Intal, also of Alcatel, ABSE 000075 - ABSE 000076, is attached as Exhibit C.

6.    A true and correct copy of Microsoft's March 26, 2007 First Set of Interrogatories (Nos. 1-51), in the United States International Trade Commission investigation (the "USITC Investigation"), is attached as Exhibit D.

7.    A true and correct copy of Microsoft's March 26, 2007 First Set of Requests for Production of Documents and Things (Nos. 1-62) in the USITC Investigation, is attached as Exhibit E.

8.    A true and correct copy of Respondent Alcatel Business System's May 18, 2007 Objections and Responses to the Commission Investigative Staff's First Set of Interrogatories No. 1-18 in the USITC Investigation, is attached as Exhibit F.

9.    A true and correct copy of the Alcatel document "Features Deployment 1/4," ABS 957695 - ABS 957726, is attached as Exhibit G.

10.    A true and correct copy of Microsoft's July 31, 2007 Second Set of Requests for Admission (Nos. 23-108) in the USITC Investigation, is attached as Exhibit H.

11.    A true and correct copy of Alcatel's August 10, 2007 Objections and Responses to Microsoft's Second Set of Requests For Admission (Nos. 23-108) in the USITC Investigation, is attached as Exhibit I.

12.    A true and correct copy of Microsoft's May 18, 2007 Deposition Notice in the USITC Investigation, of "Benoit Brun, an employee of Respondent Alcatel Business Systems ('ABS') and/or Alcatel-Lucent" and a true and correct copy of Microsoft's May 18, 2007 Deposition Notice in the USITC Investigation, of "Edwin Afshalimi, an employee of Respondent Alcatel Business Systems ('ABS') and/or Alcatel-Lucent" are attached as Exhibit J.

13.    Microsoft has served more than twenty deposition notices in this matter which, like those referenced in paragraph 12, above, and attached hereto as Exhibit J, refer to the individual to be deposed as "an employee of Respondent Alcatel Business Systems ('ABS') and/or Alcatel-Lucent."

14.    A true and correct copy of an excerpt from Microsoft's August 3, 2007 deposition of Edwin Afshalimi, of Alcatel USA Sourcing, taken in the course of the USITC Investigation, is attached as Exhibit K.

15.  A true and correct copy of Alcatel's September 4, 2007 Deposition Notice of Rama Elluru, Joshua Pond and Ahmed Davis is attached as Exhibit L.

16.  A true and correct copy of Alcatel's September 4, 2007 Deposition Notice of Fish & Richardson P.C. ("F&R") is attached as Exhibit M.

17.  A true and correct copy of Alcatel's September 4, 2007 Deposition Notice of Microsoft Corporation is attached as Exhibit N.

18.  On September 12, 2007, I spoke by telephone with Ruffin Cordell of F&R.  I asked him whether F&R intended to produce any of the witnesses whose depositions we had noticed (as reflected in Exhibits L, M and N hereto).  He told me Microsoft will move to quash the depositions, on privilege grounds, for the reasons stated in its opposition brief to Alcatel's motion for sanctions.

19.  A true and correct copy of a July 25, 2007 email from J. Colaianni of F&R to S. Mayergoyz, et. al., of Latham is attached as Exhibit O.

20.  A true and correct copy of a July 26, 2007 letter from C. Naples of Latham to J. Colaianni of F&R is attached as Exhibit P.

21.  A true and correct copy of an August 22, 2007 email from A. Davis of F&R to C. Naples, et. al., of Latham is attached as Exhibit Q.

22.  A true and correct copy of the July 26, 2007 Complainant Microsoft Corporation's Application For a Subpoena Duces Tecum and Subpoena Ad Testificandum to Alcatel USA, Inc., filed before the USITC, is attached as Exhibit R.

23.  A true and correct copy of the September 25, 2007 Order No. 14:  Denying Respondent ABS' Motion No. 598-10 to Disqualify, filed in the USITC matter, is attached as Exhibit S.

24.  I declare under the penalty of perjury that the foregoing is true and correct.

Dated September 27, 2007

_____
Robert J. Malionek

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 2, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on October 2, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W., 11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA  92130

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com

# EXHIBIT A

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

**Before The Honorable Paul J. Luckern**
**Administrative Law Judge**

| In the Matter of | |
| --- | --- |
| **CERTAIN UNIFIED COMMUNICATION SYSTEMS, PRODUCTS USED WITH SUCH SYSTEMS, AND COMPONENTS THEREOF** | Inv. No. 337-TA-598 |

## DEPOSITION NOTICE OF PO CHING LIN

PLEASE TAKE NOTICE that, pursuant to Section 337 of the Tariff Act of 1930, as amended, and Rule 210.28 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.28, Complainant Microsoft Corporation ("Microsoft") will take the deposition of Po Ching Lin, an employee of Alcatel-Lucent on Thursday, September 13, 2007, at 9:00 AM, at the offices of Fish & Richardson P.C., 1425 K Street NW, Suite 1100, Washington, DC 20005, or at such other time and place as the parties mutually agree. The deposition will continue from day to day until completed.

The deposition will be taken before a court reporter or other person authorized by law to administer oaths, and will be recorded by stenographic means and/or videotape. The deposition will be taken for the purpose of discovery, for use at the hearing in this matter, and for any other purpose permitted under the Commission's Rules of Practice and the Federal Rules of Civil Procedure. You are invited to attend and examine.

Dated:  August 31, 2007

Respectfully submitted,

Ruffin B. Cordell
Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua B. Pond
Fish & Richardson P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

John B. Gartman
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Counsel for Complainant
Microsoft Corporation

2

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **DEPOSITION NOTICE OF**

**PO CHING LIN** were served on this 31st day of August, 2007 as follows:

The Honorable Paul J. Luckern                                 Via Overnight Mail
Administrative Law Judge                                      (Two Copies)
U.S. International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

David Lloyd, Esq.                                            Via Overnight Mail
U.S. International Trade Commission
Office of Unfair Import Investigations
500 E Street, S.W., Room 401
Washington, D.C. 20436
david.lloyd@lw.com

David M. Farnum, Esq.                                       Via Hand Delivery
Latham & Watkins, LLP
555 Eleventh Street, NW, Ste. 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

Peter N. Moore, Esq.                                        Via Overnight Mail
Latham & Watkins, LLP
233 South Wacker Drive, Ste, 5800
Chicago, IL 60606
peter.moore@lw.com

Judith L. Best

# EXHIBIT B

REDACTED

# EXHIBIT C

REDACTED

# EXHIBIT D

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

**Before The Honorable Paul J. Luckern**
**Administrative Law Judge**

In the Matter of

CERTAIN UNIFIED COMMUNICATION
SYSTEMS, PRODUCTS USED WITH SUCH
SYSTEMS, AND COMPONENTS THEREOF

Inv. No. 337-TA-598

## COMPLAINANT MICROSOFT CORPORATION'S FIRST SET OF
## INTERROGATORIES (NOS. 1-51) TO RESPONDENT ALCATEL-LUCENT

Pursuant to the United States International Trade Commission's Rules of Practice and

Procedure, 19 C.F.R. §§ 210.27 and 210.29, Complainant Microsoft Corporation ("Microsoft"),

by its undersigned attorneys, hereby requests that Respondent Alcatel-Lucent ("Alcatel-Lucent")

separately answer each interrogatory set forth below in accordance with the Definitions and

Instructions contained herein, and serve such answers on Complainant's counsel, Fish &

Richardson P.C., 1425 K Street, N.W., Suite 1100, Washington D.C. 20005, within the time

prescribed by the rules of the Commission and of the Administrative Law Judge.

### DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether

upper or lower case letters are used:

A.    "Alcatel-Lucent," "you," "your," and "Respondent" refer to (1) Alcatel-Lucent

and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3)

any and all persons or entities acting or purporting to act on Alcatel-Lucent's behalf, including

but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

B.    "Microsoft" or "Complainant" refer to (1) Microsoft Corporation and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Microsoft's behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

C.    The "'289 patent" means U.S. Patent No. 6,430,289.

D.    The "'439 patent" means U.S. Patent No. 6,421,439.

E.    The "'064 patent" means U.S. Patent No. 6,263,064.

F.    The "'357 patent" means U.S. Patent No. 6,728,357.

G.    "Microsoft Patents" or "Patents-in-suit" mean the '289, '439, '064, and '357 patents, individually and collectively.

H.    "Relating to," "related to," or "relate to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

I.    "Referring to," "refers to," or "refer to" means and includes relating to, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting,

pertaining to, demonstrating, describing, depicting, concerning, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting and/or supporting.

J.    "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

K.    "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

L.    "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

Microsoft's First Set of Interrogatories

M.     "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

N.     "Identify," "identity," or "identification" means:

(1) when used with reference to a natural person, to state the person's full name, address and telephone number and state the person's present or last known position and employer.

(2) when used with reference to any entity (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

(3) when used with reference to any document, to summarize the substance of the document and state the document's title, date, form (e.g., letter, memorandum, email, etc.), document production number range, author(s), recipient(s), and name of its present custodian.

(4) when used with reference to any communication, to (1) summarize the substance of the communication; (2) state the date and place of the communication; (3) identify each person who was present at, involved in, connected with or who participated in the communication; (4) state the form of communication (e.g., telephone call, meeting, letter, etc.); and (5) identify each document memorializing or referring to the communication.

4

O.     "Accused Product" or "Accused Products" means and includes all of Alcatel-Lucent's unified communication systems, products used with such systems, and components thereof, including but not limited to all models and versions of the OmniPCX Enterprise, OmniPCX Office, OmniTouch Unified Communication, and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), and all components thereof.

P.     "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively), process or method which are designed to function together electrically, mechanically, or otherwise, to achieve a particular function our purpose, including those offered for sale, sold, or under development.

Q.     "Any" and "all" shall be construed to mean both any and all.

R.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

S.     The singular form of a word should be interpreted in the plural as well, and vice versa.

T.     "Present Investigation" means *In the Matter of Certain Unified Communication Systems, Products Used With Such Systems, and Components Thereof,* ITC Inv. No. 337-TA-598.

U.     "Complaint" shall mean the Complaint in this investigation under 337 of the Tariff Act of 1930, filed by Microsoft on February 16, 2007.

5

## INSTRUCTIONS

A.    These interrogatories call for information (including any information contained in or on any document or thing) that is known or available to you, or in your possession, custody, or control, including all information known or available to your attorneys, agents, representatives, or any other person acting or purporting to act on your behalf or under the direction or control of you or your attorneys, agents, representatives or investigators.

B.    If you cannot answer any interrogatory fully and completely, after exercising due diligence to make inquiry and secure the information necessary to do so, please so state, and (1) answer such interrogatory to the fullest extent possible; (2) specify the portion of such interrogatory that you claim you are unable to answer fully and completely; and (3) state the facts upon which you rely to support your contention that you are unable to answer that interrogatory fully and completely, and (4) state what knowledge, information and belief you have concerning the unanswered portion of each such interrogatory. If your response is qualified in any particular respect, set forth the details of such qualification.

C.    Whenever you are asked to identify or describe an event, please (1) summarize all facts relating to the event; (2) state the date and location of each occurrence relating to the event; (3) identify the persons most knowledgeable about the event; (4) identify all documents and communications relating to the event.

D.    Whenever you are asked to "state the basis" of or for a particular claim, counterclaim, assertion, allegation, or contention, please: (1) describe all facts, information, conclusions, theories, and arguments that relate or form the basis of your response; (2) identify all documents (and, where pertinent, the section, article, or subparagraph thereof) that relate or

6

form any part of the basis of your response; (3) identify all communications that relate or form any part of the basis of your response; and (4) identify separately the acts or omissions to act on the part of any person (by stating their nature, time and place and identifying the persons involved) that relate or form any part of the basis of your response.

      E.    If you withhold information responsive, in whole or in part, to any interrogatory on any basis, please identify: (1) any privilege or immunity from discovery asserted; (2) all documents or things which contain or refer to the information; (3) all individuals having knowledge of the information; (4) the subject matter and general nature of the information; and (5) all facts which are alleged to support the assertion of privilege or immunity. For allegedly privileged documents, include: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the discovery request or interrogatory to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

      F.    Because these discovery requests are continuing under 19 C.F.R. § 210.27(c), you remain under a duty to supplement or amend any response herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify, by product, model or design number (or other identifying means), each and every Accused Product designed, fabricated, produced, manufactured, or assembled by or for Alcatel-Lucent.

**INTERROGATORY NO. 2:**

Identify each and every marketing name, internal name, part number, and all other unique designations for each Accused Product.

**INTERROGATORY NO. 3:**

For each product identified in response to Interrogatory Nos. 1 and 2 above, state whether it is or has been sold for importation into the United States, imported into the United States, and/or sold within the United States after importation and, if so, state the inclusive date(s) of such sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 4:**

For each sale for importation, importation, and/or sale after importation identified in response to Interrogatory No. 3 above, identify each and every entity involved, and the role of such entity, in the sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 5:**

Describe all known importations actual, planned or expected of the Accused Products into the United States by anyone, whether for use, sampling, testing, or any other purpose, and identify the importation and the classification numbers of the Harmonized Tariff Schedule of the United States under which such Accused Product was, is, or may be imported.

**INTERROGATORY NO. 6:**

Identify each and every person or entity to whom Alcatel-Lucent has sold, or offered for sale, an Accused Product, the dates and quantities sold, and the amount of each sale.

**INTERROGATORY NO. 7:**

Identify each and every distributor or reseller of any Accused Product.

**INTERROGATORY NO. 8:**

For each product identified in response to Interrogatory Nos. 1 and 2 above, state whether it is or has been sold for importation into the United States, imported into the United States, and/or sold within the United States after importation pursuant to an agreement entered on or about June 2003 with the Kennewick School District in Kennewick, Washington, and state the inclusive date(s) of such sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 9:**

For each product identified in response to Interrogatory Nos. 1 and 2 above, state whether it is or has been sold for importation into the United States, imported into the United States, and/or sold within the United States after importation pursuant to an agreement entered on or about December 2003 with the Clark County School District in Las Vegas, Nevada, and state the inclusive date(s) of such sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 10:**

For each product identified in response to Interrogatory Nos. 1 and 2 above, state whether it is, has been, or is committed to be sold for importation into the United States, imported into the United States, and/or sold within the United States after importation pursuant to an agreement entered on or about November 2006 with the University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania, and state the inclusive date(s) of such sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 11:**

With respect to each Accused Product, describe Alcatel-Lucent's organizational structure, including officers and executives, for – (a) engineering, design, and research and

development; (b) manufacture, fabrication, assembly, and packaging; (c) distribution, exportation, and importation; and (d) marketing, sales, and promotion.

### INTERROGATORY NO. 12:

Separately, for each Accused Product, identify five (5) persons most knowledgeable about each of the following: design, development, structure, function, operation, fabrication, production, manufacturing, assembly, and testing of each such Accused Product.

### INTERROGATORY NO. 13:

Separately, for each Accused Product, identify five (5) persons most knowledgeable about each of the following: marketing, sales, offers for sale, distribution, inventorying, and importation of each such Accused Product.

### INTERROGATORY NO. 14:

For each person identified in response to Interrogatory Nos. 12 and 13 above, state whether each person is currently or was previously employed by Alcatel-Lucent or another entity and describe the responsibilities of each such person.

### INTERROGATORY NO. 15:

Identify each entity (including companies which have been or are affiliated with Alcatel-Lucent (*e.g.*, parents, subsidiaries, affiliates, companies in which Alcatel-Lucent owns stock or otherwise has an ownership interest)) that was and/or is currently involved in the research, design, development, manufacture, production, fabrication, assembly, packaging, testing, marketing, supply, distribution, shipment, sale for importation into the United States, importation into the United States, sale within the United States after importation, or inventorying in the United States of any Accused Product, and, for each such entity identified, describe that entity's

relationship to Alcatel-Lucent and the activities conducted by that entity related to the Accused Products.

## INTERROGATORY NO. 16:

Identify every location where each of the Accused Products is or has been designed, manufactured, developed, assembled, tested, marketed, supplied, distributed, shipped for sale, and inventoried or stored.

## INTERROGATORY NO. 17:

For each Accused Product, identify any additional product necessary for the operation of the Accused Product and specify the manufacturer thereof.

## INTERROGATORY NO. 18:

For each Accused Product, identify every other Accused Product that is capable of operating in combination with that Accused Product.

## INTERROGATORY NO. 19:

For each Accused Product, identify every other Accused Product that is incapable of operating in combination with that Accused Product.

## INTERROGATORY NO. 20:

Identify and describe any product family or technical relationship (*e.g.*, interoperability) amongst and between any of the Accused Products.

## INTERROGATORY NO. 21:

For each product identified in response to Interrogatory No. 17 above, state whether it is or has been sold for importation into the United States, imported into the United States, and/or sold within the United States after importation and, if so, the inclusive date(s) of such sale for importation, importation, and/or sale after importation.

**INTERROGATORY NO. 22:**

Separately, for each Accused Product, identify and describe in detail the past and current capabilities and features of each Accused Product, and, for each Accused Product, identify all documents that refer to, relate to, explain, describe, depict, illustrate, demonstrate, show, display, exhibit, or list the past or current capabilities and features of each Accused Product.

**INTERROGATORY NO. 23:**

Describe any consideration, plan or attempt by Alcatel-Lucent to design the Accused Products to avoid infringement of the Microsoft Patents and identify the persons knowledgeable of or involved in such consideration, plan or attempt.

**INTERROGATORY NO. 24:**

Separately, for each Accused Product, describe the process for manufacturing or producing the Accused Product, including an identification of the steps used to manufacture or produce the Accused Product, and for each such Accused Product, identify all documents that refer or relate to the manufacture of the Accused Product.

**INTERROGATORY NO. 25:**

Separately, for each Accused Product, identify all drawings, specifications, source code or other documents sufficient to identify and explain the current design, operation, function, capabilities, features, or architecture of the Accused Product.

**INTERROGATORY NO. 26:**

For each of the Microsoft patents, specifically describe the level of ordinary skill in the art which you contend is applicable under 35 U.S.C. §§ 103 and 112, including the date against which you contend the level of ordinary skill in the art is measured.

**INTERROGATORY NO. 27:**

For each asserted claim of the Microsoft Patents, provide a claim chart setting forth your construction of each claim element and limitation, and any intrinsic or extrinsic evidence supporting such construction, including without limitation all relied upon citations to the claim language, the patent specification, and the prosecution history, and any terms Alcatel-Lucent asserts to be interpreted under 35 U.S.C. § 112, ¶ 6.

**INTERROGATORY NO. 28:**

For each asserted claim of the Microsoft Patents, and for each Accused Product that you contend does not infringe any such claim, state the bases for your contention, including describing in detail how the structure or operation of such Accused Product allegedly differs from each of the limitations of such claim.

**INTERROGATORY NO. 29:**

For each asserted claim of the Microsoft Patents you contend is not infringed by the Accused Products, provide a claim chart identifying the specific respects in which each patent is not infringed, and identifying any documents that support your contention.

**INTERROGATORY NO. 30:**

For each asserted claim of the Microsoft Patents you contend is invalid under 35 U.S.C. § 102, state the basis for your contention, including providing a claim chart identifying the specific prior art on which you rely and where each claim limitation is found in such prior art.

**INTERROGATORY NO. 31:**

For each asserted claim of the Microsoft Patents you contend is invalid under 35 U.S.C. § 103, state the bases for your contention, including providing a claim chart identifying the specific prior art or prior art combination on which you rely, where each claim limitation is found in such prior art or prior art combination and the motivation for combining such prior art.

**INTERROGATORY NO. 32:**

For each asserted claim of the Microsoft Patents you contend is invalid under 35 U.S.C. § 112, state the bases for your contention, including identifying which paragraph of § 112 is allegedly not met and the specific respects in which the claim allegedly fails to meet such requirements.

**INTERROGATORY NO. 33:**

If you contend that any of the Microsoft Patents are unenforceable, state the bases for your contention, including identifying the specific respects in which each patent is unenforceable and any documents that support your contention.

**INTERROGATORY NO. 34:**

State whether you contend that you have any legal or equitable right to practice the asserted claims of the Microsoft patents and, if so, provide the complete bases for such contention.

**INTERROGATORY NO. 35:**

State whether any patent or other prior art search has been conducted by you or on your behalf regarding the subject matter of any of the Microsoft Patents, identifying specifically for each search:

    (a)    the persons who requested the search and the date of and reasons for such search request;

    (b)    the persons who conducted the search and the date of such search;

    (c)    the instructions given the searchers;

    (d)    the documents and things collected during the search; and

    (e)    the author, date, and recipients of any search reports.

**INTERROGATORY NO. 36:**

Identify and explain the complete bases for every defense asserted in your Response to the Complaint in this Investigation.

**INTERROGATORY NO. 37:**

If you contend that Microsoft is not practicing or exploiting any of the Microsoft Patents, state the bases for your contention, including identifying the specific respects in which you contend that Microsoft is not practicing or exploiting the Microsoft Patents, and identifying any documents that support your contention.

**INTERROGATORY NO. 38:**

Describe Alcatel-Lucent's policies and practices with respect to the filing, storage, retention and destruction of documents from 1998 to present.

**INTERROGATORY NO. 39:**

Identify all entities that own or maintain title to each Accused Product from manufacture/assembly to shipment, and identify all documents that refer or relate to ownership, title, sale, or transfer of each Accused Product.

**INTERROGATORY NO. 40:**

Specify past, current and forecasted prices for each of the Accused Products.

**INTERROGATORY NO. 41:**

Identify all opinions, advice, analyses, studies or communications, whether written or oral, relating to the enforceability, validity or non-infringement of the Microsoft Patents; and identify the person(s) who provided the opinion, advice, analysis, study, or communication; the persons to whom it was provided; the substance of the opinion, advice, analysis, study or

communication which was provided; and all documents relating to the opinion, advice, analysis, study or communication.

### INTERROGATORY NO. 42:

Separately, for each Microsoft patent, state the date on which Alcatel-Lucent first became aware of the patent.

### INTERROGATORY NO. 43:

Explain in detail all facts and circumstances relating to each communication between Alcatel-Lucent and any third party (including, without limitation, any competitors or customers) concerning the Microsoft Patents or indemnity agreements relating to the Microsoft Patents, including without limitation, specifying the identity(s) of such third party(s), which party initiated such communication(s), the date(s) of such communication(s), the patent(s) subject to such communication(s), and the nature and duration of such communication(s).

### INTERROGATORY NO. 44:

Identify and describe any communications of which Alcatel-Lucent is aware, either written or oral, that allege or discuss infringement of any of the Microsoft Patents or patents related to the Microsoft Patents, or question or challenge the validity of enforceability of any of the such patents.

### INTERROGATORY NO. 45:

Identify any domestic or foreign proceedings, including lawsuits, administrative proceedings before the U.S. Patent and Trademark Office, arbitrations, or mediations in which Alcatel-Lucent is or was a party and which involve(d) any Accused Product, including all instances in which any of the Accused Products has been accused of patent infringement.

### INTERROGATORY NO. 46:

Identify any other individual not previously identified likely to have knowledge of relevant facts or any discoverable information relevant to any disputed fact alleged with particularity in the Complaint or Response to the Complaint, and for each individual so identified, state the subject matter or subjects of the information the individual is likely to have.

**INTERROGATORY NO. 47:**

Separately, for each of these interrogatories, identify any Person who provided, was requested to provided, or was contacted or consulted in providing any information that was considered or used by Alcatel-Lucent in preparing each of the responses to these interrogatories.

**INTERROGATORY NO. 48:**

Identify all persons (including both experts and non-experts) that you expect will offer testimony on your behalf at any hearing in this investigation, the subject matter upon which each person is expected to testify, and the facts and/or opinions to which each person is expected to testify.

**INTERROGATORY NO. 49:**

Identify all documents reviewed, consulted, considered, studied, or referenced, in responding to these interrogatories.

**INTERROGATORY NO. 50:**

Identify every component that may be included in the "Alcatel OmniTouch Unified Communication" as that phrase is used in Alcatel-Lucent's marketing and technical materials (See e.g., Exhibit A).

**INTERROGATORY NO. 51:**

For every component identified in Interrogatory No. 51, briefly describe and explain the capabilities and features of the component, including a description of its interaction with other components of the "Alcatel OmniTouch Unified Communication."

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: _March 2¢._ , 2007

By: _Rama Elluru_

Joseph V. Colaianni, Jr.
Ahmed J. Davis
Jeffrey R. Whieldon
Rama G. Elluru
Joshua Pond
Kate Kelly
Fish & Richardson P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Attorneys for Complainant
MICROSOFT CORPORATION

19

Microsoft's First Set of Interrogatories

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **COMPLAINANT**

**MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES (NOS.**

**1-51) TO RESPONDENT ALCATEL-LUCENT** were served on this 26th day of

March, 2007 as follows:

|  |  |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Via Hand Delivery<br>(Two Copies) |
| David J. Hollander, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436 | Via Hand Delivery |
| Alcatel-Lucent<br>54 Rue La Boetie<br>Paris, France 75008 | Via Federal Express<br>International Delivery |

Lydia Dean-Reese

# Exhibit A

**ALCATEL**

# Next Generation of Unified Communications for Enterprises

## White Paper

White Paper - Next generation of Unified Communications for Enterprises _ ed7
© Alcatel - May 2004 — Ref: 8AL020043170DRASA

**ALCATEL**

- PIM (access to calendar, to do list of Outlook and Lotus Notes)
- Event notifications (SMS, email, MMS, Voice, WAP push notification engines)
- Presence (user presence, telephony presence and terminal presence)
- Web Services ( WSDL/XML/SOAP interfaces allows integration with other Business applications)
- VxML Voice access (most of the services provided by the 4 applications are accessible by voice using VxML 2.0 interface)
- Security (A common authentication engine and connectors with authentication servers are provided).

### 5.6  Open Architecture and Committed to Standards

The OmniTouch Unified Communication comprises four functional blocks which run under the Linux operating system: a media server, a CTI server, a run-time application server and the applications (see Figure 8).



Figure 8

The media server consists of a resource management server and a resource server. The former handles SIP access, interprets VXML scripts and requests media resources from the resource server. while the latter provides play/record functions and Real Time Protocol (RTP) access as well as Automatic Speech Recognition (ASR) and Text To Speech (TTS) resources.

The CTI server (computer telephony server) provides a call control Application Programming Interface (API) for accessing the telephony services of the OmniPCX Enterprise Communication Server.

White Paper - Next generation of Unified Communications for Enterprises _ ed7
© Alcatel - May 2004 – Ref: 8AL020043170DRASA

# EXHIBIT E

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

Before The Honorable Paul J. Luckern
Administrative Law Judge

In the Matter of

CERTAIN UNIFIED COMMUNICATION
SYSTEMS, PRODUCTS USED WITH SUCH
SYSTEMS, AND COMPONENTS THEREOF

Inv. No. 337-TA-598___

## COMPLAINANT MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-62) TO RESPONDENT ALCATEL-LUCENT

Pursuant to the United States International Trade Commission's Rules of Practice and

Procedure, 19 C.F.R. §§ 210.27 and 210.30, Complainant Microsoft Corporation ("Microsoft"),

by its undersigned attorneys, hereby requests that Respondent Alcatel-Lucent ("Alcatel-Lucent")

permit inspection and copying (with convenient access to duplicating equipment), or otherwise

cause to be produced, each of the following documents and things within its possession, custody

or control, designated and organized by the paragraphs and subparagraphs hereof to which they

correspond, at the office of Complainant's counsel, Fish & Richardson P.C., 1425 K Street,

N.W., Suite 1100, Washington, D.C. 20005, within the time prescribed by the rules of the

Administrative Law Judge and of the Commission.

## DEFINITIONS

The definitions contained in Microsoft's First Set of Interrogatories to Respondent

Alcatel-Lucent are hereby incorporated as completely set forth herein and apply to the following

document requests.

# INSTRUCTIONS

A.    If no documents are responsive to a particular request, you are to state that no responsive documents exist.

B.    If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim, describe the information withheld, identify the date and the sender and recipients of the document, and identify the number of the discovery request or interrogatory to which the document is responsive.

C.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained.  For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.

D.    These requests seek all responsive documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.    Since discovery requests are continuous in nature, you are under a duty to supplement or amend any prior response.

2

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents for which identification is requested in Complainant Microsoft's First Set of Interrogatories to Alcatel-Lucent served concurrently herewith, or relied on in preparation of, Alcatel-Lucent's responses, including any supplemental response, to Complainant Microsoft's First Set of Interrogatories, First Set of Requests for Admission, or these Requests for Production.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to determine the organizational structure and personnel of Alcatel-Lucent and its relationships to parent, subsidiary, or other affiliate corporations, including, without limitation, research or development units, departments, divisions, or other entities, responsible for each Accused Product.

### REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify Alcatel-Lucent's predecessor affiliates, including parent companies, subsidiaries, partnerships, joint ventures, divisions, and shareholders that have engaged in any activities relating to the Accused Products.

### REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to identify Alcatel-Lucent's present affiliates, including parent companies, subsidiaries, partnerships, joint ventures, divisions, and shareholders shareholders that have engaged in any activities relating to the Accused Products.

**REQUEST FOR PRODUCTION NO. 5:**

All minutes, memoranda, notes, or other documents relating to any Alcatel-Lucent corporate Board of Director meetings that relate to the Accused Products, Microsoft, any license with Microsoft, any license negotiations or discussions with Microsoft in the Present Investigation, or the Complaint in the Present Investigation.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each and every Accused Product which has been sold, imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States by or on behalf of Alcatel-Lucent.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify each and every product that contains an Accused Product which has been sold, imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States by or on behalf of Alcatel-Lucent.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify each and every Accused Product which has been or is committed to being sold, imported into the United States, sold for importation into the United States, or sold or offered for sale after importation into the United States by or on behalf of Alcatel-Lucent pursuant to an agreement entered on or about June 2003 with the Kennewick School District in Kennewick, Washington, and documents related to this contract.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify each and every Accused Product which has been or is committed to being sold, imported into the United States, sold for importation into the United

4

States, or sold or offered for sale after importation into the United States by or on behalf of

Alcatel-Lucent pursuant to an agreement entered on or about December 2003 with the Clark

County School District in Las Vegas, Nevada, and documents related to this contract.

**REQUEST FOR PRODUCTION NO. 10:**

      Documents sufficient to identify each and every Accused Product which has been or is

committed to being sold, imported into the United States, sold for importation into the United

States, or sold or offered for sale after importation into the United States by or on behalf of

Alcatel-Lucent pursuant to an agreement entered on or about November 2006 with the

University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania, and documents related to

this contract.

**REQUEST FOR PRODUCTION NO. 11:**

      Documents sufficient to describe and explain the research, design, development,

engineering, manufacture, use, testing, or sampling of each Accused Product.

**REQUEST FOR PRODUCTION NO. 12:**

      All documents including, without limitation, drawings, prototypes, notes, notebooks,

workbooks, project reports, correspondence, memoranda, test results, schematics, engineering

specifications, CAD files, source code, and simulation files that refer or relate to the structure,

function, operation, capabilities, features, design, research, development, testing, or simulation of

each and every Accused Product, sold by Alcatel-Lucent or its customers.

**REQUEST FOR PRODUCTION NO. 13:**

      All documents referring or relating to any modification, improvement, change, or any

proposed modification, improvement, or change, in any Accused Product, including attempts to

design or re-design products to avoid infringement of the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to describe or explain Alcatel-Lucent's involvement in the research, development, design, engineering, manufacture, offer for sale, or sale of products sold by Alcatel-Lucent's customers that contain any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 15:**

All documents including, without limitation, drawings, schematic diagrams, block diagrams and datasheets that refer, reflect, or relate to any product family or technical relationship amongst and between any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the manufacture, assembly, or supply of the Accused Products.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify any additional product necessary for the operation of each Accused Product.

**REQUEST FOR PRODUCTION NO. 18:**

One sample of each version of each Accused Product.

**REQUEST FOR PRODUCTION NO. 19:**

All instructions, manuals, brochures, or other guidance information associated with the sale and demonstration of each Accused Product.

**REQUEST FOR PRODUCTION NO. 20:**

All contracts or agreements relating to the manufacture, assembly, importation, sales or service of any Accused Product.

**REQUEST FOR PRODUCTION NO. 21:**

6

Documents sufficient to show the quantity, by quarter and in total, the sales prices of each of the Accused Products made, sold or offered for sale by or for Alcatel-Lucent.

## REQUEST FOR PRODUCTION NO. 22:

All documents referring or relating to Alcatel-Lucent's commercial exploitation of the Accused Products, including without limitation feasibility studies, marketing plans, marketing forecasts, estimates, projections or reports of market share, periodic research and development reports, management reports and/or other periodic reports, and documents referring or relating to marketing, manufacturing, sampling, efforts to sell, offers for sale, and actual sales.

## REQUEST FOR PRODUCTION NO. 23:

All documents referring or relating to any comparison between any Accused Product with the technology or products of any other manufacturers.

## REQUEST FOR PRODUCTION NO. 24:

All documents that relate to or constitute advertising or marketing of the Accused Products, including but not limited to: all descriptive or promotional materials concerning each of the Accused Products and products containing same made, offered for sale or sold by or for Alcatel-Lucent, press releases and trade journal articles describing the Accused Products, advertisements, catalogs, materials prepared for use in trade meetings and conventions, package inserts, technical data sheets, specifications, price lists, sales presentations to customers or potential customers and any other materials promoting or describing such products.

## REQUEST FOR PRODUCTION NO. 25:

All documents that are or have been included with the sale of Accused Products including, without limitation, instruction materials, brochures, product manuals, user manuals,

7

data sheets, installation manuals, retail kits, diagnostic software, installation software, or specifications.

**REQUEST FOR PRODUCTION NO. 26:**

All documents discussing or making reference to the quality, value, acceptability, workability, performance or benefits of the Accused Products and products containing same, including communications with customers praising, criticizing, or otherwise commenting on the Accused Products.

**REQUEST FOR PRODUCTION NO. 27:**

All technical articles, conference papers, or technical or marketing presentations which refer or relate to the Accused Products.

**REQUEST FOR PRODUCTION NO. 28:**

All documents referring or relating to any failures, problems with or complaints about any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 29:**

All forecasts or projections concerning the marketing, importing, exporting, offering for sale, and sale of the Accused Products.

**REQUEST FOR PRODUCTION NO. 30:**

All business plans including, but not limited to, strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans and capital or investment plans referring or relating to the Accused Products.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify each potential customer, actual customer, purchaser, reseller, and distributor of the Accused Products.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to how Alcatel-Lucent's customers, purchasers, resellers and distributors of the Accused Products use each Accused Product, including whether they incorporate or have incorporated the Accused Products into products containing same, and whether they import or sell for importation Accused Products.

**REQUEST FOR PRODUCTION NO. 33:**

All documents referring to, relating to or constituting patents, publications, written descriptions or other prior art references of which you are aware that concern, disclose, describe or claim any invention disclosed, described or claimed in the Microsoft Patents, or any product embodying or using any invention disclosed, described or claimed in the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents referring or relating to any document, reference or activity alleged by anyone to be prior art to the Microsoft Patents, or to affect the validity, enforceability, or scope of the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 35:**

All documents referring or relating to knowledge or use by others of any invention disclosed, described or claimed in the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents referring or relating to the sale or offer for sale of any product on which you rely as prior art that allegedly embodies or uses any invention disclosed, described or claimed in the Microsoft Patents, including without limitation all advertising, sales, promotional and technical materials related to such offer or sale.

9

## REQUEST FOR PRODUCTION NO. 37:

All documents that refer or relate to the public use or prior invention of any product on which you rely as allegedly embodying or using any invention disclosed, described or claimed in the Microsoft Patents and rendering that patent invalid or unenforceable.

## REQUEST FOR PRODUCTION NO. 38:

All documents allegedly referring or relating to the making in this or another country of any invention disclosed, described or claimed in the Microsoft Patents, by one who had not abandoned, suppressed or concealed it, that you contend render the Microsoft Patents invalid or unenforceable.

## REQUEST FOR PRODUCTION NO. 39:

All documents that Alcatel-Lucent contends either alone or in combination anticipate or render obvious or in any other way render the Microsoft Patents invalid or unenforceable.

## REQUEST FOR PRODUCTION NO. 40:

All documents referring to or relating to any prior art reference or potential prior art reference located or reviewed by or cited to Alcatel-Lucent during any study or search of domestic or foreign patents, literature or other published materials relating in any manner to the Microsoft Patents, including without limitation any study, search or analysis to determine the patentability, the validity, enforceability or enforceable scope of any of the claims of the Microsoft Patents.

## REQUEST FOR PRODUCTION NO. 41:

All articles, including without limitation internal technical memoranda, published by any of your employees that relate to the subject matter described, disclosed or claimed in the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents referring or relating to any license covering Alcatel-Lucent's alleged rights to make, use, or sell the Accused Products.

**REQUEST FOR PRODUCTION NO. 43:**

All communications, documents and things, negotiations, and licenses relating to Microsoft and the Accused Products.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things relating to any negotiations, discussions, or other communications between Alcatel-Lucent and Microsoft regarding any intellectual property matter that covers the Accused Products.

**REQUEST FOR PRODUCTION NO. 45:**

All communications, documents, and things relating to the scope or meaning or coverage of any license between Alcatel-Lucent and Microsoft that involve unified communication systems or the Accused Products.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify all people involved in any communication, negotiation or licensing of any Alcatel-Lucent intellectual property to Microsoft.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to reflect Alcatel-Lucent's licensing policies, goals, initiatives, or practices.

11

**REQUEST FOR PRODUCTION NO. 48:**

All documents referring or relating to the distribution, re-sale, or licensing of the Accused Products, including documents relating to all distributors, re-sellers, manufacturing and/or warehousing facilities, and product distribution outlets.

**REQUEST FOR PRODUCTION NO. 49:**

All documents referring or relating to those responsible for importing and shipping the Accused Products, and identifying who owns title to such Accused Products prior to, during, and after each importation or shipment.

**REQUEST FOR PRODUCTION NO. 50:**

All documents referring or relating to when and how Alcatel-Lucent first became aware of the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 51:**

All documents referring or relating to any consideration given by Alcatel-Lucent to any possible liability for patent infringement should Alcatel-Lucent commence or continue to make, use, distribute or sell the Accused Products, including without limitation any legal advice sought or received and any analysis of any Alcatel-Lucent products for potential or actual infringement of the Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 52:**

All documents including, but not limited to, opinions and advice of counsel referring or relating to the infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or interpretation of the scope of the claims of the Microsoft Patents and any related United States or foreign applications and/or patents.

**REQUEST FOR PRODUCTION NO. 53:**

All documents referring or relating to any evaluation, analysis, review, monitoring, testing, prior art search or investigation of the Microsoft Patents including, but not limited to,

12

documents relating to whether any Alcatel-Lucent product does or does not infringe any claim of the Microsoft Patents either literally or under the doctrine of equivalents.

**REQUEST FOR PRODUCTION NO. 54:**

All documents referring or relating to the Microsoft Patents, Alcatel-Lucent's evaluation of Microsoft as, for example, a potential business partner, or any of Microsoft's unified communications systems.

**REQUEST FOR PRODUCTION NO. 55:**

All documents relating to any meeting, discussion, or communication with Microsoft, any third party, or any non-party concerning any of the Microsoft Patents, or any patents related to the Microsoft Patent, or the subject matter of the claims thereof.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to any meeting, discussion, or communication between Alcatel-Lucent and any third party (including, without limitation, any competitors or customers of Alcatel-Lucent or Microsoft) concerning Alcatel-Lucent's infringement of any Microsoft Patents.

**REQUEST FOR PRODUCTION NO. 57:**

All documents referring or relating to any affirmative defenses that Alcatel-Lucent intends to assert in this Investigation.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to describe Alcatel-Lucent's document retention, management, and/or destruction policies, including those with respect to e-mail, from 1998 to present.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things, not produced in response to another request, you seek to introduce into evidence at the hearing in the Present Investigation.

13

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things, not produced in response to another request, shown to any expert or fact witness in connection with the Present Investigation.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things, not produced in response to another request, relied upon or referred to in preparing the Response to the Complaint.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things, not produced in response to another request, referring or relating to any Accused Products, including any correspondence, manuals, brochures, memoranda, notes, meeting minutes, presentations, and e-mails.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: _March 26_, 2007

By: _Rama Elluru_

Joseph V. Colaianni, Jr.
Ahmed J. Davis
Jeffrey R. Whieldon
Rama G. Elluru
Joshua Pond
Kate Kelly
1425 K Street NW, Suite 1100
Washington, D.C.  20005
Tel: (202) 783-5070

Attorneys for Complainant
MICROSOFT CORPORATION

Microsoft's First Set of Requests for the Production of Documents and Things

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that copies of the foregoing **COMPLAINANT**

**MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR THE**

**PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-62) TO RESPONDENT**

**ALCATEL-LUCENT** were served on this 26th day of March, 2007 as follows:

| | |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Via Hand Delivery<br>(Two Copies) |
| David J. Hollander, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436 | Via Hand Delivery |
| Alcatel-Lucent<br>54 Rue La Boetie<br>Paris, France 75008 | Via Federal Express<br>International Delivery |

_Lydia Dean-Reese_
Lydia Dean-Reese

# EXHIBIT F

REDACTED

# EXHIBIT G

REDACTED

# EXHIBIT H

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

Before The Honorable Paul J. Luckern
Administrative Law Judge

In the Matter of

CERTAIN UNIFIED COMMUNICATION
SYSTEMS, PRODUCTS USED WITH SUCH
SYSTEMS, AND COMPONENTS THEREOF

Inv. No. 337-TA-598

COMPLAINANT MICROSOFT CORPORATION'S SECOND
SET OF REQUESTS FOR ADMISSION (NOS. 23-108)
TO RESPONDENT ALCATEL BUSINESS SYSTEMS

Pursuant to the United States International Trade Commission's Rules of Practice and

Procedure, 37 C.F.R. §§ 210.27 and 210.29, Complainant Microsoft Corporation ("Microsoft"),

by its undersigned attorneys, hereby requests that Respondent Alcatel Business Systems

("Alcatel" or "Respondent") to answer the following requests for admission fully and under oath,

by serving written responses within ten (10) days after service hereof to the office of Fish &

Richardson P.C., 1425 K Street, N.W., Suite 1100, Washington D.C. 20005.

## DEFINITIONS

The Definitions contained in Microsoft's First Set of Interrogatories to Respondent are

hereby incorporated as if completely set forth herein and apply to the following requests for

admission. Additionally:

1       "Alcatel" refers to (1) Alcatel Business Systems and any parent, subsidiaries and

divisions, (2) any successors and predecessors thereto, (3) and any and all persons or acting or

purporting to act on Alcatel Business Systems' behalf, including but not limited to all past and

present employees, officers, directors, agents, consultants, partners, affiliates, associates,

attorneys or representatives thereof.

2    "Accused products" and "accused systems" are defined as those products and

systems identified in the July 11, 2007 Expert Report of Mr. Jack Chang and the July 30, 2007

Supplemental Expert Report of Mr. Jack Chang.

## INSTRUCTIONS

The instructions contained in Microsoft's First Set of Requests for Admission to

Respondent are hereby incorporated as completely set forth herein and apply to the following

requests for admission.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 23:

Admit Alcatel U.S.A., Inc. ("Alcatel USA") has used the accused systems in the United

States.

### REQUEST FOR ADMISSION NO. 24:

Admit Alcatel has used the accused systems in the United States.

### REQUEST FOR ADMISSION NO. 25:

Admit Alcatel USA has used the OmniTouch Unified Communication software and/or

application suite (including but not limited to My Assistant, My Phone, My Teamwork, My

Messaging) in the United States.

### REQUEST FOR ADMISSION NO. 26:

Admit Alcatel has used the OmniTouch Unified Communication software and/or

application suite (including but not limited to My Assistant, My Phone, My Teamwork, My

Messaging) in the United States:

**REQUEST FOR ADMISSION NO. 27:**

Admit Alcatel USA has used the My Assistant application together with the My Phone application in the United States.

**REQUEST FOR ADMISSION NO. 28:**

Admit Alcatel has used the My Assistant application together with the My Phone application in the United States.

**REQUEST FOR ADMISSION NO. 29:**

Admit Alcatel USA has used the My Assistant application together with the Alcatel 4980 softphone application (referred to as the "My Softphone" in the July 11, 2007 Expert Report of Mr. Jack Chang and the July 30, 2007 Supplemental Expert Report of Mr. Jack Chang.) in the United States.

**REQUEST FOR ADMISSION NO. 30:**

Admit Alcatel has used the My Assistant application together with the Alcatel 4980 softphone application in the United States.

**REQUEST FOR ADMISSION NO. 31:**

Admit Alcatel USA has used the OmniPCX Enterprise in the United States.

**REQUEST FOR ADMISSION NO. 32:**

Admit Alcatel has used the OmniPCX Enterprise in the United States.

**REQUEST FOR ADMISSION NO. 33:**

Admit Alcatel USA has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise in the United States.

**REQUEST FOR ADMISSION NO. 34:**

Admit Alcatel has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise in the United States.

**REQUEST FOR ADMISSION NO. 35:**

Admit Alcatel USA has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise and OmniTouch Server in the United States.

**REQUEST FOR ADMISSION NO. 36:**

Admit Alcatel has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise and OmniTouch Server in the United States.

**REQUEST FOR ADMISSION NO. 37:**

Admit Alcatel USA has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise, OmniTouch Server and the Alcatel 4980 softphone application in the United States.

**REQUEST FOR ADMISSION NO. 38:**

Admit Alcatel has used the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) together with the OmniPCX Enterprise, OmniTouch Server and the Alcatel 4980 softphone application in the United States.

4

**REQUEST FOR ADMISSION NO. 39:**

Admit Alcatel has sold the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) in the United States.

**REQUEST FOR ADMISSION NO. 40:**

Admit Alcatel has imported the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) into the United States.

**REQUEST FOR ADMISSION NO. 41:**

Admit Alcatel has sold the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), and 4980 softphone application in the United States.

**REQUEST FOR ADMISSION NO. 42:**

Admit Alcatel has imported the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), and 4980 softphone application into the United States.

**REQUEST FOR ADMISSION NO. 43:**

Admit Alcatel has sold the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application in the United States.

**REQUEST FOR ADMISSION NO. 44:**

Admit Alcatel has imported the OmniPCX Enterprise together with the OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application into the United States.

**REQUEST FOR ADMISSION NO. 45:**

Admit Alcatel has sold the accused products to resellers or distributors in the United States.

**REQUEST FOR ADMISSION NO. 46:**

Admit Alcatel has sold the accused products to customers in the United States.

**REQUEST FOR ADMISSION NO. 47:**

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to Gordon College.

**REQUEST FOR ADMISSION NO. 48:**

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to Gordon College.

**REQUEST FOR ADMISSION NO. 49:**

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to Terra Telecom.

6

## REQUEST FOR ADMISSION NO. 50:

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to Terra Telecom.

## REQUEST FOR ADMISSION NO. 51:

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to Dugdale Communications, Inc.

## REQUEST FOR ADMISSION NO. 52:

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to Dugdale Communications, Inc..

## REQUEST FOR ADMISSION NO. 53:

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to the Mandarin Oriental Hotel Group Ltd.

## REQUEST FOR ADMISSION NO. 54:

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to Mandarin Oriental Hotel Group Ltd.

**REQUEST FOR ADMISSION NO. 55:**

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to LCN, Inc.

**REQUEST FOR ADMISSION NO. 56:**

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to LCN Inc.

**REQUEST FOR ADMISSION NO. 57:**

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to Pinnacle Communications Corporation.

**REQUEST FOR ADMISSION NO. 58:**

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to Pinnacle Communications Corporation.

**REQUEST FOR ADMISSION NO. 59:**

Admit Alcatel has sold the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) to the University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania.

**REQUEST FOR ADMISSION NO. 60:**

Admit Alcatel has sold the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application to University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the accused systems exist in the United States.

**REQUEST FOR ADMISSION NO. 62:**

Admit that an operational system including the OmniPCX Enterprise and OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging) exists in the United States.

**REQUEST FOR ADMISSION NO. 63:**

Admit that an operational system including the OmniPCX Enterprise, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), OmniTouch Server and 4980 softphone application exists in the United States.

**REQUEST FOR ADMISSION NO. 64:**

Admit Alcatel USA has used the Alcatel Office Communication Suites, *see, e.g.,* ABS44274-76, (including but not limited to the PIMphony, *see, e.g.,* ABS44418-32, and Personal Assistant, *see, e.g.,* 32142-43, applications), in the United States.

**REQUEST FOR ADMISSION NO. 65:**

Admit Alcatel has used the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

9

**REQUEST FOR ADMISSION NO. 66:**

Admit Alcatel USA has used the OmniPCX Office in the United States.

**REQUEST FOR ADMISSION NO. 67:**

Admit Alcatel has used the OmniPCX Office in the United States.

**REQUEST FOR ADMISSION NO. 68:**

Admit Alcatel USA has used the Extended Communication Server, *see, e.g.*, ABS 44272, in the United States.

**REQUEST FOR ADMISSION NO. 69:**

Admit Alcatel has used the Extended Communication Server in the United States.

**REQUEST FOR ADMISSION NO. 70:**

Admit Alcatel USA has used the OmniPCX Office together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 71:**

Admit Alcatel has used the OmniPCX Office together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 72:**

Admit Alcatel USA has used the OmniPCX Office and Extended Communication Server together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

10

**REQUEST FOR ADMISSION NO. 73:**

Admit Alcatel has used the OmniPCX Office and Extended Communication Server together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 74:**

Admit Alcatel has sold the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 75:**

Admit Alcatel has imported the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) into the United States.

**REQUEST FOR ADMISSION NO. 76:**

Admit Alcatel has sold the Extended Communication Server in the United States.

**REQUEST FOR ADMISSION NO. 77:**

Admit Alcatel has imported the Extended Communication Server into the United States.

**REQUEST FOR ADMISSION NO. 78:**

Admit Alcatel has sold the OmniPCX Office together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 79:**

Admit Alcatel has imported the OmniPCX Office together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) into the United States.

**REQUEST FOR ADMISSION NO. 80:**

Admit Alcatel has sold the OmniPCX Office and Extended Communication Server together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) in the United States.

**REQUEST FOR ADMISSION NO. 81:**

Admit Alcatel has imported the OmniPCX Office and Extended Communication Server together with the Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) into the United States.

**REQUEST FOR ADMISSION NO. 82:**

Admit that a system including the OmniPCX Office and Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) exists in the United States.

**REQUEST FOR ADMISSION NO. 83:**

Admit that a system including the OmniPCX Office, Extended Communication Server and Alcatel Office Communication Suites (including but not limited to the PIMphony and Personal Assistant applications) exists in the United States.

**REQUEST FOR ADMISSION NO. 84:**

Admit that the accused systems include "an environment where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network, a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications."

**REQUEST FOR ADMISSION NO. 85:**

Admit that the accused systems include "a data structure contained within a computer network to store user-selectable criteria for call processing."

**REQUEST FOR ADMISSION NO. 86:**

Admit that the accused systems include a data structure that "stores the user-selectable criteria in one or more lists."

**REQUEST FOR ADMISSION NO. 87:**

Admit that the accused systems include a "computer network access port."

**REQUEST FOR ADMISSION NO. 88:**

Admit that the accused systems include "a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port."

**REQUEST FOR ADMISSION NO. 89:**

Admit that the accused systems include a "controller."

**REQUEST FOR ADMISSION NO. 90:**

Admit that the accused systems include a "controller to receive the incoming call designated for the user telephone and to process the incoming call in accordance with the user-selectable criteria."

**REQUEST FOR ADMISSION NO. 91:**

Admit that the accused systems include "a system where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network."

13

**REQUEST FOR ADMISSION NO. 92:**

Admit that the accused systems include "a computer program product for implementing a method for processing a call from a subscriber to a user over a telephone network."

**REQUEST FOR ADMISSION NO. 93:**

Admit that the accused systems include "computer readable medium having computer executable instructions."

**REQUEST FOR ADMISSION NO. 94:**

Admit that the accused systems accept "an incoming call designated for the user telephone."

**REQUEST FOR ADMISSION NO. 95:**

Admit that the accused systems include "a data structure contained within a computer network that is independent of the telephone network."

**REQUEST FOR ADMISSION NO. 96:**

Admit that the accused systems include "a system including a telephone network and a computer network where an originating telephone connects with a user telephone over the telephone network."

**REQUEST FOR ADMISSION NO. 97:**

Admit that the accused systems practice "a method for processing a call from the originating telephone to the user telephone according to user specifications."

**REQUEST FOR ADMISSION NO. 98:**

Admit that the accused systems accept "an incoming call designated for the user telephone from an originating telephone of a subscriber."

14

**REQUEST FOR ADMISSION NO. 99:**

Admit that the accused systems access "a data structure contained within a computer network that is independent of the telephone network to retrieve user-selectable criteria for call processing stored within the data structure."

**REQUEST FOR ADMISSION NO. 100:**

Admit that the accused systems include "a system that includes a telephone network and a computer network with one or more users, wherein each user is connected through a user computer to the computer network and is logically connected through the computer network to the telephone network."

**REQUEST FOR ADMISSION NO. 101:**

Admit that the accused systems practice a method "of determining when to establish telephone communication between two parties, at least one of whom is a user connected to said computer network."

**REQUEST FOR ADMISSION NO. 102:**

Admit that the accused systems receive "information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party."

**REQUEST FOR ADMISSION NO. 103:**

Admit that the accused systems monitor the "activity of a user computer connected to the computer network."

**REQUEST FOR ADMISSION NO. 104:**

Admit that the accused systems store "a set of pre-determined rules for determining when the second party is available to take a call from the first party."

**REQUEST FOR ADMISSION NO. 105:**

Admit that the accused systems use "the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party."

**REQUEST FOR ADMISSION NO. 106:**

Admit that the accused systems uses "the information processed at the computer network to facilitate connecting the call comprises sending control signals to the telephone network to cause the telephone network to connect the call."

**REQUEST FOR ADMISSION NO. 107:**

Admit that the accused systems practice "a method of determining when to establish telephone communication between two parties, at least one of whom is a user connected to said computer network."

**REQUEST FOR ADMISSION NO. 108:**

Admit that the accused systems use "the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party."

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 31, 2007

By: _____
Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
William Sekyi
Joshua Pond
Kate Kelly
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Attorneys for Complainant
MICROSOFT CORPORATION

17

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that copies of the foregoing **COMPLAINANT MICROSOFT**

**CORPORATION'S SECOND SET OF REQUESTS FOR ADMISSION**

**(NOS. 23-108) TO RESPONDENT ALCATEL BUSINESS SYSTEMS**

was served on this 31st day of July, 2007 as follows:

| | |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Via Hand Overnight Delivery<br>(two copies) |
| David Lloyd, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>david.lloyd@usitc.gov | E-mail and Overnight Delivery |
| David A. Nelson, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>david.nelson@lw.com | E-mail |
| Sasha D. Mayergoyz, Esq<br>Peter N. Moore, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>sasha.mayergoyz@lw.com<br>peter.moore@lw.com | E-mail |
| Steven C. Cherny, Esq.<br>Clement Naples, Esq.<br>Latham & Watkins LLP<br>885 Third Avenue, Ste 1000<br>New York, NY 10022-4834<br>steven.cherny@lw.com<br>clement.naples@lw.com | E-mail |

Renny Hwang, Esq.                          E-mail
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                            E-mail & Hand Delivery
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                            E-mail & Hand Delivery
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
dfoster@milchev.com

James B. Altman                            E-mail
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
jaltman@milchev.com
kbusby@milchev.com

Lydia Dean-Reese

2

# EXHIBIT I

REDACTED

# EXHIBIT J

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

**Before The Honorable Paul J. Luckern**
**Administrative Law Judge**

| | |
|---|---|
| In the Matter of<br>**CERTAIN UNIFIED COMMUNICATION**<br>**SYSTEMS, PRODUCTS USED WITH**<br>**SUCH SYSTEMS, AND COMPONENTS**<br>**THEREOF** | Inv. No. 337-TA-598 |

## DEPOSITION NOTICE OF BENOIT BRUN

PLEASE TAKE NOTICE that, pursuant to Section 337 of the Tariff Act of 1930, as amended, and Rule 210.28 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.28, Complainant Microsoft Corporation ("Microsoft") will take the deposition of Benoit Brun, an employee of Respondent Alcatel Business Systems ("ABS") and/or Alcatel-Lucent on Friday, June 15, 2007, at 9:00 AM, at the offices of Fish & Richardson P.C., 1425 K Street NW, Suite 1100, Washington, DC 20005, or at the Le Méridien Piccadilly, 21 Piccadilly, London W1J 0BH, United Kingdom, or at such other time and place as the parties mutually agree. The deposition will continue from day to day until completed.

The deposition will be taken before a court reporter or other person authorized by law to administer oaths, and will be recorded by stenographic means and/or videotape. The deposition will be taken for the purpose of discovery, for use at the hearing in this matter, and for any other purpose permitted under the Commission's Rules of Practice and the Federal Rules of Civil Procedure. You are invited to attend and examine.

Respectfully submitted,

Dated: May 18, 2007

Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua B. Pond
Fish & Richardson P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

John E. Gartman
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Counsel for Complainant
Microsoft Corporation

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **NOTICE OF DEPOSITION**

**TO BENOIT BRUN** was served on this 18th day of May, 2007 as follows:

The Honorable Paul J. Luckern          Via Hand Delivery
Administrative Law Judge                (Two Copies)
U.S. International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

                                        E-mail and Hand Delivery

David Lloyd, Esq.
U.S. International Trade Commission
Office of Unfair Import Investigations
500 E Street, S.W., Room 401
Washington, D.C. 20436
david.lloyd@usitc.gov

                                        E-mail and Overnight

David A. Nelson, Esq.
233 South Wacker Drive, Ste 5800
Chicago, IL 60606-6306
david.nelson@lw.com

Sasha D. Mayergoyz, Esq               E-mail
Peter N. Moore, Esq.
233 South Wacker Drive, Ste 5800
Chicago, IL 606-6306
sasha.mayergoyz@lw.com
peter.moore@lw.com

                                        E-mail

Steven C. Cherny, Esq.
Latham & Watkins LLP
885 Third Avenue, Ste 1000
New York, NY 10022-4834
steven.cherny@lw.com

                                        E-mail

Renny Hwang, Esq.
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                                    E-mail
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                                    E-mail
James B. Altman
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C.  20005
dfoster@milchev.com
jaltman@milchev.com
kbusby@milchev.com

_____
Stanley M. Bryant

2

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

Before The Honorable Paul J. Luckern
Administrative Law Judge

In the Matter of
**CERTAIN UNIFIED COMMUNICATION
SYSTEMS, PRODUCTS USED WITH
SUCH SYSTEMS, AND COMPONENTS
THEREOF**

Inv. No. 337-TA-598

## DEPOSITION NOTICE OF EDWIN AFSHALIMI

PLEASE TAKE NOTICE that, pursuant to Section 337 of the Tariff Act of 1930, as amended, and Rule 210.28 of the Commission's Rules of Practice and Procedure, 19 C.F.R. § 210.28, Complainant Microsoft Corporation ("Microsoft") will take the deposition of Edwin Afshalimi, an employee of Respondent Alcatel Business Systems ("ABS") and/or Alcatel-Lucent on Monday, June 25, 2007, at 9:00 AM, at the offices of Fish & Richardson P.C., 1425 K Street NW, Suite 1100, Washington, DC 20005 or at such other time and place as the parties mutually agree. The deposition will continue from day to day until completed.

The deposition will be taken before a court reporter or other person authorized by law to administer oaths, and will be recorded by stenographic means and/or videotape. The deposition will be taken for the purpose of discovery, for use at the hearing in this matter, and for any other purpose permitted under the Commission's Rules of Practice and the Federal Rules of Civil Procedure. You are invited to attend and examine.

1

Dated: May 18, 2007

Respectfully submitted,

Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua B. Pond
Fish & Richardson P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

John E. Gartman
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Counsel for Complainant
Microsoft Corporation

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **NOTICE OF DEPOSITION**

**TO EDWIN AFSHALIMI** was served on this 18th day of May, 2007 as follows:

The Honorable Paul J. Luckern          Via Hand Delivery
Administrative Law Judge               (Two Copies)
U.S. International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

David Lloyd, Esq.                      E-mail and Hand Delivery
U.S. International Trade Commission
Office of Unfair Import Investigations
500 E Street, S.W., Room 401
Washington, D.C. 20436
david.lloyd@usitc.gov

David A. Nelson, Esq.                  E-mail and Overnight
233 South Wacker Drive, Ste 5800
Chicago, IL 60606-6306
david.nelson@lw.com

Sasha D. Mayergoyz, Esq                E-mail
Peter N. Moore, Esq.
233 South Wacker Drive, Ste 5800
Chicago, IL 606-6306
sasha.mayergoyz@lw.com
peter.moore@lw.com

Steven C. Cherny, Esq.                 E-mail
Latham & Watkins LLP
885 Third Avenue, Ste 1000
New York, NY 10022-4834
steven.cherny@lw.com

Renny Hwang, Esq.                      E-mail
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                                          E-mail
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                                          E-mail
James B. Altman
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
dfoster@milchev.com
jaltman@milchev.com
kbusby@milchev.com

Stanley M. Bryant

2

# EXHIBIT K

REDACTED

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that defendant Alcatel Business Systems will take the

depositions of the following persons commencing at 9:30 a.m. on the dates listed below at the

offices of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, 1201 North Market Street, Wilmington,

DE 19801:

Rama Elluru – September 18, 2007

Joshua Pond – September 19, 2007

Ahmed Davis – September 20, 2007

The depositions will be recorded by stenographic and videographic means.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Of Counsel:*

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

*Attorneys for Alcatel Business Systems*

David A. Nelson
Sasha D. Mayergoyz
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

September 4, 2007
1225275.1

2

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that copies of the foregoing were caused to be served on September 4, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**
Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W., 11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION, )
)
Plaintiff, )
)
v. ) C.A. No. 07-090 (SLR)
)
ALCATEL BUSINESS SYSTEMS and )
GENESYS TELECOMMUNICATIONS )
LABORATORIES, INC., )
)
Defendants. )

## NOTICE OF RULE 30(b)(6) DEPOSITION OF FISH & RICHARDSON P.C.

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), defendant

Alcatel Business Systems will take the deposition upon oral examination of Fish & Richardson

P.C. ("F&R") at the offices of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, 1201 North Market

Street, Wilmington, DE 19801, commencing at 9:30 a.m. on September 17, 2007, and

continuing from day-to-day thereafter until completed. The deposition will be recorded

stenographically and by videographic means.

F&R is requested to designate in writing by September 12, 2007 one or more

persons who will testify concerning the topics listed on Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Of Counsel:*
Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

*Attorneys for Alcatel Business Systems*

David A. Nelson
Sasha D. Mayergoyz
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

September 4, 2007
1225261.1

## EXHIBIT A

1.      The installation of any Alcatel products, including but not limited to the OmniTouch Unified Communications software suite ("OTUC"), My Assistant, OTUC servers, OmniPCX Enterprise ("OXE") Communication server, the 4980 software application ("My Software"), at F&R's Washington, D.C. office since June 2007, including but not limited to the "the Alcatel demonstration System" referenced in the Expert Report of Jack Chang.

2.      The role of Miercom in connection with the installation of any Alcatel products at F&R, including but not limited to the products listed in paragraph 1.

3.      Any communications with Miercom.

4.      Any communications with Alliance Telecommunications.

5.      Any communications with Po Ching Lin.

6.      Any communications with Dan McGirr.

7.      Any communications with Jack H. Chang concerning any of the matters set forth in paragraph 1 – 6 and/or any information obtained as a result of such installation or communication(s)

8.      Any communication with any employee of Microsoft Corporation concerning any of the matters set forth in paragraphs 1 – 7 and/or any information obtained as a result of such installation or communication(s).

9.      The existence and location of any documents relating to any of the matters set forth in paragraphs 1 – 8.

10.     The identification of all persons knowledgeable about the matters set forth in paragraphs 1 – 8.

11.     Any communications with Latham & Watkins LLP, Morris Nichols Arsht & Tunnell LLP, or Miller & Chevalier regarding any communication with Po Ching Lin.

12.     Your assertion that certain of the facts detailed in the August 24, 2007 Letter from Robert Malionek to Linda Kordziel "are demonstrably wrong." *Corresp. fr. J. Gartman to R. Malionek, August 27, 2007 at 1.*

13.     Any and all information obtained by you pursuant to your "full investigation" of the matters detailed in the August 24, 2007 Letter from Robert Malionek to Linda Kordziel. *Corresp. fr. J. Gartman to R. Malionek, August 27, 2007 at 1.*

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that copies of the foregoing were caused to

be served on September 4, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**
Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W., 11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION,          )
                                )
                Plaintiff,       )
                                )
        v.                       )      C.A. No. 07-090 (SLR)
                                )
ALCATEL BUSINESS SYSTEMS and    )
GENESYS TELECOMMUNICATIONS      )
LABORATORIES, INC.,             )
                                )
                Defendants.      )

## NOTICE OF RULE 30(b)(6) DEPOSITION OF MICROSOFT CORPORATION

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), defendant

Alcatel Business Systems will take the deposition upon oral examination of plaintiff Microsoft

Corporation ("Microsoft") at the offices of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, 1201

North Market Street, Wilmington, DE 19801, commencing at 9:30 a.m. on September 21, 2007,

and continuing from day-to-day thereafter until completed. The deposition will be recorded

stenographically and by videographic means.

Microsoft is requested to designate in writing by September 14, 2007 one or more

persons who will testify concerning the topics listed on Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Of Counsel:*
Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

*Attorneys for Alcatel Business Systems*

David A. Nelson
Sasha D. Mayergoyz
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

David M. Farnum
LATHAM & WATKINS LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
(202) 637-2200

September 4, 2007
1225269.1

## EXHIBIT A

1.    The installation of any Alcatel products, including but not limited to the OmniTouch Unified Communications software suite ("OTUC"), My Assistant, OTUC servers, OmniPCX Enterprise ("OXE") Communication server, the 4980 software application ("My Software"), at F&R's Washington, D.C. office since June 2007.

2.    The role of Miercom in connection with the installation of any Alcatel products at F&R, including but not limited to the products listed in paragraph 1.

3.    Any communications with Miercom.

4.    Any communications with Alliance Telecommunications.

5.    Any communications with Po Ching Lin.

6.    Any communications with Dan McGirr.

7.    Any communications with Jack H. Chang concerning any of the matters set forth in paragraphs 1 – 6.

8.    Any communications with any lawyer or employee at Fish & Richardson P.C. concerning any of the matters set forth in paragraphs 1 – 7.

9.    The existence and location of any documents relating to any of the matters set forth in paragraphs 1 – 8.

10.    The identification of all persons knowledgeable about the matters set forth in paragraphs 1 – 8.

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that copies of the foregoing were caused to be served on September 4, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**
Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W., 11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT O

| | |
|---|---|
| From: | Joseph V. Colaianni, Jr. |
| Sent: | Wednesday, July 25, 2007 1:02 PM |
| To: | sasha.mayergoyz@lw.com; steven.cherny@lw.com; david.nelson@lw.com; Clement.Naples@lw.com; david.lloyd@usitc.gov |
| Cc: | Linda Kordziel; Ahmed Davis; Rama G. Elluru; Joshua Pond |
| Subject: | 337-TA-598 |

Sasha,

In further response to your letter of July 19, I provide the following information regarding the corporate deposition topics listed in your letter:

Topics 1, 9, 19, 19, 26-29, and 45-48:  Microsoft designates Jack H. Chang

Topics 4-5:  Microsoft designates Burns Israelson who was deposed on July 12, 2007.

Topic 6: The '064 patent was owned by International ThinkLink Corp. during its prosecution; hence Microsoft does not have corporate knowledge regarding the prosecution of the '064 patent.

Topic 7 - Microsoft designates Frank Agovino, who was deposed on July 24, 2007.

Topics 16-17 - Microsoft designates Zig Serafin.

Topic 40 - Microsoft designates Zig Serafin, as to the factual aspects of this topic.

Topic 44 - James Borgman already testified regarding the factual aspects of this topic

Topics 51 and 54-56: These topics relate to document retention policy and Microsoft's efforts in responding to discovery requests.  Microsoft has issued similar depositon topics to ABS (Topics 28 and 32).  I propose the parties agree to withdraw these topics, since much of the requested information is likely privileged and not particularly useful in discovery. Please advise as to whether ABS is agreeable to this.

Additionally, Zig Serafin will testify on ABS's corporate topics 8, 11, 13, 16-17, 20-23, 25, 36, 40, 49, 50, 52, 53, and 57.

John Jiang is available for deposition at 9:00 am PDT next Tuesday, July 31 at his home (4114 Sugar Maple Drive, Danville, CA 94506).  Please advise as to whether ABS will take Mr. Jiang's deposition on this date.

With regard to the depositions of ABS witnesses, please provide/confirm deposition dates for Messrs. Durham, Afshalimi, and Juarez.  Your July 19 letter indicated that Messrs. Durnam and Juarez may also testify in a coporate capacity; please indicate which topics each witness will cover.  Also, please provide Mr. Afshalimi's corporate title.

We also await ABS's designations for Topics 15-26, 28, 29, and 32 in Microsoft's corporate deposition notice (but note that we are willing to drop topics 28 and 32 as set forth above).

Finally, we would like to take discovery from Alcatel USA concerning its use, distribution, sales and/or other activities relating to the accused products in the United States.  Has ABS's document production to date included documents collected from Alcatel USA and its employees?  And will you require us to issue a subpoena to Alcatel USA, or will you accept service on its behalf?

Regards,
Joe

**Joseph V. Colaianni, Jr.**
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, D.C. 20005
Tel:  202-626-6434
Fax:  202-783-2331
colaianni@fr.com

# EXHIBIT P

53rd at Third
685 Third Avenue
New York, New York 10022-4834
Tel: +212.906.1200  Fax: +212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

July 26, 2007

**VIA EMAIL**

Joseph V. Colaianni, Jr. Esq.
Fish & Richardson P.C.
1425 K. Street, N.W.
Suite 1100
Washington, D.C. 20005
202-626-6432

Re:  *Certain Unified Communication Systems, Products Used With Such Systems, and
Components Thereof,* Inv. No. 337-TA-598

Dear Joe:

I write in response to your July 24, 2007 letter, your July 25, 2007 email and Mr. Davis'
email of today.

Concerning the production of source code for the products that Microsoft is relying on to
establish a domestic industry, we have requested the source code for the current versions of those
products as well as any previous versions from the preceding three years. This is consistent with
the request for source code that Microsoft has made concerning the ABS offerings. Please
confirm that Microsoft will produce the source code for each of these versions.

With respect to an additional ABS corporate designee to testify concerning the OmniPCX
Office product ("OXO"), Microsoft's most recent position is that the OXO is not an accused
product. *See, e.g., Complainant's Responses to The Commission Investigative Staff's Third Set
of Interrogatories.* Thus, ABS will not produce any additional corporate designees concerning
the OXO.

Concerning Microsoft's deposition topics, ABS designates Pedro Juarez to testify in
response to topics 18, 19, 25, 26 and 29. Mr. Juarez is available in Salem, NH on August 7,
2007. ABS designates Edwin Afshalimi to testify in response to topics 20-24. Mr. Afshalimi's
deposition has been previously confirmed for August 3, 2007 in Calabasas, CA. Regarding
topics 1, 4-8, 11-13 and 15, in addition to those witnesses already designated and deposed, ABS
designates Mr. Leroy, as those topics relate to the OTUC software suite, and Mr. Bastide, as
those topics relate to the OmniPCX Enterprise ("OXE"), both of whom have already been
deposed. Concerning topics 16 and 17, these topics seek only privileged information, and
therefore ABS will not provide a witness to testify in response to these topics.

Joseph V. Colaianni, Jr. Esq.
July 26, 2007
Page 2

**LATHAM&WATKINS**LLP

Mr. Durham will not be testifying in response to any topics so we will not go forward with his deposition.

We agree with your proposal that Microsoft withdraw topics 28 and 32, and ABS withdraw topics 51 and 54-56.

We will go forward with Mr. Jiang's deposition on July 31, 2007, starting at 9:00 am at Mr. Jiang's home in Danville, CA.

With respect your inquiry regarding documents maintained by Alcatel USA, ABS's production does include documents responsive to Microsoft's requests for production that were in the possession, custody or control of Alcatel USA.

Regards,

Clement J. Naples
of LATHAM & WATKINS LLP

cc:    David O. Lloyd, Esq.

NY\1308635.1

# EXHIBIT Q

R E D A C T E D

---

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Wednesday, August 29, 2007 5:34 PM
**To:** Naples, Clement (NY); Joseph V. Colaianni, Jr.; Linda Kordziel; Christian A. Chu
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Mayergoyz, Sasha (CH); Farnum, David (DC); david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

9/25/2007

RE: Inv. 337-598

I am not sure why that is, because I understand that we contacted all of them. Can you tell us specifically which third parties are under that impression?

Best,
Ahmed

---

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Wednesday, August 29, 2007 4:53 PM
**To:** Ahmed Davis; Joseph V. Colaianni, Jr.; Linda Kordziel; Christian A. Chu
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; sasha.mayergoyz@lw.com; david.farnum@lw.com; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Ahmed,

It appears that some third-parties are still under the impression that they must comply with Microsoft's subpoenas. Can you please confirm that, as promised below, you contacted each subpoenaed third party and informed them that the subpoenas have been withdrawn?

Regards,

Clem

---

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Wednesday, August 22, 2007 3:27 PM
**To:** Naples, Clement (NY); Joseph V. Colaianni, Jr.; Linda Kordziel; Christian A. Chu
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Mayergoyz, Sasha (CH); Farnum, David (DC); david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Clem,
Microsoft agrees to the stipulation, including the bracketed addition in your email below. We will sign on your behalf and file this today. Additionally, we agree to withdraw the subpoena to Alcatel USA and to the other third-party subpoena recipients. We will let them know today that we are withdrawing them.

Best regards,
Ahmed

---

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Wednesday, August 22, 2007 1:46 PM
**To:** Joseph V. Colaianni, Jr.; Ahmed Davis; Linda Kordziel; Christian A. Chu
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; sasha.mayergoyz@lw.com; david.farnum@lw.com; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Joe,

ABS is agreeable to the stipulation with the following addition, in brackets below, to paragraph 3:

3. Only for purposes of the above captioned Investigation, notwithstanding any agreement by the parties to the contrary, and not for use in any other action, ABS further stipulates that ABS [or another Alcatel-Lucent company] has used in the United States: (1) the OmniPCX Enterprise PBX with the OmniTouch Unified Communication

9/25/2007

RE: Inv. 337-598

software suite and the 4980 Softphone Application and (2) the OmniPCX Office PBX with the PIMphony software application.

If this addition is acceptable to Microsoft and you confirm that Microsoft will contact each third-party today informing them that the subpoenas have been withdrawn and that the third-parties need not comply in any way with the subpoenas, and that the corporate deposition notice served on Alcatel USA is also withdrawn, you have our permission to sign and file the stipulation.

Regards,


Clem

---

**From:** Joseph V. Colaianni, Jr. [mailto:colaianni@fr.com]
**Sent:** Tuesday, August 21, 2007 7:07 PM
**To:** Ahmed Davis; Naples, Clement (NY); Linda Kordziel; Christian A. Chu
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Mayergoyz, Sasha (CH); Farnum, David (DC); david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

All:

Enclosed please find: (1) correspondence relating to the corporate deposition testimony sought by Microsoft; (2) a redlined version of the draft stipulation relating to the importation and use of the accused products in the U.S.; and (3) a draft motion to terminate the investigation with regard to certain claims of the asserted Microsoft patents. Note that we've styled the motion as unopposed; please let me know if either ABS or the Staff wants to take another position.

Regards,

Joe

---

**From:** Ahmed Davis
**Sent:** Tuesday, August 21, 2007 2:08 PM
**To:** Clement.Naples@lw.com
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; sasha.mayergoyz@lw.com; david.farnum@lw.com; david.lloyd@usitc.gov; Joseph V. Colaianni, Jr.
**Subject:** RE: Inv. 337-598

Clem,
We have, and we will be sending a redlined revision to you soon.  Hopefully, we will be able to agree and get this issue put to bed in very short order.  If not, we can easily address your other concerns in a way that minimizes the burden on all parties involved.

Best,
Ahmed

---

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Tuesday, August 21, 2007 1:44 PM
**To:** Ahmed Davis
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; sasha.mayergoyz@lw.com; david.farnum@lw.com; david.lloyd@usitc.gov; Joseph V. Colaianni, Jr.

9/25/2007

**Subject:** RE: Inv. 337-598

Ahmed,

Have you reviewed the draft stipulation I sent over yesterday?

Also, per my various emails, please confirm that Microsoft is not pressing the third-parties for discovery while Microsoft and ABS are negotiating the stipulation and that Microsoft will give the third-parties appropriate extensions if we are unable to reach agreement as to the stipulation. As you know, the reason ABS agreed in principle to a stipulation was to minimize the burden on Alcatel's customers. There is no reason for ABS to agree to a stipulation if Microsoft is just using this negotiation period as a delay tactic while it pursues discovery against the third-parties.

Regards,

Clem

---

**From:** Naples, Clement (NY)
**Sent:** Monday, August 20, 2007 3:55 PM
**To:** 'Ahmed Davis'
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Mayergoyz, Sasha (CH); Farnum, David (DC); david.lloyd@usitc.gov; Joseph V. Colaianni, Jr.
**Subject:** RE: Inv. 337-598

Ahmed,

Attached please find our revisions to the draft stipulation. As you will see, we modified the draft to state that the accused products have been sold as set forth in our produced sales spreadsheet, which includes all of the sales identified in your original draft. This is a more accurate statement detailing which specific accused product was sold to whom. For instance, the original draft did not account for specific versions of products nor did it account for which OTUC applications were sold to each entity.

We also modified the usage part of the stipulation to state that at least one of each accused product has been used in the US. We think that this should satisfy your needs, and it more accurately reflects ABS's understanding of the actual use of the accused products in the US.

Please let me know if these modifications are acceptable to Microsoft.

With respect to your disagreement as to my characterization of Microsoft's conduct, just this morning I was informed that on Friday Kate Kelly, a Fish & Richardson attorney, threatened sanctions for non-compliance with Microsoft's subpoena if the third-party would not produce responsive documents by tomorrow, August 21, 2007 and a witness by August 23, 2007. (8/17/07 email from K. Kelly to M. Waterfill, counsel for Dugdale Communications.)

I have reproduced one of Ms. Kelly's emails to counsel for Dugdale below and attached a copy of the full string to this email. We do not understand Microsoft's statements to the customers in light of the stipulation.

Regards,

Clem

---

**From:** Kate Kelly [mailto:KKelly@fr.com]
**Sent:** Friday, August 17, 2007 4:02 PM
**To:** Waterfill, Mark
**Subject:** RE: Message received from 3176322962 on 8/17/2007 at 2:34:20 PM.

9/25/2007

RE: Inv. 337-598

Mark,

The subpoena as issued by the United States International Trade Commission clearly mandates compliance on August 21 and 23. While you may have 10 days to object this has no bearing on the dates for compliance that were specifically set by the Judge. If you chose not to comply on August 21 and 23 you assume the risk of non-compliance with the subpoena. Under this scenario, which I hope we are able to avoid, Microsoft will be forced to pursue enforcement and all possible sanctions, which will begin with a request by the International Trade Commission to the United States District Court for expedited enforcement of the subpoena as issued by an agency of the United States government. I'm sure that such an eventuality would be unpleasant, costly and time consuming for both sides and that it is in our collective best interests to come to an alternative resolution.

Until such time as we come to an agreement on the timing for compliance, I think it best that we cancel our scheduled conversation for August 22 so that there is no confusion as to our respective positions. If we do not hear from you in the meantime we will expect to receive your document production at our offices on August 21 and to depose your designated witness on August 23 at 9 am in our Washington, DC offices. That being said, we are more than willing to negotiate these terms and will make reasonable accommodations to your client so as to ease the cost and burden of the subpoena.

Thanks,
Kate Kelly

---

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Saturday, August 18, 2007 9:51 PM
**To:** Naples, Clement (NY)
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Mayergoyz, Sasha (CH); Farnum, David (DC); david.lloyd@usitc.gov; Joseph V. Colaianni, Jr.
**Subject:** RE: Inv. 337-598

Clem,
Thanks for the email. Suffice it to say that we disagree with and reject your characterization in paragraph two of that email, to the extent that it suggests that Microsoft has "harass[ed]" any of Alcatel's customers by following up on duly and legally issued subpoenas. In any event, attached is a proposed stipulation for your review and consideration. We believe that this will adequately address the issues that we intended to explore through the third-party subpoenas, and therefore we can withdraw these subpoenas once the stipulation is agreed to and signed.

Regards,
Ahmed

---

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Friday, August 17, 2007 6:09 PM
**To:** Ahmed Davis
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; sasha.mayergoyz@lw.com; david.farnum@lw.com; david.lloyd@usitc.gov; Joseph V. Colaianni, Jr.
**Subject:** RE: Inv. 337-598

Ahmed,

We have been informed that several of the third-parties that Microsoft subpoenaed are still being told by Fish & Richardson attorneys that they must comply with the subpoenas, and that they must do so quickly because of the October hearing. When ABS agreed two days ago to consider a stipulation concerning the sales of certain accused products in the United States in exchange for Microsoft withdrawing its untimely subpoenas, ABS expected that Microsoft would act diligently in preparing the stipulation and forgo discovery against these third parties at least during the time that Microsoft was preparing the stipulation.

However, it appears that Microsoft is using its delay in providing ABS with a draft stipulation to go forward with discovery related to these subpoenas and to continue to harass these third parties, many of whom are small entities or schools that are deep into preparation for the first day of classes. Given Microsoft's actions, please let me know if Microsoft is still interested in pursuing a stipulation.

If Microsoft is still interested, further to my email of this morning (set forth below), please confirm that Microsoft will not seek discovery against these entities at least during the time period that the parties are working out a stipulation. Further, please confirm that Microsoft will grant these third-parties appropriate extensions to the subpoenas provided that Microsoft and ABS cannot reach agreement on a stipulation.

Regards,

Clem

**From:** Naples, Clement (NY)
**Sent:** Friday, August 17, 2007 9:35 AM
**To:** 'Ahmed Davis'
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Farnum, David (DC); Mayergoyz, Sasha (CH); Joseph V. Colaianni, Jr.; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Ahmed, Thank you for clarifying your intentions. Please confirm that no discovery will take place against the third-parties while we are waiting for your draft stipulation. Regards, Clem

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Thursday, August 16, 2007 10:48 PM
**To:** Naples, Clement (NY)
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Farnum, David (DC); Mayergoyz, Sasha (CH); Joseph V. Colaianni, Jr.; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Clem,
Yeah, your email below is correct, but with the further understanding that the stipulation extends to all accused products, i.e. OXE, OTUC, OXO, PIMPhony, etc. We will prepare a stipulation and send something around for comment in the next day or so. Once we reach agreement and get it finalized, we will withdraw the third-party subpoenas referenced below.

Best regards,
Ahmed

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Wednesday, August 15, 2007 1:23 PM
**To:** Ahmed Davis
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; david.farnum@lw.com; sasha.mayergoyz@lw.com; Joseph V. Colaianni, Jr.; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Ahmed,
Your email appears to ask that ABS stipulate to infringement when it states that ABS stipulate that "the accused products are being used in the U.S. in a manner capable of practicing the claimed methods", which I take is not your intention, but rather that ABS stipulate to which of the accused products, *i.e.*, the OXE and OTUC software applications, have been sold and are being used in the U.S. As I believe the parties can reach agreement on a stipulation concerning the latter, please circulate the draft stipulation mentioned in your email for ABS to consider.

Regards,
Clem

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Tuesday, August 14, 2007 6:32 PM
**To:** Naples, Clement (NY)
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Farnum, David (DC); Mayergoyz, Sasha (CH); Joseph V. Colaianni, Jr.; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Dear Clem:
Thanks for your email expounding on your position. To streamline issues for trial and as we approach the close of discovery, we are willing to withdraw the subpoenas *provided that* ABS stipulates that the accused products are being used in the U.S. in a manner capable of practicing the claimed methods (i.e., someone in the United States has used and presently is using OXE with OTUC applications). Please let me know if ABS will so stipulate and we can prepare and circulate a draft stipulation. In the event that ABS will not so stipulate, Microsoft does not plan to withdraw these subpoenas, as I said in my email of yesterday evening. I look forward to hearing from you.

Best regards,
~ Ahmed

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Tuesday, August 14, 2007 11:05 AM
**To:** Ahmed Davis
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; david.farnum@lw.com; sasha.mayergoyz@lw.com; Joseph V. Colaianni, Jr.; david.lloyd@usitc.gov
**Subject:** RE: Inv. 337-598

Ahmed,
As you point out, ABS was well aware of the third-party subpoenas and that Microsoft might seek an extension to complete discovery related to the subpoenas because it was likely that Microsoft would be unable to do so before the close of discovery. However, when Microsoft proposed a joint motion extending discovery and the date for submission of the pre-hearing brief, extensions that ABS did not need, ABS made clear that it would only agree to a joint motion if the extension on discovery applied only to discovery that had already been served, which clearly excludes the unserved third-party subpoenas. Had Microsoft disagreed with this compromise, Microsoft could have and should have moved on its own to seek a broader extension. Indeed, ABS would never have agreed to the joint motion if Microsoft refused to put in the limiting language proposed by ABS.

Moreover, the language in the motion could not be clearer: the extension applies only to "discovery requests served on or before August 9 2007." The third-party subpoenas were served on August 10, 2007 and are therefore outside the scope of permissible discovery during the extension period.

In light of the foregoing, please advise as to whether Microsoft will withdraw these subpoenas.
Regards,
Clem

**From:** Ahmed Davis [mailto:Davis@fr.com]
**Sent:** Monday, August 13, 2007 9:37 PM
**To:** Naples, Clement (NY); david.lloyd@usitc.gov
**Cc:** Cherny, Steven (NY); Nelson, David (CH); Farnum, David (DC); Mayergoyz, Sasha (CH); Joseph V. Colaianni,

Jr.

**Subject:** RE: Inv. 337-598

Dear Clem:

Joe is unavailable so I am responding to your email. Microsoft will not withdraw the subpoenas referenced below. These subpoenas were prepared and sent to Judge Luckern for signature in late July, and we served you with copies shortly thereafter. In addition, Joe advised you, in an email to Sasha on August 1 at 12:22 am, that among other things: "Microsoft submitted a number of applications for third party subpoenas to Judge Luckern last week (I believe ABS was served with copies of everything). We subsequently learned from his attorney-advisor that Judge Luckern is out of the office and unavailable to sign the subpoenas until August 9. Therefore, we will need to discuss at some point an extension of the fact discovery period to accommodate this discovery."

As that email made clear, Microsoft had every intention of executing on the subpoenas, and that in fact formed part of the basis of our request for the extension in the first place. We understood your proposal to cover new discovery requests, and these subpoenas clearly were not new discovery requests. You already knew about the subpoenas, and they were issued before the original discovery completion date.

Best regards,

~ Ahmed

**From:** Clement.Naples@lw.com [mailto:Clement.Naples@lw.com]
**Sent:** Monday, August 13, 2007 5:04 PM
**To:** Joseph V. Colaianni, Jr.
**Cc:** steven.cherny@lw.com; david.nelson@lw.com; david.farnum@lw.com; sasha.mayergoyz@lw.com; Ahmed Davis
**Subject:** Inv. 337-598

Joe,

I write regarding the six third-party subpoenas that Microsoft served on Friday, August 10, 2007. Please confirm that Microsoft will withdraw these subpoenas in light of the parties' joint motion to extend the deadline for the completion of discovery only with respect to "discovery requests served on or before August 9, 2007." (Parties Joint Motion To Extend Prehearing and Discovery Completion Deadlines.)

The extension was only for the completion of discovery that had already been served and not for new discovery. We endeavored to make this clear by inserting the aforementioned language into the motion and stating in the email containing our revisions to the motion that "our agreement is contingent upon two items: 1) no new discovery requests, and 2) no extension of the hearing date." (August 10, 2007 email from D. Farnum to J. Colaianni.)

We interpreted your assent to this express limitation in the motion, which squarely applies to these subpoenas, to mean that you agreed to forgo discovery against these entities and would not attempt to serve any new discovery that would need to be completed during the extension period.

Please let me know as soon as possible whether Microsoft will withdraw these subpoenas.

Regards,

Clem

**Clement J. Naples**

**LATHAM & WATKINS** LLP
885 Third Avenue
New York, NY 10022-4834
Direct Dial: +1.212.906.1331
Fax: +1.212.751.4864
Email: clement.naples@lw.com
http://www.lw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

9/25/2007

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
*******************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************************************

*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email

9/25/2007

was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

*******************

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

*******************

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

9/25/2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To comply with IRS regulations, we advise you that any discussion of federal tax issues in this email was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

For more information please go to http://www.lw.com/docs/irs.pdf

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

9/25/2007

# EXHIBIT R

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

Before The Honorable Paul J. Luckern
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN UNIFIED COMMUNICATION<br>SYSTEMS, PRODUCTS USED WITH SUCH<br>SYSTEMS, AND COMPONENTS THEREOF | Investigation No. 337-TA-598 |

## COMPLAINANT MICROSOFT CORPORATION'S APPLICATION FOR A SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM TO ALCATEL USA, INC.

Pursuant to 19 C.F.R. § 210.32, Complainant Microsoft Corporation ("Microsoft") hereby applies for the issuance of the attached subpoena duces tecum and subpoena ad testificandum to the following entity:

> Alcatel USA, Inc.
> 3400 W. Plano Pkwy.
> Plano, TX 75075

The subpoena *duces tecum* requires Alcatel USA, Inc. ("Alcatel USA"), a company related to Respondent Alcatel Business Systems ("ABS" or "Respondent"), to produce the documents described in Exhibit A to the subpoena, at the time and place indicated on the subpoena, or at such other time and place mutually agreed upon. The subpoena *ad testificandum* requires a representative of Alcatel USA to appear and testify at a deposition at the time and place indicated, or at such other time and place mutually agreed upon.

Issuance of the subpoena is necessary because recent discovery indicates that Respondent ships significant inventory of the products accused of infringement in this case to Alcatel USA, and that Alcatel USA supports Respondent's activities by providing a number of customer

1

support services, including installation and technical support of the accused systems. Thus, Alcatel USA has knowledge of high relevant and discoverable facts relating to, *inter alia*, customer-related agreements, importation and distribution of the accused products, use and configuration of the accused products, and arrangements related to the functionalities of these products. These facts are relevant to infringement, importation, and remedies issues in this case.

ABS and the Investigative Attorney will receive a copy of the subpoena as served and will be invited to attend, cross-examine, and participate in any deposition that takes place. With respect to witness and mileage fess, in accordance with 28 U.S.C. § 1821 (which provides for the payment of $40 per day plus a mileage allowance per witness), the payment of such fees will be promptly made once it is determined how long the deposition will last, and whether any mileage expenses have been incurred.

For the reasons set forth above, Microsoft respectfully requests that its Application for Issuance of Subpoena Duces Tecum and Subpoena Ad Testificandum be granted and that the attached subpoena be issued.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 26, 2007

By: _____
Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua Pond
Kate Kelly
Kfir B. Levy
Fish & Richardson P.C.
1425 K. Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Microsoft Corporation

3

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **COMPLAINANT MICROSOFT CORPORATION'S APPLICATION FOR A SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM TO ALCATEL USA, INC.** were served on this 26th day of July, 2007 as follows:

| | |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Hand Delivery<br>(two copies) |
| David Lloyd, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>david.lloyd@usitc.gov | E-mail and Hand Delivery |
| David A. Nelson, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>david.nelson@lw.com | E-mail |
| Sasha D. Mayergoyz, Esq<br>Peter N. Moore, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>sasha.mayergoyz@lw.com<br>peter.moore@lw.com | E-mail |
| Steven C. Cherny, Esq.<br>Clement Naples, Esq.<br>Latham & Watkins LLP<br>885 Third Avenue, Ste 1000<br>New York, NY 10022-4834<br>steven.cherny@lw.com<br>clement.naples@lw.com | E-mail |

Renny Hwang, Esq.                          E-mail
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                            E-mail & Hand delivery
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                            E-mail & Hand delivery
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
dfoster@milchev.com

James B. Altman                            E-mail
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
jaltman@milchev.com
kbusby@milchev.com

Stanley Bryant

2

## Lydia Dean-Reese

| | |
|---|---|
| **From:** | ABCLegalProcess [ABCLegalProcess@ABCLegal.com] |
| **Sent:** | Wednesday, August 15, 2007 12:11 PM |
| **To:** | Lydia Dean-Reese; Judith Best |
| **Subject:** | PFI Process Service Notification - 4893209 |

IMPORTANT - DO NOT REPLY TO THIS EMAIL - it is from an automated sender.

Lydia Dean-Reese; JUDITH BEST,

The following orders have been served:

PFI tracking number:    4893209
Your reference number:
For service on:         ALCATEL USA, INC.
Service was made on:    CT CORPORATION - REP. SHIRLEY DILLON REGISTERED AGENT, A WHITE
FEMALE APPROX. 45-55 YEARS OF AGE 5'4"-5'6" IN HEIGHT WEIGHING 120-140 LBS WITH BROWN HAIR
on AUG 13 2007  2:00PM

Thank you for using PFI.
Additional service information can be obtained via the Process Service Detail page on our
web site.
www.pfiserves.com/trackserve.asp

The documents listed on this order have been served pursuant to:
A) The statutes or court rules of the jurisdiction in which the matter originates, and or
B) The statutes or court rules of the state in which service took place, and
C) Instructions from the customer
If service was substituted upon another person or left with a person(s) who refused to
identify themselves, it is incumbent upon you, our customer to notify ABC Legal/ PFI in
writing, if further attempts to serve, serve by mail, or investigate are required.

Information contained in this email is deemed to be accurate and reliable, but is subject
to final verification by PFI personnel.

1

# EXHIBIT S

REDACTED