## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORP.,<br>　　　　Plaintiff,<br><br>v.<br><br>ALCATEL BUSINESS SYSTEMS<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>　　　　Defendants. | C.A. No. 07-090-SLR<br><br><br>**REDACTED** |

## PLAINTIFF MICROSOFT CORPORATION'S MOTION TO FILE A SUR-REPLY IN SUPPORT OF ITS  OPPOSITION TO DEFENDANT ALCATEL BUSINESS SYSTEMS'S MOTION TO DISQUALIFY FISH & RICHARDSON P.C., AND FOR OTHER SANCTIONS

Plaintiff Microsoft Corporation ("Microsoft") hereby moves pursuant to Local Rule 7.1.2(b) to file the sur-reply brief, accompanying this motion, in support of its Opposition to Defendant Alcatel Business Systems's ("ABS") Motion to Disqualify Fish & Richardson P.C. ("F & R") and For Other Sanctions.

Microsoft's sur-reply is being filed to clarify misstatements made by ABS and to respond to certain issues raised in ABS's reply brief, as well as point out that the U.S. International Trade Commission ("ITC") has denied ABS's motion for disqualification in the parallel ITC investigation.

DATED:  October 5, 2007

Respectfully submitted,

**MICROSOFT CORPORATION**

By its attorneys,

Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com

John E. Gartman
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099
E-Mail: gartman@fr.com

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
Fish & Richardson P.C.
1425 K Street N.W., Suite 1100
Washington D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331
E-Mail: cordell@fr.com
E-Mail: kordziel@fr.com
E-Mail: mukerji@fr.com
E-Mail: bagrowski@fr.com

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that Microsoft's counsel conferred with ABS's counsel, and that ABS does not oppose Microsoft's motion for leave to file a sur-reply.

_____
Thomas L. Halkowski (#4099)

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007 I electronically filed the attached **PLAINTIFF MICROSOFT CORPORATION'S MOTION TO FILE A SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANT ALCATEL BUSINESS SYSTEMS'S MOTION TO DISQUALIFY FISH & RICHARDSON P.C., AND FOR OTHER SANCTIONS - REDACTED**, which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com

I also certify that copies were caused to be served on October 15, 2007 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com

> **BY ELECTRONIC MAIL**
> Steven C. Cherny
> LATHAM & WATKINS LLP
> 885 Third Avenue, Suite 1000
> New York, NY 10022
> steven.cherny@lw.com

> David A. Nelson
> LATHAM & WATKINS LLP
> Sears Tower, Suite 5800
> Chicago, IL 60606
> david.nelson@lw.com

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski
halkowski@fr.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORP.,<br>            Plaintiff,<br><br>v.<br><br>ALCATEL BUSINESS SYSTEMS<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>            Defendants. | C.A. No. 07-090-SLR |

### ORDER

This _____ day of October, 2007, it is hereby ordered that Plaintiff's Motion for Leave to

file a Sur-Reply in Support of its Opposition to Defendant Alcatel Business Systems' Motion to

Disqualify Fish & Richardson P.C., and For Other Sanctions is GRANTED.


_____
The Honorable Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORP.,<br>       Plaintiff,<br><br>v.<br><br>ALCATEL BUSINESS SYSTEMS<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>       Defendants. | C.A. No. 07-090-SLR<br><br><br>REDACTED |

**PLAINTIFF MICROSOFT CORPORATION'S SUR-REPLY BRIEF IN SUPPORT OF
ITS  OPPOSITION TO DEFENDANT ALCATEL BUSINESS SYSTEMS'S MOTION TO
<u>DISQUALIFY FISH & RICHARDSON P.C., AND FOR OTHER SANCTIONS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    THE ITC DENIED ABS'S MOTION FOR DISQUALIFICATION ................................1

II.   ABS HAS NOT DEMONSTRATED THAT DISQUALIFICATION
      OR ANY OTHER SANCTIONS ARE WARRANTED ...................................................2

      A.    F&R Made No Misrepresentations ................................................................2

      B.    Latham & Watkins Did Not Indicate That It Represented
            Alcatel USA or Mr. Lin ................................................................................5

      C.    ABS Fails to Prove Any Prejudice................................................................7

III.  CONCLUSION................................................................................................9

<u>**Cases**</u>

Allergan Inc. v. Pharmacia Corp.,
    2002 WL 1268047 * 1 (D.Del. May 17, 2002)....................................................... 8

Apple Corps Ltd. v. Int'l Collectors Soc'y,
    15 F. Supp. 2d 456 (D.N.J.) ................................................................................... 3

Certain Network Interface Cards and Access Points for Use in Direct Sequence
    Spread Spectrum Wireless Local Area Networks, Inv. No. 337-TA-455,
    Order No. 101, 2003 ITC LEXIS 146 (Feb. 27, 2003) ........................................ 1

Gidatex v. Campaniello Imports, Ltd.,
    82 F. Supp. 2d 119 (S.D.N.Y. 1999) ..................................................................... 3

Havens Realty Corp. v. Coleman,
    455 U.S. 363 (1982) ............................................................................................... 3

LaPoint v. Amerisourcebergen Corp.,
    No. 327-N, 2006 Del. Ch. LEXIS 134 *10 (Del. Ch. July 18, 2006) ................... 9

MMR/Wallace Power and Indus., Inc. v. Thames Assoc.,
    764 F.Supp. 712 (D.Conn. 1991) .......................................................................... 8

Niesig v. Team I,
    558 N.E.2d 1030 (N.Y. 1990) ............................................................................... 3

Shelton v. American Motors Corp.,
    805 F.2d 1323 (8th Cir. 1987) ............................................................................ 8

<u>**Other Authorities**</u>

Model Rules of Professional Conduct ............................................................................ 2, 3

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Pursuant to Local Rule 7.1.2(b), Plaintiff Microsoft Corporation ("Microsoft") respectfully submits this sur-reply brief in support of its Opposition to Defendant Alcatel Business Systems ("ABS")'s Motion To Disqualify Fish & Richardson P.C. ("F&R"), And For Other Sanctions.  This sur-reply is being filed to clarify misstatements made by ABS and to respond to certain issues raised in ABS's reply brief, as well as point out that ABS's motion for disqualification in the parallel U.S. International Trade Commission ("ITC") investigation has been denied.  For the reasons discussed here and in Microsoft's opposition, ABS's motion to disqualify is without merit and should be denied in its entirety.

**I.    THE ITC DENIED ABS'S MOTION FOR DISQUALIFICATION**

ABS filed its motion for disqualification in both this case and the parallel ITC investigation.  As noted above, the Administrative Law Judge ("ALJ") presiding over the ITC investigation denied ABS's disqualification motion.  Although the ALJ's decision is not binding on the Court, Microsoft takes issue with ABS's attempt to mischaracterize and bury that decision on the last page of its reply brief.

First, ABS tries to distinguish the ALJ's decision by asserting that it was "based upon the ITC's own rules and standards, which are not at issue in the present motion."  But, the legal standard applied by the ITC is not so different as ABS would have the Court believe.  In addressing the motion to disqualify counsel, the ITC has recognized that, although regional circuit law normally applies in district court cases addressing such motions, Federal Circuit precedent controls in areas within its exclusive jurisdiction.  [Malionek Decl. Ex. S (ITC Confidential Order Denying Motion To Disqualify at 10).]  Moreover, in the absence of controlling precedent from the Federal Circuit, the ITC has looked to the ABA Model Rules for guidance in resolving motions to disqualify.  <u>Certain Network Interface Cards and Access Points for Use in Direct Sequence Spread Spectrum Wireless Local Area Networks</u>, Inv. No. 337-TA-455, Order No. 101, 2003 ITC LEXIS 146 (Feb. 27, 2003) (denying motion to disqualify counsel

1

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

and noting that "[i]t has also been established in this investigation that the Commission has looked to the Model Rules of Professional Conduct ('Model Rules') for guidance in applying ethical standards in motions to disqualify counsel.").

Second, ABS mistakenly states that the ITC "underscore[d] the appropriateness of discovery into this serious matter." In denying ABS's motion, the ALJ specifically found that "ABS has not provided any details regarding the information allegedly disclosed by Lin or how its disclosure could even potentially prejudice ABS." [Malionek Decl. Ex. S (ITC Confidential Order Denying Motion To Disqualify at 16).] ABS thus failed to meet its burden of showing prejudice. As a result, the ALJ stated that it "is making no determination on whether the alleged misconduct of F&R constitutes an ethical violation." [Id. at fn. 12 (emphasis in original).]

## II.   ABS HAS NOT DEMONSTRATED THAT DISQUALIFICATION OR ANY OTHER SANCTIONS ARE WARRANTED

Despite the fact that the ITC has denied its disqualification motion, ABS continues to press its motion here in the hopes of getting a different result and distracting Microsoft from the ITC trial starting on October 9, 2007. ABS's reply attempts to confuse the issues by pointing to irrelevant facts and mischaracterizing Microsoft's Opposition in arguing that Microsoft admits or does not contest certain facts. ABS's colorful rhetoric and misleading statements aside, ABS cannot change the fact that: (1) F&R made no misrepresentations to anyone, (2) Latham and Watkins ("Latham") did not indicate that it represented Alcatel USA or Mr. Lin; and (3) there is no prejudice to ABS because nothing Mr. Lin shared during the installation was confidential or privileged information nor is it being used by Microsoft in this case.

### A.   F&R Made No Misrepresentations

The F&R attorneys did not make any misrepresentations to anyone, including the OXE system installation technicians Mr. McGirr and Mr. Lin. Mr. Lin's own sworn declaration supports this fact. [Lin Decl. ¶¶ 7, 37.] Mr. Lin acknowledges that installation and training services are customarily provided with these types of products. [Lin Decl. ¶7.] Mr. Lin also admits that the discussions that took place with the F&R attorneys called for information that

2

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

ABS typically provides to its customers, and he answered any questions accordingly. [Lin Decl. ¶ 27.]

Not once does Mr. Lin suggest that the F&R attorneys asked any questions that he would not have expected from a "legitimate" purchaser of an OXE system. All the declarations, including Mr. Lin's own declaration, indicate that the only discussions that took place focused on the setup/installation of the OXE system and how some of the basic applications operate, information that any customer of the OTUC software would seek. [Elluru Decl. ¶ 13; Pond Decl. ¶ 5; Lin. Decl. ¶ 27.] In addition, as Mr. Lin notes, the OXE installation experienced many problems and was not even complete before Mr. McGirr and Mr. Lin left F&R's offices on Friday, June 29. [Lin Decl. ¶ 25; Elluru Decl. ¶ 14; Pond Decl. ¶ 6.] A customer would certainly want to know how the system was <u>supposed to work</u> so that he or she could confirm that a completely functional and operational installation was provided as purchased. [Elluru Decl. ¶ 13.]

These facts undermine ABS's arguments because the legal precedent states that these types of commercial transactions are entirely appropriate under the relevant ethical rules and even preferable to formal discovery. [Green Decl. ¶¶ 24-25 <u>citing</u> <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363 (1982); <u>Apple Corps Ltd. v. Int'l Collectors Soc'y</u>, 15 F. Supp. 2d 456 (D.N.J.); <u>Gidatex v. Campaniello Imports, Ltd.</u>, 82 F. Supp. 2d 119, 122 (S.D.N.Y. 1999); <u>Niesig v. Team I</u>, 558 N.E.2d 1030, 1034 (N.Y. 1990) (applying New York analogue to Rule 4.2); <u>see also</u> Annotated Model R. Prof'l Conduct at 589 ("The limited number of court and ethics opinions dealing with the subject [of testing and informal information-gathering] generally agree that Model rule 8.4(c) (or its Model Code counterpart) does not, standing alone, bar lawyers from participating in lawful undercover investigation into possible unlawful conduct."). In fact, these authorities recognize that informal information-gathering may be preferable to formal discovery mechanisms, in that it may be more efficient, less costly and more effective in obtaining truthful information. [Green Decl. ¶ 11.]

3

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

This is exactly what occurred here.  Mr. Lin readily admits that he "worked with [the F&R attorneys] and answered their questions as if they worked for a company whose sole role was as a business customer of Alcatel."  [Lin Decl. ¶¶ 4-5.]  That is the precise point - F&R was a legitimate customer of the OXE system, and no discussions outside this customer – third party reseller relationship took place.  Mr. Lin was aware both that the firm was a legitimate purchaser of the product and that Ms. Elluru was an attorney on the first day of the installation.

Moreover, neither Mr. Lin nor Mr. McGirr state that an F&R attorney made any misrepresentations to them.  That is because the F&R attorneys did not make any misrepresentations.  [Elluru Decl. ¶ 20; Pond Decl. ¶ 11.]  Even assuming Mr. McGirr and Mr. Lin may have believed that this project may lead to a larger project, no one has stated that their misapprehension was induced by an F&R's attorney's statement.  Though ABS's motion and reply imply that F&R was responsible for this misimpression, the declarations do not support this allegation.  The declarations state merely what they claim to have been told by Alliance, without reference to any statements by F&R.  [Amiss Decl. ¶ 2; Intel Decl. ¶ 9.]  In contrast, the declarations of the F&R attorneys clearly state that they did not make any misrepresentations to anyone.  [Elluru Decl. ¶ 20; Pond Decl. ¶ 11.]

Although Mr. Lin made a return visit to complete the installation, it was precipitated by the improper, incorrect and incomplete installation of the system during his first visit.  [Lin Decl. ¶ 25; Elluru Decl. ¶ 14; Pond Decl. ¶ 6.]  Because Mr. Lin handled the problem-plagued installation the first time, he was the one familiar with the specific problems and difficulties encountered during the initial installation.  [Elluru Decl. ¶ 14.]   Not wanting to face the possibility that the entire installation would have to be restarted if someone else from Alliance returned to finish the installation, Mr. Elluru requested that Alliance send someone back to fix the remaining bugs in the system.  [Elluru Decl. ¶ 14.]  Alliance of course made the ultimate decision as to which one of its technicians it sent back.  The decision to send Mr. Lin back, the technician who started the installation, was a business decision on the part of Alliance, especially since Mr. McGirr was not available.

4

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

The discussions that took place between the F&R attorneys and Mr. Lin on his return trip were no different that the ones that took place on the initial visit.  Mr. Lin does not contradict this fact.  He does not state that any of the F&R attorneys made comments or asked questions that were outside the scope of what a typical customer would say.  It is also important to note that Mr. Lin admits that he spent 5- 6 hours that day in a conference room away from the installed system, the only place where any discussion of the OXE system took place.  [Lin Decl. ¶ 30; Elluru Decl. ¶ 15.]

> **B.    Latham & Watkins Did Not Indicate That It Represented Alcatel USA or Mr. Lin**

As discussed in Microsoft's Opposition, Mr. Lin is not a represented party in this litigation nor is his employer, Alcatel USA, a represented party in this litigation.  More importantly, even if Alcatel USA were a represented party in this litigation, Mr. Lin is not a protected employee under Rule 4.2.

Although ABS would have this Court believe that Alcatel USA's relationship to ABS is crystal clear and that ABS conveyed this information to Microsoft, ABS's position is untenable and unsupported.  Not only is ABS incorrect, but ABS misstates the timing of any alleged disclosure.  Any alleged disclosure of Latham's representation of Alcatel USA took place well after the installation of the OXE system and Mr. Lin's interaction with the F&R attorneys.

First, ABS argues that Microsoft knew or should have known that Latham was representing all of the Alcatel-Lucent entities.  A review of the letter which was selectively quoted by ABS shows that Latham never stated that it represents "all of the Alcatel entities" or even Alcatel USA:

> As we have discussed this past week, <u>Alcatel Lucent is not the proper party to the action Microsoft brought in the ITC and Delaware</u> alleging infringement against the OmniPCX and OmniTouch Unified Communications Suite. Alcatel Lucent is a holding company that owns stock in various subsidiaries, but does not make any products, including those at issue in the recent actions filed by Microsoft. Instead, Alcatel Business Systems is the entity that makes the OmniPCX and OmniTouch Unified Communications Suite.

5

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

To confirm the discussion we had earlier this week concerning the relationship between Alcatel Business Systems and Alcatel Lucent, Alcatel Business Systems is owned by Alcatel Participations. Alcatel Participations is owned by Compagnie Financiere Alcatel-Lucent, which is owned by Alcatel Lucent. So, you can see that Alcatel Lucent, the holding company you have named in both actions, is three steps from the company that makes and sells the accused products.

We would not object to the substitution of Alcatel Business Systems as the named party in both the ITC and Delaware actions in place of Alcatel Lucent. We will not object to or resist any reasonable discovery <u>based upon the corporate structure identified above</u>. So, for example, if <u>one of the companies in the chain</u> is "in possession, custody or control" of relevant (non-privileged) documents sought by discovery requests to Alcatel Business Systems in the litigation, we will produced such documents in response to such requests. No subpoena will be required to <u>these entities</u>.

[D.I. 44 Ex. 2 (Apr. 13, 2007 Ltr. from Mr. Nelson to Mr. Colaianni) at 1 (emphasis added).] When read in context, the letter clearly shows that the "companies in the chain" are the companies identified in the letter and do not include Alcatel USA. The letter also makes clear that "these entities" refers back to the companies identified in the letter, not Alcatel USA.

Second, contrary to ABS's assertions, Microsoft's actions establish that it did not view Alcatel USA as a party and that it was not aware that Latham represented Alcatel USA. For example, Microsoft served a **third-party subpoena** on Alcatel USA to obtain discovery. [Sur-Reply Ex. 1 (Microsoft subpoena to Alcatel USA).] Microsoft also directly asked Latham whether it would accept service on behalf of Alcatel USA: "we would like to take discovery from Alcatel USA ..And will you require us to issue a subpoena to Alcatel USA, or will you accept service on its behalf?" [Sur-Reply Ex. 2-3 (7/25/07 email from J.Colaianni to Latham & Watkins and 7/26/07 letter from C.Naples to J.Colaianni).] If Microsoft had understood Latham to represent Alcatel USA, it certainly would not have asked such a question. Because Latham's reply email ignored this question, Microsoft was required to serve the third-party subpoena on Alcatel USA directly.

Third, that ABS might produce documents or witnesses from other Alcatel-Lucent entities that were in its possession, custody or control without the need of a subpoena is a

6

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

discovery logistics issue; it does not address at all whether those related entities may also be represented by the same counsel. Edwin Afshalimi, for example, was deposed only after ABS identified him as a corporate designee for ABS, not Alcatel USA, in response to Microsoft's 30(b)(6) notice.[1]

Fourth, the fact that Microsoft defined "Alcatel-Lucent" in its discovery requests broadly enough to include all related corporations also is not indicative of the scope of Latham's representation. Microsoft served its first set of interrogatories on March 26, 2007, prior to the amendment of the Complaint to name ABS as the respondent—an amendment that was made at ABS' request.

Finally, with respect to Mr. Lin as an individual, there was no basis for Microsoft and F&R to believe that he was represented by counsel for the reasons discussed above and in Microsoft's opposition. The reason his recent deposition notice was sent to counsel for ABS is because ABS had put Mr. Lin on ABS's trial witness list for the upcoming hearing. [Sur-Reply Ex. 6 (8/31/07 ABS's supplemental witness list).] After the ITC denied ABS's motion to disqualify, ABS took Mr. Lin off its trial witness list.

### C.    ABS Fails to Prove Any Prejudice

As set forth in Microsoft's opposition and the ALJ's decision, there is simply no harm or prejudice to ABS. There is no dispute that the only information that Mr. Lin conveyed to the

---

[1] ABS identified Mr. Afshalimi in an interrogatory response as "knowledgeable about … marketing, sales, offers for sale, distribution, inventorying, and importation of each … Accused Product" and as a "person who provided … information that was considered or used by Respondent in preparing each of their responses [Sur-Reply Ex. 4 (ABS interrogatory response no. 13 and 47 (4/23/07)).] These responses, however, did not indicate Mr. Afshalimi's position or organization. Indeed, it was not disclosed that he was an Alcatel USA employee until his deposition in August and even then his relation to Alcatel USA, ABS and Alcatel USA's relationship to ABS was not made clear. [Sur-Reply Ex. 5 (Afshalimi Deposition at 22:20-23:21, 29:25-31:20).] And, this deposition took place well after the installation of the OXE system in June.

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

F&R attorneys was the type of information that he would share in the normal course of communications with any other customer. [Lin Decl. ¶ 27; ] Moreover, no information disclosed by Mr. Lin is being relied upon by Microsoft or its technical expert. Microsoft's expert, Mr. Chang, inspected the system after Mr. Lin had departed. ABS complains that Microsoft has not freely produced the notes its attorneys took contemporaneously with the installation misses the mark. But, an attorney's mental impressions are one of the most protected forms of work product, and ABS is not entitled to it here. Even more importantly, ABS absolutely should not be allowed to invade attorney client privilege even further with its discovery demands and disrupt Microsoft's trial preparation.[2] ABS can and has acquired from Mr. Lin the information that ABS desires to gather about what happened during the installation.

Finally, ABS's reliance on MMR/Wallace Power and Indus., Inc. v. Thames Assoc., 764 F.Supp. 712 (D.Conn. 1991) is misplaced. That case involved acquiring confidential or privileged information about his adversary's "litigation strategy." Id. at 718. ABS fails, however, to note that the court stated that:

> If the disqualification motion is to be granted, the court believes that each of the following questions must first be answered affirmatively:
>
> Did [plaintiff's former employee] have confidential or privileged information pertaining to [plaintiff's] trial preparation and strategy?
>
> Assuming that [plaintiff's former employee] had such information, did he disclose to [defendant's counsel]?
>
> If such information was disclosed to [defendant's counsel], does his continued representation of [defendant] threaten to "taint" all further proceedings in this case?
>
> A negative response to any of these questions necessitates the denial of the disqualification motion.

---

[2] See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1987) (strictly limiting the circumstances under which opposing counsel may be deposed to a showing that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case) (emphasis added); Allergan Inc. v. Pharmacia Corp., 2002 WL 1268047 * 1 (D.Del. May 17, 2002) (following Shelton).

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Id. at 724.[3]  Here, there can be no dispute that Mr. Lin did not have confidential or privileged information pertaining to ABS's trial preparation and strategy nor did he disclose any such information to F&R. Mr. Lin was not even aware of the current litigation at the time of the installation.  [Lin Decl. 32.]

## III.    CONCLUSION

ABS's motivation in filing this motion is perhaps best evidenced by the approximate two-month delay between when ABS first learned of the Alcatel Demonstration System at F&R and the filing of its motion to disqualify counsel on the eve of the ITC trial.  Experience and common sense suggest that a truly aggrieved party would take prompt action upon learning of what it perceives to be a violation of ethical rules.  That did not happen here.  Microsoft disclosed the Alcatel Demonstration System to ABS's counsel on July 11, 2007, two weeks after the installation.  ABS then waited two months to file this motion, in an apparent effort to distract everyone from the substantive merits of the ITC trial and to unnecessarily multiply these proceedings.

---

[3] In LaPoint v. Amerisourcebergen Corp., No. 327-N, 2006 Del. Ch. LEXIS 134 *10 (Del. Ch. July 18, 2006), cited by ABS at page 13, Chancery Court of Delaware determined that "[o]ne party's attorney may contact a former manager of an adverse party *ex parte*, even if the

9

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**


For the foregoing reasons as well as the reasons set forth in their Opposition, Microsoft and its attorneys, Fish & Richardson, respectfully request that this Court deny ABS's motion.

DATED:  October 5, 2007                          Respectfully submitted,

                                                 **MICROSOFT CORPORATION**

                                                 By its attorneys,

                                                 /s/ *Thomas L. Halkowski*
                                                 Thomas L. Halkowski (#4099)
                                                 Fish & Richardson P.C.
                                                 919 N. Market Street, Suite 1100
                                                 P.O. Box 1114
                                                 Wilmington, DE 19899-1114
                                                 Tel: (302) 652-5070
                                                 Fax: (302) 652-0607
                                                 E-Mail: halkowski@fr.com

                                                 John E. Gartman
                                                 Fish & Richardson P.C.
                                                 12390 El Camino Real
                                                 San Diego, CA 92130
                                                 Tel: (858) 678-5070
                                                 Fax: (858) 678-5099
                                                 E-Mail:  gartman@fr.com

                                                 Ruffin B. Cordell
                                                 Linda Liu Kordziel
                                                 Indranil Mukerji
                                                 Kori Anne Bagrowski
                                                 Fish & Richardson P.C.
                                                 1425 K Street N.W., Suite 1100
                                                 Washington D.C. 20005
                                                 Tel:  (202) 783-5070
                                                 Fax: (202) 783-2331
                                                 E-Mail: cordell@fr.com
                                                 E-Mail: kordziel@fr.com
                                                 E-Mail: mukerji@fr.com
                                                 E-Mail: bagrowski@fr.com

---

former employee was privy to extensive privileged communications, as long as the attorney is seeking only key non-privileged facts."

10

## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORP.,<br>              Plaintiff,<br><br>v.<br><br>ALCATEL BUSINESS SYSTEMS<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>              Defendants. | C.A. No. 07-090-SLR<br><br><br>REDACTED |

## DECLARATION OF THOMAS L. HALKOWSKI

I, Thomas L. Halkowski, declare:

1.       I am a Principal of Fish & Richardson P.C. ("F & R"), counsel of record in this action for Plaintiff Microsoft Corporation ("Microsoft").  I am a member of the Bar of the State of Delaware and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.       A true and correct copy of the July 26, 2007, Plaintiff Microsoft Corporation's ("Microsoft") Application for a Subpoena Duces Tecum and Subpoena Ad Testificandum to Alcatel U.S.A. filed before the ITC, and service confirmation of the subpoena, is attached as Exhibit 1.

4.       A true and correct copy of a July 25, 2007, Email from Joe Colaianni of F & R to Sasha Mayergoyz of Latham and Watkins ("Latham") is attached as Exhibit 2.

5.       A true and correct copy of a July 26, 2007, Letter from Clement Naples of Latham to Joe Colaianni of F & R is attached as Exhibit 3.

6.       A true and correct copy of the April 23, 2007,  REDACTED

is attached as Exhibit 4.

REDACTED A true and correct copy of the August 3, 2007, Deposition Transcript

is attached as Exhibit 5.

9.    A true and copy of the August 31, 2007, Defendant Alcatel Business Systems's

Supplemental Tentative List of Witnesses Pursuant to Order No. 6, filed in the ITC, is attached

as Exhibit 6.

11.    I declare under the penalty of perjury that the foregoing is true and correct.


_____

Thomas L. Halkowski

Exhibit 1

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

**Before The Honorable Paul J. Luckern**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN UNIFIED COMMUNICATION SYSTEMS, PRODUCTS USED WITH SUCH SYSTEMS, AND COMPONENTS THEREOF** | Investigation No. 337-TA-598 |

**SUBPOENA DUCES TECUM**
**AND SUBPOENA AD TESTIFICANDUM**

**TO:**    Alcatel USA, Inc.
3400 W. Plano Pkwy.
Plano, TX 75075

**TAKE NOTICE:** By authority of section 337 of the Tariff Act of 1930, as amended (19

U.S.C. § 1337), 5 U.S.C. § 556(c)(2), under 19 C.F.R. § 210.32 of the Rules and Practice and

Procedure of the United States International Trade Commission and upon an application for

subpoena made by Complainant Microsoft Corporation,

**YOU ARE HEREBY ORDERED** to produce at the offices of FISH & RICHARDSON

P.C., 1425 K Street, N.W., Suite 1100, Washington, DC 20005, on ~~Wednesday~~ Thursday August ~~8~~ 23, 2007,

or at such other time and place agreed upon, all of the documents and things in your possession,

custody, or control that are listed and described in Exhibit A to this subpoena.

If production of any document listed and described in Exhibit A is withheld, in whole or

in part, on the basis of a claim of privilege or that it contains attorney work product, each

withheld document shall be separately identified in a privileged document list. The privileged

document list must identify each document separately, specifying for each document at least the

4

following information:  (1) the title and type of document being withheld; (2) the date of the document; (3) the number of pages in the document; (4) the author(s), addressee(s), and recipients, identifying each by name, title, employer, job title, and business telephone number; (5) the subject matter of the document; (6) the specific pages or portions of the document being withheld; and (7) the specific privilege or claim being invoked.  If the author/sender, addressee or recipient is an attorney or foreign patent agent, he or she shall be so identified.  The party asserting the privilege or work product claim also must provide a certification that all necessary elements of the asserted privilege/work product claim have been met and not waived with respect to each document.

If any of the documents or things listed and described in Exhibit A hereto are considered "confidential business information," as that term is defined in the Protective Order attached hereto, such documents or things shall be produced subject to the terms and provisions of the Protective Order.

**YOU ARE FURTHER HEREBY ORDERED** to present a corporate representative of Alcatel USA for purposes of your deposition upon oral examination for the topics listed in Exhibit A at the offices of FISH & RICHARDSON P.C., 1425 K Street, N.W., Suite 1100, Washington, DC 20005, on Monday August 13, 2007, at 9:00 a.m., or at such other time and place agreed on.  This deposition will be taken before a Notary Public or other person authorized to administer oaths and will continue from day to day until completed.  The deposition may also be recorded by real-time transcription display and videotape.

If any of your testimony is considered "confidential business information," as that term is defined in the attached Protective Order, such testimony shall be so designated and treated according to the terms and provisions of the Protective Order.

5

Any motion to limit or quash this subpoena shall be filed within ten (10) days after the receipt hereof. At the time of filing any motion concerning this subpoena, two courtesy copies shall be served concurrently on the Administrative Law Judge at his office.

This subpoena shall be served by overnight mail or sooner.

**IN WITNESS WHEREOF** the undersigned of the United States International Trade Commission has hereunto set his hand and caused the seal of said United States International Trade Commission to be affixed at Washington, D.C. on this 9th day of August 2007.

Paul J. Luckern
Administrative Law Judge
United States International Trade Commission

## EXHIBIT A

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

A.    "Alcatel USA," "You," and "Your" refers to (1) Alcatel USA, Inc., and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Alcatel USA's behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

B.    "Respondent" refer to (1) Respondent Alcatel Business Systems and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Alcatel Business System's behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

C.    "Microsoft" or "Complainant" refer to (1) Microsoft Corporation and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Microsoft's behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

D.    "Relating to," "related to," or "relate to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing,

7

containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

E.    "Referring to," "refers to," or "refer to" means and includes relating to, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, concerning, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting and/or supporting.

F.    "Concern" or "concerning" means relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

G.    "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

H.    "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person

shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

    I.      "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

    J.      "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

    K.      "Accused Product" or "Accused Products" means and includes all of Alcatel-Lucent's unified communication systems, products used with such systems, and components thereof, including but not limited to all models and versions of the OmniPCX Enterprise, OmniPCX Office, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), Alcatel 4980 Softphone application (including but not limited to features such as My Softphone), PIMPhony software, other unified messaging systems, and all components thereof.

    L.      "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively), process or method which are designed to function together electrically, mechanically, or otherwise, to achieve a particular function our purpose, including those offered for sale, sold, or under development.

    M.      "Any" and "all" shall be construed to mean both any and all.

    N.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

O.     The singular form of a word should be interpreted in the plural as well, and vice versa.

P.     "Present Investigation" means *In the Matter of Certain Unified Communication Systems, Products Used With Such Systems, and Components Thereof*, ITC Inv. No. 337-TA-598.

Q.     "Complaint" shall mean the Complaint in this investigation under 337 of the Tariff Act of 1930, filed by Microsoft on February 16, 2007.

## INSTRUCTIONS

A.     This subpoena calls for information (including any information contained in or on any document or thing) that is known or available to you, or in your possession, custody, or control, including all information known or available to your attorneys, agents, representatives, or any other person acting or purporting to act on your behalf or under the direction or control of you or your attorneys, agents, representatives or investigators.

B.     You are to provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control.

C.     You are to quote each request in full immediately preceding the statement of any answer, response, or objection thereto.

D.     For every objection to a request on the grounds of privilege, answer the request with such non-privileged information as is responsive, including the date and the sender and recipients of the document, and then provide the basis for Your claim of privilege and all facts and circumstances related thereto.

10

E.    If no documents are responsive to a particular request, You are to state that no responsive documents exist.

F.    If a document is in a language other than English, you should provide that document. If a document is in a language other than English, and an English translation exists, You should provide both documents.

G.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order and manner of arrangement as the original.

H.    Because these discovery requests are continuing under 19 C.F.R. § 210.27(c), you remain under a duty to supplement or amend any response herein.

## DOCUMENT REQUESTS

1.    Documents sufficient to determine the organizational structure and personnel of Alcatel USA and its relationships to its parent, subsidiary, units, departments, divisions, or other affiliate corporations or entities (including without limitation the Respondent in this Investigation).

2.    Documents sufficient to identify each and every system or product containing or using an Accused Product that has been sold, imported into the United States, sold for importation into the United States, sold or offered for sale after importation into the United States, used, or made by or on behalf of Alcatel USA.

11

3.      All documents (including, without limitation, drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, schematics, engineering specifications, CAD files, source code, and simulation files) that refer or relate to the structure, function, operation, capabilities, features, design, research, development, testing, or simulation of each and every Accused Product which Alcatel USA has imported, received, used, made, sold, serviced, and/or supported.

4.      All documents related to Alcatel USA's manufacture, assembly, or supply of the Accused Products, including without limitation the identification any additional product necessary for the operation of each Accused Product.

5.      All documents referring to or relating to services performed by or on behalf of Alcatel USA related to the Accused Products, including assessment, design, customization, and implementation of each accused product.

6.      All documents referring or relating to products, features, and functions related to the Accused Products, including those generally related to telephony networks, data networks, and unified messaging, and those specifically relating to the Accused Products.

7.      All instruction materials, brochures, product manuals, user manuals, data sheets, installation manuals, retail kits, diagnostic software, installation software, or specifications or other guidance information included with the sale or distribution of Accused Products, or associated with the sale, distribution, and/or demonstration of each Accused Product.

8.      All documents referring to or relating to completed and/or scheduled delivery, installation, and maintenance of products or services related to the Accused Products.

9.      All documents referring or relating to Alcatel USA (or any related company or entities, including Respondent)'s commercial exploitation of the Accused Products, including

12

without limitation, business plans (such as, without limitations, strategic plans, operating plans, marketing plans, financial plans, production plans, sales plans and capital or investment plans), feasibility studies, marketing forecasts, estimates, projections or reports of market share, periodic research and development reports, management reports and/or other periodic reports, comparison between any Accused Product with the technology or products of any other manufacturers, and documents referring or relating to marketing, manufacturing, sampling, efforts to sell, offers for sale, and actual sales.

10.    All documents identifying entities and personnel of Alcatel USA, Respondent and/or third parties associated with or involved in the requirements, design, customization, delivery installation, and/or maintenance of products or services related to each Accused Product.

11.    All documents not already covered by the preceding document requests referring or relating to the Accused Products, including but not limited to requests for proposals and responses thereto, correspondence, presentations, meeting notes, and all contracts or other agreements and amendments thereto.

12.    All documents relating to any communication between Alcatel USA and Respondent, including those concerning the Accused Products and/or the Present Investigation.

## DEPOSITION TOPICS

1.      All facts and circumstances relating to the organizational structure and personnel of Alcatel USA and its relationships to its parent, subsidiary, or other affiliate corporations or entities (including without limitation the Respondent).

2.      All facts and circumstances relating to each and every system or product that contains an Accused Product that has been sold, imported into the United States, sold for importation into the United States, sold or offered for sale after importation into the United States, made, or used by or on behalf of Alcatel USA.

3.      All facts and circumstances relating to the structure, function, operation, capabilities, features, design, research, development, testing, or simulation of each and every Accused Product which Alcatel USA has imported, received, sold, made, used, serviced, or supported.

4.      All facts and circumstances relating to Alcatel USA's manufacture, assembly, or supply of the Accused Products, including without limitation the identification any additional product necessary for the operation of each Accused Product.

5.      All facts and circumstances relating to services performed by or on behalf of Alcatel USA related to the Accused Products, including assessment, design, customization, and implementation of each Accused Product.

6.      All facts and circumstances relating to products, features, and functions related to the Accused Products , including those generally related to telephony networks, data networks, and unified messaging, and those specifically relating to the Accused Products.

7.    All facts and circumstances relating to the sale or offer for sale of Accused Products or associated with the sale, offer for sale, or demonstration of each Accused Product, including without limitation any guidance related thereto.

8.    All facts and circumstances relating to any completed and/or scheduled delivery, installation, and maintenance of products or services related to the Accused Products.

9.    All facts and circumstances relating to Alcatel USA (or any related company or entities, including Respondent)'s commercial exploitation of the Accused Products, including without limitation, marketing, manufacturing, sampling, efforts to sell, offers for sale, and actual sales of the Accused Products.

10.    Identification of all persons, and description of the person's role, involved in the requirements, design, customization, delivery installation, and/or maintenance of products or services related to each Accused Product.

11.    All facts and circumstances not covered by the topics above relating to the Alcatel USA's involvement with regards to, or knowledge of, the Accused Products.

12.    All facts and circumstances relating to any communication between Alcatel USA and Respondent, including those concerning the Accused Products and/or the Present Investigation.

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| CERTAIN UNIFIED COMMUNICATIONS ) | Investigation No. 337-TA-598 |
| SYSTEMS, PRODUCTS USED WITH ) | |
| SUCH SYSTEMS, AND COMPONENTS ) | |
| THEREOF ) | |

2007 MAR 21 PM 4: 53
RECEIVED
OFC OF THE SECRETARY
US INT. TRADE COMM

Order No. 2: Protective Order

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. Section 210.34(a)(7),

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (1) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or (2) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

2. Any information submitted, either voluntarily or pursuant to order, in this

investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Information obtained during discovery and asserted by the supplier to be confidential under this order will be deemed to be confidential unless the administrative law judge or the Commission rules that it is not. When such information is made part of a pleading, or is offered into the evidentiary record, the party offering it must state the basis for its claimed confidentiality. Confidential information whether submitted in writing or in oral testimony shall be disclosed at a hearing only on the in camera record and shall not be made part of the public record of this proceeding. The administrative law judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, at any time before, during or after the close of the hearing herein. If such a determination is made by the administrative law judge, opportunity shall be provided to the supplier of such information to argue its confidentiality, prior to the time that such ruling becomes final.

3. In the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and clerical personnel assisting such counsel, (ii) qualified persons taking testimony involving such

documents or information and necessary stenographic and clerical personnel thereof, (iii) technical experts and their staff who are employed by outside counsel under (i) above for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain unified communications systems, products used with such systems, and components thereof, which are the subject of this investigation), and (iv) the Commission, the administrative law judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission. However see Commission rule 210.5 (b) which conforms to 19 U.S.C. § 1337(n)(2), which clarifies the list of government officers and employees who may have access to confidential business information, and (c) which alerts suppliers to the possibility that confidential business information may be transmitted to a federal district court, subject to such protective order as the district court determines necessary. This result might occur in a limited class of cases because of 28 U.S.C. § 1659. Past Commission practice has been to permit the transfer of confidential business information to another court only with permission of the supplier of the information. Particularly where the supplier is a third party who is involved in neither the Commission investigation nor the district court case, it is important that the supplier be made aware that treatment of confidential information would be governed by the district court's protective order and not that of the Commission following transmittal of the record under this provision. See also Commission rule 210.39 which outlines the circumstances in which the Commission's record, including the in camera record, may be transmitted to a federal district court, subject to such protective order as the district court determines necessary. In addition, referring to Commission

3

Administrative Order No. 97-06, dated February 4, 1997, information submitted under this
Protective Order may be disclosed to technical contract personnel who are acting in the capacity
of Commission employees, for developing or maintaining the records of this investigation or
related proceedings, or in internal audits and investigations relating to the programs and
operations of the Commission pursuant to 5 U.S.C. Appendix 3.  Any contract personnel will
sign appropriate non-disclosure agreements.[1]  Where the supplier of information under this order
is a third party who is not involved in the Commission investigation, it is important that the
supplier be made aware of the disclosure of such information to contract personnel by being
provided a copy of the protective order.

    4.  Confidential business information submitted in accordance with the provisions of
paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii)
unless he or she shall have first read this order and shall have agreed, by letter filed with the
Secretary of this Commission (letter of acknowledgment): (i) to be bound by the terms thereof;
(ii) not to reveal such confidential business information to anyone other than another person
designated in paragraph 3; and (iii) to utilize such confidential business information solely for
purposes of this investigation.  Such letter shall also acknowledge that the signatory(ies) has
(have) read the order.  Such letter shall further state which parties the person filing the letter is
involved with and shall state in what capacity he or she is a signatory to the Protective Order
(e.g., as an attorney under Paragraph 3(i) or technical expert under Paragraph 3(iii) and, in the
case of an attorney, in what jurisdictions he or she is admitted to practice.  Each attorney seeking

---

   [1]  A supplier of confidential business information may request that the administrative law
judge identify said contract personnel.

4

access to confidential business information shall sign such letter individually, but clerical and

support personnel (including law clerks and paralegals) of that attorney need not sign. All letters

of acknowledgment of this Protective Order shall be served on all non-parties who have

theretofore submitted confidential business information in accordance with the provisions of

paragraph 2, above.

5. Confidential business information obtained in the Commission proceeding may be

used with the consent of the supplier in a parallel district court proceeding under a protective

order issued by the district court without losing its confidential status under the protective order

in this proceeding as long as the information is not made public in the district court proceeding or

by someone who obtains the information from that source or by anyone else.

6. Confidential business information furnished by a supplier may lose its protection

under this order if it is disseminated to anyone not authorized to see it either by this protective

order or by a protective order issued by a district court in a parallel proceeding protecting

confidential business information obtained by the parties under the Commission's protective

order. Information obtained pursuant to the Commission's protective order, however, may be

produced to the district court under the district court protective order only with the consent of the

suppliers of that information.

7. If the Commission or the administrative law judge orders, or if the supplier and all

parties to the investigation agree, that access to, or dissemination of, information submitted as

confidential business information shall be made to persons not included in paragraphs 3, 5 or 6

above, such matter shall only be accessible to, or disseminated to, such persons based on the

conditions pertaining to, and obligations arising from, this order, and such persons shall be

5

considered subject to it unless the Commission or the administrative law judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

8. Any confidential business information submitted to the Commission or the administrative law judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under a designation that confidential information is contained or attached therein, pursuant to paragraph 2 above. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and to the Secretary of the Commission.

9. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the administrative law judge rules, after proper notice and hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

10. The administrative law judge acknowledges that any document or information

6

submitted as confidential business information pursuant to paragraph 2 above is to be treated as

such within the meaning of 5 U.S.C. § 522(b)(4) and 18 U.S.C. § 1905, subject to a challenge by

any party pursuant to paragraph 12 below or to a final ruling by the Commission, the

administrative law judge or its Freedom of Information Act Officer to the contrary, or by appeal

of such a ruling, interlocutory or otherwise.

11.  If no determination has been made by the administrative law judge or the

Commission that the information designated as confidential by the submitter is not confidential,

the persons who are recipients of such information shall take all necessary and proper steps to

preserve the confidentiality of, and to protect each supplier's rights with respect to, any

confidential business information designated by the supplier in accordance with paragraph 2

above.

12.  The supplier of any confidential information is hereby notified that Commission

regulations 19 C.F.R. § 201.19(c) through (e) generally require that the Commission will give

notice to a submitter of confidential information upon the Commission's receipt of an FOIA

request.

13.  The supplier of any confidential information is put on notice that Commission rule

210.20 provides that only a party may move to declassify and that only then are such motions,

whether brought at any time during or after the conclusion of an investigation, addressed to and

ruled upon by an administrative law judge.  Other requests to declassify made by non-parties,

such as an FOIA request, will not be referred to the administrative law judge for consideration

under the protective order.

14.  If a party to this order who is a recipient of any business information designated as

7

confidential and submitted in accordance with paragraph 2, disagrees with respect to such a

designation, in full or in part, it shall notify the supplier in writing, and they will thereupon

confer as to the status of the subject information proffered within the context of this order. If

prior to, or at the time of, such a conference, the supplier withdraws its designation of such

information as being subject to this order, but nonetheless submits such information for purposes

of the investigation, such supplier shall express the withdrawal in writing and shall serve such

withdrawal upon all parties, the administrative law judge, and the Commission investigative

attorney. If the recipient and supplier are unable to concur upon the status of the subject

information submitted as confidential business information within ten days from the date of

notification of such disagreement, any party to this order may raise the issue of the designation of

such a status to the Commission or to the administrative law judge, and the Commission or the

administrative law judge may raise the issue of designation of the confidential status without any

request from a party. Upon notice that such confidential status of information is at issue, the

party to the investigation which submitted the information and designated it as confidential shall

have the burden of proving such confidential status.

     15. No less than ten days (or any other period of time designated by the administrative

law judge) prior to the initial disclosure to the proposed expert of any confidential information

submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in

writing the name of such proposed expert and his or her educational and employment history to

the supplier. If the supplier objects to the disclosure of such confidential business information to

such proposed expert as inconsistent with the language or intent of this order or on other

grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to

8

the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt

of such notice of objection, motion may be made to the administrative law judge for a ruling on

such objection. The submission of such confidential business information to such proposed

expert shall be withheld pending the ruling of the administrative law judge. The terms of this

paragraph shall be inapplicable to experts within the Commission or to experts from other

governmental agencies who are consulted with, or used by, the Commission.

16. If confidential business information submitted in accordance with paragraph 2 is

disclosed to any person other than in the manner authorized by this protective order, the party

responsible for the disclosure must immediately bring all pertinent facts relating to such

disclosure to the attention of the supplier and the administrative law judge and, without prejudice

to other rights and remedies of the supplier, make every effort to prevent further disclosure by it

or by the person who was the recipient of such information.

17. Nothing in this order shall abridge the right of any person to seek judicial review or

to pursue other appropriate judicial action with respect to any ruling made by the Commission,

its Freedom of Information Act Officer, or the administrative law judge concerning the issue of

the status of confidential business information.

18. Upon final termination of this investigation, each party that is subject to this order

shall destroy or return to the supplier all items containing confidential business information

submitted in accordance with paragraph 2 above, including all copies of such matter which may

have been made, but not including copies containing notes or other attorney's work product that

may have been placed thereon by counsel for the receiving party. All copies containing such

notes or other attorney's work product shall be destroyed. Receipt of material returned to the

9

supplier shall be acknowledged in writing. This paragraph shall not apply to the Commission, including its investigative attorney, and the administrative law judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which are regarded as surplusage.

19. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a non-party to this investigation, such a non-party shall be considered a "supplier" within the meaning of that term as it is used in the context of this order.

20. At or before the final termination of the investigation, copies of confidential information that was in the hands of expert witnesses must be retrieved or destroyed.

21. Except as provided in Commission rule 210.20, the jurisdiction of the administrative law judge over this order terminates upon filing of the initial determination issued at the end of the case. After that date, the Commission has jurisdiction to enforce this order and to issue reprimands and other sanctions.

22. The parties may move to amend this order, but any proposed amendment that would broaden the range of persons having access to confidential business information must be proposed and adopted before such information is supplied in reliance upon the terms of this order, unless all suppliers of confidential information consent to the amendment.

23. The Secretary shall serve a copy of this order upon all parties.

Paul J. Luckern
Administrative Law Judge

Issued: March 21, 2007.

10

**CERTAIN UNIFIED COMMUNICATIONS**      Investigation No. 337-TA-598
**SYSTEMS, PRODUCTS USED WITH SUCH**
**SYSTEMS, AND COMPONENTS THEREOF**

<u>CERTIFICATE OF SERVICE</u>

I, Marilyn R. Abbott, hereby certify that the attached **Order** was served by hand upon
Commission Investigative Attorney David H. Hollander, Jr., Esq., and upon the following parties
via first class mail, and air mail where necessary, on March 21, 2007.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW - Room 112
Washington, DC 20436

For Complainant Microsoft Corporation:

        Brian R. Nester, Esq.
        Jeffrey R. Whieldon, Esq.
        **Fish & Richardson PC**
        1425 K Street, NW, Suite 1100
        Washington, DC 20005

        John E. Gartman, Esq.
        **Fish & Richardson PC**
        12390 El Camino Real
        San Diego, CA 92130

Respondent:

        Alcatel-Lucent
        54 rue La Boetie
        Paris 75008, France

**CERTAIN UNIFIED COMMUNICATIONS**
**SYSTEMS, PRODUCTS USED WITH SUCH**
**SYSTEMS, AND COMPONENTS THEREOF**

Investigation No. 337-TA-598

## PUBLIC MAILING LIST

Sherry Robinson
LEXIS-NEXIS
8891 Gander Creek Drive
Miamisburg, OH   45342

Ronnita Green
Thomson West
1100 – 13th Street NW
Suite 200
Washington, DC   20005

**(PARTIES NEED NOT SERVE COPIES ON LEXIS OR WEST PUBLISHING)**

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of )<br><br>CERTAIN UNIFIED COMMUNICATIONS )<br>SYSTEMS, PRODUCTS USED WITH )<br>SUCH SYSTEMS, AND COMPONENTS )<br>THEREOF ) | Investigation No. 337-TA-598 |

Order No. 5:  Amending Protective Order

At the preliminary conference on April 26, 2007, the private parties and the staff agreed

that the Protective Order (Order No. 2) should be amended to add the following provision

concerning the inadvertent production of documents and information protected by the

attorney-client privilege:

24.    Inadvertent Production or Disclosure of Privileged Materials.   The
inadvertent production or disclosure of any document or thing otherwise
protected by the attorney-client privilege or work-product immunity shall not
operate as a waiver of any such privilege or immunity if, after learning of the
inadvertent production or disclosure, the party who made the inadvertent
production or disclosure sends to each receiving party a written request for return
of the inadvertently produced or disclosed document or thing.  Within five (5)
business days of receiving such a request, the receiving party shall return to the
producing party all such documents and things identified by the supplier as being
privileged or work-product and as having been inadvertently produced.

a. If the receiving party wishes to contest that any such document or thing
was inadvertently produced or is protected by the attorney-client privilege or by
work-product immunity, the receiving party shall so notify the supplier in writing
when the document or thing is returned to the supplier.

b. Within seven (7) days after receiving such notification, the supplier shall
provide to the receiving party a list identifying all such returned documents and
things and stating the basis for the claim of privilege or immunity.

c. Within seven (7) days after receiving such a list, the receiving party may
file a motion to compel production of such documents and things, the protection
of which is still disputed. If such a motion is filed, the supplier shall have the
burden of proving that the documents and things in dispute are protected by the

attorney-client privilege or by work-product immunity.

d.   With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the supplier that the receiving party disputes the claims of attorney-client privilege or work-product immunity, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or produced.

Said amendment is in effect with the issuance of this order.

Paul J. Luckern
Administrative Law Judge

Issued:  April 27, 2007

2

**CERTAIN UNIFIED COMMUNICATIONS**          Investigation No. 337-TA-598
**SYSTEMS, PRODUCTS USED WITH SUCH**
**SYSTEMS, AND COMPONENTS THEREOF**

<u>CERTIFICATE OF SERVICE</u>

I, Marilyn R. Abbott, hereby certify that the attached **Order** was served by hand upon
Commission Investigative Attorney David H. Hollander, Jr., Esq., and upon the following parties
via first class mail, and air mail where necessary, on April 27, 2007

                                    Marilyn R. Abbott, Secretary
                                    U.S. International Trade Commission
                                    500 E Street, SW - Room 112
                                    Washington, DC 20436

For Complainant Microsoft Corporation:

    Brian R. Nester, Esq.
    Jeffrey R. Whieldon, Esq.
    **Fish & Richardson PC**
    1425 K Street, NW, Suite 1100
    Washington, DC 20005

    John E. Gartman, Esq.
    **Fish & Richardson PC**
    12390 El Camino Real
    San Diego, CA 92130

**CERTAIN UNIFIED COMMUNICATIONS**                    Investigation No. 337-TA-598
**SYSTEMS, PRODUCTS USED WITH SUCH**
**SYSTEMS, AND COMPONENTS THEREOF**

CERTIFICATE OF SERVICE pg. 2

For Respondent Alcatel Business Systems:

David M. Farnum
**Latham & Watkins LLP**
555 Eleventh Street, NW, Ste. 1000
Washington, DC 20004-1304

Steven C. Cherny, Esq.
**Latham, & Watkins LLP**
885 Third Avenue, Ste. 1000
New York, NY 10022-4834

David A. Nelson, Esq.
Sasha D. Mayergoyz, Esq.
**Latham, & Watkins LLP**
233 South Wacker Drive, Ste. 5800
Chicago, IL 60606-6306

Renny Hwang, Esq.
**Latham, & Watkins LLP**
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

CERTAIN UNIFIED COMMUNICATIONS                    Investigation No. 337-TA-598
SYSTEMS, PRODUCTS USED WITH SUCH
SYSTEMS, AND COMPONENTS THEREOF

## PUBLIC MAILING LIST

Sherry Robinson
LEXIS-NEXIS
8891 Gander Creek Drive
Miamisburg, OH   45342

Ronnita Green
Thomson West
1100 – 13th Street NW
Suite 200
Washington, DC   20005

**(PARTIES NEED NOT SERVE COPIES ON LEXIS OR WEST PUBLISHING)**

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

Before The Honorable Paul J. Luckern
Administrative Law Judge

| In the Matter of | |
|---|---|
| **CERTAIN UNIFIED COMMUNICATION SYSTEMS, PRODUCTS USED WITH SUCH SYSTEMS, AND COMPONENTS THEREOF** | Inv. No. 337-TA-598 |

## RESPONSE TO DOCUMENT REQUEST FROM SUBPOENAS TO SENNIGER POWERS AND FRANK AGOVINO

Senniger Powers and Frank Agovino respond as follows to the Document Requests included in the subpoenas issued to them in this investigation on May 29, 2007. The Objections served June 11, 2007 are incorporated herein by both Senniger Powers and Mr. Agovino. Subject to and without waiving the foregoing objections, Senniger Powers and Mr. Agovino respond as follows: documents responsive to Document Requests 1-5 have been produced at SENNIGER 00001-00112. In accordance with the Court's Ground Rule No. 5(i)(b), the following privilege log is provided for related privileged documents:

| Date created | Sender(s) & Recipients(s) | General Subject Matter | Privileged Portion |
|---|---|---|---|
| 7/16/01-11/19/05 | Jonell Layton (Legal Assistant, Senniger Powers); Robert Bain (Attorney, Senniger Powers); Don Hoeft (Legal and Corporate Affairs, Microsoft); Frank Agovino (Attorney, Senniger Powers); Denise Wright (U.S. Patent Coordinator, Senniger Powers); Heather Lenihan (Legal and Corporate Affairs, Microsoft); Pat Lujin (Legal and Corporate Affairs, Microsoft); James Barta (Attorney, Senniger Powers); Robert Enyard (Attorney, Senniger Powers); Christine Hartmann (Senniger Powers); Michael Thomas (Attorney, Senniger Powers) | Attorney-client USP 6,728,357 patent prosecution correspondence | All |

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER**

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 23, 2007

By: _____

Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua Pond
Kate Kelly
Kfir B. Levy
Fish & Richardson P.C.
1425 K. Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Senniger Powers & Frank
Agovino

2

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **RESPONSE TO DOCUMENT REQUEST FROM SUBPOENAS TO SENNIGER POWERS AND FRANK AGOVINO** were served this _23rd_ day of July, 2007 as follows:

| | |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Via Hand Delivery<br>(Two Copies) |
| David Lloyd, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>david.lloyd@usitc.gov | E-mail and Hand Delivery |
| David A. Nelson, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>david.nelson@lw.com | E-mail and Overnight |
| Sasha D. Mayergoyz, Esq<br>Peter N. Moore, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 606-6306<br>sasha.mayergoyz@lw.com<br>peter.moore@lw.com | E-mail |
| Steven C. Cherny, Esq.<br>Clement Naples, Esq.<br>Latham & Watkins LLP<br>885 Third Avenue, Ste 1000<br>New York, NY 10022-4834<br>steven.cherny@lw.com<br>clement.naples@lw.com | E-mail |

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**

| | |
|---|---|
| Renny Hwang, Esq.<br>Latham & Watkins LLP<br>633 West Fifth Street, Ste 4000<br>Los Angeles, CA 90071-2007<br>renny.hwang@lw.com | E-mail |
| David M. Farnum<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Ste 1000<br>Washington, D.C. 20004-1304<br>david.farnum@lw.com | E-mail |
| F. David Foster<br>Miller & Chevalier Chartered<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>dfoster@milchev.com | E-mail and Hand delivery |
| James B. Altman<br>Kelly Busby<br>Miller & Chevalier Chartered<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>jaltman@milchev.com<br>kbusby@milchev.com | E-mail |

4

## CERTIFICATE OF SERVICE

It is hereby certified that copies of the foregoing **SUBPOENA DUCES TECUM**

**AND SUBPOENA AD TESTIFICANDUM** was served on this 10th day of August,

2007 as follows:

Alcatel USA, Inc.                    Hand Service by a Process Server
3400 W. Plano Pkwy.
Plano, TX 75075

The Honorable Paul J. Luckern      Via Hand Delivery
Administrative Law Judge          (two copies)
U.S. International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

David Lloyd, Esq.                E-mail and Hand Delivery
U.S. International Trade Commission
Office of Unfair Import Investigations
500 E Street, S.W., Room 401
Washington, D.C. 20436
david.lloyd@usitc.gov

David A. Nelson, Esq.             E-mail
Latham & Watkins LLP
233 South Wacker Drive, Ste 5800
Chicago, IL 60606-6306
david.nelson@lw.com

Sasha D. Mayergoyz, Esq
Peter N. Moore, Esq.             E-mail
Latham & Watkins LLP
233 South Wacker Drive, Ste 5800
Chicago, IL 60606-6306
sasha.mayergoyz@lw.com
peter.moore@lw.com

Steven C. Cherny, Esq.                          E-mail
Clement Naples, Esq.
Latham & Watkins LLP
885 Third Avenue, Ste 1000
New York, NY 10022-4834
steven.cherny@lw.com
clement.naples@lw.com

Renny Hwang, Esq.                               E-mail
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                                 E-mail & Hand Delivery
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                                 E-mail & Hand Delivery
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
dfoster@milchev.com

James B. Altman                                 E-mail
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
jaltman@milchev.com
kbusby@milchev.com


_Lydia Dean-Reese_

2

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

Before The Honorable Paul J. Luckern
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN UNIFIED COMMUNICATION<br>SYSTEMS, PRODUCTS USED WITH SUCH<br>SYSTEMS, AND COMPONENTS THEREOF | Investigation No. 337-TA-598 |

COMPLAINANT MICROSOFT CORPORATION'S APPLICATION
FOR A SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM TO
ALCATEL USA, INC.

Pursuant to 19 C.F.R. § 210.32, Complainant Microsoft Corporation ("Microsoft")

hereby applies for the issuance of the attached subpoena duces tecum and subpoena ad

testificandum to the following entity:

> Alcatel USA, Inc.
> 3400 W. Plano Pkwy.
> Plano, TX 75075

The subpoena *duces tecum* requires Alcatel USA, Inc. ("Alcatel USA"), a company related to

Respondent Alcatel Business Systems ("ABS" or "Respondent"), to produce the documents

described in Exhibit A to the subpoena, at the time and place indicated on the subpoena, or at

such other time and place mutually agreed upon.  The subpoena *ad testificandum* requires a

representative of Alcatel USA to appear and testify at a deposition at the time and place

indicated, or at such other time and place mutually agreed upon.

Issuance of the subpoena is necessary because recent discovery indicates that Respondent

ships significant inventory of the products accused of infringement in this case to Alcatel USA,

and that Alcatel USA supports Respondent's activities by providing a number of customer

1

support services, including installation and technical support of the accused systems. Thus, Alcatel USA has knowledge of high relevant and discoverable facts relating to, *inter alia*, customer-related agreements, importation and distribution of the accused products, use and configuration of the accused products, and arrangements related to the functionalities of these products. These facts are relevant to infringement, importation, and remedies issues in this case.

ABS and the Investigative Attorney will receive a copy of the subpoena as served and will be invited to attend, cross-examine, and participate in any deposition that takes place. With respect to witness and mileage fess, in accordance with 28 U.S.C. § 1821 (which provides for the payment of $40 per day plus a mileage allowance per witness), the payment of such fees will be promptly made once it is determined how long the deposition will last, and whether any mileage expenses have been incurred.

For the reasons set forth above, Microsoft respectfully requests that its Application for Issuance of Subpoena Duces Tecum and Subpoena Ad Testificandum be granted and that the attached subpoena be issued.

2

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 26, 2007

By: _____
Joseph V. Colaianni, Jr.
Ahmed J. Davis
Rama G. Elluru
Joshua Pond
Kate Kelly
Kfir B. Levy
Fish & Richardson P.C.
1425 K. Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Microsoft Corporation

3

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that copies of the foregoing **COMPLAINANT MICROSOFT**

**CORPORATION'S APPLICATION FOR A SUBPOENA DUCES TECUM AND**

**SUBPOENA AD TESTIFICANDUM TO ALCATEL USA, INC.**

were served on this 26th day of  July, 2007 as follows:

|  |  |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Hand Delivery<br>(two copies) |
| David Lloyd, Esq.<br>U.S. International Trade Commission<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401<br>Washington, D.C. 20436<br>david.lloyd@usitc.gov | E-mail and Hand Delivery |
| David A. Nelson, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>david.nelson@lw.com | E-mail |
| Sasha D. Mayergoyz, Esq<br>Peter N. Moore, Esq.<br>Latham & Watkins LLP<br>233 South Wacker Drive, Ste 5800<br>Chicago, IL 60606-6306<br>sasha.mayergoyz@lw.com<br>peter.moore@lw.com | E-mail |
| Steven C. Cherny, Esq.<br>Clement Naples, Esq.<br>Latham & Watkins LLP<br>885 Third Avenue, Ste 1000<br>New York, NY 10022-4834<br>steven.cherny@lw.com<br>clement.naples@lw.com | E-mail |

Renny Hwang, Esq.                           E-mail
Latham & Watkins LLP
633 West Fifth Street, Ste 4000
Los Angeles, CA 90071-2007
renny.hwang@lw.com

David M. Farnum                             E-mail & Hand delivery
Latham & Watkins LLP
555 Eleventh Street, NW, Ste 1000
Washington, D.C. 20004-1304
david.farnum@lw.com

F. David Foster                             E-mail & Hand delivery
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
dfoster@milchev.com

James B. Altman                             E-mail
Kelly Busby
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Washington, D.C. 20005
jaltman@milchev.com
kbusby@milchev.com

Stanley Bryant

## Lydia Dean-Reese

| | |
|---|---|
| **From:** | ABCLegalProcess [ABCLegalProcess@ABCLegal.com] |
| **Sent:** | Wednesday, August 15, 2007 12:11 PM |
| **To:** | Lydia Dean-Reese; Judith Best |
| **Subject:** | PFI Process Service Notification - 4893209 |

IMPORTANT - DO NOT REPLY TO THIS EMAIL - it is from an automated sender.

Lydia Dean-Reese; JUDITH BEST,

The following orders have been served:

PFI tracking number:   4893209
Your reference number:
For service on:     ALCATEL USA, INC.
Service was made on:   CT CORPORATION - REP. SHIRLEY DILLON REGISTERED AGENT, A WHITE
FEMALE APPROX. 45-55 YEARS OF AGE 5'4"-5'6" IN HEIGHT WEIGHING 120-140 LBS WITH BROWN HAIR
on AUG 13 2007  2:00PM

Thank you for using PFI.
Additional service information can be obtained via the Process Service Detail page on our
web site.
www.pfiserves.com/trackserve.asp

The documents listed on this order have been served pursuant to:
A) The statutes or court rules of the jurisdiction in which the matter originates, and or
B) The statutes or court rules of the state in which service took place, and
C) Instructions from the customer
If service was substituted upon another person or left with a person(s) who refused to
identify themselves, it is incumbent upon you, our customer to notify ABC Legal/ PFI in
writing, if further attempts to serve, serve by mail, or investigate are required.

Information contained in this email is deemed to be accurate and reliable, but is subject
to final verification by PFI personnel.

1

Exhibit 2

**Marc Pickett**

| | |
|---|---|
| **From:** | Joseph V. Colaianni, Jr. |
| **Sent:** | Wednesday, July 25, 2007 1:02 PM |
| **To:** | sasha.mayergoyz@lw.com; steven.cherny@lw.com; david.nelson@lw.com; Clement.Naples@lw.com; david.lloyd@usitc.gov |
| **Cc:** | Linda Kordziel; Ahmed Davis; Rama G. Elluru; Joshua Pond |
| **Subject:** | 337-TA-598 |

Sasha,

In further response to your letter of July 19, I provide the following information regarding the corporate deposition topics listed in your letter:

Topics 1, 9, 19, 19, 26-29, and 45-48:  Microsoft designates Jack H. Chang

Topics 4-5:  Microsoft designates Burns Israelson who was deposed on July 12, 2007.

Topic 6: The '064 patent was owned by International ThinkLink Corp. during its prosecution; hence Microsoft does not have corporate knowledge regarding the prosecution of the '064 patent.

Topic 7 - Microsoft designates Frank Agovino, who was deposed on July 24, 2007.

Topics 16-17 - Microsoft designates Zig Serafin.

Topic 40 - Microsoft designates Zig Serafin, as to the factual aspects of this topic.

Topic 44 - James Borgman already testified regarding the factual aspects of this topic

Topics 51 and 54-56: These topics relate to document retention policy and Microsoft's efforts in responding to discovery requests.  Microsoft has issued similar depositon topics to ABS (Topics 28 and 32).  I propose the parties agree to withdraw these topics, since much of the requested information is likely privileged and not particularly useful in discovery.  Please advise as to whether ABS is agreeable to this.

Additionally, Zig Serafin will testify on ABS's corporate topics 8, 11, 13, 16-17, 20-23, 25, 36, 40, 49, 50, 52, 53, and 57.

John Jiang is available for deposition at 9:00 am PDT next Tuesday, July 31 at his home (4114 Sugar Maple Drive, Danville, CA 94506).  Please advise as to whether ABS will take Mr. Jiang's deposition on this date.

With regard to the depositions of ABS witnesses, please provide/confirm deposition dates for Messrs. Durham, Afshalimi, and Juarez.  Your July 19 letter indicated that Messrs. Durnam and Juarez may also testify in a coporate capacity; please indicate which topics each witness will cover.  Also, please provide Mr. Afshalimi's corporate title.

We also await ABS's designations for Topics 15-26, 28, 29, and 32 in Microsoft's corporate deposition notice (but note that we are willing to drop topics 28 and 32 as set forth above).

Finally, we would like to take discovery from Alcatel USA concerning its use, distribution, sales and/or other activities relating to the accused products in the United States.  Has ABS's document production to date included documents collected from Alcatel USA and its employees?  And will you require us to issue a subpoena to Alcatel USA, or will you accept service on its behalf?

Regards,
Joe

**Joseph V. Colaianni, Jr.**
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, D.C. 20005
Tel:  202-626-6434
Fax:  202-783-2331
colaianni@fr.com

1

Exhibit 3

**LATHAM&WATKINS**LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +212.906.1200  Fax: +212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

July 26, 2007

**VIA EMAIL**

Joseph V. Colaianni, Jr. Esq.
Fish & Richardson P.C.
1425 K. Street, N.W.
Suite 1100
Washington, D.C. 20005
202-626-6432

Re:    *Certain Unified Communication Systems, Products Used With Such Systems, and Components Thereof*, Inv. No. 337-TA-598

Dear Joe:

I write in response to your July 24, 2007 letter, your July 25, 2007 email and Mr. Davis' email of today.

Concerning the production of source code for the products that Microsoft is relying on to establish a domestic industry, we have requested the source code for the current versions of those products as well as any previous versions from the preceding three years. This is consistent with the request for source code that Microsoft has made concerning the ABS offerings. Please confirm that Microsoft will produce the source code for each of these versions.

With respect to an additional ABS corporate designee to testify concerning the OmniPCX Office product ("OXO"), Microsoft's most recent position is that the OXO is not an accused product. *See, e.g., Complainant's Responses to The Commission Investigative Staff's Third Set of Interrogatories.* Thus, ABS will not produce any additional corporate designees concerning the OXO.

Concerning Microsoft's deposition topics, ABS designates Pedro Juarez to testify in response to topics 18, 19, 25, 26 and 29. Mr. Juarez is available in Salem, NH on August 7, 2007. ABS designates Edwin Afshalimi to testify in response to topics 20-24. Mr. Afshalimi's deposition has been previously confirmed for August 3, 2007 in Calabasas, CA. Regarding topics 1, 4-8, 11-13 and 15, in addition to those witnesses already designated and deposed, ABS designates Mr. Leroy, as those topics relate to the OTUC software suite, and Mr. Bastide, as those topics relate to the OmniPCX Enterprise ("OXE"), both of whom have already been deposed. Concerning topics 16 and 17, these topics seek only privileged information, and therefore ABS will not provide a witness to testify in response to these topics.

NY\1308635.1

Joseph V. Colaianni, Jr. Esq.
July 26, 2007
Page 2

# LATHAM&WATKINS LLP

Mr. Durham will not be testifying in response to any topics so we will not go forward with his deposition.

We agree with your proposal that Microsoft withdraw topics 28 and 32, and ABS withdraw topics 51 and 54-56.

We will go forward with Mr. Jiang's deposition on July 31, 2007, starting at 9:00 am at Mr. Jiang's home in Danville, CA.

With respect your inquiry regarding documents maintained by Alcatel USA, ABS's production does include documents responsive to Microsoft's requests for production that were in the possession, custody or control of Alcatel USA.

Regards,

Clement J. Naples
of LATHAM & WATKINS LLP

cc:    David O. Lloyd, Esq.

NY\1308635.1

# Exhibit 4

# REDACTED
# IN ITS ENTIRETY

# Exhibit 5

# REDACTED
# IN ITS ENTIRETY

Exhibit 6

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C. 20436**

**Before The Honorable Paul J. Luckern**
**Administrative Law Judge**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN UNIFIED COMMUNICATION<br>SYSTEMS, PRODUCTS USED WITH SUCH<br>SYSTEMS, AND COMPONENTS THEREOF | Inv. No. 337-TA-598 |

**RESPONDENT ALCATEL BUSINESS SYSTEM'S SUPPLEMENTAL**
**TENTATIVE LIST OF WITNESSES PURSUANT TO ORDER NO. 6**

Pursuant to Order No. 6, the following is a tentative list of witnesses that Alcatel

Business Systems ("ABS") will call to testify at the hearing, either live or by deposition, with an

identification of each witness's relationship to ABS.

| NAME | RELATIONSHIP |
|---|---|
| Edwin Afshalimi | Alcatel Employee |
| Frank Agovino | Prosecuting Attorney for '357 patent |
| Kristian Andaker | Microsoft Employee |
| Patrick Bastide | Alcatel Employee |
| Jeanne Bayerl | Alcatel Employee |
| James Borgman | Microsoft Employee |
| Marc Boullet | Alcatel Employee |
| Benoit Brun | Alcatel Employee |
| David Buckley | Alcatel Employee |
| Jean-Marc Burgart | Alcatel Employee |
| Jack Chang | Microsoft Expert |
| Jerome Crews | Alcatel Employee |
| Andrew Culbert | Microsoft Employee |
| Michael Donohue | Prosecuting Attorney for '289 and '439 patents |
| Daniel Dos Santos | Alcatel Employee |
| Paul Durham | Alcatel Employee |
| Fernando Egea | Alcatel Employee |
| Arulkumar Elumalai | Microsoft Employee |
| Thierry Filoux | Alcatel Employee |
| Mark Forrester | Alcatel Employee |

1

| NAME | RELATIONSHIP |
|---|---|
| Jerry Gnuschke | Microsoft Employee |
| Eric Grubel | Alcatel Employee |
| Mark Guetlich | Microsoft Employee |
| Quin Hoellwrath | Prosecuting Attorney for '064 patent |
| R. Burns Israelsen | Prosecuting Attorney for '289 and '439 patents |
| John Jiang | Named Inventor of '064 and '357 patents |
| Pedro Juarez | Alcatel Employee |
| Pascal Junillon | Alcatel Employee |
| Bernard Kauffmann | Alcatel Employee |
| Anne Kelly | Microsoft Employee |
| Jean-Francois Leroy | Alcatel Employee |
| Stephen Liffick | Named Inventor of '289 and '439 patents |
| Steve McGrath | Microsoft Employee |
| Reno Moccia | Alcatel Employee |
| John Mulgrew | Microsoft Employee |
| Joseph Nguyen | Prosecuting Attorney for '064 patent |
| Leo Novakoski | Microsoft Employee |
| Rick Nydegger | Prosecuting Attorney for '289 and '439 patents |
| Stephen O'Neal | Named Inventor of '064 and '357 patents |
| Dominique Pierre | Alcatel Employee |
| Carl Reed | Prosecuting Attorney for '439 patent |
| Zig Serafin | Microsoft Employee |
| Michael J. Thesz | ABS Expert |
| Michael Thomas | Prosecuting Attorney for '357 patent |
| Henry-Hyde Thomson | ABS Expert |
| Paul Tidwell | Microsoft Employee |
| Gus Vasilakis | Alcatel Employee |
| James Waese | Alcatel Employee |
| Vincent Weyl | Alcatel Employee |
| Michael Wilson | Microsoft Employee |

**FIRST SUPPLEMENT**

| NAME | RELATIONSHIP |
|---|---|
| Jason Amiss | Alcatel Employee |
| Arnold Intal | Alcatel Employee |
| Richard Knapp | Alliance Telecommunications Employee |
| Po Ching Lin | Alcatel Employee |

2

ABS respectfully reserves the right to supplement this list in light of additional discovery that has not yet been completed. ABS further reserves the right to call in its case-in-chief any witnesses identified by Complainant in Complainant's tentative witness list.

Respectfully submitted,

LATHAM & WATKINS LLP

Dated: August 31, 2007

_Paul M Fo_

Steven C. Cherny, Esq.
Clement J. Naples, Esq.
LATHAM & WATKINS LLP
885 Third Avenue, Ste. 1000
New York, NY 10022-4834
Telephone: (212) 906-1345
Facsimile: (212) 751-4864

David A. Nelson, Esq.
Sasha D. Mayergoyz, Esq.
LATHAM & WATKINS LLP
233 South Wacker Drive, Ste. 5800
Chicago, IL 60606-6306
Telephone: (312) 876-7716
Facsimile: (312) 993-9767

David M. Farnum, Esq.
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Ste. 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2232
Facsimile: (202) 637-2201

Renny Hwang, Esq.
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Telephone: (213) 891-7973
Facsimile: (213) 891-8763

3

**Certain Unified Communication Systems,**          Inv. 337-TA-598
**Products Used With Such Systems, and**
**Components Thereof**

## CERTIFICATE OF SERVICE

   I, Jennifer Pugh-Nolan, hereby certify that on August 31, 2007, I caused to be
served true and correct copies of the foregoing document on the parties listed below as indicated:

| | |
|---|---|
| The Honorable Paul J. Luckern<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E. Street, S.W., Room 317<br>Washington, D.C. 20436 | ☐ Via First Class Mail<br>☒ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| David O. Lloyd, Esquire<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E. Street, S.W., Room 401<br>Washington, DC 20436 | ☐ Via First Class Mail<br>☒ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☒ Via Electronic Mail |
| *Counsel for Alcatel Business Systems*: | |
| F. David Foster, Esquire<br>James B. Altman, Esquire<br>Kelly Bushby, Esquire<br>MILLER & CHEVALIER CHARTERED<br>655 Fifteenth Street, N.W., Suite 900<br>Washington, DC 20005 | ☐ Via First Class Mail<br>☒ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☒ Via Electronic Mail |
| *Counsel for Microsoft Corporation*: | |
| Joseph V. Colaianni, Jr., Esquire<br>Ahmed J. Davis, Esquire<br>Jeffrey R. Whieldon, Esquire<br>Rama G. Elluru, Esquire<br>Joshua Pond, Esquire<br>Kate Kelly, Esquire<br>FISH AND RICHARDSON<br>1425 K Street, N.W., Suite 1100<br>Washington, DC 20005 | ☐ Via First Class Mail<br>☒ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☒ Via Electronic Mail |

Jennifer Pugh-Nolan