IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALCATEL BUSINESS SYSTEMS' RESPONSE TO
PLAINTIFF MICROSOFT CORPORATION'S PROPOSED SUR-REPLY
IN SUPPORT OF ITS OPPOSITION TO DEFENDANT ALCATEL
BUSINESS SYSTEM'S MOTION TO DISQUALIFY FISH &
RICHARDSON P.C., AND FOR OTHER SANCTIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants
 Alcatel Business Systems and
 Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:
Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700
October 25, 2007

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT........................................................................................................................2

    A.   The ITC Decision Provides no Basis for Denying Alcatel's Motion ......................2

    B.   Microsoft's Erroneous Claim Regarding Misrepresentations.................................3

III. CONCLUSION.....................................................................................................................6

I.  **INTRODUCTION**

Plaintiff Microsoft Corporation's ("Microsoft")'s proposed Sur-Reply Brief in Support of its Opposition to Defendant Alcatel Business System's Motion to Disqualify Fish & Richardson P.C., and for Other Sanctions ("Sur-Reply") is premised on the notion that it was filed "to clarify" alleged "misstatements made by" Alcatel Business Systems ("Alcatel") as well as to "point out" the denial of Alcatel's motion to disqualify Fish & Richardson P.C. ("F&R") in the International Trade Commission ("ITC") investigation. (D.I. 52 at 1). The latter justification is empty, as Alcatel's Reply Brief pointed out that decision and appended the applicable Order.

And far from clarifying alleged misstatements, Microsoft's Sur-Reply contains a number of them. In other instances, the Sur-Reply contains allegations that are contradicted by Microsoft's previous submissions to the Court or the evidence of record. Microsoft's repetitive and conclusory assertions that "F&R made no misrepresentations to anyone" and that "there is no prejudice" to Alcatel (D.I. 52 at 2) are both contrary to the evidence submitted by Alcatel and unsupported by any other evidence. Indeed, Although Microsoft and F&R continually assert that the entire episode was merely a normal "commercial transaction," they steadfastly refuse to participate in discovery concerning that transaction. Simply put, Microsoft's claim that the interrogations of Mr. Lin were routine customer service inquiries is belied by its simultaneous claim of work product protection. Thus, the notion that Microsoft and F&R can refuse to disclose their conversations with Mr. Lin, a supposedly unrepresented third party, as somehow privileged, is unfounded.

Alcatel will more fully address the problems with the claim of privilege and work product protection at the November 8 discovery conference. For present purposes, the important point is that Microsoft's Sur-Reply merely underscores the need for discovery to more fully

1

uncover the extent of prejudice to Alcatel. For instance, Microsoft attempted to impugn the Mr. Lin's credibility by asserting in its Opposition:

> ***Mr. Lin's return***, which Alliance apparently coordinated without consulting with F&R, ***occurred on Tuesday July 3, 2007, and not on Monday July 2, 2007 as Mr. Lin noted.*** [Lin Decl. ¶ 27 (stating that he returned on July 2); Ex. 7 at ¶ 15; Ex. 8 at ¶ 7.] ***Not only did Mr. Lin incorrectly recall his dates***, he also mistakenly asserted that he spoke with Mr. Ahmed Davis, one of the F&R principals representing Microsoft in this litigation "at some point, possibly on July 2, 2007." [Lin Decl. ¶ 28-29.] As Mr. Davis unequivocally states in his sworn declaration, he is certain that he had no contact with Mr. Lin, either on July 2 or on any other date. [Ex. 9 at ¶ 5.]

(D.I. 44 at 8, emphasis supplied, citations in original). Microsoft was wrong. Alcatel has obtained a declaration from the building manager at F&R's offices, along with visitor logs for the pertinent dates. Those records show, as Mr. Lin declared, that he did visit F&R's offices on July 2. (Whitley Decl. at ¶ 8, Ex. A.)

That is but one of the many instances in which Microsoft has relied upon misstatements. Given the subject of Alcatel's motion and Microsoft's refusal to produce documents and testimony relating to its self-serving protestations, Alcatel respectfully submits that additional discovery will shed more light on the extent of the misconduct.

## II.   ARGUMENT

### A.    The ITC Decision Provides no Basis for Denying Alcatel's Motion

Alcatel acknowledged the decision in the ITC investigation in its Reply brief, and attached the decision for the Court to review. (*See* D.I. 46 at 20; D.I. 47, Ex. S.) Microsoft suggests that "the legal standard applied by the ITC is not so different as [Alcatel] would have the Court believe" because "although regional circuit law normally applies in district court cases addressing such motions, Federal Circuit precedent controls in areas within its exclusive jurisdiction." (D.I. 52 at 1, citing D.I. 47, Ex. S at 10.) In fact, the Federal Circuit applies the

law of the relevant regional circuit to non-patent procedural matters such as disqualification. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574 (Fed. Cir. 1984).

Microsoft's corollary assertion that "the ITC has looked to the ABA Model Rules for guidance in resolving motions to disqualify" (D.I. 52 at 1) is similarly unavailing. Notably, the ITC decision did not reach any issue to which the Model Rules would have applied, but instead expressed that "the administrative law judge is making no determination on whether the alleged misconduct of F&R constitutes an ethical violation." (*See* D.I. 47, Ex. S at 16 n.12.) In short, the ITC made no determination as to Alcatel's contention that the conduct at issue violated Model Rules 4.2, 4.3, and 8.4, and because ITC matters are adjudicated on an expedited basis, the case law relied upon by the ALJ involves a consideration of factors (the imminence of the hearing) not present in this matter. (*See id.* at 11.)

### B.   Microsoft's Erroneous Claim Regarding Misrepresentations

Microsoft's assertion that "[t]he F&R attorneys did not make any misrepresentations to anyone" (D.I. 52 at 2) simply mischaracterizes what happened. Alcatel's primary claim is that the F&R attorneys' failure to disclose material information—their representation of Microsoft in litigation adverse to Alcatel regarding the very technology about which they were interrogating Mr. Lin, *inter alia*[1]—constituted material omissions. (*See* D.I. 31 at 24.) Indeed, because that is the very information that an attorney is obligated to reveal with regard to unrepresented parties under Rule 4.3, there is no dispute that those omissions—which Microsoft does not contest—were material.

Indeed, Microsoft's Sur-Reply raises more questions than it answers. For example, Microsoft baldly asserts that "no discussions outside [a legitimate] customer-third party

---

[1]   As set forth *infra*, there is also an open question as to whether or not any F&R attorney advised Mr. Lin as to their status as lawyers.

3

reseller relationship took place." (D.I. 52 at 4.) Mr. Lin indicates, however, that F&R attorneys questioned him regarding the ability of the system to perform allegedly infringing functions, (D.I. 34 at ¶ 30), a subject entirely beyond those a normal customer would have reason to inquire about. Notably, neither Ms. Elluru, nor Mr. Pond, nor Mr. Davis—all of whom had the opportunity to review Mr. Lin's declaration before drafting their own declarations—have disputed this account. (*See* D.I. 44, Ex.s 7-9).

Microsoft also asserts that "Mr. Lin was aware… that Ms. Elluru was an attorney on the first day of the installation." (D.I. 52 at 4). In fact, Mr. Lin has declared that neither Ms. Elluru, Mr. Pond, nor Mr. Davis *ever* identified themselves as attorneys. (D.I. 34 at ¶¶ 14, 17 and 29). Although Ms. Elluru claims that she gave Mr. Lin her business card (D.I. 45, Elluru Decl. at ¶ 10), Alcatel has not been able to test that assertion by way of discovery. In any event, Microsoft's assertion is irrelevant both because (1) it does not contest the fact that neither Ms. Elluru nor Mr. Pond disclosed the nature of their representation, and (2) Mr. Pond concedes that he failed to identify himself as an attorney.

Moreover, Microsoft's contention that "Mr. Elluru [*sic*] requested Alliance send someone back to fix the remaining bugs in the system," but that "[t]he decision to send Mr. Lin back . . . was a business decision on the part of Alliance" (D.I. 52 at 4), is blatantly contradicted by the evidence. First, Mr. Lin declared that "Ms. Elluru requested that I go back to Fish & Richardson." (D.I. 34 at ¶ 26.) Second, the contemporaneous email regarding the subject indicates that F&R attorneys demanded that Mr. Lin return on July 2 to continue the installation process. (*See* D.I. 33, Ex. C ("I just got off with the customer down in DC. . . . They are having all these people come in on Saturday and would like to have PoChing back").) Finally, Ms.

4

Elluru's declaration explicitly acknowledges that "I requested that *Alliance assign Mr. Lin to finish the installation...*" (D.I. 44, Ex. 7 at ¶ 14 (emphasis supplied)).

In addition, recently-acquired evidence demonstrates that Microsoft erroneously sought to discredit Mr. Lin's declaration with regard to the fact that he was present at F&R's offices on July 2. (*See* disc. *supra* § II.A.) There is no doubt that he was there. Although Alcatel believes that the record already developed merits disqualification, it also believes that discovery—which Alcatel requested as part of its motion—will shed further light on the issues.

The balance of Microsoft's brief simply rehashes arguments it previously has made to this Court regarding whether Latham & Watkins represented Alcatel and/or Mr. Lin and Microsoft's self-serving assertion that Alcatel has suffered no prejudice. The second point is premised on Microsoft's assertion that "no information disclosed by Mr. Lin is being relied upon by Microsoft or its technical expert." (D.I. 52 at 8). Microsoft, however, provides no support for that assertion. (*See id.*) In fact, Microsoft refuses to permit any inquiry into its representation, having refused to produce the documents relating to the issue—the notes taken by its attorneys during the interrogations and any correspondence with its expert, Mr. Chang, among other materials—alleging that they are protected as work product.[2] Alcatel intends to pursue authorization from the Court to pursue such discovery at the November 8 discovery conference. For present purposes, the important point is that Microsoft has no evidence opposing Alcatel's showing on this subject, which is detailed from pages 8 to 14 and 23 to 30 of Alcatel's Opening Brief (D.I. 31) and pages 8 to 15 of its Reply Brief (D.I. 46).

---

[2]  Microsoft's Sur-Reply makes passing reference to "attorney client privilege" (D.I. 52 at 8), but Alcatel is aware of no basis upon which the F&R attorneys' interrogation of Mr. Lin could possibly qualify for such protection.

### III.  CONCLUSION

Alcatel's motion for disqualification should be granted.  In any event, discovery should be permitted to resolve disputed issues of fact, determine the extent of prejudice to Alcatel, and otherwise assist this Court in addressing Alcatel's motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants and Counterclaimants*
   *Alcatel Business Systems and*
   *Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL  60606
(312) 876-7700

October 25, 2007

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 25, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on October 25, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

_/s/ Maryellen Noreika_
Maryellen Noreika (#3208)
mnoreika@mnat.com