# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

<table>
<tr><td>

MICROSOFT CORP.,
     Plaintiff,

v.

ALCATEL-LUCENT ENTERPRISE
and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,
     Defendants.

</td><td>

Civil Action No. 07-090-SLR
Hon. Sue L. Robinson

**JURY TRIAL DEMANDED**

</td></tr>
</table>

## MICROSOFT CORPORATION'S
## AMENDED REPLY TO GENESYS'S COUNTERCLAIMS

Plaintiff/Counterclaim Defendant Microsoft Corporation ("Microsoft"), on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to acts of third parties, hereby responds to the counterclaims set forth in the Answer and Counterclaims of Genesys Telecommunications Laboratories, Inc. ("Genesys's Counterclaims") filed on July 13, 2007 by Counterclaim Plaintiff Genesys Telecommunications Laboratories, Inc. ("Genesys") as follows:

**Parties**

1.     In response to Paragraph 1 of Genesys's Counterclaims, Microsoft admits that Genesys is incorporated in California and has its offices at 2001 Junipero Serra Boulevard, Daly City, California 94014.

2.     In response to Paragraph 2 of Genesys's Counterclaims, Microsoft admits that it is a Washington corporation with a principal place of business at One Microsoft Way, Redmond, Washington 98052.

**Jurisdiction and Venue**

3.        Microsoft admits that the Court has subject matter jurisdiction over Microsoft's claims.  Microsoft is without sufficient knowledge or information to admit or deny whether the Court has subject matter jurisdiction over Genesys's Counterclaims, and therefore denies all remaining averments of Paragraph 3 of Genesys's Counterclaims.

4.        Microsoft does not respond to Paragraph 4 of Genesys's Counterclaims because Paragraph 4 states conclusions of law to which no response is required.  To the extent any response is required, Microsoft denies the averments of Paragraph 4.

5.        Microsoft does not contest that it is subject to personal jurisdiction in this District, and that venue is proper in this Court for the purposes of this litigation only.  Microsoft denies that it has committed acts of infringement in this District or elsewhere.  Microsoft denies all remaining averments of Paragraph 5 of Genesys's Counterclaims.

**Facts**

6.        Microsoft admits that an uncertified copy of United States Patent No. 6,167,395 ("the '395 patent") entitled "Method and Apparatus for Creating Specialized Multimedia Threads in a Multimedia Communication Center" is attached to Genesys's Counterclaims as Exhibit A.  Microsoft admits the '395 patent was issued by the United States Patent and Trademark Office on December 26, 2000.  Microsoft denies the '395 patent was duly and legally issued by the United States Patent and Trademark Office.  Microsoft is without sufficient knowledge or information to admit or deny that Genesys is the owner by valid assignment of the entire right, title and interest in and to the '395 patent, and therefore denies the same. Microsoft is without sufficient knowledge or information to admit or deny that the inventors of the '395 patent are Christopher Clemmett MacLeod Beck, Jonathan Michael Berke, Joel A. Johnstone,

Robin Marie Mitchell, James Karl Powers, Mark Franklin Sidell and Charles Dazler Knuff, and therefore denies the same. Microsoft denies all remaining averments of Paragraph 6 of Genesys's Counterclaims.

7.     Microsoft admits that an uncertified copy of United States Patent No. 5,953,332 ("the '332 patent") entitled "Agent-initiated Dynamic Requeing" is attached to Genesys's Counterclaims as Exhibit B. Microsoft admits the '332 patent was issued by the United States Patent and Trademark Office on September 14, 1999. Microsoft denies the '332 patent was duly and legally issued by the United States Patent and Trademark Office. Microsoft is without sufficient knowledge or information to admit or deny that Genesys is the owner by valid assignment of the entire right, title and interest in and to the '332 patent, and therefore denies the same. Microsoft is without sufficient knowledge or information to admit or deny that the inventor of the '332 patent is Alec Miloslavsky, and therefore denies the same. Microsoft denies all remaining averments of Paragraph 7 of Genesys's Counterclaims.

**Count I: Non-Infringement**

8.     Microsoft incorporates by reference each of its answers to Paragraphs 1-7 above.

9.     Microsoft admits that by the filing of its Complaint, it has asserted a claim against Genesys for the infringement of the '439 Patent and the '289 Patent.

10.     Whether or not Genesys has denied Microsoft's allegations of infringement of the '439 Patent and the '289 Patent is a conclusion of law to which no response is required. Microsoft is without sufficient knowledge or information to admit or deny that Genesys believes that the Complaint has been filed without good cause, and therefore denies same.

11.     Microsoft admits that Genesys infringes the '439 Patent and the '289 Patent and that Genesys appears to contend it does not infringe these patents.  Whether or not an actual controversy exists is a conclusion of law to which no response is required.

12.     Microsoft denies the averments of Paragraph 12 of Genesys's Counterclaims.

### Count II: Invalidity

13.     Microsoft restates and incorporates by reference each of its responses to Paragraphs 1-12 above.

14.     Microsoft admits that the '439 Patent and the '289 Patent are valid and enforceable and that Genesys appears to contend these patents are invalid and/or unenforceable. Whether or not an actual controversy exists is a conclusion of law to which no response is required.

15.     Microsoft denies the averments of Paragraph 15 of Genesys's Counterclaims.

### Count III: Unenforceability

16.     Microsoft restates and incorporates by reference each of its responses to Paragraphs 1-15 above.

17.     Microsoft admits that the '439 Patent and the '289 Patent are valid and enforceable and that Genesys appears to contend these patents are invalid and/or unenforceable. Whether or not an actual controversy exists is a conclusion of law to which no response is required.

18.     Microsoft denies the averments of Paragraph 18 of Genesys's Counterclaims.

19.     Microsoft admits the '439 Patent and the '289 Patent both name Stephen M. Liffick as the inventor.  Microsoft denies that the '439 Patent and the '289 Patent claim virtually identical inventions.  Microsoft admits Claim 1 of the '439 Patent claims:

In an environment where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network, a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications, the system comprising:

a data structure contained within a computer network to store user-selectable criteria for call processing, wherein the data structure stores the user-selectable criteria in one or more lists that are used in filtering an incoming call and wherein some of the one or more lists are used to filter the incoming call according to current activity of subscribers on the computer network or according to current activity of the user on the computer network;

a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port; and

a controller to receive the incoming call designated for the user telephone and to process the incoming call in accordance with the user-selectable criteria, the controller accessing the user-selectable criteria in the one or more lists of the data structure via the computer network access port and thereby applying the user-selectable criteria to the incoming call.

Microsoft admits Claim 1 of the '289 Patent claims:

In a system that includes a telephone network and a computer network with one or more users, wherein each user is connected through a user computer the computer network and is logically connected through the computer network to the telephone network, a method of determining when to establish telephone communication between two parties, at least one of whom is a user connected to said computer network, comprising:

at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party;

at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party;

at the computer network, storing a set of pre-determined rules for determining when the second party is available to take a call from the first party;

at the computer network, using the set of a pre-determined rules to process i) the information received from the telephone network regarding the call being originated by the first party, and ii) information regarding the monitored activity of the user computer of the second party, to determine when the second party is available to take the call originated by the first party; and

using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party.

Microsoft denies all other averments of Paragraph 19 of Genesys's Counterclaims.

20.     Microsoft admits the '439 Patent lists three references on its cover and that the '289 Patent lists five references on its cover.  Microsoft admits the '439 Patent and the '289 Patent list different patent examiners on their respective covers.  Microsoft is without sufficient knowledge or information to admit or deny all remaining averments of Paragraph 20 of Genesys's Counterclaims, and therefore denies same.

21.     Microsoft is without sufficient knowledge or information to admit or deny the averments of Paragraph 21 of Genesys's Counterclaims, and therefore denies same.

22.     Microsoft is without sufficient knowledge or information to admit or deny the averments of Paragraph 22 of Genesys's Counterclaims, and therefore denies same.

23.     Microsoft denies the averments of Paragraph 23 of Genesys's Counterclaims.

**Count IV: Infringement of U.S. Patent No. 6,167,395**

24.     Microsoft restates and incorporates by reference each of its responses to Paragraphs 1-23 above.

25.     Microsoft denies the averments of Paragraph 25 of Genesys's Counterclaims.

26.     Microsoft denies the averments of Paragraph 26 of Genesys's Counterclaims.

27.      Microsoft denies the averments of Paragraph 27 of Genesys's Counterclaims.

28.      Microsoft denies the averments of Paragraph 28 of Genesys's Counterclaims.

### Count V: Infringement of U.S. Patent No. 5,953,332

29.      Microsoft restates and incorporates by reference each of its responses to

Paragraphs 1-28 above.

30.      Microsoft denies the averments of Paragraph 30 of Genesys's Counterclaims.

31.      Microsoft denies the averments of Paragraph 31 of Genesys's Counterclaims.

32.      Microsoft denies the averments of Paragraph 32 of Genesys's Counterclaims.

33.      Microsoft denies the averments of Paragraph 33 of Genesys's Counterclaims.

## MICROSOFT'S DEFENSES

In addition to the defenses described below, Microsoft expressly reserves the right to assert additional defenses as they become known through the course of discovery or otherwise.

### First Defense
### NON-INFRINGEMENT

34.      Microsoft has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid, enforceable claim of the '395 and '332 patents, directly, indirectly, contributorily, or by inducement, and has not otherwise committed any act in violation of 35 U.S.C. § 271.

### Second Defense
### INVALIDITY

35.      The '395 and '332 patents are invalid because they fail to comply with one or more of the statutory requirements of patentability specified by Title 35 U.S.C. § 101 et. seq., including, without limitation 35 U.S.C. §§ 102, 103, and/or 112.

### Third, Fourth, Fifth, And Sixth Defenses
### LACHES, WAIVER, EQUITABLE ESTOPPEL, AND/OR UNCLEAN HANDS

36.    The relief sought by Genesys Telecommunications Laboratories, Inc. is barred in whole or in part by the equitable doctrines of laches, waiver, equitable estoppel, and/or unclean hands.

### Seventh Defense
### PROSECUTION HISTORY ESTOPPEL

37.    Genesys Telecommunications Laboratories, Inc. is estopped from construing any valid, enforceable claim of the '395 and '332 patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used or imported, sold or offered for sale by Microsoft in view of prior art and/or because of admissions and statements made to the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to the issuance of the '395 and '332 patents or any related patent, because of disclosure or language in the specification of the '395 and '332 patents, and/or because of limitations in the claims of the '395 and '332 patents.

### Eighth Defense
### GOVERNMENT SALES

38.    Microsoft's sales of products and services to the United States Government are not subject to Genesys Telecommunications Laboratories, Inc.'s claims of infringement of the patents-in-suit under 28 U.S.C. § 1498(a).

### Ninth Defense
### LIMITATION ON EQUITABLE RELIEF

39.    Genesys Telecommunications Laboratories, Inc. is not entitled to injunctive or other equitable relief because any injury to Genesys Telecommunications Laboratories, Inc. is not irreparable; Genesys Telecommunications Laboratories, Inc. has an adequate remedy at law

for any claims it can prove; considering the balance of hardships between Genesys

Telecommunications Laboratories, Inc. and Microsoft, an injunction is not warranted; and the

public interest would be disserved by an injunction.

**Tenth Defense**
**LIMITATIONS ON RECOVERY**

40.     Genesys Telecommunications Laboratories, Inc.'s claims for relief are limited by

35 U.S.C. §§ 286, 287, and/or 288.

**Eleventh Defense**
**FAILURE TO STATE A CLAIM**

41.     Genesys Telecommunications Laboratories, Inc.'s has failed to state a claim upon

which relief can be granted.

**Twelfth Defense**
**INEQUITABLE CONDUCT WITH RESPECT TO THE '395 PATENT**

42.     Upon information and belief, the '395 patent is unenforceable for inequitable

conduct because one or more of the individuals (including, for example, Mr. Donald Boys, the

prosecution attorney) associated with the filing and prosecution of the application which led to

the '395 patent knew of material information which was withheld from the United States Patent

and Trademark Office during prosecution of the application that led to the '395 patent with an

intent to deceive the United States Patent and Trademark Office.


43.     Upon information and belief, one or more of the individuals (including, for

example, Mr. Donald Boys, the prosecution attorney) associated with the filing and prosecution

of the application which issued as the '395 patent knew of material prior art (including, for

example, U.S. Patent No. 5,594,791 (the '791 reference)) prior to the issuance of the '395 patent.

44.    Upon information and belief, one or more of the individuals associated with the filing and prosecution of the application which issued as the '395 patent was aware of the '791 reference by at least September 2000.  In September 2000, the '791 reference was cited in several co-pending applications related to the '395 patent application.  Not only does the '395 patent claim priority to the co-pending related applications, but the co-pending related applications disclose the same or similar technology to that claimed in the '395 patent.

45.    The '791 reference constitutes information material to the patentability of the '395 patent under 37 C.F.R. § 1.56(b), especially since the '791 reference was considered relevant enough to the technology disclosed and claimed in the co-pending related applications to merit citation to the United States Patent and Trademark Office.

46.    Upon information and belief, the '791 reference was not cited or otherwise brought to the attention of the United States Patent and Trademark Office during prosecution of the application which issued as the '395 patent.

47.    Upon information and belief, one or more of the individuals associated with the filing and prosecution of the applications which led to the '395 patent withheld the '791 reference with an intent to deceive the United States Patent and Trademark Office.

48.    Upon information and belief, one or more of the individuals (including, for example, Mr. Donald Boys, the prosecution attorney) associated with the filing and prosecution of the application which issued as the '395 patent knew of material prior art (including, for example, U.S. Patent No. 5,696,811 (the '811 reference)) prior to issuance of the '395 patent.

49.    Upon information and belief, one or more of the individuals associated with the filing and prosecution of the application which issued as the '395 patent was aware of the '811 reference by at least April 2000.  The '811 reference was cited in April 2000 in the commonly-owned Application Serial No. PCT/US00/00781 (now WO2000/49778), and later in May 2001 in the commonly-owned U.S. Application No 09/253,277 Application (issued U.S. Patent No. 6,381,640).  The '395 patent and co-pending related applications claim priority from a common parent application – Application Serial No. 09/151,429 (issued U.S. Patent No. 6,230,197).  The co-pending related applications also disclose the same or similar technology to that claimed in the '395 patent.

50.    The '811 reference constitutes information material to the patentability of the '395 patent under 37 C.F.R. § 1.56(b), especially since the '811 reference was considered relevant enough to the technology disclosed and claimed in the co-pending related application to merit citation by the International Search Authority at the United States Patent and Trademark Office, and the '811 reference was considered relevant enough to the technology disclosed and claimed in the co-pending related application to merit later citation to the United States Patent and Trademark Office.

51.    Upon information and belief, the '811 reference was not cited or otherwise brought to the attention of the United States Patent and Trademark Office during prosecution of the application which issued as the '395 patent.

52.    Upon information and belief, one or more of the individuals associated with the filing and prosecution of the applications which led to the '395 patent withheld the '811 reference with an intent to deceive the United States Patent and Trademark Office.

**Thirteenth Defense**
**INEQUITABLE CONDUCT WITH RESPECT TO THE '322 PATENT**

53.     Upon information and belief, the '332 patent is unenforceable for inequitable conduct because one or more of the individuals (including, for example, Mr. Donald Boys, the prosecution attorney) associated with the filing and prosecution of the application which led to the '332 patent knew of material information which was withheld from the United States Patent and Trademark Office during prosecution of the application that led to the '332 patent with an intent to deceive the United States Patent and Trademark Office.

54.     Upon information and belief, one or more of the individuals associated with the filing and prosecution of the application which issued as the '332 patent knew of material prior art (including, for example, U.S. Patent No. 5,684,870 (the '870 patent)) prior to issuance of the '332 patent.

55.     Upon information and belief, one or more of the individuals associated with the filing and prosecution of the application which issued as the '332 patent were aware of the '870 reference by at least June 1998.  In June 1998, the '870 reference was cited in commonly-owned U.S. Patent Application Serial No. 08/946,387 (issued U.S. Patent No. 5,946,387).  Not only does the '332 patent claim priority to the co-pending related application, but the co-pending related application discloses the same or similar technology to that claimed in the '332 patent.

56.     The '870 reference constitutes information material to the patentability of the '322 patent under 37 C.F.R. § 1.56(b), especially since the '870 reference was considered relevant enough to the technology disclosed and claimed in the co-pending related application to merit citation by the United States Patent and Trademark Office.

57.     Upon information and belief, the '870 reference was not cited or otherwise brought to the attention of the United States Patent and Trademark Office during prosecution of the application which issued as the '332 patent.

58.     Upon information and belief, one or more of the individuals associated with the filing and prosecution of the applications which led to the '332 patent withheld the '870 reference with an intent to deceive the United States Patent and Trademark Office.

## PRAYER FOR RELIEF

Wherefore, Microsoft prays for an Order and Judgment from this Honorable Court:

a.     dismissing with prejudice in their entirety Genesys Telecommunications Laboratories, Inc.'s Counterclaims in favor of Microsoft and denying Genesys Telecommunications Laboratories, Inc. damages, interest, costs, attorneys' fees, and any other legal and equitable relief requested by Genesys Telecommunications Laboratories, Inc.;

b.     adjudging this case "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses, costs; and

c.     granting such other and further equitable or legal relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Microsoft hereby demands trial by jury on all issues so triable.

Dated:  November 30, 2007

Respectfully submitted,
**MICROSOFT CORPORATION**

By its attorneys,

/s/ Thomas L. Halkowski
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com