IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL BUSINESS SYSTEMS and | ) | |
| GENESYS TELECOMMUNICATIONS | ) | |
| LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Cosmocom, Inc. will be served with the subpoena
attached to this notice (Exhibit A).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_(signature)_

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants*
  *Alcatel Business Systems and*
  *Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:

Steven C. Cherny
Clement J. Naples
Karen Y. Yu
LATHAM & WATKINS LLP
885 Third Avenue
Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

Date:   December 17, 2007

<u>CERTIFICATE OF SERVICE</u>

I, Maryellen Noreika, hereby certify that on December 17, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on December 17, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C..
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

Maryellen Noreika (#3208)

# EXHIBIT A

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE EASTERN ———————— DISTRICT OF ———————— NEW YORK

```
MICROSOFT CORPORATION,
           Plaintiff,
       v.
ALCATEL BUSINESS SYSTEMS and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,
           Defendants.
```

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-090

Action pending in the U.S.
District Court for the District
of Delaware under the above
case number and title.

TO:
```
COSMOCOM, INC.
121 BROAD HOLLOW RD
MELVILLE, NEW YORK, 11747
```

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Schedule A for Document Requests

| PLACE    Latham & Watkins LLP<br>885 Third Avenue; New York NY 10022-4834 | DATE AND TIME<br>1/8/2008 9:30 am |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Clement J. Naples  Attorney for Defendants* | 12/17/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Clement J. Naples; Latham & Watkins LLP
885 Third Avenue, Suite 1000; New York, NY 10022; 212.906.1331

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Cosmocom, Inc.<br>121 Broad Hollow Rd; Melville, New York, 11747 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | . TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### I.     INSTRUCTIONS AND DEFINITIONS

a.  As used herein, "document" or "documents" have the broadest meaning which can be ascribed to them pursuant to Fed. R. Civ. P. 34, including without limitation all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted.  Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, computer disks, electronic mail messages, books, papers, letters, telegrams, facsimile transmissions, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports' abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, Photostats, photographs, charts, graphs and other similar objects, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

a.  The phrases "referring or relating to," "refer or relate to," "discussing," "summarizing," or "mentioning," as used herein, shall mean all information and all facts and/or documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to and/or are otherwise connected with the subject matter about which a Document Request is being made.

b.  If, in responding to any Document Request, you encounter any ambiguity in construing either the request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding.

c.  As used herein, "and" and "or" are to be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

d.  As used herein, "any," "all," or "each" are to be construed as "any, all, and each" inclusively.

e.  As used herein, the use of the singular form of any word includes the plural and vice versa.

f.    All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled.  If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

g.    If any requested documents have been destroyed, state when they were destroyed, why they were destroyed, all persons who participated in or were involved in the decision to destroy, and supply an index of all such destroyed documents.

h.    If any document responsive to any Request was once within your possession, custody or control but no longer is, please state:
       a.  the identity of the last known custodian of the document;
       b.  the date or dates on which the document was lost, misplaced, transferred, destroyed or otherwise disposed of;
       c.  the identity of the person responsible for the loss, misplacement, transfer, destruction or other disposition of the document;
       d.  the reasons for and circumstances surrounding the loss, misplacement, transfer, destruction or other disposition of the document; and
       e.  any policy, directive, procedure, regulation or requirement pursuant to which the loss, misplacement, transfer, destruction or disposition of the document occurred or was carried out.

i.    When a document requested by any of these requests for production is withheld from production on any ground, such as that of the attorney-client privilege or the work product immunity doctrine, you will furnish Defendants with a list identifying each such document by:
       a.  date;
       b.  author, including position and title;
       c.  recipients, including position and title;
       d.  the general nature of the document (*e.g.*, a "letter" or an "opinion of counsel"); and
       e.  identifying the subject matter with sufficient detail to enable the document to be referred to in any subsequent motion to compel production;

and further, the listing shall state the basis asserted for withholding the document in sufficient detail so as to enable the claim of privilege or immunity or other claim to be adjudicated.

## II.    DOCUMENT REQUESTS

## REQUEST NO. 1.:

Documents sufficient to show the operation of any CosmoCom, Inc. ("CosmoCom") products with Microsoft's Customer Care Framework.

**REQUEST NO. 2.:**

All documents referring or relating to any CosmoCom product that integrates or can be used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

**REQUEST NO. 3.:**

Documents sufficient to show any testing, inspection, demonstration, marketing, or sale of any CosmoCom products with Microsoft's Customer Care Framework.

**REQUEST NO. 4.:**

All documents referring or relating to any testing, inspection, demonstration, marketing, or sale of CosmoCom products that integrate or can be used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

**REQUEST NO. 5.:**

All documents referring or relating to CosmoCom's UniFrame product, including documents relating to the testing, inspection, demonstration, marketing, or sale of that product, including information related to Ex A.

**REQUEST NO. 6.:**

Documents sufficient to show CosmoCom's selection as Microsoft's launch partner.

**REQUEST NO. 7.:**

All documents referring or relating to CosmoCom's selection as Microsoft's launch partner, including but not limited to, the integration of CosmoCom's CosmoCall Universe with Microsoft's Customer Care Framework 2008.

**REQUEST NO. 8.:**

Documents sufficient to show the total amount of sales of all CosmoCom products with Microsoft's Customer Care Framework.

**REQUEST NO. 9.:**

Documents sufficient to show the total amount of sales of all CosmoCom products that were integrated and/or used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

**REQUEST NO. 10.:**

All documents referring or relating to the use by any third-party of any CosmoCom product with Microsoft's Customer Care Framework.

**REQUEST NO. 11.:**

All documents referring or relating to any litigation between Microsoft and Alcatel-Lucent or Genesys.

**REQUEST NO. 12.:**

All documents referring or relating to any patent licenses and/or discussions related to the licensing of patents between Microsoft and CosmoCom related to call routing.

# Exhibit A



# Microsoft + CosmoCom = UniFrame

## MICROSOFT. CUSTOMER CARE FRAMEWORK AND COSMOCALL UNIVERSE



## Best-of-Breed Collaboration to Make the Most of Customer Interactions

**Features**

CosmoCall Universe (CCU) offers a complete and robust set of features and functions that can address most customer contact requirements or contingencies such as:

- Incoming telephone calls with interactive voice response (IVR) and live agents
- Outgoing telephone calls with preview and predictive dialing
- Computer calls from the Web with keyboard chat, joint browsing, voice, video, and collaboration
- E-mail messages
- Voice and fax messages
- Universal queues and routing rules for all media
- Unlimited queues and agent groups
- Skills-based routing
- Intelligent priority handling
- Web-based, location-independent agents
- Web-based administration and supervision
- Open database connectivity
- Real-time and historical reporting
- Graphical application development tools
- Interaction history for all media
- Recording and quality monitoring for all media

Best-of-breed systems are the ideal solutions because they mean few compromises or limitations in the features and functions that you need now, and those you may need in the future. But putting together a best-of-breed solution also means taking on the responsibility of making sure that different vendors' components will work together the way you want them to. And because contact center operations are both extremely complex and mission critical, getting everything right and working optimally is resource consuming and costly.

So when Microsoft and CosmoCom, a preeminent developer of Internet Protocol (IP)–based contact center communication technology, team up to leverage the outstanding features and performance of their mutual contact center offerings, you get exceptional value: a best-of-breed solution from CosmoCom that is both cost-effective and easy to implement.

The Microsoft Customer Care Framework (CCF) provides one of the most flexible development frameworks for creating, extending, and scaling customer service delivery and support capabilities through traditional contact center facilities as well as alternative self-service channels. CCF is based on a Service-Oriented Architecture (SOA) and combines state-of-the-art information integration and presentation tools with prescriptive implementation methodologies.

CCF was designed to facilitate the following functional objectives:

- Significantly reduce the time for an agent to execute a customer's service or support requests
- Improve agents' abilities to be effective and provide a satisfying customer experience
- Allow continuous reconfiguration to accommodate the ongoing introduction of new products and service plans without disrupting operations and increasing developmental overhead
- Be easily deployable and maintainable with a low total cost of ownership (TCO)
- Scale transparently and cost-effectively

CosmoCom CCU is a Telco-grade contact center communication platform that is entirely IP-based. It is a comprehensive and fully unified set of contact center communication modules for ACD, CTI, IVR, recording, and reporting functions. Designed for flexible deployment and scalability, CCU can address most contact center requirements and contingencies across all media and channels. CCU exploits the unification of voice and data over IP to create a network-based "virtual call center" supporting multiple physical call center facilities or none at all. Call center agents can be located anywhere in the world and working at any time. All they need is a standard off-the-shelf multimedia PC and a connection to the Internet.

**Microsoft**

CCF combines an innovative desktop client interface for integrating applications and information with the extensive use of XML and Web services and the support of Microsoft server foundational technology. CCF blends Object-Oriented and SOA methods to create a technology infrastructure that is optimized for continuous change and growth and is designed to help ensure that any customer service application can be quickly and cost-effectively created and deployed. CCF provides significant development and integration efficiencies as a result of its highly effective architectural design, advanced methodologies, and the prebuilt and configured components that it incorporates.

UniFrame facilitates inbound call screen pops for agents that are essentially the same for telephone calls, live Internet sessions, and e-mail messages. Interaction history of all channels is created automatically and stored either in the line-of-business (LOB) CRMs or in CosmoCom Universe's own interaction history module, CosmoTracker. Outbound calls using any channel can be

launched with a single click on the contact's phone number, e-mail address, or Session Initiation Protocol (SIP) address. Again, interaction history is created automatically, saving vital agent time and keystrokes, and more important, ensuring that the history is complete so that the next contact with the same customer will be fully and accurately informed by that customer's history. UniFrame utilizes the same technology for self-service and for agent-provided customer service across all channels. Escalation from self-service to agent-provided service is smooth and contextual for the customer and for the agent. Because the same information infrastructure is used, self-provided and agent-provided information will always be consistent.

UniFrame combines the agile integration and presentation capabilities of CCF with the highly versatile and cost-effective IP communication infrastructure of CosmoCall Universe. By integrating these two components to create UniFrame, CosmoCom and Microsoft are delivering the ultimate contact

center system value. And by optimizing the two products' integration points and simplifying configuration settings using wizards and/or automated configuration scripts implementers get an "out-of-the-box" solution that requires a minimum amount of setup and configuration effort.

CosmoCom's innovative use of IP technology and on-demand service provisioning coupled with CCF results in a contact center platform that has one of the highest performance-to-cost ratios of any system. For developers and operators of contact center applications, CCF and CosmoCom technologies provide exceptional value in terms of functionality, performance metrics, and economic return on investment.

For more information about CosmoCom CCU, please visit **www.cosmocom.com.**

For more information about the Microsoft Customer Care Framework, please visit **www.microsoft.com/ccf.**

## UniFrame Unifies the Contact Center



© 2005 Microsoft Corporation. All rights reserved.
This document is for informational purposes only. MICROSOFT MAKES NO WARRANTIES, EXPRESS OR IMPLIED, IN THIS SUMMARY.
Microsoft is a registered trademark of Microsoft Corporation in the United States and/or other countries. The names of actual companies
and products mentioned herein may be the trademarks of their respective owners.
Rev. 1.0

*Microsoft*