IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-090-SLR |
| | ) |
| ALCATEL BUSINESS SYSTEMS and | ) |
| GENESYS TELECOMMUNICATIONS | ) |
| LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 18th day of December, 2007, having reviewed defendants' motion to disqualify Fish & Richardson P.C. ("F&R") and the papers submitted in connection therewith, as well as having conducted an evidentiary hearing related to said motion and having reviewed certain papers in camera;

IT IS ORDERED that said motion (D.I. 30) is granted in part and denied in part, for the reasons that follow:

1. **Underlying facts.** The above captioned patent case was filed in this court in February 2007. In June 2007, plaintiff's counsel F&R purchased, on the open market, an Alcatel Unified Communications System comprising certain features that are accused of infringing the patents in suit, including the OmniPCS Enterprise ("OXE") and the OmniTouch Unified Communications software suite ("OTUC") (collectively, the "Alcatel System"). F&R arranged for the installation of said accused system in its

Washington D.C. office. One of the technicians working on the installation, Po Ching Lin, identified himself as an employee of Alcatel-Lucent, one of the originally named defendants in this case.[1] Mr. Lin was directed to and, in fact, did provide training on the administration, use and configuration of the Alcatel System[2] to two F&R lawyers; indeed, these lawyers engaged Mr. Lin in ongoing conversations where they questioned him about the administration, use and configuration of the Alcatel System.[3]

2. **Standard of review.** The court has the inherent authority "to supervise the professional conduct of attorneys appearing before it," including the power to disqualify attorneys. United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). Pursuant to D. Del. LR 83.6(d), attorneys appearing before the court have an obligation to adhere to the Model Rules of Professional Conduct of the American Bar Association ("the Model Rules"). Defendants contend that the above described conduct by F&R violates several of the Model Rules. For purposes of this proceeding, the court will analyze just one of the Model Rules implicated by F&R's conduct,[4] Rule 4.2, which provides in relevant part that,

---

[1] According to the docket, Alcatel-Lucent was terminated as a party defendant on May 30, 2007; the installation occurred over several days, commencing on June 26, 2007.

[2] Mr. Lin is currently an engineer in the Professional Services Group at Alcatel USA, a subsidiary of Alcatel-Lucent, and is one of a limited number of Alcatel engineers with the experience and training sufficient to install the Alcatel System.

[3] The court reviewed, in camera, the notes of these two lawyers.

[4] Defendants assert that the conduct also violated, inter alia, Model Rules 4.1 and 8.4(c), which rules deal with deceptive and dishonest conduct, as well as Rule 4.3, which prohibits lawyers from misleading persons who are not represented by counsel.

2

> [i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Model Rules of Prof'l Conduct R. 4.2 (2002). In the case of a corporation such as Alcatel, an employee is "represented" if, for example, his or her statement may bind the organization regarding the subject of the litigation, or where the employee is capable of making an admission on behalf of the corporation. See Model Rules of Prof'l Conduct R. 4.2 cmt. 7 (2002); ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 95-396 (1995).

3. **Analysis.** Given Mr. Lin's position and level of responsibility with respect to the Alcatel System, and because he was directed (as an employee of a represented party) to engage in conduct directly relevant to the subject matter of this litigation by F&R,[5] the court finds that F&R violated Model Rule 4.2.

4. The question remains as to what sanctions, if any, should be imposed. The court finds that no confidential information was disclosed to F&R as a result of its conduct;[6] indeed, the only resulting prejudice the court can discern from the record is

---

[5] In the alternative, F&R was neither forthright nor disinterested when it consciously put Mr. Lin, without the benefit of legal representation, in the unwitting position of being directed to engage in conduct that has direct consequences vis a vis his employer and the subject matter of this litigation, conduct that violates Model Rules 4.1(a), 4.3 and 8.4(c).

[6] There is no evidence of record that F&R gleaned anything more from the installation and training process than any other customer of defendants. Defendants argue that, because F&R was not a "real" customer, any information disclosed to F&R should be deemed confidential. The court rejects defendants' reasoning, as it tends to imply that information about the actual administration, use and configuration of the accused products would normally not be disclosed through customary litigation

3

that F&R managed to get objective information about the accused products, without the glaze of litigation stratagems that usually accompanies the discovery process. Nevertheless, the violation of the Model Rules must be recognized and deterrence enforced through the imposition of a sanction. Therefore, the court concludes that, as a sanction for its conduct, F&R must pay the costs of this motion practice. Further, plaintiff may not use the fruits of F&R's conduct, that is, plaintiff's expert, Mr. Chang, may not serve as a consultant or expert witness in this litigation, nor may the two F&R lawyers who oversaw the installation be involved in the litigation, nor may the information be given to any other witness for use in this litigation.

                                                        */s/ Sue L. Robinson*
                                          United States District Judge

---

procedures.