IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MICROSOFT CORP.,<br>         Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT ENTERPRISE<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>         Defendants. | C.A. No. 07-090-SLR |

**MICROSOFT'S FIRST NOTICE OF**
**DEPOSITION PURSUANT TO RULE 30(b)(6) TO GENESYS**

To:   Genesys Telecommunications Laboratories, Inc.
      c/o MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      Jack B. Blumenfeld
      Maryellen Noreika
      1201 N. Market Street
      P.O. Box 1347
      Wilmington, DE 19899

      Genesys Telecommunications Laboratories, Inc.
      c/o LATHAM & WATKINS LLP
      Steven C. Cherny
      885 Third Avenue, Suite 1000
      New York, NY 10022-4834

      Genesys Telecommunications Laboratories, Inc.
      c/o LATHAM & WATKINS LLP
      David A. Nelson
      233 South Wacker Drive, Suite 5800
      Chicago, IL 60606

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Microsoft Corporation ("Microsoft") will take the deposition upon oral examination of Genesys Telecommunications Laboratories, Inc. ("Genesys"), by or through one or more of Genesys' officers, directors, managing agents or other persons who consent to testify on Genesys' behalf concerning the areas of testimony specified in Attachment A, commencing on January 8, 2008, beginning at 9:00 a.m. The deposition will take place at the offices of Fish & Richardson P.C., 1425 K Street NW, 11th Floor, Washington, DC, 20005, and will continue from day to day until completed, or at such other time and place as may be mutually agreed upon by counsel for the parties. Prior to the deposition, Genesys is requested to designate in writing to Microsoft the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Attachment A, and for each written designation, Genesys is requested to specify in writing the matter(s) to which that person will testify.

The depositions will be taken before a court reporter or other person authorized to administer oaths, and will be conducted in accordance with the Federal Rules of Civil Procedure. This deposition is for the purpose of discovery and evidentiary use at the trial or any hearing for this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure, and may be recorded by stenographic and video means. You are invited to attend and exercise your rights under the Rules.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 21, 2007 | **MICROSOFT CORPORATION** |
|  | By its attorneys, |

/s/ Thomas L. Halkowski
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
E-Mail: gartman@fr.com

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
FISH & RICHARDSON P.C.
1425 K Street N.W., Suite 1100
Washington D.C. 20005
Tel:  (202) 783-5070
Fax: (202) 783-2331
E-Mail: kordziel@fr.com
E-Mail: mukerji@fr.com
E-Mail: bagrowski@fr.com

# ATTACHMENT A

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "Genesys" refers to (1) Defendant/Counterclaimant Genesys Telecommunications Laboratories, Inc. and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Genesys' behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

2. "Microsoft" refers to Plaintiff/Counterclaim Defendant Microsoft Corporation.

3. "The '395 patent" means U.S. Patent No. 6,167,395.

4. "The '332 patent" means U.S. Patent No. 5,953,332.

5. "The Counterclaim Patents" means the '395 patent and the '332 patent, individually and collectively.

6. "The '289 patent" means U.S. Patent No. 6,430,289.

7. "The '439 patent" means U.S. Patent No. 6,421,439.

8. The "Microsoft Patents" means the '289 Patent and '439 Patent, individually and collectively.

9. "Accused Genesys Products" means each product or technology made, used, sold, offered for sale, and/or sold by Genesys, or otherwise supported by Genesys, that allows a call or contact center to route telephone calls based at least in part on information from the center's computer network, including but not limited to Genesys

Inbound Voice.

10. "Accused Microsoft Products" shall mean and refer to all technology created by, licensed by, or otherwise originating from Microsoft that Genesys accuses of directly or indirectly infringing any claim of the '395 or '332 patents, or of being used by any customer of Microsoft in constructing or operating an allegedly infringing system, including without limitation, Microsoft's Customer Care Framework.

11. "Relating to," " related to," or "relate to" means and includes concerning, reflecting, referring to, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

12. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate

document.

13. The term "communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

14. "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

15. "Identify," " identity," or "identification" means:

   a. **when used with reference to a natural person**, to state the person's full name, address and telephone number and state the person's present or last known position and employer.

   b. **when used with reference to any entity** (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

   c. **when used with reference to any document**, to summarize the substance of the document and state the document' s title, date, form (e.g., letter, memorandum, email, etc.), document production number range, author(s), recipient(s), and name of its present custodian.

      d. **when used with reference to any communication**, to (1) summarize the substance of the communication; (2) state the date and place of the communication; (3) identify each person who was present at, involved in, connected with or who participated in the communication; (4) state the form of communication (e.g., telephone call, meeting, letter, etc.); and (5) identify each document memorializing or referring to the communication.

16.   "Any" and "all" shall be construed to mean both any and all whichever makes the request most inclusive.

17.   As used herein, the terms "and" and "or" shall be construed as either disjunctively or conjunctively so as to acquire the broadest possible meaning.

18.   The singular form of a word should be interpreted in the plural as well, and vice versa.

**TOPICS FOR EXAMINATION**

1. Genesys's search, collection, and production of documents and things in the present lawsuit.
2. Genesys's corporate structure, including the identity of each person at a managerial level involved in the manufacture, sale, offer for sale, and marketing of the Accused Genesys Products.
3. The identity, designation, and/or name of each Genesys product or technology that allows a call or contact center to route telephone calls based at least in part on information from the center's computer network.
4. The relationship between Genesys and Alcatel-Lucent Enterprise, or any entity affiliated with Alcatel-Lucent Enterprise, including without limitation, the relationship between Genesys and Alcatel-Lucent Enterprise respecting the Accused Genesys Products.
5. Any collaboration or communications regarding the research, design, development, or manufacture of the Accused Genesys Products with Alcatel-Lucent Enterprise, or any entity affiliated with Alcatel-Lucent Enterprise.
6. Any collaboration or communications regarding the marketing, sale, importation, or distribution of the Accused Genesys Products with Alcatel-Lucent Enterprise, or any entity affiliated with Alcatel-Lucent Enterprise.
7. The identity of each person substantively involved in the preparation, prosecution, and/or issuance of the Counterclaim Patents.
8. Any relationship (whether or not current) between Genesys and Microsoft respecting any of the technology described in the Counterclaim Patents and/or the Microsoft Patents.
9. The timing and circumstances regarding when Genesys first learned of the Microsoft Patents, and all actions taken respecting the Accused Genesys Products after such knowledge.
10. The timing and circumstances regarding when Genesys first learned of the Accused Microsoft Product.
11. Genesys's first knowledge of the alleged infringement by Microsoft of the Counterclaim Patents.
12. All searches, investigations, analyses, reviews, opinions, studies, and communications relating to the scope, novelty, non-obviousness, patentability, validity, enforceability or infringement of any claim of any of the Microsoft Patents, and all documents that refer or relate thereto.
13. The marking of any product or technology with the Counterclaim Patents.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I electronically filed with the Clerk of Court the attached **MICROSOFT'S FIRST NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) TO GENESYS**, using CM/ECF which will send notification of such filing to the following individuals:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com

I also certify that copies were caused to be served on December 21, 2007 upon the following individuals via electronic mail:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com
>
> Steven C. Cherny
> Karen Y. Tu
> Clement J. Naples
> LATHAM & WATKINS LLP
> 885 Third Avenue, Suite 1000
> New York, NY 10022
> steven.cherny@lw.com
> karen.tu@lw.com
> clement.naples@lw.com
>
> David A. Nelson
> LATHAM & WATKINS LLP
> Sears Tower, Suite 5800
> Chicago, IL 60606
> david.nelson@lw.com

> */s/ Thomas L. Halkowski*
> Thomas L. Halkowski
> halkowski@fr.com