**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORP.,<br>    Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT ENTERPRISE<br>and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>    Defendants. | C.A. No. 07-090-SLR |

**MICROSOFT'S FIRST NOTICE OF DEPOSITION PURSUANT TO
RULE 30(B)(6) TO ALCATEL-LUCENT ENTERPRISE**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Microsoft Corporation ("Microsoft") will take the deposition upon oral examination of Alcatel-Lucent Enterprise ("Alcatel"), by or through one or more of Alcatel's officers, directors, managing agents or other persons who consent to testify on Alcatel's behalf concerning the areas of testimony specified in Schedule A, commencing on January 12, 2008, beginning at 9:00 AM.  The deposition will take place at the offices of Fish & Richardson P.C., 1425 K Street NW, 11th Floor, Washington, DC, 20005, and will continue from day to day until completed, or at such other time and place as may be mutually agreed upon by counsel for the parties.  Prior to the deposition, Alcatel is requested to designate in writing to Microsoft the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Attachment A, and for each written designation, Alcatel is requested to specify in writing the matter(s) to which that person will testify.

The depositions will be taken before a court reporter or other person authorized to administer oaths, and will be conducted in accordance with the Federal Rules of Civil Procedure.

2

This deposition is for the purpose of discovery and evidentiary use at the trial or any hearing for this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure, and may be recorded by stenographic and video means. You are invited to attend and exercise your rights under the Rules.

Dated: December 27, 2007

Respectfully submitted,

MICROSOFT CORPORATION

By its attorneys,

 /s/ Thomas L. Halkowski
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099
E-Mail: gartman@fr.com

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
FISH & RICHARDSON P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331
E-Mail: cordell@fr.com
E-Mail: kordziel@fr.com
E-Mail: mukerji@fr.com
E-Mail: bagrowski@fr.com

80053429.doc

## SCHEDULE A

## <u>DEFINITIONS</u>

  A. "Alcatel" refers to (1) Alcatel-Lucent Enterprise and any parent, subsidiaries, and divisions, (2) any successors and predecessors thereto, including Alcatel Business Systems, and (3) any and all persons or entities acting or purporting to act on Alcatel's behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

  B. "Genesys" refers to (1) Genesys Telecommunications Laboratories, Inc. and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Genesys' behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

  C. "Microsoft" refers to Microsoft Corporation.

  D. "The '289 patent" means U.S. Patent No. 6,430,289 (filed Apr. 13, 1999).

  E. "The '439 patent" means U.S. Patent No. 6,421,439 (filed Mar. 24, 1999).

  F. "The '357 patent" means U.S. Patent No. 6,728,357 (filed July 17, 2001).

  G. "The '064 patent" means U.S. Patent No. 6,263,064 (filed Jan. 29, 1999).

  H. The "Microsoft Patents" means the '289, '439, '357, and '064 patents, individually and collectively.

  I. "Accused Alcatel Products" means each product or technology made, used, sold, offered for sale, and/or sold by Alcatel, or otherwise supported by Alcatel, that includes Alcatel's unified communication systems, products used with such systems, and components thereof, including but not limited to all models and versions of the OmniPCX Enterprise, OmniPCX Office, OmniTouch Unified Communication (including but not limited to My Assistant, My

Phone, and My Messaging), My Instant Communicator software and/or application suite, Contact Centers software and/or application suite, PIMphony software, and all components thereof.

      J.     "Accused Genesys Products" means Genesys's "Inbound Voice" product, which is believed to be a component of Genesys Suite 7.

      K.     "Relating to," "related to," or "relate to" means and includes concerning, reflecting, referring to, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

      L.     "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

      M.     The term "communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s)

seeing or hearing any information by any means and any document memorializing or referring to the contact.

N.  "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

O.  "Identify," "identity," or "identification" means:

(1)  **when used with reference to a natural person**, to state the person's full name, address and telephone number and state the person's present or last known position and employer.

(2)  **when used with reference to any entity** (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

(3)  **when used with reference to any document**, to summarize the substance of the document and state the document's title, date, form (e.g., letter, memorandum, email, etc.), document production number range, author(s), recipient(s), and name of its present custodian.

(4)  **when used with reference to any communication**, to (a) summarize the substance of the communication; (b) state the date and place of the communication; (c) identify each person who was present at, involved in, connected with or who participated in the communication; (d) state the form of communication (e.g., telephone call, meeting,

letter, etc.); and (e) identify each document memorializing or referring to the communication.

P. "Any" and "all" shall be construed to mean both any and all whichever makes the request most inclusive.

Q. As used herein, the terms "and" and "or" shall be construed as either disjunctively or conjunctively so as to acquire the broadest possible meaning.

R. The singular form of a word should be interpreted in the plural as well, and vice versa.

**TOPICS FOR EXAMINATION**

1. Your knowledge and understanding of the Microsoft Patents.

2. Any investigation Alcatel has performed to determine whether the Accused Alcatel products infringe the Microsoft Patents, including opinions of counsel.

3. Alcatel's interrogatory responses, including all supplemental responses.

4. Alcatel's efforts to identify, collect, and produce relevant documents for this litigation.

5. The first commercial release and first offer for sale of each version of each of the Accused Alcatel Products, including the dates upon which such events occurred and the persons most knowledgeable about each such event.

6. Marketing, promotion, and advertising of each Accused Alcatel Product, including but not limited to identification of the persons at Alcatel most knowledgeable about the marketing, promotion, and advertising of each Accused Alcatel Product.

7. The market and customers for each Accused Alcatel Product.

8. The identity of all products that Alcatel believes compete in the marketplace with the Accused Alcatel Products, including knowledge of any market analysis of the competition in the United States market for the Accused Alcatel Products, including an identification of documents constituting or relating to such market analysis.

9. Sales and distribution of each Accused Alcatel Product, including but not limited to identification of the persons at Alcatel most knowledgeable about the sales and distribution of each Accused Alcatel Product.

10. The sales volumes (in dollars and units), revenues (direct or indirect), costs, profits, and margins for each Accused Alcatel Product.

11. Past and future projections, forecasts, and estimates concerning sales of the Accused Alcatel Products, including an identification of documents constituting or relating to such projections, forecasts, and estimates.

12. Any license agreements that involve patents that Alcatel contends are comparable to the Microsoft Patents.

13. The operation of the Accused Alcatel Products in call handling, including call filtering, call routing, and call processing functions, and the extent to which, if any, the Accused Products interact with outside applications to perform these functions.

14. The operation of the Accused Alcatel Products in handling Voice-over-IP ("VoIP") calls, including support of various VoIP-related standards (e.g., UDP, TCP, H.323, Real-Time Protocol (RTP), Session Initiation Protocol (SIP)).

15. The topology of communications networks on which the Accused Alcatel Products have been tested, designed, specified, or sold to operate, including the architectures of such networks (e.g., the architectures of networks operating OmniPCX Office and/or OmniPCX Enterprise), the locations of databases, the structure of and information stored in databases, and media servers.

16. The extent and nature of the Accused Alcatel Products' interaction and/or interfacing with devices resident on a communications network, such as servers or software applications, with which the Accused Alcatel Products have been designed, specified or sold to operate.

17. The structure of each hardware and/or software component of an Accused Alcatel Product.

18. The architecture and functionalities of the MyAssistant, MyMessaging, MyPhone, MySoftphone, My Instant Communicator, and MyTeamwork software applications, and any interactivity between these applications.

19. The operation and functionality of the PIMphony software.

20. The ability of any Accused Alcatel Product to support "nomadic" call routing and/or processing, and the nature and operation of such support.

21. The ability of any Accused Alcatel Product to support "presence-based" call routing and/or processing, and the nature and operation of such support.

22. The operation, functionality, structure, and architecture of any Accused Alcatel Product with call center functionalities, e.g., Alcatel's "Contact Centers" products.

23. The operation, functionality, structure, and architecture of the Accused Genesys Products.

24. The operation, functionality, structure, and architecture of any systems, products, software, or other items sold, offered for sale, or provided to the University of Pittsburgh Medical Center.

25. Each interaction or communication between Alcatel and Alcatel U.S.A., Inc., including sales, offers for sale, or other provision to Alcatel U.S.A., Inc. of any Accused Alcatel Product.

26. The identity and purchasing records of any customers to whom Alcatel has sold, offered for sale, or other provision of any Accused Alcatel Product.

27. The roles, duties, and responsibilities of Alcatel Professional Services, the Alcatel sales engineers, and the Alcatel support staff.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2007, I electronically filed with the Clerk of Court the attached **MICROSOFT'S FIRST NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) TO ALCATEL-LUCENT ENTERPRISE**, using CM/ECF which will send notification of such filing to the following individuals:

>Jack B. Blumenfeld
>Maryellen Noreika
>MORRIS, NICHOLS, ARSHT & TUNNEL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>jblumenfeld@mnat.com
>mnoreika@mnat.com

I also certify that copies were caused to be served on December 27, 2007 upon the following individuals via electronic mail:

>Jack B. Blumenfeld
>Maryellen Noreika
>MORRIS, NICHOLS, ARSHT & TUNNEL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>jblumenfeld@mnat.com
>mnoreika@mnat.com
>
>Steven C. Cherny
>Karen Y. Tu
>Clement J. Naples
>LATHAM & WATKINS LLP
>885 Third Avenue, Suite 1000
>New York, NY 10022
>steven.cherny@lw.com
>karen.tu@lw.com
>clement.naples@lw.com
>
>David A. Nelson
>LATHAM & WATKINS LLP
>Sears Tower, Suite 5800
>Chicago, IL 60606
>david.nelson@lw.com

>*/s/ Thomas L. Halkowski*
>Thomas L. Halkowski
>halkowski@fr.com