IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-090 (SLR) |
| | ) |
| ALCATEL BUSINESS SYSTEMS and | ) |
| GENESYS TELECOMMUNICATIONS | ) |
| LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Cosmocom, Inc. is being served with the subpoena attached to this notice (Exhibit A).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants*
 *Alcatel Business Systems and*
 *Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:

Steven C. Cherny
Clement J. Naples
Karen Y. Yu
LATHAM & WATKINS LLP
885 Third Avenue
Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

January 10, 2008

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on January 10, 2008 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

    Thomas L. Halkowski, Esquire
    FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on January 10, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C..
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Brian R. Nester, Esquire
Jeffrey R. Whieldon, Esquire
Rama G. Elluru, Esquire
William E. Sekyi, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

                                             /s/ Maryellen Noreika
                                        Maryellen Noreika (#3208)

# EXHIBIT A

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE SOUTHERN        DISTRICT OF        NEW YORK

MICROSOFT CORPORATION,
    Plaintiff,
    V.
ALCATEL LUCENT ENTERPRISE and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,
    Defendants.

TO: COSMOCOM, INC.
121 BROAD HOLLOW RD
MELVILLE, NEW YORK, 11747

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-090(SLR)

Action pending in the U.S. District Court for the District of Delaware under the above case number and title.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Schedule A for a list of deposition topics

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Latham & Watkins LLP; 885 Third Avenue; New York NY 10022-4834. Deposition to be recorded by stenographic, audio, audiovisual, and/or videographic means. | 1/24/2008 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Clement J. Naples Attorney for Defendants | 1/10/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Clement J. Naples; Latham & Watkins LLP
885 Third Avenue, Suite 1000; New York, NY 10022; 212.906.1331

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  | Cosmocom, Inc.<br>121 Broad Hollow Rd; Melville, New York, 11747 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

a. Microsoft refers to (1) Microsoft Corporation and any parent, subsidiaries and divisions, (2) any predecessors and successors thereto, and (3) any and all persons or entities purporting to act or acting on Microsoft's behalf, including but not limited to all past and present agents, officers, employees, consultants, directors, affiliates, partners, associates, attorneys or representatives thereof.

b. CosmoCom refers to (1) CosmoCom, Inc. and any parent, subsidiaries and divisions, (2) any predecessors and successors thereto, and (3) any and all persons or entities purporting to act or acting on CosmoCom's behalf, including but not limited to all past and present attorneys, employees, consultants, directors, agents, officers, partners, affiliates, associates, or representatives thereof.

c. "Product" means a manufacture, machine, device, apparatus, instrument, mechanism, appliance, collection of components/parts (either individually or together), method or process which are designed to function together electrically, mechanically, or otherwise, to achieve a particular purpose or function.

d. If, in responding to any Deposition Topic, you encounter any ambiguity in construing either the topic or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding.

e. As used herein, "and" and "or" are to be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

f. As used herein, "any," "all," or "each" are to be construed as "any, all, and each" inclusively.

g. As used herein, the use of the singular form of any word includes the plural and vice versa.

## TOPICS

### TOPIC NO. 1.:

The operation and development of any CosmoCom products that integrate or can be used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

### TOPIC NO. 2.:

The testing, inspection, demonstration, marketing, and sale of any CosmoCom products that integrate or can be used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

**TOPIC NO. 3.:**

The development, testing, inspection, demonstration, marketing, and sale of CosmoCom's UniFrame Product.

**TOPIC NO. 4.:**

CosmoCom's selection as Microsoft's launch partner for Microsoft's Customer Care Framework product.

**TOPIC NO. 5.:**

The integration of CosmoCom's CosmoCall Universe with Microsoft's Customer Care Framework product.

**TOPIC NO. 6.:**

The total amount of sales of all CosmoCom products that were integrated and/or used in conjunction with Microsoft's Customer Care Framework, including but not limited to, CosmoCom's CosmoCall Universe.

**TOPIC NO. 7.:**

Any customer or other third-party use, deployment, or implementation of any CosmoCom product in conjunction with Microsoft's Customer Care Framework.

**TOPIC NO. 8.:**

Users, potential users, customers, distributors and licensees of any CosmoCom product which is used, deployed, or implemented in conjunction with Microsoft's Customer Care Framework.

**TOPIC NO. 9.:**

CosmoCom's awareness of any litigation between Microsoft and Alcatel-Lucent Enterprise or Genesys Telecommunications Laboratories, Inc. ("Genesys"), including but not limited to any communications between CosmoCom and any other party involved in the litigation.

**TOPIC NO. 10.:**

Any patent licenses or negotiations for patent licenses between Microsoft and CosmoCom related to call routing.

**TOPIC NO. 11.:**

CosmoCom's participation in Microsoft's Technology Adoption Program, including but not limited to the role of CosmoCall Universe and CosmoCom's UniFrame Product in the Technology Adoption Program, the timing of CosmoCom's entry into the Technology Adoption Program, and the relation of these matters to Genesys' involvement in or departure from Microsoft's Technology Adoption Program.

**TOPIC NO. 12.:**

Communications between CosmoCom and Microsoft or Microsoft representatives related to Genesys' participation in or departure from the Microsoft Technology Adoption Program.