IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>ALCATEL-LUCENT ENTERPRISE and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br><br>       Defendants. | C.A. No. 07-090-SLR |

**NOTICE OF SUBPOENA**

    **TO:**   COUNSEL OF RECORD

    **PLEASE TAKE NOTICE** that plaintiff Microsoft Corporation will serve the attached

subpoena on **Michael Forrester**, at Alcatel USA Marketing, Inc., 3400 W. Plano Parkway,

Plano, TX 7507.

    **PLEASE TAKE FURTHER NOTICE** that plaintiff, by its counsel, will take the

deposition of **Mark Forrester** on **February 1, 2008, at 9:00 a.m.**, at The Regis Group, 101 E.

Park Boulevard, Suite 600, Plano, TX 74074. The deposition will continue from day to day, if

necessary, until completed, and will be taken before a Certified Shorthand Reporter or other

officer authorized to administer oaths and take depositions. All deposition testimony will be

recorded by stenographic, audio, and/or audiovisual means. You are invited to attend and

examine the witness.

Dated: January 18, 2008

Respectfully submitted,
MICROSOFT CORPORATION

By its attorneys,

 /s/ Thomas L. Halkowski
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099
E-Mail: gartman@fr.com

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
FISH & RICHARDSON P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331
E-Mail: cordell@fr.com
E-Mail: kordziel@fr.com
E-Mail: mukerji@fr.com
E-Mail: bagrowski@fr.com

80054576.doc

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Texas |

MICROSOFT CORP.,

v.

ALCATEL-LUCENT ENTERPRISE

and

GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 1:07-cv-000090-SLR
(case pending in D. Del.)

TO:    Mark Forrester, Alcatel USA Marketing, Inc., 3400 W. Plano Pkwy., Plano, TX 75075

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.  This deposition may be taken via court reporter and videographer

| PLACE OF DEPOSITION<br>The Regis Group, 101 E. Park Boulevard, Suite 600, Plano, TX 74074 | DATE AND TIME<br>9:00 AM<br>February 1, 2008 |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
See Schedule A

| PLACE<br>The Regis Group, 101 E. Park Boulevard, Suite 600, Plano, TX 74074 | DATE AND TIME<br>9:00 AM<br>February 7, 2008 |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for MICROSOFT CORPORATION | January 17, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Courtney, Fish & Richardson P.C., 1425 K St. NW,
Suite 1100, Washington, DC 20005, 202-783-5070

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on the next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____          _____
                              DATE                                                          SIGNATURE OF SERVER

                                                                                             _____
                                                                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a

subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

### SCHEDULE A

### Subpoena in a Civil Case to
### Mark Forrester

### DEFINITIONS

A.     "Mark Forrester," "You," and "Your" refers to the individual named Mark Forrester.

B.     "Alcatel USA Marketing" refers to (1) Alcatel USA Marketing, Inc., and any parent,

subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all

persons or entities acting or purporting to act on Alcatel USA Marketing's behalf, including but

not limited to all past and present employees, officers, directors, agents, consultants, partners,

affiliates, associates, attorneys or representatives thereof.

C.     "Defendants" refers to (1) defendant Alcatel Lucent Enterprise (previously known as

Alcatel Business Systems) and/or Genesys Telecommunications Laboratories, Inc. ("Genesys"),

and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3)

any and all persons or entities acting or purporting to act on Alcatel Lucent Enterprise

(previously known as Alcatel Business Systems) and/or Genesys Telecommunications

Laboratories, Inc.'s behalf, including but not limited to all past and present employees, officers,

directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

D.     "Microsoft" or "Plaintiff" refer to (1) Microsoft Corporation and any parent, subsidiaries

and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities

acting or purporting to act on Microsoft's behalf, including but not limited to all past and present

employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or

representatives thereof.

E.     "Relating to," "related to," or "relate to" means and includes concerning, reflecting,

alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting,

1

pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

F.      "Referring to," "refers to," or "refer to" means and includes relating to, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, concerning, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting and/or supporting.

G.      "Concern" or "concerning" means relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

H.      "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

I.      "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a Person shall include

2

the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

J.    "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

K.    "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

L.    "Accused Product" or "Accused Products" means and includes all of (1) Alcatel-Lucent's unified communication systems, products used with such systems, and components thereof, including but not limited to all models and versions of the OmniPCX Enterprise, OmniPCX Office, OmniTouch Unified Communication software and/or application suite (including but not limited to My Assistant, My Phone, My Teamwork, My Messaging), My Instant Communicator software and/or application suite, Alcatel 4980 Softphone application (including but not limited to features such as My Softphone), PIMPhony software, Contact Centers software and/or application suite, other unified messaging systems, and all components thereof; and/or (2) Genesys's call center products, including hardware and software applications, and components thereof.

M.    "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively), process or method which are designed to function together electrically, mechanically, or otherwise, to achieve a particular function our purpose, including those offered for sale, sold, or under development.

N.    "Any" and "all" shall be construed to mean both any and all.

3

O.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

P.     The singular form of a word should be interpreted in the plural as well, and vice versa.

Q.     "Present Lawsuit" means the action styled <u>Microsoft Corp. v. Alcatel-Lucent Enterprise and Genesys Telecommunications Laboratories, Inc.</u>, Civil Action No. 07-90-SLR, currently pending in the United States District Court for the District of Delaware.

## INSTRUCTIONS

A.     This subpoena calls for information (including any information contained in or on any document or thing) that is known or available to you, or in your possession, custody, or control, including all information known or available to your attorneys, agents, representatives, or any other person acting or purporting to act on your behalf or under the direction or control of you or your attorneys, agents, representatives or investigators.

B.     You are to provide full and complete responses to the following requests, after conducting a diligent and thorough investigation into all information within your possession, custody, or control.

C.     You are to quote each request in full immediately preceding the statement of any answer, response, or objection thereto.

D.     For every objection to a request on the grounds of privilege, answer the request with such non-privileged information as is responsive, including the date and the sender and recipients of the document, and then provide the basis for Your claim of privilege and all facts and circumstances related thereto.

E.     If no documents are responsive to a particular request, You are to state that no responsive documents exist.

4

F.    If a document is in a language other than English, you should provide that document. If a document is in a language other than English, and an English translation exists, You should provide both documents.

G.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order and manner of arrangement as the original.

## DOCUMENT REQUESTS

1.    All documents (including, without limitation, drawings, prototypes, notes, notebooks, workbooks, project reports, correspondence, memoranda, test results, schematics, engineering specifications, CAD files, source code, and simulation files) that refer or relate to the structure, function, operation, capabilities, features, design, research, development, testing, or simulation of each and every Accused Product which Alcatel USA Marketing has imported, received, used, made, sold, offered for sell, serviced, and/or supported.

2.    All documents related to Alcatel USA Marketing's manufacture, assembly, or supply of the Accused Products, including without limitation the identification of any additional product necessary for the operation of each Accused Product.

3.    All documents referring to or relating to services performed by or on behalf of Alcatel USA Marketing related to the Accused Products, including assessment, design, customization, and implementation of each Accused Product.

4.    All documents referring or relating to products, features, and functions related to the Accused Products, including those generally related to telephony networks, data networks, and unified messaging, and those specifically relating to the Accused Products.

5

5.      All instruction materials, brochures, product manuals, user manuals, data sheets,

installation manuals, retail kits, diagnostic software, installation software, or specifications or

other guidance information included with the sale or distribution of Accused Products, or

associated with the sale, distribution, and/or demonstration of each Accused Product.

6.      All documents referring to or relating to completed and/or scheduled delivery,

installation, and maintenance of products or services related to the Accused Products.

7.      All documents referring or relating to Alcatel USA Marketing's (or any related company

or entities, including any of the Defendants) commercial exploitation of the Accused Products,

including without limitation, business plans (such as, without limitations, strategic plans,

operating plans, marketing plans, financial plans, production plans, sales plans and capital or

investment plans), feasibility studies, marketing forecasts, estimates, projections or reports of

market share, periodic research and development reports, management reports and/or other

periodic reports, comparison between any Accused Product with the technology or products of

any other manufacturers, and documents referring or relating to marketing, manufacturing,

sampling, efforts to sell, offers for sale, and actual sales.

8.      All documents identifying entities and personnel of Alcatel USA Marketing, Defendants

and/or third parties associated with or involved in the requirements, design, customization,

delivery installation, and/or maintenance of products or services related to each Accused

Product.

9.      All documents not already covered by the preceding document requests referring or

relating to the Accused Products, including but not limited to requests for proposals and

responses thereto, correspondence, presentations, meeting notes, and all contracts or other

agreements and amendments thereto.

10.    All documents relating to any communication between Alcatel USA Marketing and any of the Defendants, including those concerning the Accused Products and/or the Present Investigation.

40471742.doc

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 18, 2008, I electronically filed with the Clerk of Court the

attached **NOTICE OF SUBPOENA**, using CM/ECF which will send notification of such filing to the

following individuals:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com

I also certify that copies were caused to be served on January 18, 2008 upon the following

individuals via electronic mail:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com
>
> Steven C. Cherny
> Karen Y. Tu
> Clement J. Naples
> LATHAM & WATKINS LLP
> 885 Third Avenue, Suite 1000
> New York, NY 10022
> steven.cherny@lw.com
> karen.tu@lw.com
> clement.naples@lw.com
>
> David A. Nelson
> LATHAM & WATKINS LLP
> Sears Tower, Suite 5800
> Chicago, IL 60606
> david.nelson@lw.com

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski
halkowski@fr.com