# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

MICROSOFT CORP.,
    Plaintiff,

v.

ALCATEL LUCENT ENTERPRISE
and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,
    Defendants.

Civil Action No. 07-090-SLR
Hon. Sue L. Robinson

**JURY TRIAL DEMANDED**

## STIPULATION AND PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL INFORMATION

The parties herein have stipulated that certain information subject to discovery in this action may be claimed to be or contain a trade secret or other confidential research, development, commercial, financial, or strategic information. In the interest of permitting discovery to proceed without delay occasioned by possible disputes regarding such confidential information, the parties have further stipulated to provide access to and to accept such information subject to certain protective provisions hereinafter set forth. In view of these stipulations, the Court finds that good cause exists for issuance of a protective order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order.

IT IS HEREBY ORDERED:

1.    <u>Scope.</u>  This Protective Order shall apply to all information, documents, testimony, and/or things subject to discovery in this action ("Discovery Material") which contains proprietary, confidential and/or commercially sensitive information and/or trade secrets, as well as pleadings, written discovery requests and responses, testimony and other information, documents and/or things containing, reporting, or reflecting such information. As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties,

who discloses, makes available for inspection, and/or produces any Discovery Material in this action. "Receiving Party" shall refer to the party to this action who receives Discovery Material from a Producing Party.  Nothing in this Protective Order shall limit or restrict the rights of a Producing Party to use, disclose, or disseminate its own Discovery Material.

2.      <u>Designation.</u>  Any Producing Party may designate Discovery Material as set forth herein as: (a) CONFIDENTIAL BUSINESS INFORMATION subject to this Protective Order if it contains proprietary and/or commercially sensitive information, market-sensitive information, and/or trade secrets; and/or (b) CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE subject to this Protective Order if it comprises or describes computer Source Code.

3.      <u>Limits On Use Of Discovery Material.</u>  In the absence of written permission from the Producing Party, Discovery Material designated CONFIDENTIAL BUSINESS INFORMATION, or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE:

a)      Shall be protected from disclosure as specified herein, unless the Producing Party consents to disclosure in writing, or unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

b)      Shall be used only for purposes of this litigation for the preparation, trial, and appeal of this lawsuit; settlement discussions and negotiations pertaining to this lawsuit; or any form of alternative dispute resolution of this lawsuit; and for no other purpose or publication whatsoever, whether directly or indirectly.

4.      <u>Manner Of Designation.</u>  The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document

or thing: "CONFIDENTIAL BUSINESS INFORMATION, and/or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY SOURCE CODE".

       a)      Written Discovery Information may be designated by placing the
following legend on every page of the written material subject to protection prior to production:
"CONFIDENTIAL BUSINESS INFORMATION," and/or "CONFIDENTIAL – ATTORNEYS'
EYES ONLY SOURCE CODE."

       b)      In the event that original documents are produced for inspection, no
marking need be made by the producing party in advance of the inspection.  For the purposes of
the inspection, all documents so produced shall be considered as marked "CONFIDENTIAL
BUSINESS INFORMATION," subject to the provisions of Paragraph 6.  Thereafter, upon
selection of specified documents for copying by the Receiving Party, the Producing Party shall
mark "CONFIDENTIAL BUSINESS INFORMATION," and/or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY SOURCE CODE," as appropriate, on the copies of such
documents at the time the copies are produced to the Receiving Party.

       c)      Parties or testifying persons may designate depositions and other
testimony as CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL –
ATTORNEYS' EYES ONLY SOURCE CODE by indicating on the record at the time the
testimony is given or by sending written notice that the testimony is designated within thirty (30)
days of receipt of the final transcript of the testimony.  All information disclosed during a
deposition shall be deemed CONFIDENTIAL BUSINESS INFORMATION until the time
within which it may be designated as CONFIDENTIAL BUSINESS INFORMATION, and/or
CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE has passed.  The witness,
counsel for the witness, and counsel for any party shall have the right to exclude from oral

depositions, other than the deponent and counsel for the deponent, any person who is not

authorized by this Stipulation and Protective Order to receive documents or information

designated as CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL –

ATTORNEYS' EYES ONLY SOURCE CODE.  Such right of exclusion is applicable during

periods of examination or testimony directed to CONFIDENTIAL BUSINESS

INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

information.

     5.    <u>Persons Who May Access Designated Discovery Material.</u>

    *"Confidential Business Information, Subject to Protective Order" Discovery Material.*

The parties agree that at least Discovery Material in one or more of the following categories may

qualify for the CONFIDENTIAL BUSINESS INFORMATION designation: (i)  non-public

technical information, including schematic diagrams, manufacturing and engineering drawings,

engineering notebooks, internal technical communications, specifications, research notes and

materials, technical reference materials, and other non-public technical descriptions and/or

depictions of the relevant technology; (ii) non-public damages-related information (e.g., the

number of products sold, total dollar value of sales products, and profit margins); (iii) non-public

financial information; (iv) customer lists; (v) business and/or marketing plans or analyses; and

(vi) price lists and/or pricing information.  Discovery Material designated as CONFIDENTIAL

BUSINESS INFORMATION may be disclosed only to:

       a)    The outside attorneys working on this action on behalf of any party and

any paralegals and clerical employees of such outside attorneys, subject to the provisions set

forth in Paragraph 20, and any copy or other clerical litigation support services personnel

working at the direction of any of such outside attorneys, paralegals or clerical employees.  As

used herein, "outside attorneys" shall mean attorneys for the respective firms who have appearances entered in this case;

b)     Any person or entity that is not a party to this action and that is not employed by a party who is expressly retained by any attorney described in Paragraph 5(a) to assist in preparation of this action for trial as a consultant or testifying expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 7(b), below;

c)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

d)     The Court, its technical advisor (if one is appointed), jury, and court personnel;

e)     Graphics, translation, design and/or trial consulting services including mock jurors, retained by a Party (and excluding persons, such as those included among those identified above in Paragraph 5(b), who are retained to provide consultative services regarding the substance of the issues regarding this dispute); provided, however, that such person has signed the undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that counsel for the Party retaining such person keeps a copy of the signed undertaking for every such individual;

f)     Any other person with the prior written consent of the Producing Party.

6.     <u>Source Code.</u>  To the extent any party produces computer Source Code for inspection, such Source Code (electronic, printed, or other format) and any descriptions of it may

be produced under the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY

SOURCE CODE."  The parties agree that any copies, documents or notes pertaining to such

Source Code created by an Authorized Individual (defined in Paragraph 6(d) below) also shall

automatically be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE

CODE.  Access to such CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

Discovery Material by the Receiving Party shall be limited to the manner provided below:

a)     Any and all such Source Code information designated hereunder and made

available for inspection, regardless of form, shall be maintained in the United States only and in

the custody and control of the Producing Party's outside attorneys of record or, at the Producing

Party's sole option, at a location acceptable to the Producing Party (e.g., an escrow agent)

("Source Code Custodian").

b)     Any hard (non-electronic) copies of excerpts of such Source Code

provided, including as in paragraph c below, shall be stored and viewed only at: (i) a single

designated United States office of the Receiving Party's outside attorneys of record; (ii) the site

where any deposition relating to the Source Code is taken; (iii) the Court; or (iv) any

intermediate location necessary to transport the information to a hearing, trial, or deposition in

this action.  Such copies shall also be kept in a secure, locked container.

c)     Source Code in electronic format shall only be provided for inspection

designated as CONFIDENTIAL – ATTORNEYS EYES ONLY SOURCE CODE and only on

"stand-alone" computers (that is, not connected to a network, Internet or peripheral device except

a non-networked printer) at a secure, locked facility designated by the Producing Party, to be

made available during regular business hours (9:00 A.M. to 6:00 P.M. local time) on three (3)

business days notice during the period prior to completion of fact discovery in this action.  The

Producing Party need not provide executable code or allow electronic copies to be made of any Source Code. Inspection by a Receiving Party may be subject to additional, reasonable security measures by the Producing Party (e.g., the Producing Party may require presentation of photo identification by representatives of the Producing Party prior to inspection). The Receiving Party inspecting Source Code may make a maximum of five hundred (500) pages of printouts on 8 1/2 by 11 inch watermarked paper. The Receiving Party may make photocopies of such printouts only as needed for exhibits to expert reports, exhibits for depositions, and exhibits to court filings. Paper copies of source code shall include bates numbers and confidentiality labels when printed, but the Producing Party shall not undertake any effort to track which pages of code have been printed. The Receiving Party shall maintain a complete log of bates numbered pages printed, and shall produce such log and printed pages no later than the time its first expert reports are delivered. The Receiving Party shall produce earlier any printed pages referenced in discovery responses, pleadings, or other submissions, at the time of reference.

d)    Only those persons identified in Paragraph 5 may have access to the Source Code.

e)    Under no condition may any Authorized Individual disclose, in whole or in part, copies of, or the substance of, the Source Code of the Producing Party to an unauthorized person including any officers, directors, in-house counsel, employees, or non-litigation consultants of the Receiving Party.

f)    No Source Code or documents describing Source Code shall be filed with the Court except under seal and referencing this Order. If required in connection with any motion or other court proceeding, an additional stand-alone laptop computer containing the source code may be used in a closed courtroom or in chambers.

g)     Nothing in this order shall obligate the parties to produce any particular portion of the Source Code and this Order is not an act or admission that any particular portion of a Producing Party's Source Code is discoverable.

7.     Provision Of Confidential Discovery Material To Authorized Individuals.  Each person given access to CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE information shall be advised by the appropriate Receiving Party that the information is being disclosed pursuant and subject to this Stipulation and Protective Order.  All persons receiving CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order.  Counsel for the Receiving Party shall notify the Producing Party within 24 hours of becoming aware of any loss, theft or unauthorized copying and/or disclosure of CONFIDENTIAL BUSINESS INFORMATION and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material. Each individual who receives any CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

a)     Counsel who makes CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material available to persons set forth in Paragraphs 5 and/or 6, above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original

materials. Any person having access to such Discovery Material pursuant to Paragraphs 5 and/or 6, above, whose participation in this litigation has been terminated or otherwise concluded shall return all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

b)    Before counsel for a Receiving Party may disclose any Discovery Material designated CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE to a person described in Paragraph 5(b) above of this Protective Order:

(i)    Counsel shall provide a copy of this Protective Order to such person, who shall sign the undertaking annexed hereto as Exhibit A; and

(ii)    At least five (5) business days before any such disclosure, counsel for the Receiving Party shall notify the Producing Party in writing of the intent to disclose CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material to such person.  The notice shall include a copy of the undertaking signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the Receiving Party.  The notice shall also include a copy of such person's most recent *curriculum vitae*, which shall include an identification of all such person's past and present employment and/or consulting relationships.

c)    If the Producing Party objects to the disclosure of CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material to such person, the Producing Party shall notify counsel for the Receiving Party in writing of the Producing Party's objection(s) to such disclosure prior to

the date on which the disclosure is intended to be made. Should the Receiving Party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days, the Receiving Party may file a motion requesting that the objection(s) be quashed.  The Receiving Party shall have the burden of proof on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the Producing Party.

8.    Use Of Discovery Material In Depositions.  To the extent that any CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material is used in the taking of a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.  If CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

**This videotape contains confidential testimony subject to Protective Order in Civil Action No. 07-090-SLR (D. Del.) and is not to be viewed or the contents thereof to be displayed or revealed except in accord with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties.**

9.    Protection Of Third Parties.  A party that seeks Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

10.     Storage Of Discovery Material.  The recipients of CONFIDENTIAL BUSINESS

INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

Discovery Material provided under this Protective Order and all material that derives therefrom

shall maintain such materials in a safe and secure area, and reasonable precautions shall be taken

with respect to the storage, custody, use and/or dissemination of such materials. Any material

that is derived from Discovery Material protected hereunder, including copies, reproductions,

summaries, or abstracts, shall be subject to the terms of this Protective Order.

11.     Filing Discovery Materials With Court.  If a document containing

CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS'

EYES ONLY SOURCE CODE information is filed with the Court, it shall be filed with the

Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the

contents of the envelope, and a statement in substantially the following form:

> **This envelope contains information subject to a Protective Order of the Court.  It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.**

or with such other designation as is ordered by the Court or as required by the Clerk of

the Court.

12.     Undertakings.  Each person set forth in Paragraphs 5(b) and (e) to whom

CONFIDENTIAL BUSINESS INFORMATION , and/or CONFIDENTIAL – ATTORNEYS'

EYES ONLY SOURCE CODE Discovery Material is to be given, shown, disclosed, made

available or communicated in any way, shall first execute the undertaking in the form shown in

Exhibit A, agreeing to be bound by the terms of this order and acknowledging that Discovery

Material is subject to this order, the person is authorized under Paragraphs 5 and/or 6 to receive

Discovery Material, the person has read this Order, such person agrees to comply with, and be

bound by, this Order, and such person is aware that contempt sanctions may be entered for violation of this Order. Counsel to whom Designated CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material is produced shall keep in his or her files the original of each such executed undertaking of Protective Order until sixty (60) calendar days after the final termination of this action. Upon final termination of this action and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

13.     No Prejudice.  Nothing contained in this Protective Order shall be construed to prejudice any party's right to use Discovery Material at any hearing, trial or appeal in this litigation.  In the event that any CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE information is used in any court proceeding in this action or any appeal therefrom, such information shall not lose its protection hereunder through such use.  The confidentiality of such materials shall be protected as determined and directed by the Court.

14.     Public Or Independently Developed Information Not Protected.  None of the provisions of this Protective Order shall apply to the following categories of information, documents and/or things, and any party may apply to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE based upon a showing that such Discovery Material had been:

a)     available to the public at the time of its production hereunder;

b)      available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

c)      known to the Receiving Party not because of an unauthorized disclosure by one having obligations to maintain confidentiality, or shown to have been independently developed by the Receiving Party, prior to its production herein or without use or benefit of the information ;

d)      obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

e)      obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

f)      previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

15.    <u>Inadvertent Privileged Disclosure.</u>  The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product immunity, or other recognized privilege or protection, will not waive the privilege or protection.  Upon a timely request from a party that has inadvertently produced Discovery Material which it believes should be subject to privilege or protection, each party receiving said Discovery Material shall immediately return it and all copies to the Producing Party.  Such inadvertent production shall not operate to waive any applicable privilege or protection.

16.     <u>Failure To Designate.</u>   The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE within ten (10) days from when the failure to designate first became known to the Producing Party.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the designated level pursuant to the terms of this Protective Order.

17.     <u>Unauthorized Disclosure.</u>   In the event of a disclosure of any Discovery Material designated CONFIDENTIAL BUSINESS INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

18.     <u>Disposition Of Materials After Litigation.</u>   Not later than thirty (30) days after the final disposition of this litigation, (including after any appeals), by order of the Court, or for good cause shown, each party shall return all CONFIDENTIAL BUSINESS INFORMATION,

and CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material of a Producing Party to the respective outside attorneys of the Producing Party and certify in writing that all such Discovery Material has been returned.  Alternatively, the Receiving Party may destroy such Discovery Material and certify in writing that all such discovery material has been destroyed.  Notwithstanding the provisions for return or destruction of Discovery Material, outside attorneys of record for the Receiving Party may retain pleadings, discovery responses, correspondence, work product generated by attorneys, deposition transcripts and exhibits containing designated Discovery Material (except material designated as CONFIDENTIAL – ATTORNEYS EYES ONLY SOURCE CODE) for archival purposes only, and shall not, without the written permission of the Producing Party or by Court order, disclose such retained designated Discovery Material to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulation and Protective Order, during the course of this action.

19.    <u>Disputes Regarding Designation.</u>  Any party may object in writing to any designation of Discovery Material as CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE by specifying the Discovery Material to which the objection is addressed and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

a)    The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

b)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.

c)    Notwithstanding any challenge to a designation, the Discovery Material in question designated CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material withdraws such designation in writing, or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

20.    Patent Prosecution Restriction On Attorneys.  No outside or inside attorneys who, on behalf of a Receiving Party to this litigation, have had access to information produced to a Receiving Party designated as CONFIDENTIAL BUSINESS INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE by another party may prosecute, supervise, or assist in the drafting or amending of patent claims or claims in a patent application involving technology related to the subject matter of the patents in suit and/or source code produced for a period ending two (2) years after the formal resolution of this action.

21.    Additional Protection.  This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

22.    Protection Of Producing Party.  If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or

other request is directed shall promptly give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials.

23.    <u>Limitations On Order.</u>  Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own Discovery Material.  Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition, trial, or evidentiary hearing, and examined on, any Discovery Material that the witness authored or previously received.  The witness may also be shown at a deposition, trial, or evidentiary hearing, and examined on, any Discovery Material for which specific documentary or testimonial evidence indicates (i) that the Discovery Material was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Discovery Material, or (iii) if the Producing Party of the Discovery Material agrees in writing.  Such witness must be advised by counsel for the deposing party that his/her access to designated Discovery Material is subject to the protections of this Protective Order and that he/she may not disclose such designated Discovery Material or information contained therein to any persons not authorized under this Protective Order to receive the same.

24.    <u>Survival Of Order.</u>  The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

25.    <u>Binding Effect.</u>  This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

26.     <u>No Waiver.</u>  Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

27.     <u>Effective as a Stipulation.</u>  This Stipulation and Protective Order shall become effective as a stipulation between the parties immediately upon its execution, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no party shall treat any designated Discovery Material produced prior to that time other than as provided in this Protective Order without giving the Producing Party sufficient advance notice to allow for application to the Court for additional relief.

Assent to the entry of the foregoing Stipulation and Protective Order is hereby given by the parties by and through their attorneys.

28.     To the extent the parties have produced documents and/or information designated "CONFIDENTIAL," "ATTORNEYS EYES ONLY," or the like under District of Delaware Local Rule 26.2, such designated documents and/or information shall be treated as having been designated by the producing party as CONFIDENTIAL BUSINESS INFORMATION under this Order.

Dated:  January 25, 2008

GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.

By its attorneys,

/s/ Maryellen Noreika
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Steven C. Cherny
Clement J. Naples
LATHAM &WATKINS, LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM &WATKINS, LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

ALCATEL LUCENT ENTERPRISE

By its attorneys,

/s/ *Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Steven C. Cherny
Clement J. Naples
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago IL 60606
(312) 876-7700

MICROSOFT CORPORATION

By its attorneys,

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, DC 20005
(202) 783-5070

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070


So ORDERED and SIGNED this _____ day of _____, 2008.


_____
Honorable Sue L. Robinson
United States District Judge

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

MICROSOFT CORP.,
      Plaintiff,

v.

ALCATEL LUCENT ENTERPRISE
and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.,
      Defendants.

Civil Action No. 07-090-SLR
Hon. Sue L. Robinson

## UNDERTAKING TO PROTECTIVE ORDER

STATE OF _____)
                             ) SS:
COUNTY OF _____)

I, _____, having been retained by

_____ in connection with the above-captioned lawsuit (or I,

_____, counsel or an employee for

_____), hereby acknowledge that I am about to receive

CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS'

EYES ONLY SOURCE CODE Discovery Material as defined in the Protective Order agreed to

by the parties and so ordered by the Court in this case.

I certify my understanding that the CONFIDENTIAL BUSINESS INFORMATION,

and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE Discovery Material

is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I

have been given a copy of and have read and understood my obligations under that Protective

Order.  I hereby agree to be bound by the terms of the Protective Order.  I understand that the

CONFIDENTIAL BUSINESS INFORMATION, and/or CONFIDENTIAL – ATTORNEYS'

EYES ONLY SOURCE CODE Discovery Material and my copies or notes relating thereto may

only be disclosed to or discussed with those persons permitted by the Protective Order to receive

such material.

I will return on request all materials containing CONFIDENTIAL BUSINESS

INFORMATION, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE

Discovery Material, copies thereof, and notes that I have prepared relating thereto, to outside

trial counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____