IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, | |
| Plaintiff, | |
| v. | C.A. No. 07-090-SLR |
| ALCATEL-LUCENT ENTERPRISE and GENESYS TELECOMMUNICATIONS LABORATORIES, INC., | |
| Defendants. | |

## NOTICE OF SUBPOENA

**TO:**    COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that plaintiff Microsoft Corporation will serve the attached

subpoena on

**Alec Miloslavsky, c/o Latham & Watkins LLP,**  at Veritext Deposition Services, 425

Market Street, 22nd Floor, San Francisco, CA  94105.

**PLEASE TAKE FURTHER NOTICE** that plaintiff, by its counsel, will take the

deposition of **Alec Miloslavsky** on **March 5, 2008, at 9:00 a.m.**, at Veritext Deposition

Services, 425 Market Street, 22nd Floor, San Francisco, CA  94105.  The deposition will continue

from day to day, if necessary, until completed, and will be taken before a Certified Shorthand

Reporter or other officer authorized to administer oaths and take depositions.  All deposition

testimony will be recorded by stenographic, audio, and/or audiovisual means.  You are invited to

attend and examine the witness.

Dated: February 1, 2008

Respectfully submitted,

MICROSOFT CORPORATION

By its attorneys,

_/s/ Thomas L. Halkowski_
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607
E-Mail: halkowski@fr.com

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099
E-Mail: gartman@fr.com

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
FISH & RICHARDSON P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331
E-Mail: cordell@fr.com
E-Mail: kordziel@fr.com
E-Mail: mukerji@fr.com
E-Mail: bagrowski@fr.com

NOS -Miloslavsky.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I electronically filed with the Clerk of Court the attached **NOTICE OF SUBPOENA**, using CM/ECF which will send notification of such filing to the following individuals:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com

I also certify that copies were caused to be served on February 1, 2008 upon the following individuals via electronic mail:

> Jack B. Blumenfeld
> Maryellen Noreika
> MORRIS, NICHOLS, ARSHT & TUNNEL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> jblumenfeld@mnat.com
> mnoreika@mnat.com
>
> Steven C. Cherny
> Karen Y. Tu
> Clement J. Naples
> LATHAM & WATKINS LLP
> 885 Third Avenue, Suite 1000
> New York, NY 10022
> steven.cherny@lw.com
> karen.tu@lw.com
> clement.naples@lw.com
>
> David A. Nelson
> LATHAM & WATKINS LLP
> Sears Tower, Suite 5800
> Chicago, IL 60606
> david.nelson@lw.com

*/s/ Thomas L. Halkowski*
Thomas L. Halkowski
halkowski@fr.com

AO 88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | California |
|---|---|---|

MICROSOFT CORP.,
     v.
ALCATEL-LUCENT ENTERPRISE
and
GENESYS TELECOMMUNICATIONS
LABORATORIES, INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 1:07-cv-000090-SLR
(Pending in D. Del.)

TO:    Alec Miloslavsky, c/o Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  This deposition may be taken via court reporter and videographer

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Veritext Deposition Services, 425 Market Street, 22nd Floor, San Francisco, CA 94105 | 9:00 AM<br>March 5, 2008 |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Veritext Deposition Services, 425 Market Street, 22nd Floor, San Francisco, CA 94105 | 9:00 AM<br>February 18, 2008 |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for MICROSOFT CORPORATION | February 1, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Courtney, Fish & Richardson P.C., 1425 K Street NW,
11th Floor, Washington, DC 20005, (202) 626-6380

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on the next page)

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1)    Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2)    Command to Produce Materials or Permit Inspection.

(A)    Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)    Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)    At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)    Quashing or Modifying a Subpoena.

(A)    When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i)    fails to allow a reasonable time to comply;

(ii)    requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)    subjects a person to undue burden.

(B)    When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)    disclosing a trade secret or other confidential research, development, or commercial information;

(ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)    a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C)    Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a

subpoena, order appearance or production under specified conditions if the serving party:

(i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)    ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1)    Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A)    Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)    Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)    Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D)    Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)    Claiming Privilege or Protection.

(A)    Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)    expressly make the claim; and

(ii)    describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)    Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

**Subpoena in a Civil Case to**
**Alec Miloslavsky**

**DEFINITIONS**

A.       "Genesys" refers to (1) Genesys Telecommunications Laboratories, Inc. and any

parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and

all persons or entities acting or purporting to act on Genesys's behalf, including but not limited

to all past and present employees, officers, directors, agents, consultants, partners, affiliates,

associates, attorneys or representatives thereof.

B.       "Microsoft" refers to Microsoft Corporation.

C.       The term "Present Litigation" means the action styled <u>Microsoft Corp. v. Alcatel-

Lucent Enterprise and Genesys Telecommunications Laboratories, Inc.</u>, Civil Action No. 07-90-

SLR, currently pending in the United States District Court for the District of Delaware.

D.       "The '332 patent" means U.S. Patent No. 5,953,332 (filed Oct. 9, 1997).

E.       "The '395 patent" means U.S. Patent No. 6,167,395 (filed Oct. 29, 1998).

F.       "The Genesys patents" means the '332 and '395 patents

G.       "Prior Art" means all documents and things describing, concerning, or relating to

call center routing technology in existence prior to October 29, 1998.

H.       "Microsoft accused product" means Microsoft's Customer Care Framework

("CCF").

I.       "Alec Miloslavsky," "you," or "your" means Alec Miloslavsky, as well as any

employees, agents, consultants, attorneys, and others acting on your behalf or purporting to act

on your behalf.

1

J.     "Relating to," "related to," or "relate to" means and includes concerning, reflecting, referring to, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

K.     The phrase "Related Patents and Patent Applications" means any U.S. patents, U.S. patent applications, foreign patents, foreign patent applications, and applications filed under any treaty or convention (e.g., PCT application) that are based upon or claim priority from U.S. Patent No. 6,185,292 (filed Feb. 10, 1997), including but not limited to: U.S. Patent Nos. 6,064,667 (filed Sept. 12, 1997); 5,946,387 (filed Feb. 19, 1997); and 5,940,496 (filed May 30, 1997).

L.     "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

M.    The term "communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

N.    "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

O.    "Identify," "identity," or "identification" means:

(1)    when used with reference to a natural person, to state the person' s full name, address and telephone number and state the person' s present or last known position and employer.

(2)    when used with reference to any entity (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

(3)    when used with reference to any document, to summarize the substance of the document and state the document' s title, date, form (e.g., letter, memorandum, email, etc.), document production number range, author(s), recipient(s), and name of its present custodian.

(4)    when used with reference to any communication, to (1) summarize the substance of the communication; (2) state the date and place of the communication; (3)

3

identify each person who was present at, involved in, connected with or who participated in the communication; (4) state the form of communication (e.g., telephone call, meeting, letter, etc.); and (5) identify each document memorializing or referring to the communication.

P.      "Any" and "all" shall be construed to mean both any and all.

Q.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

R.      The singular form of a word should be interpreted in the plural as well, and vice versa.

## INSTRUCTIONS

A.      These requests shall apply to all documents and things in your possession, custody or control at the present time or coming into your possession, custody or control.  If you know of the existence, past or present, of any document or thing requested below, but are unable to produce such document or thing because it is not presently in your possession, custody, or control, you shall so state and shall identify such document or thing, and the person who has possession, custody or control of the document or thing.

B.      All documents that respond, in whole or in part, to any request are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.      If no documents are responsive to a particular request, you are to state that no responsive documents exist.

D.      All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of these requests.  Whenever a document or group of documents is removed from a

4

file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

E.       If any document requested has existed, but has been lost, destroyed, or is no longer within your possession, custody or control, identify those documents and describe the document, its author(s), the recipients(s) or addressee(s), the subject matter and content.  Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the loss or destruction of any such document.

F.       With respect to any documents otherwise responsive to these requests that you withhold or refuse to divulge on a claim of privilege or work product: (a) state the nature of the claim of privilege and the holder of the privilege; and (b) furnish a description of all document withheld pursuant to the claim of privilege (i.e., its title and general subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents). If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

G.       If subsequent to the date you produce documents responsive to these requests you discover or receive documents that are responsive to any request herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

H.       Each document is to be produced along with all drafts, without abbreviation or redaction.

## DOCUMENT REQUESTS

1.      All Documents and Things related to the preparation, filing, prosecution, and issuance of the Genesys patents and/or Related Patents and Patent Applications.

2.      All documents and things describing, concerning, or relating to call center routing technology in existence prior to October 9, 1997 of which you were aware prior to September 14, 1999.

3.      All documents and things describing, concerning, or relating to threading in a multimedia call center in existence prior to October 29, 1998 of which you were aware prior to December 26, 2000.

4.      All Documents and Things, including without limitation Prior Art, which You, Genesys, and/or anyone else substantively involved with the preparation or prosecution of the Genesys patents and Related Patents and Patent Applications provided or caused to be provided to the attorneys and/or agents that were involved in the preparation, filing, or prosecution of the patent applications that led to the Genesys Patents or any Related Patents and Patent Applications.

5.      All articles, papers, notes, correspondence, drafts, emails, or other documents authored, received, published, or printed before Sept. 14, 1999, that relate to call center routing technology in existence prior to October 29, 1998.

6.      All Documents and Things that refer or relate to interviews with the U.S. Patent and Trademark Office concerning the patent application that led to the Genesys patents or any Related Patents and Patent Applications.

7.      All Communications between the You, on the one hand, and any Genesys employee, the U.S. Patent and Trademark Office, or any attorney or patent agent, on the other hand, related to the Genesys patents or any Related Patents and Patent Applications.

8.    All Documents that refer or relate to the research, design, development, and/or testing of any purported invention disclosed, described, and/or claimed in the Genesys patents and/or in the Related Patents and Patent Applications.

9.    All Documents that refer or relate to the conception, development, and/or reduction to practice of the alleged invention claimed in the Genesys patents or any Related Patents and Patent Applications.

10.    All Documents relating to the ownership and/or license of the Genesys patents or any Related Patents and Patent Applications, including without limitation any assignment, sale, offer to sell, or other transfer of any ownership interest.

11.    All Documents that refer or relate to the meaning, construction, or scope of any claim of the Genesys patents or any Related Patents and Patent Applications.

12.    All Documents that refer or relate to the inventorship of the Genesys patents or any Related Patents and Patent Applications, including but not limited to the decision to include or exclude and inventors from inclusion in the inventive entity named on the Genesys patents.

13.    All Documents that refer to, relate to, or describe the commencement, duration, nature, and termination of Your relationship with Genesys.

14.    All Documents that refer or relate to the accused Microsoft product or to any dealings you have had with Microsoft in matters relating to call center products or software.

15.    All Documents that refer to or relate to, or describe the commencement, nature, or termination of any relationship between Genesys and Microsoft

16.    All Documents that refer or relate to any accused Microsoft product.

17.    All Documents that refer or relate to the Present Litigation.

18.    Copy of your current curriculum vitae or resume.

7