IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ALCATEL-LUCENT ENTERPRISE and GENESYS TELECOMMUNICATIONS LABORATORIES, INC.,<br><br>        Defendants. | C.A. No. 07-090-SLR |

**MICROSOFT'S SECOND NOTICE OF
DEPOSITION PURSUANT TO RULE 30(b)(6) TO GENESYS**

To:    Genesys Telecommunications Laboratories, Inc.
        c/o LATHAM & WATKINS LLP
        David A. Nelson
        233 South Wacker Drive, Suite 5800
        Chicago, IL 60606

    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Microsoft Corporation will take the deposition upon oral examination of Genesys Telecommunications Laboratories, Inc. ("Genesys"), by or through one or more of Genesys' officers, directors, managing agents or other persons who consent to testify on Genesys' behalf concerning the areas of testimony specified in Attachment A, commencing on February 27, 2008, beginning at 9:00 A.M.  The deposition will take place at the offices of Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063, and will continue from day to day until completed, or at such other time and place as may be mutually agreed upon by counsel for the parties.  Prior to the deposition, Genesys is requested to designate in writing to Microsoft the name(s) of the person(s) who will testify on its behalf concerning the areas of testimony specified in Attachment A, and for each written designation, Genesys is requested to specify in writing the

matter(s) to which that person will testify.

The depositions will be taken before a court reporter or other person authorized to administer oaths, and will be conducted in accordance with the Federal Rules of Civil Procedure. This deposition is for the purpose of discovery and evidentiary use at the trial or any hearing for this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure, and may be recorded by stenographic and video means. You are invited to attend and exercise your rights under the Rules.

Respectfully submitted,

Dated: February 5, 2008

**MICROSOFT CORPORATION**
By its attorneys,

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

John E. Gartman
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Ruffin B. Cordell
Linda Liu Kordziel
Indranil Mukerji
Kori Anne Bagrowski
Robert P. Courtney
FISH & RICHARDSON P.C.
1425 K Street N.W., Suite 1100
Washington D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

# ATTACHMENT A

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "Genesys" refers to (1) Defendant/Counterclaimant Genesys Telecommunications Laboratories, Inc. and any parent, subsidiaries and divisions, (2) any successors and predecessors thereto, and (3) any and all persons or entities acting or purporting to act on Genesys' behalf, including but not limited to all past and present employees, officers, directors, agents, consultants, partners, affiliates, associates, attorneys or representatives thereof.

2. "Microsoft" refers to Plaintiff/Counterclaim Defendant Microsoft Corporation.

3. "The '395 patent" means U.S. Patent No. 6,167,395.

4. "The '332 patent" means U.S. Patent No. 5,953,332.

5. "The Counterclaim Patents" means the '395 patent and the '332 patent, individually and collectively.

6. "The '289 patent" means U.S. Patent No. 6,430,289.

7. "The '439 patent" means U.S. Patent No. 6,421,439.

8. The "Microsoft Patents" means the '289 Patent and '439 Patent, individually and collectively.

9. "Accused Genesys Products" means each product or technology made, used, sold, offered for sale, and/or sold by Genesys, or otherwise supported by Genesys, that allows a call or contact center to route telephone calls based at least in part on information from the center's computer network, including but not limited to Genesys

Inbound Voice.

10. "Accused Microsoft Product" shall mean and refer to all technology created by, licensed by, or otherwise originating from Microsoft that Genesys accuses of directly or indirectly infringing any claim of the '395 or '332 patents, or of being used by any customer of Microsoft in constructing or operating an allegedly infringing system, namely Microsoft's Customer Care Framework.

11. "Relating to," " related to," or "relate to" means and includes concerning, reflecting, referring to, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

12. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate

document.

13. The term "communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

14. "Entity" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

15. "Identify," " identity," or "identification" means:

   a. **when used with reference to a natural person**, to state the person's full name, address and telephone number and state the person's present or last known position and employer.

   b. **when used with reference to any entity** (including without limitation corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), to state the full legal name of the entity, the place of incorporation or organization, the address and telephone number of the principal place of business, and the nature of the business conducted by that entity.

   c. **when used with reference to any document**, to summarize the substance of the document and state the document' s title, date, form (e.g., letter, memorandum, email, etc.), document production number range, author(s), recipient(s), and name of its present custodian.

    d. **when used with reference to any communication**, to (1) summarize the substance of the communication; (2) state the date and place of the communication; (3) identify each person who was present at, involved in, connected with or who participated in the communication; (4) state the form of communication (e.g., telephone call, meeting, letter, etc.); and (5) identify each document memorializing or referring to the communication.

16. "Any" and "all" shall be construed to mean both any and all whichever makes the request most inclusive.

17. As used herein, the terms "and" and "or" shall be construed as either disjunctively or conjunctively so as to acquire the broadest possible meaning.

18. The singular form of a word should be interpreted in the plural as well, and vice versa.

**TOPICS FOR EXAMINATION**

1. Genesys's knowledge and understanding of the Counterclaim Patents, including without limitation, the conception, reduction to practice, and diligence (if any) of the alleged inventions claimed therein, and the written descriptions, figures, claims, and prosecution histories of the Counterclaim Patents.

2. The relationship between Genesys and each of the following, including details of employment, if any, compensation, responsibilities, performance, and termination of employment, if any: Alec Miloslavsky, Christopher Clemmett Macleod Beck, Jonathan Michael Berke, Joel Johnstone, Charles Dazler Knuff, Robin Marie Mitchell, James Karl Powers, and Mark Sidell.

3. Genesys's understanding of the structure, operation, and function of the Accused Microsoft Product, and its first knowledge of such Accused Microsoft Product.

4. The interoperability and/or integration, if any, between the Accused Microsoft Product and any Genesys or other third party product or technology.

5. The operational and functional capabilities of Genesys's Desktop Agent and its interoperability with third party call center software and hardware.

6. The identity of each third party that Microsoft has allegedly induced to infringe the Counterclaim Patents, the specific alleged acts by Microsoft that constitute such purported inducement, and the structure, operation, function, and architecture of each allegedly infringing system used by each such third party.

7. The identity of each third party to whose purported infringement of the Counterclaim Patents Microsoft has allegedly contributed, and the structure, operation, function, and architecture of each allegedly infringing system used by each such third party.

8. Genesys's pre-filing factual investigation as to Microsoft's alleged infringement of the Counterclaim Patents, including without limitation, any Microsoft product or technology tested by or for Genesys before accusing Microsoft of infringement, the circumstances and results of any such tests, the persons involved in such pre-filing factual investigation, and any documents or things related thereto.

9. The identification, design, structure, operation, function, and architecture of all Genesys products and/or systems covered by or marked with the Counterclaim Patents.

10. All disclosures, sales, publications, and uses of systems, software, technology, and/or products embodying, covered by, and/or described in the Counterclaim Patents prior to the earliest respective filing dates of the Counterclaim Patents.

11. All prior art (as defined in 35 U.S.C. § 102) known to the persons substantively involved in the preparation, prosecution, and issuance of the Counterclaim Patents before the respective issue dates of the Counterclaim Patents.

12. Genesys's knowledge and understanding of the Microsoft Patents, including without limitation, the written descriptions, figures, claims, and prosecution histories of the Microsoft Patents.

13. The interaction of Genesys Inbound Voice with other components of contact center software sold by Genesys, including Customer Interaction Management Platform.

14. Genesys' knowledge of its customers' implementation of the Genesys Accused Products, including implementations by 1-800-FLOWERS.COM; America First Credit Union; Aspen Systems; Bank of Oklahoma; BeCogent; Bisys; Blue Cross Blue Shield of Tennessee; CMS; Excellent eServices; Fiditalia Financial; FinecoBank; HelpMagic; Houston 311; Pacifica; Mobile TeleSystems; Outrigger Hotels & Resorts; R.H. Donnelly Publishing & Advertising, Inc.; Peoples Energy; Rabobank; StarHub; Siemens Business Solutions; Sovereign Bank; T-Mobile Czech Republic; T-Mobile Germany; Tampa Electric; Trinsic Communications, Inc.; Twenty4Help; Travelocity; USExpress; Volkswagen Financial; and Union Bank.

15. The design, development, structure, operation, architecture, capabilities, intended use, and function of the Accused Genesys Products.

16. Functional and/or operational changes between or among versions of the Accused Genesys Products.

17. All acts by Genesys to make, use, sell, offer for sale, and/or import the Accused Genesys Products.

18. All alleged prior art to the Microsoft Patents known to Genesys.

19. All uses of the Genesys Accused Products that are not covered by any of the Microsoft Patents.

20. Genesys's communications and interactions with its customers encouraging the customers to implement call center architecture and topology including Inbound Voice.

21. The first commercial release and first offer for sale of each version of each of the Accused Genesys Products, including the dates upon which such events occurred and the persons most knowledgeable about each such event.

22. Marketing, promotion, and advertising of each Accused Genesys Product, including but not limited to promotion by Genesys of features of the Accused Genesys Product also described and/or claimed in the Microsoft Patents.

23. All efforts by Genesys to design, redesign, or modify any Accused Genesys Product for interoperation or increased compatibility with the software or hardware of any other person or entity.

24. The market and customers for each Accused Genesys Product.

25. The identity of all products that Genesys believes compete in the marketplace with the Accused Genesys Products.

2

26. Market analysis of the competition in the United States for the Accused Genesys Products, including an identification of documents constituting or relating to such market analysis.

27. Sales and distribution of each Accused Genesys Product, including but not limited to identification of the persons at Genesys most knowledgeable about the sales and distribution of each Accused Genesys Product.

28. The sales volumes (in dollars and units), revenues (direct or indirect), costs, profits, and margins for each Accused Genesys Product.

29. Past and future projections, forecasts, and estimates concerning sales of the Accused Genesys Products, including an identification of documents constituting or relating to such projections, forecasts, and estimates.

30. The identity and terms of prior existing licenses relevant to the calculation of a reasonable royalty for any infringement of the Microsoft Patents, including without limitation, licensing terms for comparable patents, Genesys's current licensing policies, the comparable utility of non-infringing alternatives, and any commercial success of Genesys products covered by the Counterclaim Patents.

31. Any and all customer or industry alternatives to the claimed inventions of the Counterclaim Patents without limitation, and specific identification of any and all alternatives which infringe the Counterclaim Patents, and any and all acceptable, non-infringing substitutes.

32. The effect of selling products covered by the Counterclaim Patents in promoting sales of non-patented items and the extent of such derivation.

33. The established profitability of products made under the Counterclaim Patents, the popularity of any such products, and detailed identifications of the reasons why.

34. The portion of the realizable profit that should be credited to the claimed inventions of the Counterclaim Patents as distinguished from non-patented features, improvements, or other value added by Genesys or alleged infringers or licensees of the Counterclaim Patents, to products covered by the Counterclaim Patents or allegedly involved in the infringement of the Counterclaim Patents.

35. All agreements, including licenses, that refer or relate to any of the Counterclaim Patents.

36. The identity of every licensee of any of the Counterclaim Patents, including the royalty paid by each such licensee.

37. All facts, including the date, persons, and circumstances, surrounding all efforts to license the Counterclaim Patents, including all communications between Genesys and/or its agent(s) with prospective licensees.

38. Any instance in which Genesys has sought or received a value, monetary or otherwise, for the Counterclaim Patents.

39. All proposed, negotiated, offered, or finalized license agreements, including any amendments thereto, to which Genesys is or was to be a party, concerning technology for navigation devices or any navigation device product.

40. License agreements under which the Accused Genesys Products are licensed, including identification of documents constituting or describing such license agreements.

41. Identification of each licensee that makes, has made, offers for sale, has offered for sale, sells or has sold any product that practices any claim of any Genesys Patent.

42. Any license agreements that involve patents that are comparable to either the Counterclaim Patents or the Microsoft Patents.

43. Identification of each licensee that makes, has made, offers for sale, has offered for sale, sells or has sold any Accused Genesys Product or any product that practices any claim of any Genesys Patent.

44. The identification of any documents relating to the subjects of Paragraphs 1–43 above.

45. The identification of any persons with knowledge of the subjects of Paragraphs 1–44 above.

46. Genesys's interrogatory responses in this action, including any and all supplemental responses.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, I electronically filed with the Clerk of Court the attached

**MICROSOFT'S SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) TO**

**GENESYS**, using CM/ECF which will send notification of such filing to the following individuals:

>Jack B. Blumenfeld
>Maryellen Noreika
>MORRIS, NICHOLS, ARSHT & TUNNEL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>jblumenfeld@mnat.com
>mnoreika@mnat.com

I also certify that copies were caused to be served on February 5, 2008, upon the following individuals via electronic mail:

>Jack B. Blumenfeld
>Maryellen Noreika
>MORRIS, NICHOLS, ARSHT & TUNNEL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347
>jblumenfeld@mnat.com
>mnoreika@mnat.com
>
>Steven C. Cherny
>Karen Y. Tu
>Clement J. Naples
>LATHAM & WATKINS LLP
>885 Third Avenue, Suite 1000
>New York, NY 10022
>steven.cherny@lw.com
>karen.tu@lw.com
>clement.naples@lw.com
>
>David A. Nelson
>LATHAM & WATKINS LLP
>Sears Tower, Suite 5800
>Chicago, IL 60606
>david.nelson@lw.com

>*/s/ Thomas L. Halkowski*
>Thomas L. Halkowski
>halkowski@fr.com