IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-090 (SLR) |
| | ) |
| ALCATEL-LUCENT ENTERPRISE and | ) |
| GENESYS TELECOMMUNICATIONS | ) |
| LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that John Jiang is being served with the subpoena attached to this notice (Exhibit A).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Genesys Telecommunications Laboratories, Inc.*

*Of Counsel:*

Steven C. Cherny
Clement J. Naples
Karen Y. Tu
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700

Dated: February 28, 2008
1703871

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on February 28, 2008 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on February 28, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C..
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Ruffin B. Cordell, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

*/s/ Maryellen Noreika (#3208)*
_____
Maryellen Noreika (#3208)

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br>    Plaintiff,<br>    V.<br>ALCATEL LUCENT ENTERPRISE and<br>GENESYS TELECOMMUNICATIONS<br>LABORATORIES, INC.,<br>    Defendants.<br>TO: JOHN JIANG<br>  C/O FISH & RICHARDSON P.C.<br>  919 North Market Street<br>  Suite 1100, P.O. Box 1114,<br>  Wilmington, DE 19899-1114 | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 07-090 (SLR)<br>Action pending in the U.S.<br>District Court for the District<br>of Delaware under the above<br>case number and title. |

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Schedule B for a list of deposition topics

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Latham & Watkins LLP; 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-6538.<br>Deposition to be recorded by stenographic, audio, audiovisual, and/or videographic means. | 3/17/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A for Document Requests

| PLACE Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000,<br>San Francisco, CA 94111-6538 | DATE AND TIME<br>3/17/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Clement J. Naples, Attorney for Defendants* | 2/28/2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Clement J. Naples; Latham & Watkins LLP<br>885 Third Avenue, Suite 1000; New York, NY 10022; 212.906.1331 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE | JOHN JIANG<br>C/O FISH & RICHARDSON P.C.<br>919 North Market Street<br>Suite 1100, P.O. Box 1114,<br>Wilmington, DE 19899-1114 |
|---|---|---|---|
| SERVED |  |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## INSTRUCTIONS AND DEFINITIONS

a. Microsoft refers to (1) Microsoft Corporation and any parent, subsidiaries and divisions, (2) any predecessors and successors thereto, and (3) any and all persons or entities purporting to act or acting on Microsoft's behalf, including, but not limited to, all past and present agents, officers, employees, consultants, directors, affiliates, partners, associates, attorneys, or representatives thereof.

b. ALE refers to (1) Alcatel Lucent Enterprise and any parent, subsidiaries and divisions, (2) any predecessors and successors thereto, and (3) any and all persons or entities purporting to act or acting on ALE's behalf, including, but not limited to, all past and present attorneys, employees, consultants, directors, agents, officers, partners, affiliates, associates, or representatives thereof.

c. Genesys refers to (1) Genesys Telecommunications Laboratories, Inc. and any parent, subsidiaries and divisions, (2) any predecessors and successors thereto, and (3) any and all persons or entities purporting to act or acting on Genesys' behalf, including, but not limited to, all past and present attorneys, employees, consultants, directors, agents, officers, partners, affiliates, associates, or representatives thereof.

d. "Microsoft Patents" means U.S. Patent Nos. 6,430,289; 6,421,439; 6,263,064; and 6,728,357.

e. "The '289 patent" means U.S. Patent No. 6,430,289.

f. "The '439 patent" means U.S. Patent No. 6,421,439.

g. "The '064 patent" means U.S. Patent No. 6,263,064 (filed January 29, 1999).

h. "The '357 patent" means U.S. Patent No. 6,728,357 (filed July 17, 2001).

i. "Prior Art" means all documents and things, relating to, describing, concerning call center routing technology in existence prior to July 17, 2001.

j. "Microsoft-ALE/Genesys Litigation" means *Microsoft Corp. v. Alcatel-Lucent Enterprise and Genesys Telecommunications Laboratories*, Inc., Civil Action No. 07-090 (SLR).

k. "Product" means a manufacture, machine, device, apparatus, instrument, mechanism, appliance, collection of components/parts (either individually or together), method or process which are designed to function together electrically, mechanically, or otherwise, to achieve a particular purpose or function.

l. As used herein, "and" and "or" are to be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

m. As used herein, "any," "all," or "each" are to be construed as "any, all, and each" inclusively.

  n. As used herein, the use of the singular form of any word includes the plural and vice versa.

  o. The phrases "referring or relating to," "refer or relate to," "discussing," "summarizing," or "mentioning," as used herein, shall mean all information and all facts and/or documents that directly, indirectly or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to and/or are otherwise connected with the subject matter.

  p. As used herein, "document" or "documents" have the broadest meaning which can be ascribed to them pursuant to Fed. R. Civ. P. 34, including without limitation all final forms and all drafts and revisions of any type of written or graphic matter, original or reproduced, and all copies thereof which are different in any way from the original, regardless of whether designated "confidential," "privileged," or otherwise restricted. Without limiting the foregoing, the term "document" includes video tapes, films, audio tapes, computer disks, electronic mail messages, books, papers, letters, telegrams, facsimile transmissions, memoranda, communications, minutes, notes, schedules, tabulations, vouchers, accounts, statements, affidavits, reports' abstracts, agreements, contracts, diaries, calendars, plans, specifications, drawings, sketches, photostats, photographs, charts, graphs and other similar objects, and any kind of transcript, transcription or recording of any conversation, discussion or oral presentation of any kind, and any information stored on and reproducible in documentary form from a computer or other electronic information storage device.

  q. All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

  r. If any requested documents have been destroyed, state when they were destroyed, why they were destroyed, all persons who participated in or were involved in the decision to destroy, and supply an index of all such destroyed documents.

  s. If any document responsive to any Request was once within your possession, custody or control but no longer is, please state:
    a. the identity of the last known custodian of the document;
    b. the date or dates on which the document was lost, misplaced, transferred, destroyed, or otherwise disposed of;
    c. the identity of the person responsible for the loss, misplacement, transfer, destruction, or other disposition of the document;
    d. the reasons for and circumstances surrounding the loss, misplacement, transfer, destruction, or other disposition of the document; and
    e. any policy, directive, procedure, regulation or requirement pursuant to which the loss, misplacement, transfer, destruction, or disposition of the document occurred or was carried out.

      t.   When a document requested by any of these requests for production is withheld from production on any ground, such as that of the attorney-client privilege or the work product immunity doctrine, you will furnish Defendants with a list identifying each such document by:
         a. date;
         b. author, including position and title;
         c. recipients, including position and title;
         d. the general nature of the document (*e.g.*, a "letter" or an "opinion of counsel"); and
         e. identifying the subject matter with sufficient detail to enable the document to be referred to in any subsequent motion to compel production; and further, the listing shall state the basis asserted for withholding the document in sufficient detail so as to enable the claim of privilege or immunity or other claim to be adjudicated.

      u.   If, in responding to any Document Request or Deposition Topic, you encounter any ambiguity in construing either the Request, Topic, or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding.

## SCHEDULE A

## DOCUMENT REQUESTS

**REQUEST NO. 1.:**

All documents referring or relating to the preparation, filing, prosecution, and issuance of the '064 and '357 patents.

**REQUEST NO. 2.:**

All documents referring or relating to call center routing technology before July 17, 2001.

**REQUEST NO. 3.:**

All documents referring or relating to the '289 and '439 patents.

**REQUEST NO. 4.:**

All documents referring or relating to the research, development, design, and/or testing of any purported invention described, disclosed, and/or claimed in the '064 and '357 patents.

**REQUEST NO. 5.:**

All documents referring or relating to which You, Microsoft, and/or anyone else substantively involved with the prosecution or preparation of the '064 and '357 patents provided or caused to be provided to the agents and/or attorneys that were involved in the preparation, filing, or prosecution of the patent applications that led to the '064 and '357 patents, including, but not limited to, Prior Art.

**REQUEST NO. 6.:**

All documents referring or relating to interviews with the U.S. Patent and Trademark Office concerning the '064 and '357 patent applications.

**REQUEST NO. 7.:**

All documents referring or relating to any communications regarding the '064 and '357 patents between You and any Microsoft employee, the U.S. Patent and Trademark Office, or any attorney or patent agent.

**REQUEST NO. 8.:**

All documents referring or relating to the construction, meaning, and/or scope of any claim in the '064 and '357 patents.

**REQUEST NO. 9.:**

All documents referring or relating to the inventors of the '064 and '357 patents, including, but not limited to, any decision to exclude or include inventors named in the '064 and '357 patents.

**REQUEST NO. 10.:**

All documents referring or relating to the development, conception, and/or reduction to practice of the alleged invention claimed in the '064 and '357 patents.

**REQUEST NO. 11.:**

All documents referring or relating to the ownership and/or license of the '064 and '357 patents, including, but not limited to, any sale, assignment, offer to sell, or any other ownership transfer.

**REQUEST NO. 12.:**

All documents referring or relating to Inbound Voice or any Genesys products or any communications or dealings with Genesys related to call center products.

**REQUEST NO. 13.:**

All documents referring or relating to any ALE products or any communications or dealings with ALE related to call center products.

**REQUEST NO. 14.:**

All documents referring or relating to the commencement, duration, nature, termination of Your relationship to Microsoft and the other inventors named in the '064 and '357 patents.

**REQUEST NO. 15.:**

All documents referring or relating to any relationship between ALE and Genesys with Microsoft.

**REQUEST NO. 16.:**

All documents referring or relating to the Microsoft-ALE/Genesys Litigation.

**REQUEST NO. 17.:**

Copy of your current resume or curriculum vitae.

## SCHEDULE B

## TOPICS

**TOPIC NO. 1.:**

The preparation, filing, and prosecution of the '064 and '357 patents, including, but not limited to, all communications, patent applications, publications, drafts, books, pamphlets, inventor notebooks, products, product descriptions, and anything else You considered, discussed, analyzed in connection with the preparation, filing, and or prosecution of the '064 and '357 patents.

**TOPIC NO. 2.:**

All materials referring or relating to which You, Microsoft, and/or anyone else substantively involved with the prosecution or preparation of the '064 and '357 patents provided or caused to be provided to the agents and/or attorneys that were involved in the preparation, filing, or prosecution of the patent applications that led to the '064 and '357 patents, including, but not limited to, Prior Art.

**TOPIC NO. 3.:**

All Prior Art known to the individuals associated with the prosecution or filing of the '064 and '357 patents prior to July 17, 2001.

**TOPIC NO. 4.:**

All research, development, design, and/or testing of any purported invention described, disclosed, and/or claims in the '064 and '357 patents.

**TOPIC NO. 5.:**

All development, conception, and/or reduction to practice of the alleged invention claimed in the '064 and '357 patents.

**TOPIC NO. 6.:**

All ownership and/or license of the '064 and '357 patents, including, but not limited to, any sale, assignment, offer to sell, or any other ownership transfer.

**TOPIC NO. 7.:**

Any and all interviews with the U.S. Patent and Trademark Office concerning the '064 and '357 patent applications.

**TOPIC NO. 8.:**

Any and all communications regarding the '064 and '357 patents between You and any Microsoft employee, the U.S. Patent and Trademark Office, or any attorney or patent agent.

**TOPIC NO. 9.:**

Any and all statements made to the U.S. Patent and Trademark Office purportedly describing or discussing the circumstances, nature, and persons involved in any alleged public use or experimental use of the system and methods described in the '064 and '357 patents.

**TOPIC NO. 10.:**

Knowledge, construction, meaning, and/or scope of any claim of the '289 and '439 patents.

**TOPIC NO. 11.:**

The construction, meaning, and/or scope of any claim in the '064 and '357 patents.

**TOPIC NO. 12.:**

Any communications or dealings with Genesys related to call center products, including, but not limited to, Inbound Voice.

**TOPIC NO. 13.:**

Any communications or dealings with ALE related to call center products.

**TOPIC NO. 14.:**

The alleged inventors of the '064 and '357 patents, including, but not limited to, any decision to exclude or include inventors named in the '064 and '357 patents.

**TOPIC NO. 15.:**

The commencement, duration, nature, termination of Your relationship to Microsoft and the other inventors named in the '064 and '357 patents.

**TOPIC NO. 16.:**

Any opinions (oral or written) concerning the invalidity, validity, unenforceability, enforceability, unpatentability, patentability, infringement, or non-infringement of the '064 and '357 patents.