IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-090 (SLR) |
| | ) | |
| ALCATEL-LUCENT ENTERPRISE and | ) | **REDACTED –** |
| GENESYS TELECOMMUNICATIONS | ) | **PUBLIC VERSION** |
| LABORATORIES, INC.,  | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATON OF HENRY HYDE-THOMSON IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF ALL ASSERTED CLAIMS OF UNITED STATES PATENT NOS. 6,263,064, 6,728,357, AND 6,241,439

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Defendants*
  *Alcatel-Lucent Enterprise and*
  *Genesys Telecommunications Laboratories, Inc.*

OF COUNSEL:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL  60606
(312) 876-7700

Original Filing Date:  May 9, 2008
Redacted Filing Date:  May 16, 2008

I, HENRY HYDE-THOMSON, declare as follows:

1.      I am the Founder and Chairman of Anglo Scientific Ltd., a private equity firm specializing in start-up companies.  As part of my responsibilities at Anglo Scientific, I serve as Chairman of 21Net Ltd. and of Phasor Solutions Ltd. and Director of L3 Technology Ltd., Photon Solutions Ltd. and MMIC Solutions Ltd.  I have been retained as an expert witness on behalf of defendants Alcatel Lucent Enterprise ("ALE") and Genesys Telecommunications Laboratories, Inc. ("Genesys").  Based on my investigation of the facts of this case, including review of the patents in issue and prior art, investigation of the accused products, review of the expert reports and analyses of plaintiff Microsoft's experts and participation in the ITC proceedings, I have personal knowledge of the matters set forth below and if called to testify, could and would competently testify thereto under oath.

2.      The patents-at-issue are:  U.S. Patent No. 6,236,064 ("the '064 Patent") and U.S. Patent No. 6,728,357 ("the '357 Patent") (collectively, "the O'Neal Patents") and U.S. Patent No. 6,430,289 ("the '289 Patent") and U.S. Patent No. 6,421,439 ("the '439 Patent") (collectively, "the Liffick Patents").

3.      This declaration summarizes relevant portions of the expert reports which I have submitted on behalf of Defendants ALE and Genesys.

4.      Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from my Opening Report dated April 1, 2008, which contains my expert opinion on the invalidity of the patents-at-issue (Expert Report of Mr. Henry Hyde-Thomson Regarding Invalidity and Materiality (Corrected), hereinafter referred to as "Hyde-Thomson Opening Report").

5.      Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from my Rebuttal Report dated April 18, 2008, which contains my expert opinion on the non-

1

infringement of the patents-at-issue (Expert Report of Henry Hyde-Thomson Regarding Alcatel Lucent Enterprise's Non-Infringement of U.S. Patent Nos. 6,263,064, 6,728,357, 6,430,289 and 6,421,439 in Rebuttal to the Expert Report of Dr. William H Beckmann, hereinafter referred to as "Hyde-Thomson Rebuttal Report").

6.      Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from the March 28, 2008 Expert Report of Dr. William H Beckmann, Ph.D., hereinafter referred to as "Beckmann Report".

7.      Attached hereto as Exhibit 4 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,445,694 ('the Swartz patent') v. '064 patent" which is Exhibit M to my Opening Report, hereinafter referred to as "Swartz-'064 Chart."

8.      Attached hereto as Exhibit 5 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,636,587 (Nagai) v. '064 patent" which is Exhibit N to my Opening Report, hereinafter referred to as "Nagai-'064 Chart."

9.      Attached hereto as Exhibit 6 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,445,694 ('the Swartz patent') v. '357 patent" which is Exhibit R to my Opening Report, hereinafter referred to as "Swartz-'357 Chart."

10.      Attached hereto as Exhibit 7 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,636,587 (Nagai) v. '357 patent" which is Exhibit S to my Opening Report, hereinafter referred to as "Nagai-'357 Chart."

11.      Attached hereto as Exhibit 8 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,041,114 ('the Chestnut patent') v. '289 patent" which is Exhibit H to my Opening Report, hereinafter referred to as "Chestnut-'289 Chart."

12.    Attached hereto as Exhibit 9 is a true and correct copy of a claim chart entitled "U.S. Patent No. 6,041,114 ('Chestnut') v. '439 Patent" which is Exhibit E to my Opening Report, hereinafter referred to as "Chestnut-'439 Chart."

13.    Attached hereto as Exhibit 10 is a true and correct copy of a series of screenshots that I took during my analysis of the ALE OXE System, which is Exhibit B to my Rebuttal Report, hereinafter referred to as "OXE Screenshots."

14.    Attached hereto as Exhibit 11 are true and correct excerpts of testimony I gave in the related ITC proceeding entitled *In the Matter of Certain Unified Communication Systems, Products Used With Such Systems, And Components Thereof*, Inv. No. 337-TA-598 (2007), hereinafter referred to as "Hyde-Thomson ITC Hrg Tr."

15.    Attached hereto as Exhibit 12 is a true and correct copy of my curriculum vitae, which is Exhibit A to my Opening Report.

## I.    QUALIFICATIONS

16.    My qualifications are set forth fully in my Opening Expert Report. (Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 1-5, Ex. A)  A copy of my curriculum vitae is attached as Exhibit 12 to this Declaration.

17.    I have significant experience in developing, designing and commercializing unified messaging systems.  I was awarded U.S. Patent No. 5,557,659 titled "Electronic Mail System Having Integrated Voice Messages," filed December 21, 1994, for the concept of integrating voicemail into an e-mail system.  From 1989 to 1991, I served as an Honorary Research Fellow at the Department of Computing at Imperial College, where I focused my research on computer telephony, speech synthesis and speech recognition.  In 1992, I founded Vmail Ltd., which focused on developing a unified messaging system.  (*Id*. at ¶ 2.)

18.     I was qualified as an expert in the areas for computer telephony and unified messaging in *In the Matter of Certain Unified Communication Systems, Products Used With Such Systems, And Components Thereof*, Inv. No. 337-TA-598 (2007).  (*Id*. at ¶ 5.)

## II.     BACKGROUND OF THE TECHNOLOGY

19.     My description of the background of the technology is fully set forth in my Opening and Rebuttal Reports. (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 12-35, Ex. 2 (Hyde-Thomson Rebuttal Report) at ¶¶ 7-16.)  Some key points:

### A.     The O'Neal Patents

20.     The relevant technology is unified messaging.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 26-30.)  Unified messaging systems provide solutions for integrating various communication services, such as phone, fax, email, and other communication services. Unified messaging systems were well known prior to Microsoft's priority filing dates of the O'Neal Patents.  (*Id*.)

21.     Graphical User Interfaces (GUIs) were also well-known and widely used by the mid-1990s.  (*Id*. at ¶ 32.)  In the area of unified messaging, it was recognized in the industry by May 1996 that: "Although most GUI users have to switch between one set of tools for their voice mail and fax messages and another set of tools for their e-mail messages, products are now under development that will allow all three types of messages to be managed from one list and with the same set of tools." (Ex. 1 (Hyde-Thomson Opening Report) at ¶ 35 (citing Unified Messaging is a Key Productivity Aid in the Information Age (May 1996)).)

### B.     The Liffick Patents

22.     The relevant technology is computer telephony.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 21-25, Ex. 2 (Hyde-Thomson Rebuttal Report) at ¶ 11.)  Computer Telephony Integration (CTI) has been in existence since around 1990.  (Ex. 2 (Hyde-Thomson

4

Rebuttal Report) at ¶ 11.)  Generally, CTI provides the ability for the telephone networks and computer networks to interact with each other.  (Ex. 1 (Hyde-Thomson Opening Report) at ¶ 21.) At the time of the application of the Microsoft patents, CTI systems were well known for many applications.  (*Id.*)

23.    A related technology that also developed during the same time frame as CTI was Voice over IP (VoIP).  (Ex. 2 (Hyde-Thomson Rebuttal Report) at ¶¶ 11-16.)  VoIP generally related to transmission of voice communications over packet networks, such as the Internet.  (*Id.* at ¶ 13.)  By 1999, a number of VoIP standards were available in the industry, including a standard for VoIP technology known as "supplementary services call diversion" where a VoIP call is re-routed from an intended call recipient to a second recipient when the intended recipient is already engaged in a VoIP call.  (*Id.* at ¶ 15-16.)

## III.    PATENTS-AT-ISSUE

### A.    Person of Ordinary Skill in the Art

██  ████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

██  ████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

IV.    **OPERATION OF THE ACCUSED ALE OXE AND OXO SYSTEMS**

A.    **Overview of the Accused ALE Systems**

B.    **The O'Neal Patents**

1.    **The Graphical User Menu In The Accused ALE OXE System**





**2.    The Telephony User Interface In The Accused ALE OXE System**



### 3.    The Accused ALE OXE System Is Not A Unified Messaging System under Microsoft's Proposed Construction

39.    All of the asserted claims of the O'Neal Patents require a "unified messaging

system."  Claims 1, 3, 8, 9, 11, and 20 of the '064 patent and claims 1 and 6 of the '357 patent

require a "computer-implemented method for permitting a subscriber of a plurality of

communication services of a unified messaging system to customize communication options

pertaining to said plurality of communication services."  Claim 17 of the '357 patent requires a

"data structure for permitting a subscriber of a plurality of communication services of a unified

9

messaging system to customize communication options pertaining to said plurality of communication services."



C.    The '289 Patent

1.     VoIP Soft Phones Transmit Telephony Information

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

**2.**    **The Accused Systems Do Receive An Indication Of The Desire By A First Party To Set Up A Call With A Second Party**

██    ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████

██    ██████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████

■   ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████

■   ██████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

3.      **The Accused Systems Do Not Monitor Activity Of A User Computer And Do Not Route Calls Based On The Monitored Activity Of A User Computer**

■   ███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████

12





- ███████████████████████████████████

███████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

█████████████████████████████

- ████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

███████████████

4.     **The Accused Products Do Not "Determine When The Second Party Is Available To Take The Call Originated By The First Party"**

- ████████████████████████████████████

███████████████████████████████████████

██████████████████████████

- ██████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

█████████████████████████████



**5.** **The Accused Systems Do Not Process Information At The Computer Network To Facilitate Connecting The Call**



**D.      The '439 Patent**

        **1.      Microsoft's Infringement Theory Is Based On Forwarding An Incoming Call When The User Is On A Soft Phone Call**

        **2.      A User On A Soft Phone Call Does Not Reflect "Current Activity Of The User On The Computer Network" Under Either Party's Construction**



## V.    PRIOR ART REFERENCES

### A.    The Swartz Patent

#### 1.    The Swartz Patent Anticipates All of the Asserted Claims of the '064 Patent

72.    It is my opinion that U.S. Patent No. 6,445,694 ("the Swartz patent"), filed on March 7, 1997, anticipates claims 1, 3, 8, 9, 11, and 20 of the '064 Patent under Microsoft's constructions.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 634 and Ex. 4 (Swartz-'064

Chart) (providing a claim chart mapping the Swartz Patent onto the asserted claims of the '064 Patent).)

73.    Swartz discloses an "Internet controlled telephony system employing a host services processor connected to a subscriber via the Internet and further connected to the public switched telephone system (PSTN)." (Ex. 1 (Hyde-Thomson Opening Report) at ¶ 629 (quoting the Swartz Patent at Abstract).) The disclosed system is a unified messaging system because it "provides the facilities needed *for controlling a variety of communications services, including telephone, email, fax* and paging services provided by a host services computer operating under the control of either or both (1) a World Wide Web interface and (2) a telephone interface." (*Id.* (quoting the Swartz Patent at 2:2-7).)

74.    Swartz teaches that a subscriber can use a web interface to control various messaging options associated with different communication services:

> [T]he subscriber may also use the web interface to specify whether call waiting is to be activated, to screen or reroute calls from designated numbers, for recording voice mail messages in designated voice mailboxes, for selectively playing back voice mail messages via the web interface or for forwarding voice mail as an email attachment, for handling incoming fax transmissions using character recognition and email attachment functions, and for automatically paging the subscriber when incoming voice mail, fax or email messages are received, all in accordance with the preference data supplied by the subscriber using the web interface.

(*Id.* at ¶ 630 (quoting the Swartz Patent at Abstract).) Swartz discloses that a subscriber can use a telephone interface to access all the same options available through the web interface: "all of the control functions discussed in detail above using the HTML/CGI interface may be replicated using voice controls via the telephone line, permitting the host services computer to be controlled using either the website or the voice interface." (*Id.* (quoting the Swartz Patent at 13:54-61).)

75.    Swartz states that "it is the principal function of the host services computer 41 to receive and respond to data and commands received from the subscriber location 30, either in the form of HTML form submissions or in the form of voice and/or dial tone commands, and to perform requested functions in response to those commands."  (*Id.* at ¶ 631 (quoting the Swartz Patent at 3:31-37).)  Swartz further discloses that the host processor computer can forward, receive, retrieve, and store messages from different communication services, such as voicemail, fax, and email:

> To effect email handling, the host services computer operates as a POP mailbox and SMTP server for receiving and sending email respectively. In order to coordinate email, voicemail and fax transmission, the host services computer may advantageously employ a set of conventional format conversion functions including: voice to text speech recognition for converting voice mail into text form suitable for transmission via email as well as by voice file MIME attachments to email; optical character recognition for translating fax transmissions into text form for email transmission as well as by MIME fax file attachments to email.

(*Id.* (quoting the Swartz Patent at 12:20-31).)

76.    Figure 8 of Swartz, reproduced below, shows a "single graphical menu," as that limitation is applied by Microsoft through which a subscriber can control different options for various communication services.



Fig. 8

(*Id.* at ¶ 632 (Swartz Patent at FIG. 8).)

77.     Swartz states that "[t]he subscriber may control the manner in which Email,
voicemail and fax transmissions are handled using the form seen in FIG. 8," (*Id.* at ¶ 633
(quoting the Swartz Patent at 12:18-22).) and that the single graphical menu depicted in Figure 8
"allows email, fax and voice mail messages to be forwarded, stored, and redirected in a variety
of ways in response to option selections made by the subscriber as shown." (*Id.* (quoting the
Swartz Patent at 12:18-35).)

>    **2.     The Swartz Patent Anticipates All of the Asserted Claims of the '357
>    Patent**

78.     It is my opinion that the Swartz patent anticipates claims 1, 6, and 17 of the '357
Patent under Microsoft's constructions.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 1063
and Ex. 5 (Swartz-'357 Chart) (providing a claim chart mapping the Swartz Patent onto the
asserted claims of the '357 Patent).)

21

**B.    The Nagai Patent**

**1.    The Nagai Patent Anticipates All of the Asserted Claims of the '064 Patent**

79.    It is my opinion that U.S. Patent No. 6,636,587 ("the Nagai patent"), filed on June 24, 1998, anticipates claims 1, 3, 8, 9, 11, and 20 of the '064 Patent under Microsoft's constructions.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 816 and Ex. 6 (Nagai-'064 Chart) (providing a claim chart mapping the Nagai Patent onto the asserted claims of the '064 Patent).)

80.    Nagai discloses a unified messaging system: "In the office 200 shown in FIG. 2, a groupware server 203 for providing a unified messaging service for unified messaging of voice, text and facsimile mail and a workflow management service of a work process…"  (Ex. 1 (Hyde-Thomson Opening Report) at ¶ 1069 (quoting the Nagai Patent at 7:61-8:6).)  It is my opinion that one of ordinary skill in the art would interpret the disclosed unified messaging system of the Nagai Patent to possess the same meaning as that term is used in the O'Neal Patents.  (*See also* Ex. 11 (Hyde-Thomson ITC Hrg Tr.) at 1321:17-1327:6 (highlighting a portion of the Nagai Patent that "ends with the phrases: Means for unified messaging for multimedia electronic mail, desirably, such as voice mail, facsimile mail and text mail" and concluding that "[i]t clearly is describing a unified messaging system.").)

**2.    The Nagai Patent Anticipates All of the Asserted Claims of the '357 Patent**

81.    It is my opinion that the Nagai Patent anticipates claims 1, 6, and 17 of the '357 Patent under Microsoft's constructions.  (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 1124 and Ex. 7 (Nagai-'357 Chart) (providing a claim chart mapping the Nagai Patent onto the asserted claims of the '357 Patent).)

**C.**       **The Chestnut Patent (U.S. Patent No. 6,041,114).**

        **1.**       **The Chestnut Patent Anticipates All Of The Asserted Claims Of The '289 Patent Under Microsoft's Constructions**

82.      It is my opinion that U.S. Patent No. 6,041,114 ("the Chestnut Patent"), filed on March 27, 1997, anticipates the asserted claims of the '289 Patent under Microsoft's constructions. (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 369 and Ex. 8 (Chestnut-'289 Chart) (providing a claim chart mapping the Chestnut Patent onto the asserted claims of the '289 Patent).)

        **a.**       **Chestnut Discloses Monitoring Activity Of A User Computer Connected To The Computer Network Under Microsoft's Construction**

83.      As I testified in the ITC proceedings, the Chestnut Patent discloses, under Microsoft's proposed construction, "monitoring activity of a user computer connected to the network and associated with the second party." Indeed, "within [Microsoft's] definition of the status of the user computer would clearly be contained the concept of from where that computer is logged in to the network, over what connection it was logged in." (*See* Ex. 11 (Hyde-Thomson ITC Hrg Tr.) at 1397:7-19.)

84.      Chestnut explains that a call can be processed according to whether a user is logged on to the computer network by disclosing that before the PBX sends the call to the callee's extension, the telecommute server checks the computer network to see if the called party is logged on, in which case the telecommute server instructs the private branch exchange to forward the call to the telephone extension associated with the device the callee has used to log onto the computer network. (Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 387-88.)

       **b.**    **Chestnut Discloses "Using The Set Of A Pre-Determined Rules … To Determine When The Second Party Is Available To Take The Call Originated By The First Party"**

85.    Chestnut discloses, under Microsoft's proposed construction, the '289 Patent's limitation that recites "using the set of a pre-determined rules … to determine when the second party is available to take the call originated by the first party."  Chestnut explains that a call can be processed according to whether a user is logged on to the computer network.  If the user is logged on, the system then forwards the call to the user's extension.  (*Id*. at ¶¶ 399-400.)

       **c.**    **Chestnut Discloses "Storing A Set Of Pre-Determined Rules For Determining When A Second Party Is Available To Take A Call From The First Party"**

86.    Chestnut discloses, under Microsoft's proposed construction, the '289 Patent's limitation that recites "storing a set of pre-determined rules for determining when the second party is available to take a call from the first party."  (*Id*. at ¶ 393.)

87.    Chestnut discloses storing pre-determined rules for determining when a party is available to take a call.  (*Id*.)  Chestnut additionally discloses routing based on such calling criteria as day of the week or time of the day.

88.    In my opinion, Chestnut discloses that the Telecommute server intercepts the call and then checks as to whether a called party is logged in.  Chestnut further discloses that the telecommute server then instructs the PBX, which is part of the telephone network, to connect the call.  (*Id*.)

       **d.**    **Chestnut Discloses A "Computer Program Product"**

89.    As I testified in the ITC proceedings, the Chestnut Patent discloses, under Microsoft's proposed construction, the '289 Patent's "computer program product."  In fact, as I testified, "the Chestnut patent includes the idea of a computer program product.  Indeed, that's exactly what Mr. Chestnut … was basically making was software to run on PCs for computer

telephony systems such as this product, telecommute server, or voice mail systems." (*See* Ex. 11 (Hyde-Thomson ITC Hrg Tr. at 1398:12-1399:12.)

### 2. The Chestnut Patent Anticipates All Of The Asserted Claims Of The '439 Patent

90.     It is my opinion that U.S. Patent No. 6,041,114 ("the Chestnut Patent"), filed on March 27, 1997, anticipates the asserted claims of the '439 Patent. (*See* Ex. 1 (Hyde-Thomson Opening Report) at ¶ 167 and Ex. 9 (Chestnut-'439 Chart) (providing a claim chart mapping the Chestnut Patent onto the asserted claims of the '439 Patent).)

91.     The Chestnut Patent discloses a "telecommute server" which receives and forwards calls using a telecommute server connected to a computer network integrated with a PBX connected to a telephone network. The computer network (LAN, WAN, etc.) is "integrated" with a private branch exchange (PBX) connected to a Public Switched Telephone Network (PSTN). (Ex. 1 (Hyde-Thomson Opening Report) at ¶ 170.) The invention disclosed in the Chestnut Patent relates to a "telecommunications management system which controls call forwarding based upon user activity on an associated computer terminal." (Ex. 9 (Chestnut-'439 Chart) at p. 5 (quoting the Chestnut Patent at 1:4-8.))

92.     The call routing system discussed in the Chestnut Patent routes incoming calls based on user-selectable criteria. The telecommute server may either have preprogrammed call forwarding preferences or the user can enter her preferences when she logs on/off of the computer network. (Ex. 9 (Chestnut-'439 Chart) at p. 1-2, *see also* Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 190-199.) The telecommute server can also forward an incoming call based on criteria such as day or date, time of day, identity of the caller, or other preprogrammed rules. (Ex. 9 (Chestnut-'439 Chart) at p. 2.) Call forwarding preferences can be based on such

criteria, as well as other factors as who else is logged onto the computer network or the telephone extensions currently in use.  (*Id*. at p. 3.)

93.    The Chestnut Patent discloses a system with such user-selectable criteria stored in memory on a computer network.  (*Id*. at p. 2-3.)  The telecommute server determines which telephone number incoming calls should be forwarded to based upon information stored in memory.  (*Id*.)  When a user logs into the computer network, the system disclosed in the Chestnut Patent determines the telephone number associated with the logon device by comparing the identity of the logon device with a list of telephone numbers indexed by logon device stored in memory.  (*Id*. at p. 3.)

94.    When an incoming call is received by the system disclosed in the Chestnut Patent, the system identifies the called party and then checks to see if calls are being forwarded.  (*Id*.)  If calls are being forwarded, the system checks memory to determine the list of potential forwarding numbers.  (*Id*.)  The list of potential forwarding numbers can be based on one or more preprogrammed criteria, including the identity of the called party's logon device, day of the week, date, time of day, and/or the identity of the caller.  (*Id*.)

95.    The Chestnut Patent discloses a system which routes calls based upon current user activity on the computer network.  (*Id*. at p. 4-5.)  The system can detect when a called party has logged onto the computer network and will route the incoming call accordingly.  (*Id*.)  For example, if the called party was logged onto the computer network from his computer workstation, then the call can be directed to his office extension.  (*Id*. at p. 4.)  If the called party was logged onto the computer network from his home workstation, then the call will be directed to the user's home phone number.  (*Id*.)  Call forwarding based on the user's logon device can be further scheduled so that calls are forwarded to different telephone lines or voice messaging

systems depending on a predefined schedule. (*Id.* at p. 5.) The system disclosed in the Chestnut Patent can also be set up to alter the schedule if it detects that the user has logged onto the computer network from a terminal associated with a different telephone extension than the one defined in the schedule. (*Id.*)

96.    Caller identification information can be used by the disclosed system to provide different callers with different levels of access to call forwarding options. (*Id.* at p. 4.) For example, callers may be identified through automatic caller ID, inputting an identifying code via the telephone touchpad, or other method of identification. (*Id.*) The system may give the option of leaving a message or having the call transferred to another party to a lower priority caller, whereas a higher a priority caller may have the option of reaching the user at the home telephone number. (*Id.*)

97.    Chestnut discloses a "computer network access port" as required by claims 1 and 21 of the '439 patent. Chestnut discloses that the telephone network portion of the telecommute server uses "CTI" applications that "seamlessly interface the caller, the called party and information on a host computer for a variety of applications" to access the lists of user selectable criteria stored on the computer network portion of the telecommute server. (Ex. 1 (Hyde-Thomson Opening Report) at ¶¶ 200-204.) In my opinion, the CTI applications satisfy the computer network access port limitation. (*Id.*)

98.    Chestnut discloses a "controller" as required by claims 1 and 21 of the '439 patent. Chestnut teaches that the telecommute server receives the call when the telecommute server "intercepts" the call. (*Id.* at ¶¶ 205-213.) The telecommute server then determines the appropriate telephone number that the call should be routed to. (*Id.*) In Chestnut, the telecommute server, which is part of both the telephone and computer networks accesses the

user-selectable criteria, which can be stored in memory on the computer network portion of the telecommute server.  (*Id*.)

99.    I understand that Microsoft is currently arguing before the International Trade Commission that the telecommute server of Chestnut cannot be the controller because the telecommute server does not "receive the incoming call."  I disagree with Microsoft.  The specification of the Chestnut patent is clear that the telecommute server receives the call when the telecommute server "intercepts" the call.  However, even if the telecommute server did not "receive" the call, as Microsoft is interpreting that word, it is my opinion that under Microsoft's application of this limitation, the PBX (or a combination of the PBX and telecommuter server) of Chestnut would satisfy the controller limitation because the PBX (or the combination with the telecommute server) also "receives" the call and would therefore satisfy all of the limitations of the "controller."  (*Id*. at ¶ 214-15.)  The PBX uses the CTI applications of the telecommute server to access the lists of user selectable criteria and the telecommute server provides instructions to the PBX concerning how to route the call based upon criteria stored in the lists.  (*Id*.)

100.    In addition, the system disclosed in the Chestnut Patent will block an incoming call from reaching a user's phone in the situations described above, such as when the user has scheduled that calls should be forwarded to voicemail during certain days or times of the day.  (Ex. 9 (Chestnut-'439 Chart) at p. 10-11.)

101.    The Chestnut Patent discloses a system which includes a "computer program product" as required by claims 28 and 36 of the '439 Patent.  The system includes CTI applications (software) as well as the telecommute server which includes hardware and software.  (*Id*. at p. 13-14.)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of May, 2008 in Bristol, England.

HCA Hyde Thomson

Henry Hyde-Thomson

## <u>CERTIFICATE OF SERVICE</u>

I, Maryellen Noreika, hereby certify that on May 16, 2008 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

> Thomas L. Halkowski, Esquire
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on May 16, 2008 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> **and HAND DELIVERY**
>
> Thomas L. Halkowski, Esquire
> FISH & RICHARDSON P.C..
> 919 N. Market Street
> Suite 1100
> Wilmington, DE  19801
>
> **BY ELECTRONIC MAIL**
>
> Ruffin B. Cordell, Esquire
> Linda Liu Kordziel, Esquire
> FISH & RICHARDSON P.C.
> 1425 K. Street, N.W.
> 11[th] Floor
> Washington, DC  20005
>
> John E. Gartman, Esquire
> FISH & RICHARDSON P.C.
> 12390 EL Camino Real
> San Diego, CA  92130

*/s/ Maryellen Noreika*

_____

Maryellen Noreika (#3208)

# EXHIBIT 1

REDACTED

# EXHIBIT 2

REDACTED

# EXHIBIT 3

REDACTED

EXHIBIT 4

# EXHIBIT M

## U.S. Patent No. 6,445,694 ("the Swartz patent") v. '064 patent

| | '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| Claim 1 [a] | A computer-implemented control center for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services through either a telephony-centric network using a telephone or a data-centric network using a display terminal, said computer-implemented control center comprising: | *Swartz* teaches an internet controlled telephony system having "a host services processor connected to a subscriber via the Internet and further connected to the public switched telephone system (PSTN)." Abstract.<br><br>*Swartz* also teaches that, as shown in Figure 1, a system "for controlling a variety of communications services, including telephone, email, fax and paging services provided by a host services computer operating under the control of either or both (1) a World Wide Web interface and (2) a telephone interface." 2:2-7.<br><br>Also 2:47-54; 3:31-37; 10:28-36; Figure 1. |
| [b] | a subscriber communication profile database,<br><br>said subscriber communication profile database having therein an account pertaining to said subscriber, | *Swartz* teaches an internet controlled telephony system in which the "subscriber employs a web interface to populate a database with preference data which is used by the host services processor to handle incoming calls and establish outgoing telephone connections in accordance with the preference data provided by the subscriber." Abstract.<br><br>*Swartz* also teaches the use of an HTML subscription form that "enables [a] user to establish an account with the operator of the host services computer. When the subscription form is submitted, the host services computer stores the descriptive information entered on the submitted form in persistent storage (typically a database on a local magnetic disk drive) accessible to the host computer." 6:6-12. |

| | '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| [c] | said account including said communication options for said subscriber, <br><br> said communication options including parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services; | *Swartz* teaches that the subscriber "may also use the web interface to specify whether call waiting is to be activated, to screen or reroute calls from designated numbers, for recording voice mail messages in designated voice mailboxes, for selectively playing back voice mail messages via the web interface or for forwarding voice mail as an email attachment, for handling incoming fax transmissions using character recognition and email attachment functions, and for automatically paging the subscriber when incoming voice mail, fax or email messages are received, all in accordance with the preference data supplied by the subscriber using the web interface." Abstract. <br><br> Also 12:18-35. |
| [d] | a computer server coupled to exchange data with said subscriber communication profile database, | *Swartz* teaches that when a "subscription form is submitted, the host services computer stores the descriptive information entered on the submitted form in persistent storage (typically a database on a local magnetic disk drive) accessible to the host computer." 6:8-12. |

| '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*) filed March 7, 1997 |
|---|---|
| [e] | said computer server being configured to generate a single graphical menu for displaying communication options for each of said communication services at the same time, | *Swartz* teaches that a "host services computer transmits a main menu webpage of the type illustrated in Fig. 2." 6:55-57.<br><br>*Swartz* also teaches that the subscriber "may control the manner in which Email, voicemail and fax transmissions are handled using the form seen in Fig. 8." 12:18-20.<br><br><br><br>**Fig. 8**<br><br>Also Abstract; 12:31-35; Figure 2; Figure 8. |
| [f] | and to visually display said single graphical menu on said display terminal when said subscriber employs said display terminal to access said computer-implemented control center through said data- centric network, | *Swartz* teaches that an important feature of the system is that "the subscriber can access his or her personalized phone services and database from any computer having access to the Internet, and need not be limited to a particular computer on which special programs or data are stored." 6:25-29.<br><br>Also 7:46-51; 10:29-36; 12:31-35. |

| | '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| [g] | said computer server also being configured to receive from said subscriber via said display terminal and said data-centric network a first change to said communication options and to update said first change to said account in said subscriber communication profile database, | *Swartz* teaches that the subscriber "may also use the web - interface to specify whether call waiting is to be activated, to screen or reroute calls from designated numbers, for recording voice mail messages in designated voice mailboxes, for selectively playing back voice mail messages via the web interface or for forwarding voice mail as an email attachment, for handling incoming fax transmissions using character recognition and email attachment functions, and for automatically paging the subscriber when incoming voice mail, fax or email messages are received, all in accordance with the preference data supplied by the subscriber using the web interface." Abstract.<br><br>*Swartz* teaches that the "subscriber may control the manner in which Email, voicemail and fax transmissions are handled using the form seen in FIG. 8. ... The information provided on the form of FIG. 8, which is self explanatory, allows email, fax and voice mail messages to be forwarded, stored, and redirected in a variety of ways in response to option selections made by the subscriber as shown." 12:18-35.<br><br>Also 3:31-37; 6:25-29; 10:29-36. |
| [h] | wherein said single graphical menu comprises at least a first display area for showing a first communication service and a first communication option associated with said first communication service, and a second display area for showing a second communication service and a second communication option associated with said second communication service, | *Swartz* teaches that the "subscriber may control the manner in which Email, voicemail and fax transmissions are handled using the form seen in FIG. 8 .... The information provided on the form of FIG. 8, which is self explanatory, allows email, fax and voice mail messages to be forwarded, stored, and redirected in a variety of ways in response to option selections made by the subscriber as shown." 12:18-35.<br><br>Figure 8 shows several different services, such as email forwarding, sending a facsimile as an email, sending voicemail as an email attachment, and redirecting faxes. Each of these services have individual display areas at the same time on one graphical menu. Figure 8. |

| '064 Patent | U.S. Patent No. 6,445,694 (Swartz) filed March 7, 1997 |
|---|---|
| the first display area and the second display area being displayed at the same time in said single graphical menu,<br><br>and wherein the first | <br><br>Fig. 8 |
| [i] communication option includes a first enable option for enabling or disabling the first communication service,<br><br>and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; and | Swartz teaches that "[p]hone calls, fax transmissions, paging transmissions and email messages may be initiated immediately from the form seen in FIG. 6 by pressing the appropriate one of the activation buttons seen at 280. In addition, by checking the checkbox at 282, calls originating from this caller may be screened and blocked altogether, or may be routed to voice mail according to the instructions provided by the subscriber selectable radio button options indicated at 286. The drop-down list box at 289 permits the subscriber to designate the voice mailbox to which voice mail from this caller is directed. Similarly, the drop-down list boxes at 293 and 294 respectively allow the subscriber to designate the mailbox locations for fax transmission files and email messages received from this caller. When the form is completed to the subscriber's satisfaction, the information it contains is saved for future use in the database maintained by the host services computer when the subscriber presses the "Save as Shown" button 299 at the bottom of the form of FIG. 6.  11:3-21 |

| '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|
| |  Fig. 5. Fig. 6. Fig. 6. |
| [j]  a telephony server | *Swartz* teaches that "using conventional speech and command |

| '064 Patent | | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| | coupled to exchange data with said communication profile database, | recognition, DTMF tone signaling detection, and speech synthesis techniques for sending voice prompts and information to the user, all of the control functions discussed in detail above using the HTML/CGI interface may be replicated using voice controls via the telephone line, permitting the host services computer to be controlled using either the website or the voice interface." 13:54-61.<br><br>Also 3:31-37; 7:46-51; 13:6-26. |
| [k] | said telephony server being configured to audibly represent said communication options to said telephone when said subscriber employs said telephone to access said computer-implemented control center,<br><br>said telephony server also being configured to receive from said subscriber via said telephone a second change to said communication options and to update said second change to said account in said subscriber communication profile database. | *Swartz* teaches that "using conventional speech and command recognition, DTMF tone signaling detection, and speech synthesis techniques for sending voice prompts and information to the user, all of the control functions discussed in detail above using the HTML/CGI interface may be replicated using voice controls via the telephone line, permitting the host services computer to be controlled using either the website or the voice interface." 13:54-61.<br><br>Also 2:49-55; 3:31-37; 7:46-51. |
| Claim 3 | The computer-implemented control center of claim 1 wherein said plurality of communication services include a call forwarding [serv]ice configured to permit said subscriber to | *Swartz* teaches a "Call Forwarding" service and explains that when "hypertext option 300 is clicked on the main menu form seen in FIG. 2, the form seen in FIG. 7 is displayed on the subscriber's monitor.   This form allows the subscriber to specify the manner in which incoming calls are forwarded." 11:22-26.<br>*Swartz* also teaches that the host services computer "activates call forwarding by taking the line carrying the incoming call off-hook, sending the key sequence "#72" to the central office |

| '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*) -filed March 7, 1997 |
|---|---|
| specify whether a call received at a telephone number associated with said account be forwarded to a forwarding telephone number,<br><br>said communication options including a call forwarding enable option and said forwarding telephone number. | and, when dial tone is received from the central office, dialing the forwarding number previously entered by the subscriber on line 2." 12:6-10.<br>Also Figure 2, Figure 7.<br><br><br><br>Fig. 7 |
| Claim 8 | The computer implemented control center of claim 1 wherein the first communication option includes a first routing option,<br><br>and wherein the second communication option includes a second routing option. | *Swartz* teaches that when hypertext option 300 is clicked on the main menu form seen in FIG. 2, the form seen in FIG. 7 is displayed on the subscriber's monitor.  This form allows the subscriber to specify the manner in which incoming calls are forwarded and implements "Follow me" call forwarding to enable calls to be automatically forwarded to one of plurality of different numbers in accordance with a predetermined time schedule." 11:22-29.<br><br>Also Figure 2; Figure 7. |

| '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|



Fig. 7

| | '064 Patent | U.S. Patent No. 6,445,694 (Swartz) filed March 7, 1997 |
|---|---|---|
| Claim 9 | The computer implemented control center of claim 8 wherein either the first routing option or the second routing option includes a plurality of routings. | *Swartz* teaches that when hypertext option 300 is clicked on the main menu form seen in FIG. 2, the form seen in FIG. 7 is displayed on the subscriber's monitor. This form allows the subscriber to specify the manner in which incoming calls are forwarded and implements "Follow me" call forwarding to enable calls to be automatically forwarded to one of plurality of different numbers in accordance with a predetermined time schedule." 11:22-29.<br><br>Also Figure 2; Figure 7.<br><br><br><br>Fig. 7 |

| | '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| Claim 11 | The computer implemented control center of claim 1 wherein said plurality of communication services comprise an e-mail service configured to permit said subscriber to receive and transmit e-mails through said data centric network, <br><br> and a voice telephone service configured to permit said subscriber to receive and transmit voice calls through said telephony- centric network. | *Swartz* teaches that the internet controlled telephony system "for controlling a variety of communications services, including telephone, email, fax and paging services provided by a host services computer operating under the control of either or both (1) a World Wide Web interface and (2) a telephone interface." 2:2-7. <br><br> *Swartz* also teaches that to effect "email handling, the host services computer operates as a POP mailbox and SMTP server for receiving and sending email respectively.  In order to coordinate email, voicemail and fax transmission, the host services computer may advantageously employ a set of conventional format conversion functions including: voice to text speech recognition for converting voice mail into text form suitable for transmission via email as well as by voice file MIME attachments to email; optical character recognition for translating fax transmissions into text form for email transmission as well as by MIME fax file attachments to email." 12:20-31. <br><br> Also Abstract; Figure 2; Figure 8. |
| Claim 20 [a] | A computer-implemented control center for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services through either a telephony-centric network using a telephone or a data-centric network using a display terminal, <br><br> said computer-implemented control | See claim 1[a]. |

| | '064 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|---|
| | center comprising: | |
| [b] | a subscriber communication profile database, said subscriber communication profile database having therein an account pertaining to said subscriber, | See claim 1[b] |
| [c] | said account including said communication options for said subscriber, said communication options including parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services; | See claim 1[c] |
| [d] | a computer server coupled to exchange data with said subscriber communication profile database, | See claim 1[d] |
| [e] | said computer server being configured to generate a single graphical menu for | See claim 1[e] |

| | '064 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|---|
| | displaying said communication options for each of said communication services at the same time, | |
| [f] | and to visually display said single graphical menu on said display terminal when said subscriber employs said display terminal to access said computer-implemented control center through said data-centric network, | See claim 1[f] |
| [g] | said computer server also being configured to receive from said subscriber via said display terminal and said data-centric network a first change to said communication options and to update said first change to said account in said subscriber communication profile database, | See claim 1[g] |
| [h] | wherein said single graphical menu comprises at least a first display area for showing a first communication | See claim 1[h]. |

| '064 Patent | | U.S. Patent No. 6,445,694 (*Swartz*) filed March 7, 1997 |
|---|---|---|
| | paging service, | |
| [j] | a telephony server coupled to exchange data with said communication profile database, | See claim 1[j] |
| [k] | said telephony server being configured to audibly represent said communication options to said telephone when said subscriber employs said telephone to access said computer-implemented control center,<br><br>said telephony server also being configured to receive from said subscriber via said telephone a second change to said communication options and to update said second change to said account in said subscriber communication profile database. | See claim 1[k] |

# EXHIBIT 5

# EXHIBIT N

## U.S. Patent No. 6,636,587 (Nagai) v. '064 patent

| | '064 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998 |
|---|---|---|
| Claim 1 [a] | A computer-implemented control center for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services through either a telephony-centric network using a telephone or a data-centric network using a display terminal,<br><br>said computer-implemented control center comprising: | *Nagai* teaches a Computer Telephony Integration ("CTI") server that can be used with "means for unified messaging for multimedia electronic mail, desirably, such as voice mail, facsimile mail and text mail, means for registering/managing location/contact-point information for another system newly and additionally associated with the means for registering/managing location/contact-point information for a user's system, means for registering and holding a receiver contact condition containing at least two requisites among the requisites consisting of propriety of contact, contact-enabled means, priority, connection format, used language, contact content, and transfer route only on the receiving side or independently both on the sending side and on the receiving side or selectively from the receiving side condition on the sending side, and a telephony agent means for routing information by specifying a contact point at which a user can receive the information at the time of reception of telephone, facsimile or electronic mail destined for the user." 5:14-30.<br><br>*Nagai* also teaches that "a groupware server 203 for providing a unified messaging service for unified messaging of voice, text and facsimile mail . . . The CTI server 300 provides an, information processing service using combination of telephone processing and computer processing in association with the server group and the PBXJACD." 7:62-8:6.<br><br>Also Abstract; 11:64-66; 16:45-62; 18:56-62; Figure 2; Figure 3. |
| [b] | a subscriber communication profile database,<br><br>said subscriber communication profile database having therein an account pertaining to said subscriber, | *Nagai* teaches that "the CTI server 300 includes a user contact information database." 7:34-35. Nagai also teaches that the "database 304 is used as a reception-environment-information registration means for registering reception-environment information containing, at least, contact-point information for indicating a contact point enabled to receive information in each receiving-side subject of information transmission, and reception-condition information for indicating how the contact point receives information." 10:20-29.<br><br>Also 10:30-11:54; Figure 7; Figure 8. |

| | | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*) filed June 24, 1998 |
|---|---|---|---|
| [c] | | said account including said communication options for said subscriber,<br><br>said communication options including parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services; | *Nagai* also teaches that the "user contact information table 700A shown in FIG. 7 contains, at least, contact-point information with respect to each user as a subject of reception. That is, user number 7011 and user name 7012 as a user identifier, opened main telephone number 702 as the number of an opened main telephone, opened main mail address 703, contact adjustment state information 704 for indicating whether adjustment for transmission of information to the receiving side is effective or not, location/whereabouts information 705 for indicating location or whereabouts of each user, contact-enabled/disabled information 706 for indicating whether contact is enabled or not, contact-disabled recording means information 707 for indicating means for recording information to be received when information reception is impossible, and contact format information 708 for indicating the format of contact when contact is enabled, are stored in the user contact information table 700A. Recording means information 7071 for indicating recording means when contact is disabled, and contact-point information 7072 for indicating a contact point of the recording means, are stored in the contact-disabled recording means information 707. Contact means information 7081 for indicating contact-enabled means, contact-point information 7082 for indicating a contact point of the contact-enabled means, and contact condition information 7083 for indicating the condition of contact, are stored in the contact format information 708." 10:30-56.<br><br>Also 10:20-29;10:57-1 1:54; Figure 5; Figure 7; Figure 8. |
| [d] | | a computer server coupled to exchange data with said subscriber communication profile database, | *Nagai* teaches that to "perform the aforementioned routing and media conversion and perform registration therefor, this CTI system 100 has a CTI server 300 having a telephony agent program 311, and a contact manager program 312 (see FIG. 3). Further, the CTI server 300 includes a user contact information database 304 used in routing and media conversion as will be described later." 7:30-34.<br><br>Also Figure 2; Figure 3. |

| '064 Patent | | U.S. Patent No. 6,636,587 (*Nagai*) filed June 24, 1998 |
|---|---|---|
| [e] | said computer server being configured to generate a single graphical menu for displaying said communication options for each of said communication services at the same time, | *Nagai* teaches that the "the contact manager program 312 contains a program and data which are prepared in advance for achieving contact reception-environment setting GUI in the PC client. The program and data are sent to the PC client by the contact manager program 312 in accordance with a request from the PC client. Further, the contact manager program 312 carries out a process for setting the condition of reception as will be described later. The contact manager program 312 contains a program and data which are prepared in advance for achieving GUI therefor. As such contact reception-environment setting GUI, for example, the shown in FIG. 5 is prepared. The content of the user contact information table 700A shown in FIG. 7 is set by this contact reception-environment setting GUI." 12:12-26.<br><br>Also Figures 5-8. |
| [f] | and to visually display said single graphical menu on said display terminal when said subscriber employs said display terminal to access said computer-implemented control center through said data-centric network, | *Nagai* teaches that "the contact manager program 312 contains a program and data which are prepared in advance for achieving contact reception-environment setting GUI in the PC client. The program and data are sent to the PC client by the contact manager program 312 in accordance with a request from the PC client." 12:12-17.<br><br>*Nagai* also teaches that the "process is started when a user uses a WWW browser of a PC client to make access to a contact reception environment screen by logging-on. That is, when the aforementioned access from a PC client is made, the contact manager program 312 is started. The program 312 carries out a process for accepting the access as a request to start the setting or changing of contact reception environment information to thereby make the setting operation in the PC client possible (step 401). That is, when the aforementioned access is made, the CTI server 300 is connected to the internet server 205 through the LAN 207 from the PC client or through the telephone network TCN. The internet server 205 communicates with the contact manager program 312 of the CTI server 300 on the basis of the accessed address. After user certification by password, a program and data for providing the contact reception-environment setting GUI shown in FIG. 5 are loaded into the PC client which is an access source." 16:45-62. |

| '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|
| **[g]** said computer server also being configured to receive from said subscriber via said display terminal and said data-centric network a first change to said communication options and to update said first change to said account in said subscriber communication profile database, | *Nagai* teaches that "the contact manager program 312 accepts the setting or changing operation from the user on the contact reception-environment setting GUI and executes a setting or changing process in accordance with an instruction designated by the operation (steps 402, 403 and 404)." 16:63-67. Nagai also teaches that the "contact manager program 312 accepts the setting as to whether setting is terminated in the state already set or whether contact by the set contact means is made under a certain condition (steps 405a and 405b). That is, when the OK button 511 is clicked, the reception-environment setting screen (GUI) is terminated (step 409). On the other hand, when the condition setting button 551 is clicked, the contact manager program 312 sends a program and data to the PC client for providing the reception condition setting GUI shown in FIG. 6. Then, the operation of inputting to the reception condition setting GUI shown in FIG. 6 is accepted (step 406)." 17:28-39.

*Nagai* also teaches that when "the OK button is clicked, the environment setting is terminated (step 409). The reception environment data set by clicking of the OK button 511 are sent to the CTI server 300 through the interne server 205 and stored, in the form of a user contact information table shown in FIG. 7 and a user location contact condition information table shown in FIG. 8, in the user contact information database 304 by the contact manager program 312." 17:67-18:8.

Also 16:67-17:27. |
| **[h]** wherein said single graphical menu comprises at least a first display area for showing a first communication service and a first communication option associated with said first communication service, and a second display area for showing a second communication service and a second communication option associated with said second communication service,

the first display area and the second display | 

*Nagai* teaches that "the GUI shown in FIG. 5 has four areas. This is, an area a1 for indicating the contact reception-environment setting, an area a2 for setting the validity of contact adjustment execution, an area a3 for setting location, contact-enabling/disabling in the location and recording in the contact-disabled state, and an area a4 for setting |

| '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|
| area being displayed at the same time in said single graphical menu, | the contact-enabled condition, are displayed on a setting screen. Regions called 'buttons' for performing operations and settings and character/symbol input regions for inputting characters, symbols or codes are arranged in these areas. A function of inputting an instruction concerning an operation defined by each of the button regions is fulfilled when the position of the button region is clicked, for example, by a mouse. The GUI used in this embodiment is not limited to the example shown in FIG. 5. For example, various kinds of GUI having button regions, character/symbol input regions, etc. can be used and these regions function in the same manner as shown in FIG. 5." 12:30-48. |
| [i] and wherein the first communication option includes a first enable option for enabling or disabling the first communication service,<br><br>and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; and | *Nagai* teaches that in Figure 5 a "contact-enabled setting portion 533 and a contact-disabled setting portion 534 are provided in the enabled/disabled input portions 533 and 534. Here, either instruction is validated. Incidentally, when either portion is clicked, the display format is changed so that the acceptance of the instruction is indicated. For example, the acceptance of the instruction is indicated by the dot expression as shown in FIG. 5." 13:30-37.<br><br>*Nagai* also teaches that a "contact means input portion 552 (5521 to 5523) for setting contact means in accordance with respective locations, a contact point input portion 553 (5531 to 5533) for setting contact points in accordance with respective locations, a condition setting start portion 551 as a region for starting a screen for setting a condition, and a set condition display portion 554 for displaying set conditions, are provided in the area a4. In the example shown in FIG. 5, the contact means input portion 552 has three input regions 5521 to 5523, the contact point input portion 553 has three input regions 5531 to 5533, and the set condition display portion 554 has three input regions 5541 to 5543. Of course, this is only an example and the number of input regions is not limited thereto. In the contact means input portion 552, a pull-down menu 5524 can be displayed so that, when a target contact means such as telephone is designated, inputting is enabled. FIG. 5 shows a state in which a pull-down menu in the contact means input region 5521 is opened. Such a pull-down menu is provided in each of the contact means input regions 5521 to 5523. Though not shown, the contact point input portion 553 can be configured in the same manner as the contact means input portion 552. Of course, a specific contact means and a specific contact point can be inputted directly in the contact means input portion 552 and the contact point input portion 553." 14:5-30. |
| [j] a telephony server coupled to exchange data with said communication profile database, | *Nagai* teaches that "the telephony agent program 311 performs processing for routing information by specifying a contact point, a contact means and a contact condition on the receiving side and adjusting the contact condition to convert the expression format of information into an expression format according to the contact means |

| '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|
| | on the receiving side." 9:57-62.<br><br>Also 9:10-22; Figure 1; Figure 2; Figure 3. |
| **[k]** said telephony server being configured to audibly represent said communication options to said telephone when said subscriber employs said telephone to access said computer-implemented control center,<br><br>said telephony server also being configured to receive from said subscriber via said telephone a second change to said communication options and to update said second change to said account in said subscriber communication profile database. | *Nagai* teaches that a user can perform "setting or changing of the contact reception-environment information from telephone or facsimile," 18:9-11. Nagai teaches that "the contact manager program 312 uses the IVR program 310 to convert the reception-environment setting or changing menu preliminarily stored in the voice database 303 into voice to thereby make voice response to a receiver of telephone or facsimile (setting of entire information and changing of designated information) (step 902). That is, speech response is given to the user. The number of the menu given by keypad inputting or voice inputting is received from the user, so that the designation of selection of the menu is accepted (step 903). Further, the contact manager program 312 uses the IVR program 310 so that a guide message registered in the voice database 303 in accordance with each information item of reception-environment information concerning the selected menu is given as voice response to the user. A replay given from the user by keypad inputting or voice inputting in the manner of successive confirmation is accepted. Setting or changing is performed on the basis of the replay from the user (step 904)." 18:33-50.<br><br>*Nagai* also teaches that "the reception-environment information set by voice inputting in this operation is subjected to voice recognition by the IVR program 310. All the set data are stored integrally in the user contact information database 304 by the contact manager program 312 in the same manner as in the case of setting from the PC client." 18:57-62.<br><br>Also 18:14-32; 18:51-56; Figure 9. |
| **Claim 3** The computer-implemented control center of claim 1 wherein said plurality of communication services include a call forwarding [serv]ice configured to permit said subscriber to specify whether a call received at a telephone number associated with said account be forwarded to a forwarding telephone | *Nagai* teaches that the CTI server includes "contact-enabled-means information for indicating means allowed to receive information, contact-point information for designating a contact point of the means allowed to receive information, and reception-condition information for indicating a condition of information reception at the contact point ... and performing contact adjustment by referring to the reception-environment information when information destined for any one of the receiving-side subjects arrives to thereby acquire the contact-enabled-means information and contact-point information which can be received at the destined receiving-side subject." 3:46-62.<br><br>*Nagai* teaches "the setting of contact-enabled means in accordance with location such as place of business trip, place of work or home, and the setting of telephone number and/or mail address indicating a contact point for access to each contact-enabled means are made (step 404). Examples of the contact means include a telephone, a facsimile |

| | '064 Patent | U.S. Patent No. 6,636,587 (Nagai) filed June 24, 1998 |
|---|---|---|
| | number,<br><br>said communication options including a call forwarding enable option and said forwarding telephone number. | equipment, a mail, a portable telephone, and a pocket bell or pager. Further, a plurality of contact means can be set as information-reception-enabled means from a plurality of means. The setting of the work place is essential in the setting of information indicating a contact point, so that the mail address and telephone number of the work place are automatically set as an opened main mail address and a telephone number." 17:14-26.<br><br>Also 3:38-65; 6:52-57; 10:57-65; 11:23-30; 13:53-14:30; 19:31-20:16. |
| Claim 8 | The computer implemented control center of claim 1 wherein the first communication option includes a first routing option,<br><br>and wherein the second communication option includes a second routing option. | *Nagai* teaches, in reference to Figure 2, various communications services, such as e-mail, facsimile, and telephone, being routed according to the communication equipment associated with each communication service. Nagai teaches that the "CTI server 300 provides an information processing service using a combination of telephone processing and computer processing in association with the server group and the PBX/ACD." 8:3-6. |
| Claim 9 | The computer implemented control center of claim 8 wherein either the first routing option or the second routing option includes a plurality of routings. | *Nagai* teaches, in reference to Figure 5, that a subscriber can select different routing options (5541, 5542, 5543) for different communication services (5521, 5522, 5523). Nagai teaches that the "set condition display portion 554 is a region for displaying conditions set by the condition setting GUI which will be described later. When a plurality of conditions are set in accordance with the contact means 5521 to 5523, the plurality of conditions can be displayed. In the example shown in FIG. 5, two conditions are displayed in accordance with the contact means ( 1) and (2)." 14:45-51.<br><br>Also 12:30-48. |
| Claim 11 | The computer implemented control center of claim 1 wherein said plurality of communication services comprise an e-mail service configured to permit said subscriber to receive and transmit e-mails through said data centric network, and a | *Nagai* teaches, in reference to Figure 3, that the "CTI server 300 has a PBX interface 301 for connection to the PBX 202, LAN interface 302 for connection to the LAN in the office." 8:40-43. Nagai also teaches that the CTI server "provides information processing service using combination of telephone processing and computer processing in association with the server group and PBX/ACD." 8:3-6.<br><br>Also Abstract; Figure 1; Figure 2; Figure 3. |

| | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| | voice telephone service configured to permit said subscriber to receive and transmit voice calls through said telephony-centric network. | |
| **Claim 20 [a]** | A computer-implemented control center for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services through either a telephony-centric network using a telephone or a data-centric network using a display terminal,<br><br>said computer-implemented control center comprising: | See claim 1 [a]. |

| | '064 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998 |
|---|---|---|
| [b] | a subscriber communication profile database,<br><br>said subscriber communication profile database having therein an account pertaining to said subscriber, | See claim 1[b] |

| '064 Patent | | U.S. Patent No. 6,636,587 (*Nagai*) - filed June 24, 1998 |
|---|---|---|
| [c] | said account including said communication options for said subscriber, <br><br> said communication options including parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services; | See claim 1[c]. |

| | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| [d] | a computer server coupled to exchange data with said subscriber communication profile database, | See claim 1[d] |

| | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| [e] | said computer server being configured to generate a single graphical menu for displaying said communication options for each of said communication services at the same time, | See claim 1[e] |

| | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| [f] | and to visually display said single graphical menu on said display terminal when said subscriber employs said display terminal to access said computer-implemented control center through said data-centric network, | See claim 1[f] |

| | '064 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998 |
|---|---|---|
| [g] | said computer server also being configured to receive from said subscriber via said display terminal and said data-centric network a first change to said communication options and to update said first change to said account in said subscriber communication profile database, | See claim 1[g] |

| '064 Patent | | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| [h] | wherein said single graphical menu comprises at least a first display area for showing a first communication service, <br><br> and a first communication option associated with said first communication service, <br><br> and a second display area for showing a second communication service, <br><br> and a second communication option associated with said second communication service, <br><br> the first display area and the second display area being displayed at the same time in said single graphical menu, | See claim 1[h]. |
| [i] | and wherein the first communication service and the second communication service are selected from a call forwarding service, a follow me service, an alternate number service, a message alert service, a fax receiving service or a paging service, | See claim 1[i]; claim 3. |

| | '064 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|---|
| [j] | a telephony server coupled to exchange data with said communication profile database, | See claim 1[j] |

| '064 Patent | | U.S. Patent No. 6,636,587 (*Nagai*) filed June 24, 1998 |
|---|---|---|
| [k[ | said telephony server being configured to audibly represent said communication options to said telephone when said subscriber employs said telephone to access said computer-implemented control center,<br><br>said telephony server also being configured to receive from said subscriber via said telephone a second change to said communication options and to update said second change to said account in said subscriber communication profile database. | See claim 1[k] |

# EXHIBIT 6

# EXHIBIT R

# U.S. Patent No. 6,445,694 ("the Swartz patent")  v. '357 patent

| '357 Patent | | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|---|
| Claim 1 [a] | A computer-implemented method for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services, | *Swartz* teaches an internet controlled telephony system having "a host services processor connected to a subscriber via the Internet and further connected to the public switched telephone system (PSTN)." Abstract.<br><br>*Swartz* also teaches that, as shown in Figure 1, a system "for controlling a variety of communications services, including telephone, email, fax and paging services provided by a host services computer operating under the control of either or both (1) a World Wide Web interface and (2) a telephone interface." 2:2-7.<br><br>Also Abstract; 2:47-54; 3:31-37; 10:28-36; Figure 1. |
| [b] | said communication options include parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services, | *Swartz* teaches that the subscriber "may also use the web interface to specify whether call waiting is to be activated, to screen or reroute calls from designated numbers, for recording voice mail messages in designated voice mailboxes, for selectively playing back voice mail messages via the web interface or for forwarding voice mail as an email attachment, for handling incoming fax transmissions using character recognition and email attachment functions, and for automatically paging the subscriber when incoming voice mail, fax or email messages are received, all in accordance with the preference data supplied by the subscriber using the web interface." Abstract.<br><br>Also 12:18-35. |
| [c] | said plurality of communication services comprising a voice telephone service through a telephony-centric network and an e-mail service through a data-centric network,<br><br>said communication options being accessible via display terminals coupled to said data-centric network and via telephones coupled to said | *Swartz* also teaches that, as shown in Figure 1, a system "for controlling a variety of communications services, including telephone, email, fax and paging services provided by a host services computer operating under the control of either or both (1) a World Wide Web interface and (2) a telephone interface." 2:2-7.<br><br>*Swartz* also teaches that a "principal function of the host services computer 41 to receive and respond to data and commands received from the subscriber location 30, either in the form of HTML form submissions or in the form of voice and/or dialtone commands, and to perform requested functions |

| '357 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|
| telephony-centric network,<br><br>said method comprising: | in response to those commands." 3:31-37.<br><br>Also Abstract; 2:47-54; 6:44-49; 10:28-36; 12:18-20;<br><br>13:54-61; Figure 1; Figure 8. |
| **[d]** providing a subscriber communication profile database,<br><br>said subscriber communication profile database having therein an account pertaining to said subscriber,<br><br>said account including said communication options for said subscriber; | *Swartz* teaches an internet controlled telephony system in which the "subscriber employs a web interface to populate a database with preference data which is used by the host services processor to handle incoming calls and establish outgoing telephone connections in accordance with the preference data provided by the subscriber." Abstract.<br><br>*Swartz* also teaches the use of an HTML subscription form that "enables [a] user to establish an account with the operator of the host services computer. When the subscription form is submitted, the host services computer stores the descriptive information entered on the submitted form in persistent storage (typically a database on a local magnetic disk drive) accessible to the host computer." 6:6-12. |
| **[e]** generating a single graphical menu for displaying said communication options for each of said communication services at the same time, | *Swartz* teaches that a "host services computer transmits a main menu webpage of the type illustrated in Fig. 2." 6:55-57.<br><br>*Swartz* also teaches that the subscriber "may control the manner in which Email, voicemail and fax transmissions are handled using the form seen in Fig. 8." 12:18-20.<br><br><br><br>Fig. 8<br><br>Also Abstract; 12:31-35; Figure 2; Figure 8. |
| **[f]** wherein said single graphical | *Swartz* teaches that the "subscriber may control the manner in |

| '357 Patent | U.S. Patent No. 6,445,694 (*Swartz*), filed March 7, 1997 |
|---|---|
| menu comprises at least a first display area for showing a first communication service and a first communication option associated with said first communication service,<br><br>and a second display area for showing a second communication service and a second communication option associated with said second communication service,<br><br>the first display area and the second display area being displayed at the same time in said single graphical menu, | which Email, voicemail and fax transmissions are handled using the form seen in FIG. 8. . . . The information provided on the form of FIG. 8, which is self explanatory, allows email, fax and voice mail messages to be forwarded, stored, and redirected in a variety of ways in response to option selections made by the subscriber as shown." 12:18-35.<br><br>Figure 8 shows several different services, such as email forwarding, sending a facsimile as an email, sending voicemail as an email attachment, and redirecting faxes. Each of these services have individual display areas at the same time on one graphical menu.<br><br><br><br>**Fig. 8** |
| [g] | and wherein the first communication option included a first enable option for enabling or disabling the first communication service,<br><br>and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; | *Swartz* teaches that an important feature of the system is that "the subscriber can access his or her personalized phone services and database from any computer having access to the Internet, and need not be limited to a particular computer on which special programs or data are stored." 6:25-29.<br><br>*Swartz* also teaches that using "the web browser software running on the subscriber computer 31, the subscriber accesses a predetermined (and typically bookmarked) web page at a predetermined URL . . . the host services computer transmits a main menu webpage of the type illustrated in by FIG. 2."<br><br>Also 7:46-51; 10:29-36; 12:31-35. |
| [h] | visually displaying said single graphical menu on one of said display terminals, | *Swartz* teaches that "using conventional speech and command recognition, DTMF tone signaling detection, and speech synthesis techniques for sending voice prompts and |

| '357 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|
| using a computer server coupled to exchange data with said subscriber communication profile database,<br><br>when said subscriber employs said one of said display terminals to access said computer-implemented control center; | information to the user, all of the control functions discussed in detail above using the HTML/CGI interface may be replicated using voice controls via the telephone line, permitting the host services computer to be controlled using either the website or the voice interface." 13:54-61.<br><br>Also 3:31-37; 7:46-51; 13:6-26. |
| [i] | providing a telephony server coupled to exchange data with said communication profile database; | *Swartz* teaches that "using conventional speech and command recognition, DTMF tone signaling detection, and speech synthesis techniques for sending voice prompts and information to the user, all of the control functions discussed in detail above using the HTML/CGI interface may be replicated using voice controls via the telephone line, permitting the host services computer to be controlled using either the website or the voice interface." 13:54-61.<br><br>Also 2:49-55; 3:31-37; 7:46-51; 13:6-10. |
| [j] | audibly representing said communication options to one of said telephones, using said telephony server, when said subscriber employs said one of said telephones to access said computer-implemented control center; | *Swartz* teaches that the "subscriber may control the manner in which Email, voicemail and fax transmissions are handled using the form seen in FIG. 8. . . . The information provided on the form of FIG. 8, which is self explanatory, allows email, fax and voice mail messages to be forwarded, stored, and redirected in a variety of ways in response to option selections made by the subscriber as shown." 12:18-35.<br><br>Also 3:31-37; 6:25-29; 10:29-36. |
| [k] | receiving from said subscriber via said one of said display terminals at said computer server a first change to at least one of said communication options,<br><br>said first change to said communication options pertains to either said voice telephone service or said e-mail service;<br><br>and updating said first | *Swartz* teaches that the subscriber "may also use the web interface to specify whether call waiting is to be activated, to screen or reroute calls from designated numbers, for recording voice mail messages in designated voice<br><br>mailboxes, for selectively playing back voice mail messages via the web interface or for forwarding voice mail as an email attachment, for handling incoming fax transmissions using character recognition and email attachment functions, and for automatically paging the subscriber when incoming voice mail, fax or email messages are received, all in accordance with the preference data supplied by the subscriber using the web |

| '357 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|
| change to said account in said subscriber communication profile database,<br><br>thereby resulting in a first updated subscriber communication profile database, wherein subsequent messages to said subscriber at said unified messaging system, including said voice telephone service, are handled in accordance with said first updated subscriber communication profile database. | interface." Abstract.<br><br>Also 3:31-37; 6:25-29; 7:46-51; 10:29-36; 12:18-35. |
| **Claim 6** The computer-implemented method of claim 1 wherein said plurality of communication services include a call forwarding service configured to permit said subscriber to specify whether a call received at a telephone number associated with said account be forwarded to a forwarding telephone number,<br><br>said communication options including a call forwarding enable option and said forwarding telephone number. | *Swartz* teaches a call forwarding service that can operate when "hypertext option 300 is clicked on the main menu form seen in FIG. 2, the form seen in FIG. 7 is displayed on the subscriber's monitor. This form allows the subscriber to specify the manner in which incoming calls are forwarded and implements 'Follow Me' call forwarding to enable calls to be automatically forwarded to one of a plurality of different numbers in accordance<br><br>with a predetermined time schedule." 11:22-29.<br><br>*Swartz* also teaches that the host services computer "activates call forwarding by taking the line carrying the incoming call off-hook, sending the key sequence "#72" to the central office and, when dial tone is received from the central office, dialing the forwarding number previously entered by the subscriber on line 2." 12:6-10. |

| '357 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|
| |  |

Fig. 7

| | | '357 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 |
|---|---|---|---|
| Claim 17 [a] | A data structure for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services, | See claim 1[a] | |
| [b] | said communication options include parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services, | See claim 1[b] | |
| [c] | said plurality of communication services comprising a voice telephone service through a telephony-centric network and an e-mail service through a data- | See claim 1[c] | |

| '357 Patent | | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 | |
|---|---|---|---|
| | centric network,<br><br>said communication options being accessible via display terminals coupled to said data-centric network and via telephones coupled to said telephony-centric network,<br><br>said data structure for use with: | | |
| [d] | a subscriber communication profile database, said subscriber communication profile database having therein an account pertaining to said subscriber,<br><br>said account including said communication options for said subscriber; | See claim 1[d] | |
| [e] | said data structure comprising: | See claim 1[e] | |
| [f] | a single graphical menu for displaying said communication options for each of said communication services at the name time, | See claim 1[f] | |
| [g] | wherein said single graphical menu comprises at least a first display area for showing a first communication service and a first communication | See claim 1[g] | |

| | 357 Patent | U.S. Patent No. 6,445,694 (Swartz) filed March 7, 1997 | |
|---|---|---|---|
| | option associated with said first communication service, and a second display area for showing a second communication service and a second communication option associated with said second communication service, the first display area and the second display area being displayed at the same time in said single graphical menu, | | |
| [h] | and wherein the first communication option includes a first enable option for enabling or disabling the first communication service, and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; | See claim 1[h] | |
| [i] | said single graphical menu capable of being displayed on one of said display terminals using a computer server coupled to exchange data with said subscriber communication profile database, when said subscriber | See claim 1[i] | |

| | '357 Patent | U.S. Patent No. 6,445,694 (Swartz), filed March 7, 1997 | |
|---|---|---|---|
| | employs said one of said display terminals to access said computer-implemented control center; | | |
| [j] | wherein a telephony server is coupled to exchange data with said communication profile database; | See claim 1[j] | |
| [k] | an audible representation of said communication options capable of being provided to one of said telephones, | See claim 1[j] | |
| [l] | using said telephony server, when said subscriber employs said one of said telephones to access said computer-implemented control center; a first change to at least one of said communication options received from said subscriber via said one of said display terminals at said computer server,<br><br>said first change to said communication options pertaining to either said voice telephone service or said e-mail service;<br><br>wherein said first change is updated to said account in said subscriber | See claim 1[k] | |

| '357 Patent | U.S. Patent No. 6,415,894 (*Swartz*), filed March 7, 1997 | |
|---|---|---|
| communication profile database,<br><br>thereby resulting in a first updated subscriber communication profile database, and wherein subsequent messages to said subscriber at said unified massaging system, including said voice telephone service, are handled in accordance with said first updated subscriber communication profile database. | | |

EXHIBIT 7

# EXHIBIT S

## U.S. Patent No. 6,636,587 (*Nagai*) v. '357 patent

| '357 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|
| **Claim 1 [a]** | A computer-implemented method for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services, | *Nagai* discloses "**a computer implemented method**" <br><br> *Nagai* discloses "**a method for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said services**" *See, e.g.,* <br><br> *Nagai* teaches that when "a sender sends a transmission message to a receiver by use of a communication appliance such as telephone, portable telephone, facsimile or electronic mail, the transmission massage is temporarily received by a computer-telephony integration (CTI) server. The CTI server makes reference to a user contact table to thereby specify a contact point of the receiver at present and the kind of a communication appliance capable of being used by the receiver which are registered in advance in the user contact table. Then, the CTI server sends the transmission message to the receiver after automatic media conversion in accordance with the communication appliance and reception condition which are allowed for the receiver to use." Abstract. <br><br> *Nagai* also teaches "a groupware server for providing a unified messaging service for unified messaging of voice, text and facsimile mail." 7:62-63. |
| **[b]** | said communication options include parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services, | *Nagai* also teaches that the "user contact information table 700A shown in FIG. 7 contains, at least, contact-point information with respect to each user as a subject of reception. That is, user number 7011 and user name 7012 as a user identifier, opened main telephone number 702 as the number of an opened main telephone, opened main mail address 703, contact adjustment state information 704 for indicating whether adjustment for transmission of information to the receiving side is effective or not, location/whereabouts information 705 for indicating location of whereabouts of each user, contact-enabled/disabled information 706 for indicating whether contact is enabled or not, contact-disabled recording means information 707 for indicating means for recording information to be received when information reception is impossible, and contact format information 708 for indicating the format of contact when contact is enabled, are stored in the user contact information table 700A. Recording means information 7071 for indicating recording means when contact is disabled, and contact-point information 7072 for indicating a contact point of the recording means, are stored in the contact-disabled recording means information 707. Contact means information 7081 for indicating contact-enabled means, contact-point information |

| '357 Patent | U.S. Patent No. 6,636,587 (*Nagai*) filed June 24, 1998 |
|---|---|
| | 7082 for indicating a contact point of the contact-enabled means, and contact condition information 7083 for indicating the condition of contact, are stored in the contact format information 708." 10:30¬56.<br><br>Also 10:20-29;10:57-1 1:54; Figure 5; Figure 7; Figure 8. |
| **[c]** said plurality of communication services comprising a voice telephone service through a telephony-centric network and an e-mail service through a data-centric network,<br><br>said communication options being accessible via display terminals coupled to said data-centric network and via telephones coupled to said telephony-centric network,<br><br>said method comprising: | *Nagai* teaches that "a groupware server 203 for providing a unified messaging service for unified messaging of voice, text and facsimile mail . . . The CTI server 300 provides an information processing service using combination of telephone processing and computer processing in association with the server group and the PBX/ACD." 7:62-8:6.<br><br>*Nagai* also teaches, in reference to Figure 4, "an operational flow chart of the process of setting or changing contact reception-environment information of a PC client by accepting an operation from the PC client." 11:64-66.<br><br>*Nagai* also teaches that "the reception-environment information set by voice inputting in this operation is subjected to voice recognition by the IVR program 310. All the set data are stored integrally in the user contact information database 304 by the contact manager program 312 in the same manner as in the case of setting from the PC client." 16:45-62.<br><br>Also Figure 1; Figure 2; Figure 3; Figure 4. |
| **[d]** providing a subscriber communication profile database,<br><br>said subscriber communication profile database having therein an account pertaining to said subscriber,<br><br>said account including said communication options for said subscriber; | *Nagai* teaches that "the CTI server 300 includes a user contact information database." 7:34-35.<br><br>*Nagai* also teaches that the "database 304 is used as a reception-environment-information registration means for registering reception-environment information containing, at least, contact-point information for indicating a contact point enabled to receive information in each receiving-side subject of information transmission, and reception-condition information for indicating how the contact point receives information." 10:20-29.<br><br>*Nagai* also teaches a process for "when a user uses a WWW browser of a PC client to make access to a contact reception environment screen by logging-on . . . After user certification by password, a program and data for providing the contact reception environment setting GUI show in FIG. 5 are loaded into the PC client which is an access source." 16:45-59.<br><br>Also 10:30-11:54; 18:27-62; Figure 7; Figure 8. |
| **[e]** generating a single graphical menu for displaying said | *Nagai* teaches that "the contact manager program 312 contains a program and data which are prepared in advance for achieving |

| '357 Patent | U.S. Patent No. 6,636,587 (Nagai) filed June 24, 1998 |
|---|---|
| communication options for each of said communication services at the same time, | contact reception-environment setting GUI in the PC client. The program and data are sent to the PC client by the contact manager program 312 in accordance with a request from the PC client. Further, the contact manager program 312 carries out a process for setting the condition of reception as will be described later. The contact manager program 312 contains a program and data which are prepared in advance for achieving GUI therefor.<br><br>As such contact reception-environment setting GUI, for example, the shown in FIG. 5 is prepared. The content of the user contact information table 700A shown in FIG. 7 is set by this contact reception-environment setting GUI." 12:12-26.<br><br>Also Figures 5-8. |
| [f] wherein said single graphical menu comprises at least a first display area for showing a first communication service and a first communication option associated with said first communication service,<br><br>and a second display area for showing a second communication service and a second communication option associated with said second communication service,<br><br>the first display area and the second display area being displayed at the same time in said single graphical menu, | <br><br>*Nagai* teaches that "the GUI shown in FIG. 5 has four areas. This is, an area al for indicating the contact reception-environment setting, an area a2 for setting the validity of contact adjustment execution, an area a3 for setting location, contact-enabling/disabling in the location and recording in the contact-disabled state, and an area a4 for setting the contact-enabled condition, are displayed on a setting screen. Regions called 'buttons' for performing operations and settings and character/symbol input regions for inputting characters, symbols or codes are arranged in these areas. A function of inputting an instruction concerning an operation defined by each of the button regions is fulfilled when the position of the button region is clicked, for example, by a mouse.<br><br>The GUI used in this embodiment is not limited to the example shown in FIG. 5. For example, various kinds of GUI having button regions, character/symbol input regions, etc. can be used and these regions function in the same manner as shown in FIG. 5." 12:30-48. |
| [g] and wherein the first communication option | *Nagai* teaches that in Figure 5 a "contact-enabled setting portion 533 and a contact-disabled setting portion 534 are provided in the |

| '357 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998. |
|---|---|
| included a first enable option for enabling or disabling the first communication service,<br><br>and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; | enabled/disabled input portions 533 and 534. Here, either instruction is validated. Incidentally, when either portion is clicked, the display format is changed so that the acceptance of the instruction is indicated. For example, the acceptance of the instruction is indicated by the dot expression as shown in FIG. 5." 13:30-37.<br><br>*Nagai* also teaches that a "contact means input portion 552 (5521 to 5523) for setting contact means in accordance with respective locations, a contact point input portion 553 (5531 to 5533) for setting contact points in accordance with respective locations, a condition setting start portion 551 as a region for starting a screen for setting a condition, and a set condition display portion 554 for displaying set conditions, are provided in the area a4. In the example shown in FIG. 5, the contact means input portion 552 has three input regions 5521 to 5523, the contact point input portion 553 has three input regions 5531 to 5533, and the set condition display portion 554 has three input regions 5541 to 5543. Of course, this is only an example and the number of input regions is not limited thereto.<br><br>In the contact means input portion 552, a pull-down menu 5524 can be displayed so that, when a target contact means such as telephone is designated, inputting is enabled. FIG. 5 shows a state in which a pull-down menu in the contact means input region 5521 is opened. Such a pull-down menu is provided in each of the contact means input regions 5521 to 5523. Though not shown, the contact point input portion 553 can be configured in the same manner as the contact means input portion 552. Of course, a specific contact means and a specific contact point can be inputted directly in the contact means input portion 552 and the contact point input portion 553." 14:5-30.<br><br>Also Figure 5. |
| [h]  visually displaying said single graphical menu on one of said display terminals,<br><br>using a computer server coupled to exchange data with said subscriber communication profile database,<br><br>when said subscriber employs said one of said display terminals to access said computer-implemented control center; | *Nagai* teaches the "the contact manager program 312 contains a program and data which are prepared in advance for achieving contact reception-environment setting GUI in the PC client. The program and data are sent to the PC client by the contact manager program 312 in accordance with a request from the PC client." 12:12-17.<br><br>*Nagai* also teaches that "the CTI server 300 includes a user contact information database." 7:34-35.<br><br>Also 16:45-62. |

| '357 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998 |
|---|---|
| [i] providing a telephony server coupled to exchange data with said communication profile database; | *Nagai* teaches that "the telephony agent program 311 performs processing for routing information by specifying a contact point, a contact means and a contact condition on the receiving side and adjusting the contact condition to convert the expression format of information into an expression format according to the contact means on the 1 receiving side." 9:57-62.<br><br>Also 9:10-22; Figure 1; Figure 2; Figure 3. |
| [j] audibly representing said communication options to one of said telephones, using said telephony server, when said subscriber employs said one of said telephones to access said computer-implemented control center; | *Nagai* teaches that "the contact manager program 312 uses the IVR program 310 to convert the reception-environment setting or changing menu preliminarily stored in the voice database 303 into voice to thereby make voice response to a receiver of telephone or facsimile (setting of entire information and changing of designated information) (step 902). That is, speech response is given to the user. The number of the menu given by keypad inputting or voice inputting is received 1 from the user, so that the designation of selection of the menu is accepted (step 903). Further, the contact manager program 312 uses the IVR program 310 so that a guide message registered in the voice database 303 in accordance with each information item of reception-environment information concerning the selected menu is given as voice response to the user. A replay given from the user by keypad inputting or voice inputting in the manner of successive confirmation is accepted. Setting or changing is performed on the basis of the replay from the user (step 904)." 18:33-50.<br><br>Also 18:14-32; 18:51-56; Figure 9. |
| [k] receiving from said subscriber via said one of said display terminals at said computer server a first change to at least one of said communication options,<br><br>said first change to said communication options pertains to either said voice telephone service or said e-mail service;<br><br>and updating said first change to said account in said subscriber communication profile database,<br><br>thereby resulting in a first | *Nagai* teaches that "the contact manager program 312 accepts the setting or changing operation from the user on the contact reception-environment setting GUI and executes a setting or changing process in accordance with an instruction designated by the operation (steps 402, 403 and 404)." 16:63-67.<br><br>*Nagai* also teaches that the "contact manager program 312 accepts the setting as to whether setting is terminated in the state already set or whether contact by the set contact means is made under a certain condition (steps 405a and 405b). That is, when the OK button 511 is clicked, the reception-environment setting screen (GUI) is terminated (step 409). On the other hand, when the condition setting button 551 is clicked, the contact manager program 312 sends a program and data to the PC client for providing the reception condition setting GUI shown in FIG. 6. Then, the operation of inputting to the reception condition setting GUI shown in FIG. 6 is accepted (step 406)." 17:28-39.<br><br>*Nagai* also teaches that when "the OK button is clicked, the environment setting is terminated (step 409). The reception |

| | '357 Patent | U.S. Patent No. 6,636,587 (*Nagai*), filed June 24, 1998. |
|---|---|---|
| | updated subscriber communication profile database, wherein subsequent messages to said subscriber at said unified messaging system, including said voice telephone service, are handled in accordance with said first updated subscriber communication profile database. | environment data set by clicking of the OK button 511 are sent to the CTI server 300 through the internet server 205 and stored, in the form of a user contact information table shown in FIG. 7 and a user location contact condition information table shown in FIG. 8, in the user contact information database 304 by the contact manager program 312." 17:67-18:8.<br><br>Also 16:67-17:27. |
| Claim 6 | The computer-implemented method of claim 1 wherein said plurality of communication services include a call forwarding service configured to permit said subscriber to specify whether a call received at a telephone number associated with said account be forwarded to a forwarding telephone number,<br><br>said communication options including a call forwarding enable option and said forwarding telephone number. | The user contact information table 700A shown in FIG. 7 contains, at least, contact-point information with respect to each user as a subject of reception. That is, user number 7011 and user name 7012 as a user identifier, opened main telephone number 702 as the number of an opened main telephone, opened main mail address 703, contact adjustment state information 704 for indicating whether adjustment for transmission of information to the receiving side is effective or not, location/whereabouts information 705 for indicating location or whereabouts of each user, contact enabled/ disabled information 706 for indicating whether contact is enabled or not, contact-disabled recording means information 707 for indicating means for recording information to be received when information reception is impossible, and contact format information 708 for indicating the format of contact when contact is enabled, are stored in the user contact information table 700A. Recording means information 7071 for indicating recording means when contact is disabled, and contact-point information 7072 for indicating a contact point of the recording means, are stored in the contact-disabled recording means information 707. Contact means information 7081 for indicating contact-enabled means, contact-point information 7082 for indicating a contact point of the contact-enabled means, and contact condition information 7083 for indicating the condition of contact, are stored in the contact format information 708. 10:29-56. |

| '357 Patent | | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998 |
|---|---|---|
| | | 
FIG. 7
USER CONTACT INFORMATION TABLE

Also Fig. 13. |
| Claim 17 [a] | A data structure for permitting a subscriber of a plurality of communication services of a unified messaging system to customize communication options pertaining to said plurality of communication services, | See claim 1[a] | |
| [b] | said communication options include parameters associated with individual ones of said plurality of said communication services and routings among said plurality of communication services, | See claim 1[b] | |
| [c] | said plurality of communication services comprising a voice telephone service through a telephony-centric network and an e-mail service through a data- | See claim 1[c] | |

| | '357 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998. | |
|---|---|---|---|
| | centric network, said communication options being accessible via display terminals coupled to said data-centric network and via telephones coupled to said telephony-centric network, said data structure for use with: | | |
| [d] | a subscriber communication profile database, said subscriber communication profile database having therein an account pertaining to said subscriber, said account including said communication options for said subscriber; | See claim 1[d] | |
| [e] | said data structure comprising: a single graphical menu for displaying said communication options for each of said communication services at the name time, | See claim 1[e] | |
| [f] | wherein said single graphical menu comprises at least a first display area for showing a first communication service and a first communication | See claim 1[f] | |

| | 357 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998. |
|---|---|---|
| | option associated with said first communication service, <br><br> and a second display area for showing a second communication service and a second communication option associated with said second communication service, <br><br> the first display area and the second display area being displayed at the same time in said single graphical menu, | |
| [g] | and wherein the first communication option includes a first enable option for enabling or disabling the first communication service, <br><br> and wherein the second communication option includes a second enable option for enabling or disabling the second communication service; | See claim 1[g] |
| [h] | said single graphical menu capable of being displayed on one of said display terminals using a computer server coupled to exchange data with said subscriber communication profile database, <br><br> when said subscriber | See claim 1[h] |

| | '257 Patent | U.S. Patent No. 6,636,587 (Nagao), filed June 24, 1998. |
|---|---|---|
| | employs said one of said display terminals to access said computer-implemented control center; | |
| [i] | wherein a telephony server is coupled to exchange data with said communication profile database; | See claim 1[i] |
| [j] | an audible representation of said communication options capable of being provided to one of said telephones, | See claim 1[j] |
| [k] | using said telephony server, when said subscriber employs said one of said telephones to access said computer-implemented control center; a first change to at least one of said communication options received from said subscriber via said one of said display terminals at said computer server, said first change to said communication options pertaining to either said voice telephone service or said e-mail service; wherein said first change is updated to said account in said subscriber | See claim 1[k] |

| '357 Patent | U.S. Patent No. 6,636,587 (Nagai), filed June 24, 1998 |
|---|---|
| communication profile database,<br><br>thereby resulting in a first updated subscriber communication profile database, and wherein subsequent messages to said subscriber at said unified massaging system, including said voice telephone service, are handled in accordance with said first updated subscriber communication profile database. | |

EXHIBIT 8

# EXHIBIT H

# U.S. Patent No. 6,041,114 ("the Chestnut patent") v. '289 patent

| '289 Patent | US Pat. No. 6,041,114 ("Chestnut"), filed Mar. 27, 1997 |
|---|---|
| **Claim 1 [a]** | In a system that includes a telephone network and a computer network with one or more users, | *Chestnut* discloses **"In a system that includes a telephone network and a computer network with one or more users"**<br><br>*Chestnut* discloses "the telecommute server 2 connected to a computer network 8 and a private telephone switch (private branch exchange (PBX)) 4 which in turn is connected to a Publicly Switched Telephone Network (PSTN) 6. A called party office extension 10, a called party office fax machine 12, a second office extension 14, an inside caller extension 16, and a voice messaging system 18 are also connected to the PBX 4. A called party office work station 20 is connected to the computer network 8. Called party home phone 22, called party home fax 24, outside phone 28, and outside caller 30 are all connected to PSTN 6. A called party home workstation 26 is connected to the computer network 8." 4:35-46<br><br>*Chestnut* discloses that "[w]hen an outside caller 30 places a call on the PSTN 6 the call is directed to the called party office extension 10 by the private branch exchange 4. Before the PBX sends the call to the called party office extension 10, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8." 4:48-57<br><br><br><br>*Chestnut* discloses "CTI applications can be used to seamlessly interface the 45 caller, the called party, and information on a host computer for a variety of applications." 1:45-47 |

| | | |
|---|---|---|
| **[b]** | wherein each user is | *Chestnut* discloses **"wherein each user is connected through a** |

| | | |
|---|---|---|
| | connected through a user computer [to] the computer network and is logically connected through the computer network to the telephone network, | **user computer [to] the computer network and is logically connected through the computer network to the telephone network"**<br><br>*See* claim 1[a].<br><br>*Chestnut* discloses "The present invention closely integrates a company's LAN with its telephone network and controls call forwarding based upon user activity on an associated computer terminal. The present invention extends the functionality of the office telephone system to whatever phone the employee has available at a remote location." 2:25-30<br><br>*Chestnut* discloses "The present invention, referred to as a telecommute server, is a method for controlling call forwarding using a computer connected to a data network and a telephone network. The call is forwarded based upon whether or not the called party is logged onto the data network. The forwarded call is directed to a telephone line associated with the terminal from which the called party is logged on. The called party may be associated with a particular extension and calls directed to that extension will ring through to the phone associated with the computer the called party is currently logged onto." 2:34-44<br><br>*Chestnut* discloses "The present invention relates generally to a system for managing a telecommunications system, and more particularly to a telecommunications management system which controls call forwarding based upon user activity on an associated computer terminal." 1:4-9 |
| [c] | a method of determining when to establish telephone communication between two parties, | *Chestnut* discloses "**a method of determining when to establish telephone communication between two parties**"<br><br>*Chestnut* discloses "method and device for managing a telecommunication system, including call forwarding." *Abstract*<br><br>*Chestnut* discloses in 6:60-8:27 and Figs. 3-5.<br><br>*Chestnut* discloses "[t]he telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." 4:64-5:2<br><br>*Chestnut* discloses "The telecommute server 2 may either have the call forwarding preferences preprogrammed into it or the forwarding preferences may be entered by the 15 called party when he/she logs onto or off of the computer network 8. The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, |

|   |   | the identity of the caller, or any preprogrammed set of rules." 5:13-21 |
|---|---|---|
|   |   | *Chestnut* discloses "The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer is logged on or off. Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI. The system can also be set up to alter the schedule if it detects that the called party is logged onto a terminal associated with a different telephone extension than the one defined in the schedule." 2:46-61 |
|   |   | *Chestnut* discloses "In one embodiment, the caller may be provided with a list of locations, any of which can be selected by the caller and tried in order to locate the called party. The list may be modified by the day of the week, the time of day, or whether or not the called party is currently logged on from a remote location. The list may also offer the caller the option to have the call forwarded to a third party. Additionally, the system may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:12-27 |
| [d] | at least one of whom is a user connected to said computer network, comprising: | *Chestnut* discloses "**at least one of whom is a user connected to said computer network, comprising**" <br><br> *See* claim 1[a] and 1[b]. |
| [e] | at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party; | *Chestnut* discloses "**at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party**" <br><br> *See* claim 1[a] and 1[b]. <br><br> *Chestnut* discloses "If the called party office extension 10 is not answered (generating a 'ring no answer' signal), the PBX 4 may forward the call to a voice messaging system 18." 5:30-33. <br><br> *Chestnut* discloses "If calls are not being forwarded 66, then the call is transferred 74 to the originally dialed telephone number or the extension to which a PBX had transferred the call." 7:21-23 |

| [f] | at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party; | *Chestnut* discloses "**at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party**" |
|---|---|---|
| | | *Chestnut* discloses "Calls are forwarded based upon the device used to log onto the computer network by the called party." Abstract |
| | | *Chestnut* discloses "The present invention relates generally to a system for managing a telecommunications system, and more particularly to a telecommunications management system which controls call forwarding based upon user activity on an associated computer terminal." 1:4-8 |
| | | *Chestnut* discloses "The call is forwarded based upon whether or not the called party is logged onto the data network. The forwarded call is directed to a telephone line associated with the terminal from which the called party is logged on." 2:37-40 |
| | | *Chestnut* discloses "Call forwarding is terminated when the called party logs off or the connection is broken. The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer is logged on or off. Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI. The system can also be set up to alter the schedule if it detects that the called party is logged onto a terminal associated with a different telephone extension than the one defined in the schedule." 2:45-61 |
| | | *Chestnut* discloses "Logging on to the data network may cause more than one phone line to be forwarded. By way of example, logging on from a computer at home may cause voice phone calls to be forwarded to one telephone line associated with the called party's home and fax calls directed to a particular fax machine to be forwarded to another location. Also, the type of connection used to log on may serve to identify which extension the calls should be forwarded to." 2:62-3:2 |
| | | *Chestnut* discloses "The present invention closely integrates a company's LAN with its telephone network and controls call forwarding based upon user activity on an associated computer terminal." 2:25-28 |
| | | *Chestnut* discloses "For example, on internal calls when there is |

'no answer', the system can be instructed to intercept for remote presence determination and ring at remote location while calls from outside the company are sent to a voice messaging system. Remote presence determination includes checking to see if the party being called is logged onto the data network or if they have scheduled to have calls forwarded at this time." 3:53-60

*Chestnut* discloses "The telecommute server 2, can also forward incoming calls based on ... who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:18-25

*Chestnut* discloses that "[b]efore the PBX sends the call to the called party office extension 10, the telecommute server 2 checks the computer network 8 to see if the called party is logged on. If the called party is logged on, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8." *4:50-57.*

*Chestnut* discloses that "[i]f the called party was logged onto the computer network 8 from the called party office workstation 20, then the call would be directed to the called party office extension 10. If the called party were logged onto the computer network 8 from the called party home workstation 26, then the telecommute server 2 would instruct the PBX 4 to forward the call to called party home phone 22. The telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." *4:58-5:2.*

*Chestnut* discloses "In another embodiment of the present invention, the telecommute server 2 will be used with a voice messaging system 18 that requires information, in the form of control signals, from the PSTN 6 or PBX 4. When the telecommute server intercepts an incoming call to check if the called party is logged onto the computer network 8, it also records any control signals that would normally be provided to the voice messaging system from the PBX 4 or PSTN 6. If the telecommute server identifies that the called party is logged on, then it will forward the call to the appropriate telephone number. If the call is forwarded to a telephone number and there is no answer, then the telecommute server 2 plays the appropriate control signals to the voice messaging system 18." 5:38-51

*Chestnut* discloses "If the identity of the called party is determined, then the next step is to determine the current called party network logon device 40. The current called party network logon device is determined 40 by

| | | |
|---|---|---|
| | | comparing identity of the called party, which is stored in a memory, with a list of persons currently logged onto the computer network and the network identifier for the device with which they logged on to the computer network." 6:17-24

*Chestnut* discloses "A method for managing a telecommunications system in which call forwarding is determined by whether a computer terminal is logged into a computer network, comprising" 8:37-40

*Chestnut* discloses "A method for managing a telecommunications system in which call forwarding is determined by whether a computer terminal is logged into a computer network, comprising:" 9:16-19

*Chestnut* discloses "A method for managing a telecommunications system in which call forwarding is determined by whether a computer terminal is logged into a computer network, comprising:" 9:34-37

*Chestnut* discloses "if one of the network logon devices is logged onto the computer network, then identify a telephone number associated with the logged-on network logon device and control the telephone system to forward the call to the telephone number; and e) if none of the network logon devices are logged onto the computer network, then control the telephone system to forward the call to a default telephone number" 12:19-27 |
| [g] | at the computer network, storing a set of pre-determined rules for determining when the second party is available to take a call from the first party; | *Chestnut* discloses "**at the computer network, storing a set of pre-determined rules for determining when the second party is available to take a call from the first party**"

*Chestnut* discloses "[t]he telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." 4:64-5:2

*Chestnut* discloses "If the current called party network logon device is determined then the telephone number associated with the current called party network logon device is determined 44 by comparing the identity of the logon device with a list of telephone numbers indexed by logon device stored in a memory. Other factors including time of day, day of the week, date, and/or the identity of the calling party may be used to determine the forwarding number by providing additional indexing criteria." 6:34-42

*Chestnut* discloses "The telecommute server 2 may either have the call forwarding preferences preprogrammed into it or the forwarding preferences may be entered by the 15 called party |

when he/she logs onto or off of the computer network 8. The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules.  It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:13-25

*Chestnut* discloses "If the called party is identified, then the system checks to see if calls are being forwarded 66. If calls are being forwarded, then a list of potential forwarding numbers will be determined 68. The list of potential forwarding numbers can be based on one or more preprogrammed criteria, including the identity of the called party's current or most recent network logon device, day of the week, date, time of day, and/or the identity of the caller. The caller is then presented with a list of potential forwarding telephone 5 numbers. These numbers may be presented as locations ('home phone, car phone, cell phone') or the caller may be offered options to 'try another location or leave a message'. As discussed above, different lists may be presented to different callers based on their identity or the source of 10 origin of their call, and the lists of potential forwarding numbers may be effected by the time of day or other criteria." 6:64-7:12

*Chestnut* discloses "The list of potential forwarding numbers can be based on one or more preprogrammed criteria including the identity of the called party's current or most recent network logon device, day of the week, date, time of day, the source of origin of the call, 55 and/or the identity of the caller." 7:50-55

*Chestnut* discloses "Additionally, the system may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:19-27

*Chestnut* discloses "The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer is logged on or off. Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made

| | | |
|---|---|---|
| | | conditional based upon other information received by the telephone system, such as caller ID or ANI." 2:47-57 |
| [h] | at the computer network, using the set of a pre-determined rules to process<br><br>i) the information received from the telephone network regarding the call being originated by the first party, and<br><br>ii) information regarding the monitored activity of the user computer of the second party,<br><br>to determine when the second party is available to take the call originated by the first party; | *Chestnut* discloses "**at the computer network, using the set of a pre-determined rules to process i) the information received from the telephone network regarding the call being originated by the first party, and ii) information regarding the monitored activity of the user computer of the second party, to determine when the second party is available to take the call originated by the first party**"<br><br>*Chestnut* discloses "[w]hen an outside caller 30 places a call on the PSTN 6 the call is directed to the called party office extension 10 by the private branch exchange 4. Before the PBX sends the call to the called party office extension 10, the telecommute server 2 checks the computer network 8 to see if the called party is logged on. If the called party is logged on, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8. If the called party was logged onto the computer network 8 from the called party office workstation 20, then the call would be directed to the called party office extension 10. If the called party were logged onto the computer network 8 from the called party home workstation 26, then the telecommute server 2 would instruct the PBX 4 to forward the call to called party home phone 22. The telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." 4:48-5:2<br><br>*Chestnut* discloses "If the called party office extension 10 is not answered (generating a 'ring no answer' signal), the PBX 4 may forward the call to a voice messaging system 18." 5:30-33.<br><br>*Chestnut* discloses "In another embodiment of the present invention, the telecommute server 2 will be used with a voice messaging system 18 that requires information, in the form of control 40 signals, from the PSTN 6 or PBX 4. When the telecommute server intercepts an incoming call to check if the called party is logged onto the computer network 8, it also records any control signals that would normally be provided to the voice messaging system from the PBX 4 or PSTN 6." 5:37-45<br><br>*Chestnut* discloses "If calls are not being forwarded 66, then the call is transferred 74 to the originally dialed telephone number or the extension to which a PBX had transferred the call." 7:21-23<br><br>*Chestnut* discloses "The present invention, referred to as a telecommute server, is a method for controlling call forwarding using a computer connected to a data network and a telephone |

network." 2:34-37

*Chestnut* discloses "CTI applications can be used to seamlessly interface the caller, the called party, and information on a host computer for a variety of applications. CTI applications deliver caller ID, automatic number identification (ANI), dialed number identification services (DNIS), and interactive voice response (IVR) dialed digits, such as a customer's account number, to a software application. CTI applications can also deliver request signals, such as 'hold call' or 'transfer call', to a telephone system." 1:41-46

*Chestnut* discloses a system that "intercepts an incoming call to check if the called party is logged onto the computer network 8, it also records any control signals that would normally be provided to the voice messaging system from the PBX 4 or PSTN 6. If the telecommute server identifies that the called party is logged on, then it will forward the call to the appropriate telephone number." 5:42-48

*Chestnut* discloses "[b]efore the PBX sends the call to the called party office extension 10, the telecommute server 2 checks the computer network 8 to see if the called party is logged on. If the called party is logged on, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8. If the called party was logged onto the computer network 8 from the called party office workstation 20, then the call would be directed to the called party office extension 10. If the called party were logged onto the computer network 8 from the called party home workstation 26, then the telecommute server 2 would instruct the PBX 4 to forward the call to called party home phone 22. The telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." 4:50-5:12

*Chestnut* discloses "The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules. It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:18-25

*Chestnut* discloses "Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of

| | | |
|---|---|---|
| | | whether the computer is logged on or off. *Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI.*" 2:50-58 |
| [i] | and using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party. | *Chestnut* discloses "**and using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party**"<br><br>*See* claim 1[h] and claim 3. |
| **Claim 3** | A method as recited in claim 1,<br><br>wherein using the information processed at the computer network to facilitate connecting the call comprises sending control signals to the telephone network to cause the telephone network to connect the call. | *See* claim 1. |

| Claim 7 [a] | In a system that includes a telephone network and a computer network with one or more users, | *See* claim 1 [a]. |
|---|---|---|
| [b] | and wherein each user is connected through a user computer to the computer network and is logically connected through the computer network to the telephone network, | *See* claim 1 [b]. |
| [c] | a computer program product comprising: a computer readable medium for carrying computer executable instructions for implementing at the computer network | *See* claim 1. *Chestnut* discloses "**a computer program product**" and "**a computer readable medium**" "CTI applications can be used to seamlessly interface the 45 caller, the called party, and information on a host computer for a variety of applications. CTI applications deliver caller ID, automatic number identification (ANI), dialed number identification services (DNIS), and interactive voice response (IVR) dialed digits, such as a customer's account 50 number, to a software application. CTI applications can also deliver request signals, such as "hold call" or "transfer call", to a telephone system." 1:45-53 "FIG. 1 shows the telecommute server 2 connected to a computer network 8 and a private telephone switch (private branch exchange (PBX)) 4 which in turn is connected to a Publicly Switched Telephone Network (PSTN) 6." 4:35-39 |



Fig. 1

| | | |
|---|---|---|
| **[d]** | a method of determining when to establish telephone communication between two parties, | *See* claim 1[c]. |
| **[e]** | at least one of whom is a user connected to said computer network, and wherein said method comprises: | *See* claim 1[d]. |

| [f] | at the computer network, receiving information from the telephone network that a first party from whom a call is originating desires to establish telephone communication with a second party; | *See* claim 1[e]. |
|-----|----|----|
| [g] | at the computer network, monitoring activity of a user computer connected to the computer network and associated with the second party; | *See* claim 1[f]. |
| [h] | at the computer network, storing a set of predetermined rules for determining when the second party is available to take a call from the first party; | *See* claim 1[g]. |

| [i] | and at the computer network, using the set of predetermined rules to process<br><br>i) the information received from the telephone network regarding the call being originated by the first party, and<br><br>ii) information regarding the monitored activity of the user computer of the second party,<br><br>to determine when the second party is available to take the call originated by the first party. | *See* claim 1[g] and claim 1[h]. |

| Claim 8 | A computer program product as recited in claim 7, <br><br> wherein the method further comprises using the information processed at the computer network to facilitate connecting the call originated by the first party through the telephone network to the second party. | *See* claim 7 and claim 1. |
|---|---|---|

| Claim 10 | A computer program product as recited in claim 7, wherein the pre-determined rules define how the telephone call is to be processed based on the time of the day of the telephone call. | *See* claim 7 and claim 1. *Chestnut* discloses the telecommute server "can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules. It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:18-25 |

EXHIBIT 9

# EXHIBIT E

U.S. Patent No. 6,041,114 ("Chestnut") v. '439 Patent

| | '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|
| Claim 1 [a] | In an environment where subscribers call a user over a telephone network, | *Chestnut* discloses "**subscribers call a user over a telephone network**" based on Figure 1 and "When an outside caller 30 places a call on the PSTN 6 the call is directed to the called party office extension 10 by the private branch exchange 4." 4:47-50 |
| | wherein a user telephone is coupled with the telephone network, | *Fig. 1* |
| | | *Chestnut* discloses "CTI applications can be used to seamlessly interface the 45 caller, the called party, and information on a host computer for a variety of applications." 1:45-47 |
| | | *Chestnut* discloses "**wherein a user telephone is coupled with the telephone network**": "A called party office extension 10, a called party office fax machine 12, a second office extension 14, an inside caller extension 16, and a voice messaging system 18 are also connected to the PBX 4." 4:39-43 |
| [b] | a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications, the system comprising: | *Chestnut* discloses "**a system for processing an incoming call from a subscriber to a user in the telephone network according to user specifications**" where "[t]he telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." 4:64-5:2 |
| | | *Chestnut* discloses "The telecommute server 2 may either have the call forwarding preferences preprogrammed into it or the forwarding preferences may be entered by the 15 called party when he/she logs onto or off of the computer network 8. The telecommute server 2, can also forward |

| '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|
| | incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules." 5:13-21 |
| | *Chestnut* discloses "The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer is logged on or off. Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI. The system can also be set up to alter the schedule if it detects that the called party is logged onto a terminal associated with a different telephone extension than the one defined in the schedule." 2:46-61 |
| | *Chestnut* discloses "In one embodiment, the caller may be provided with a list of locations, any of which can be selected by the caller and tried in order to locate the called party. The list may be modified by the day of the week, the time of day, or whether or not the called party is currently logged on from a remote location. The list may also offer the caller the option to have the call forwarded to a third party. Additionally, the system may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:12-27 |
| | The Chestnut patent further explains that the "call forwarding options may be automatic or may be presented to the caller or the called in the form of a menu." *3:30-32.* |
| [c] a data structure contained within a computer network to store user-selectable criteria for call processing,<br><br>wherein the data structure stores the user-selectable criteria in one or more lists that are used in filtering an incoming call and | *Chestnut* discloses **"a data structure contained within a computer network to store user-selectable criteria for call processing wherein the data structure stores the user-selectable criteria in one or more lists that are used in filtering an incoming call"**<br><br>*Chestnut* discloses "[t]he telecommute server 2 selects the telephone number to which incoming calls should be |

| '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|
| | forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." *col. 4, l. 64 – col. 5, l. 2*

*Chestnut* discloses "If the current called party network logon device is determined then the telephone number associated with the current called party network logon device is determined 44 by comparing the identity of the logon device with a list of telephone numbers indexed by logon device stored in a memory. Other factors including time of day, day of the week, date, and/or the identity of the calling party may be used to determine the forwarding number by providing additional indexing criteria." 6:34-42

*Chestnut* discloses "The telecommute server 2 may either have the call forwarding preferences preprogrammed into it or the forwarding preferences may be entered by the 15 called party when he/she logs onto or off of the computer network 8. The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules. It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:13-25

*Chestnut* discloses "If the called party is identified, then the system checks to see if calls are being forwarded 66. If calls are being forwarded, then a list of potential forwarding numbers will be determined 68. The list of potential forwarding numbers can be based on one or more preprogrammed criteria, including the identity of the called party's current or most recent network logon device, day of the week, date, time of day, and/or the identity of the caller. The caller is then presented with a list of potential forwarding telephone 5 numbers. These numbers may be presented as locations ('home phone, car phone, cell phone') or the caller may be offered options to 'try another location or leave a message'. As discussed above, different lists may be presented to different callers based on their identity or the source of 10 origin of their call, and the lists of potential forwarding numbers may be effected by the time of day or other criteria." 6:64:7:12

*Chestnut* discloses "The list of potential forwarding numbers can be based on one or more preprogrammed criteria including the identity of the called party's current or most recent |

| '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|
| | network logon device, day of the week, date, time of day, the source of origin of the call, 55 and/or the identity of the caller." 7:50-55 |
| | *Chestnut* discloses "Additionally, the system may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:19-27 |
| [d]  wherein some of the one or more lists are used to filter the incoming call according to current activity of subscribers on the computer network or according to current activity of the user on the computer network; | *Chestnut* discloses "**wherein some of the one or more lists are used to filter the incoming call according to current activity of subscribers on the computer network or according to current activity of the user on the computer network**" as that phrase has been applied by Microsoft. *See, e.g., 5:18-25* ("The telecommute server 2, can also forward incoming calls based on … who else in the office is logged onto the computer network 8 or the telephone extensions currently in use."). |
| | *Chestnut* discloses that "[b]efore the PBX sends the call to the called party office extension 10, the telecommute server 2 checks the computer network 8 to see if the called party is logged on. If the called party is logged on, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8." *4:50-57.* |
| | *Chestnut* discloses that "[i]f the called party was logged onto the computer network 8 from the called party office workstation 20, then the call would be directed to the called party office extension 10. If the called party were logged onto the computer network 8 from the called party home workstation 26, then the telecommute server 2 would instruct the PBX 4 to forward the call to called party home phone 22. The telecommute server 2 selects the telephone number to which incoming calls should be forwarded based upon a record stored in a memory which associates a forwarding telephone number, such as the number for called party home phone 22, with a network logon device, such as called party home workstation 26." *4:58-5:2.* |
| | *Chestnut* discloses "The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any |

| '489 Patent | | U.S. Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|
| | | preprogrammed set of rules. It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:18-25 |
| | | *Chestnut* discloses "The present invention relates generally to a system for managing a telecommunications system, and more particularly to a telecommunications management system which controls call forwarding based upon user activity on an associated computer terminal." 1:4-8 |
| | | *Chestnut* discloses "The present invention closely integrates a company's LAN with its telephone network and controls call forwarding based upon user activity on an associated computer terminal." 2:25-28 |
| | | Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. . . . The system can also be set up to alter the ***schedule if it detects that the called party is logged onto a terminal*** associated with a different telephone extension than the one defined in the schedule. *Id.* at 2:45-51. |
| [e] | a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port; | ***Chestnut* discloses "a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the one or more lists over the computer network access port"** as that phrase is applied by Microsoft. |
| | | *Figure 1* of *Chestnut* "shows the telecommute server 2 connected to a computer network 8 and a private telephone switch (private branch exchange (PBX)) 4 which in turn is connected to a Publicly Switched Telephone Network (PSTN) 6." *4:36-39.* |

| '439 Patent | | US Pat. No. 6,041,114 ("Chestnut 2") |
|---|---|---|
| | | *Fig. 1*<br><br>*Chestnut* discloses that "Computer and telephone systems are being linked through Computer Telephony Integration (CTI) applications which facilitate incoming and outgoing call handling and control. CTI applications can be used to seamlessly interface the caller, the called party, and information on a host computer for a variety of applications. CTI applications deliver caller ID, automatic number identification (ANI), dialed number identification services (DNIS), and interactive voice response (IVR) dialed digits, such as a customer's account number, to a software application. CTI applications can also deliver request signals, such as 'hold call' or 'transfer call', to a telephone system." 1:40-53<br><br>*Chestnut* also discloses that "the telecommute server 2 checks the computer network 8 to see if the called party is logged on. If the called party is logged on, the telecommute server 2 instructs the private branch exchange 4 to forward the call to the telephone extension associated with the device the called party has used to log onto the computer network 8." *4:51-57*. |
| [f] | and a controller to receive the incoming call designated for the user telephone and to process the incoming call in accordance with the user-selectable criteria,<br><br>the controller accessing the user-selectable criteria in the one or more lists of the data structure via the computer network access port and thereby applying the user-selectable criteria to the incoming call. | *Chestnut* discloses "**a controller**" shown in Figure 1 as the private telephone switch or PBX, as that phrase is applied by Microsoft. |

| | | '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|---|
| | | | *Chestnut* discloses "If calls are not being forwarded 66, then the call is transferred 74 to the originally dialed telephone number or the extension to which a PBX had transferred the call." 7:21-23 |
| | | | "The present invention, referred to as a telecommute server, is a method for controlling call forwarding using a computer connected to a data network and a telephone network." 2:34-37 |
| Claim 2 | 2. The system of claim 1 wherein the data structure stores the user-selectable criteria in association with caller identification data and the incoming call includes origination identification data associated therewith, the controller using the origination identification data to identify user-selectable criteria stored in the data structure in association with the caller identification data. | | *Chestnut* discloses "**The system of claim 1 wherein the data structure stores the user-selectable criteria in association with caller identification data and the incoming call includes origination identification data associated therewith, the controller using the origination identification data to identify user-selectable criteria stored in the data structure in association with the caller identification data**" |
| | | | *See Claim 1.* |
| | | | *Chestnut* discloses that the telecommute server "may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:19-28. |
| | | | *Chestnut* also discloses that "call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI." 2:55-58. |
| | | | *Chestnut* discloses that "Computer and telephone systems are being linked through Computer Telephony Integration (CTI) applications which facilitate incoming and outgoing call handling and control. CTI applications can be used to seamlessly interface the caller, the called party, and information on a host computer for a variety of applications. CTI applications deliver caller ID, automatic number identification (ANI), dialed number identification services (DNIS), and interactive voice response (IVR) dialed digits, such as a customer's account number, to a software application. CTI applications can also deliver request signals, such as 'hold call' or 'transfer call', to a telephone system." 1:40-53 |
| | | | *Chestnut* discloses "The caller is then presented with a list of |

| | | '439 Patent | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|---|

potential forwarding telephone numbers. These numbers may be presented as locations ('home phone, car phone, cell phone') or the caller may be offered options to 'try another location or leave a message'. As discussed above, different lists may be presented to different callers based on their identity or the source of origin of their call, and the lists of potential forwarding numbers may be effected by the time of day or other criteria." 7:4-12



*Fig. 3*

*Chestnut* discloses "The method of claim 1, wherein said call may be forwarded to any one of a plurality of telephone numbers and the determination of which telephone number said call is forwarded to is based upon incoming signals accompanying the call which signals identify the calling party." 9:9-13

*Chestnut* discloses "A method for managing a telecommunications system in which call forwarding is determined by whether a computer terminal is logged into a computer network, comprising: a) receiving a call on a telephone system which is coupled to a computer network; b) determining the identity of a called party to whom said call should be directed; c) determining whether one of a plurality of network logon devices associated with said called party is logged onto said computer network; d) if one of the network logon devices is logged onto said computer network, then identifying a telephone number associated with said logged-on network logon device and forwarding the call to said

| '439 Patent | US Pat. No. 6,041,114 (Chestnut) |
|---|---|
| | telephone number; and e) if none of said plurality of network *logon devices is logged onto said computer network, then* directing the call to a default telephone number." 9:16-33 |
| **Claim 9** The system of claim 1 wherein the user-selectable criteria indicates permission to process the incoming call during a user-selected time period, the controller processing the incoming call during the user-selected time period in accordance with the permission to generate a ring signal at the user telephone, the controller blocking the incoming call and not generating a ring signal at the user telephone during a time period other than the user-selected time period. | *Chestnut* discloses "**The system of claim 1 wherein the user-selectable criteria indicates permission to process the incoming call during a user-selected time period, the controller processing the incoming call during the user-selected time period in accordance with the permission to generate a ring signal at the user telephone, the controller blocking the incoming call and not generating a ring signal at the user telephone during a time period other than the user-selected time period**" <br><br> *See claim 1.* <br><br> *Chestnut* discloses "The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer is logged on or off." 2:46-51 <br><br> *Chestnut* discloses "In one embodiment, the caller may be provided with a list of locations, any of which can be selected by the caller and tried in order to locate the called party. The list may be modified by the day of the week, the time of day, or whether or not the called party is currently logged on from a remote location. The list may also offer the caller the option to have the call forwarded to a third party." 3:13-19 <br><br> *Chestnut* discloses "Remote presence determination includes checking to see if the party being called is logged onto the data network or if they have scheduled to have calls forwarded at this time." 3:57-60 <br><br> *Chestnut* discloses "The telecommute server 2, can also forward incoming calls based upon other criteria including day or date, time of day, the identity of the caller, or any preprogrammed set of rules. It is within the scope of the invention for the telecommute server 2 to utilize a set of forwarding preferences which are based the above criteria as well as other factors such as who else in the office is logged onto the computer network 8 or the telephone extensions currently in use." 5:18-25 <br><br> *Chestnut* discloses "The telecommute server 2 can also be set up to present a caller with a menu listing locations to which the call can be forwarded. The caller then selects a location, most likely using the telephone touchpad, and the telecommute server forwards the call to the selected location. |

| '439 Patent | | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|
| | | If there is no answer, the telecommute server 2 can either transfer the call to a voice messaging system 18 or try another location. The menu presented to the caller may be modified based upon whether or not the called party is logged onto the computer network 8, time of day, day or date, or the caller's identity." 5:52-61<br><br>*Chestnut* discloses "If the current called party network logon device is determined then the telephone number associated with the current called party network logon device is determined 44 by comparing the identity of the logon device with a list of telephone numbers indexed by logon device stored in a memory. Other factors including time of day, day of the week, date, and/or the identity of the calling party may be used to determine the forwarding number by providing additional indexing criteria." 6:34-42<br><br>*Chestnut* discloses "The list of potential forwarding numbers can be based on one or more preprogrammed criteria, including the identity of the called party's current or most recent network logon device, day of the week, date, time of day, and/or the identity of the caller." 6:67-7:4<br><br>*Chestnut* discloses "As discussed above, different lists may be presented to different callers based on their identity or the source of origin of their call, and the lists of potential forwarding numbers may be effected by the time of day or other criteria." 7:9-12<br><br>*Chestnut* discloses "The method of claim 1, wherein said call may be forwarded to any one of a plurality of telephone numbers and the determination of which telephone number said call is forwarded to is based upon the date and time said call is received." 8:61-65<br><br>*Chestnut* discloses "The method of claim 28, wherein said call is forwarded to one of a plurality of telephone numbers based upon the date and time said call is received." 11:46-48 |
| Claim 21 [a] | In an environment where subscribers call a user over a telephone network, wherein a user telephone is coupled with the telephone network, | *Chestnut* discloses claim 21[a].<br><br>*See* claim 1[a]. |
| [b] | a system for user specification of call processing in the telephone network, the system comprising: | *Chestnut* discloses claim 21[b].<br><br>*See* claim 1[b].<br><br>The Chestnut patent further explains that the "call forwarding options may be automatic or may be |

| '439 Patent | | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|
| | | presented to the caller or the called in the form of a menu." *3:30-32.* |
| [c] | a data structure contained within a computer network and accessible by the telephone network, the data structure containing a plurality of caller lists each having associated user-selectable criteria for call processing, | *Chestnut* discloses claim 21[c].<br><br>*See* claim 1[c].<br><br>*Chestnut* discloses "The list of potential forwarding numbers can be based on one or more preprogrammed criteria including the identity of the called party's current or most recent network logon device, day of the week, date, time of day, the source of origin of the call, 55 and/or the identity of the caller." 7:50-55<br><br>*Chestnut* discloses "Additionally, the system may also provide different callers with different levels of access to call forwarding options. Callers may be identified through 'caller ID', inputting an identifying code via the telephone touchpad, or some other method of identification. Unknown or low priority callers may only be given the option of leaving a message or having the call transferred to another party while a higher priority caller may be given the option of trying to reach the called party at home." 3:19-27<br><br>*Chestnut* discloses "The caller is then presented with a list of potential forwarding telephone numbers. These numbers may be presented as locations ('home phone, car phone, cell phone') or the caller may be offered options to 'try another location or leave a message'. As discussed above, different lists may be presented to different callers based on their identity or the source of origin of their call, and the lists of potential forwarding numbers may be effected by the time of day or other criteria." 7:4-12 |
| [d] | wherein some of the plurality of caller lists are conditioned according to current activity of subscribers on the computer network or according to current activity of the user on the computer network; | *Chestnut* discloses claim 21[d].<br><br>*See* 1[d]. |
| [e] | a computer network access port used by the telephone network to access the data structure such that the telephone network has access to the plurality of caller lists; | *Chestnut* discloses claim 21[e].<br><br>*See* claim 1[e]. |
| [f] | and a controller on the telephone network to receive an incoming call having origination data indicative of | *Chestnut* discloses claim 21[f]. |

| '439 Patent | US Pat. No. 6,041,114 ('Chestnut') |
|---|---|
| a subscriber and destination data indicating the call is designated for the user telephone, the controller accessing the plurality of caller lists in the data structure via the computer network access port to determine which of the plurality of caller lists contains the origination data, the controller processing the incoming call in accordance with the user-selectable criteria associated with the caller list containing the origination data. | *See* claim 1[f]. |
| **Claim 24** | The system of claim 21 wherein the user-selectable criteria associated with the caller list containing the origination data indicates permission to process the incoming call during a user-selected time period, the controller processing the incoming call during the user-selected time period in accordance with the permission to generate a ring signal at the user telephone, the controller blocking the incoming call and not generating a ring signal at the user telephone during time periods other than the user-selected time period. | *Chestnut* discloses claim 24.<br><br>*See* claim 21, claim 9, and claim 1. |
| **Claim 28 [a]** | In a system where subscribers call a user over a telephone network,<br><br>wherein a user telephone is coupled with the telephone network,<br><br>a computer program product for implementing a method for processing a call from a subscriber to a user over a telephone network, the computer program product comprising:<br><br>a computer readable medium having computer executable instructions for performing the method, the method | *Chestnut* discloses claim 28 [a].<br><br>*See* claim 1 [a] and claim 1 [b].<br><br>*Chestnut* discloses a computer program product: "CTI applications can be used to seamlessly interface the caller, the called party, and information on a host computer for a variety of applications. CTI applications deliver caller ID, automatic number identification (ANI), dialed number identification services (DNIS), and interactive voice response (IVR) dialed digits, such as a customer's account number, to a software application. CTI applications can also deliver request signals, such as 'hold call' or 'transfer call', to a telephone system." 1:45-53<br><br>*Chestnut* discloses a computer readable medium through the computer readable medium(s) located in the PBX and/or |

| | '439 Patent | US Pat No. 6,041,114 ("Chestnut") |
|---|---|---|
| | comprising:<br><br>accepting an incoming call designated for the user telephone; | Telecommute Server.<br><br><br><br>*Fig. 1* |
| [b] | accessing a data structure contained within a computer network that is independent of the telephone network to retrieve user-selectable criteria for call processing stored within the data structure. | *Chestnut* discloses claim 28 [b].<br><br>*See* claim 1[c]. |
| [c] | wherein some of the user- selectable criteria is conditioned on current activity of subscribers on the computer network or according to current activity of the user on the computer network; | *Chestnut* discloses claim 28 [c].<br><br>*See* claim 1[d]. |
| [d] | and processing the incoming call in accordance with the user-selectable criteria. | *Chestnut* discloses claim 28 [a].<br><br>*See* claim 1 [f].<br><br>The Chestnut patent further explains that the "call forwarding options may be automatic or may be presented to the caller or the called in the form of a menu." *3:30-32.* |
| Claim 36 | The computer program product of claim 28 wherein the user-selectable criteria indicates permission to process the incoming call during a user-selected time period, the method further | *Chestnut* discloses claim 36.<br><br>*See* claim 28, claim 9, and claim 1. |

| 439 Patent | | US Pat. No. 6,041,114 ("Chestnut") |
|---|---|---|
| | comprising:<br>processing the incoming call during the user-selected<br>time period in accordance with the permission to generate<br>a ring signal at the user telephone; and<br>blocking the incoming call and not generating a ring signal<br>at the user telephone during time periods other than the<br>user-selected time period. | |
| **Claim 38 [a]** | In a system including a telephone network and a computer network where an originating telephone connects with a user telephone over the telephone network, | *Chestnut* discloses claim 38 [a].<br><br>*See* claim 1 [a]. |
| [b] | a method for processing a call from the originating telephone to the user telephone according to user specifications, the method comprising: | *Chestnut* discloses claim 38 [b].<br><br>*See* claim 1[b].<br><br>The Chestnut patent further explains that the "call forwarding options may be automatic or may be presented to the caller or the called in the form of a menu." *3:30-32.* |
| [c] | accepting an incoming call designated for the user telephone from an originating telephone of a subscriber; | *Chestnut* discloses claim 38 [c].<br><br>*See* claim 1 [f]. |
| [d] | accessing a data structure contained within a computer network that is independent of the telephone network to retrieve user-selectable criteria for call processing stored within the data structure, | *Chestnut* discloses claim 38 [d].<br><br>*See* claim 1 [c]. |
| [e] | wherein some of the user-selectable criteria is conditioned on current activity of subscribers on the computer network or according to current activity of the user on the computer network; | *Chestnut* discloses claim 38 [d].<br><br>*See* claim 1 [d].<br><br>*Chestnut* discloses "The called party may instruct the system to continue call forwarding for a specified amount of time after a disconnection or they log off. Call forwarding may also be scheduled for a predefined period of time after an initial logon regardless of whether the computer |

| | '439 Patent | US Pat. No. 6,041,104 ("Chestnut") |
|---|---|---|
| | | is logged on or off. Call forwarding based on computer logon may be further scheduled so that calls are forwarded to different telephone lines associated with telephones or voice messaging systems depending upon a predefined schedule. Alternatively, call forwarding may be made conditional based upon other information received by the telephone system, such as caller ID or ANI. The system can also be set up to alter the schedule if it detects that the called party is logged onto a terminal associated with a different telephone extension than the one defined in the schedule." 2:46-61 |
| [f] | and processing the incoming call of the subscriber in accordance with the user-selectable criteria. | *Chestnut* discloses claim 38 [f].<br><br>*See* claim 1[f].<br><br>The Chestnut patent further explains that the "call forwarding options may be automatic or may be presented to the caller or the called in the form of a menu." *3:30-32.* |
| Claim 43 | The method of claim 38 wherein the data structure stores the user-selectable criteria in association with caller identification data and the incoming call includes origination identification data associated therewith, wherein accessing a data structure further comprises using the origination identification data to identify user-selectable criteria stored in the data structure in association with the caller identification data. | *Chestnut* discloses claim 43.<br><br>*See* claim 38, claim 2, and claim 1. |
| Claim 48 | The method of claim 38 wherein the user-selectable criteria indicates permission to process the incoming call during a user-selected time period, wherein processing the incoming call further comprises: processing the incoming call during the user-selected time period in accordance with the permission to generate a ring signal at the user telephone; blocking the incoming call; and not generating a ring signal at the user telephone during time periods other than the user-selected time period. | *Chestnut* discloses claim 43.<br><br>*See* claim 9. |

EXHIBIT 10

REDACTED

# EXHIBIT 11

REDACTED

# EXHIBIT 12

REDACTED