IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT ENTERPRISE and GENESYS TELECOMMUNICATIONS LABORATORIES, INC.,<br><br>Defendants. | ) | C.A. No. 07-090 (SLR)<br><br>**REDACTED – PUBLIC VERSION** |

**DECLARATION OF DR. LEONARD J. FORYS, PH.D.**
**IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 6,430,289**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendants Alcatel-Lucent Enterprise and Genesys Telecommunications Laboratories, Inc.*

*Of Counsel*:

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

David A. Nelson
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Original Filing Date: May 9, 2008
Redacted Filing Date: May 16, 2008

I, DR. LEONARD J. FORYS, PH.D., declare as follows:

1. I am President of the Forys Consulting Group, Inc. ("Forys Consulting"), which provides consulting in voice and data communication services. I have been retained as an expert witness on behalf of defendant Genesys Telecommunications Laboratories, Inc. ("Genesys"). Based on my investigation of the facts of this case, including review of the patent in issue and prior art, investigation of the Accused Product, review of Dr. Beckmann's expert report and analyses of plaintiff Microsoft's experts and participation in the ITC proceedings, I have personal knowledge of the matters set forth below and if called to testify, could and would competently testify thereto under oath.

2. Microsoft alleges that Genesys' Inbound Voice product infringes U.S. Patent No. 6,430,289 ("'289 Patent").

3. This declaration summarizes relevant portions of the Expert Report of Dr. Leonard J. Forys, Ph.D., Regarding Genesys Telecommunications Laboratories, Inc.'s Non-Infringement of U.S. Patent No. 6,430,289 in Rebuttal to the Expert Report of Dr. William H. Beckmann (the "Rebuttal Report"), which I have submitted on behalf of Genesys.

4. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from my Rebuttal Report, dated April 18, 2008, which contains my expert opinion on the non-infringement of the '289 Patent.

5. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the March 28, 2008 Expert Report of Dr. William H. Beckmann, Ph.D., hereinafter referred to as ("Beckmann Report").

## I. QUALIFICATIONS

6. My qualifications are set forth fully in my Rebuttal Report. (Ex. 1 (Rebuttal Report) at ¶¶5-20, Exs. A, B.)

7. I have many years of experience in the development and analysis of various aspects of call center performance, particularly the analysis of emerging technologies involving computer telephony integration. From 1984 to 1994, I was District Manager at Bell Communications Research ("Bellcore" now Telcordia), where I was responsible for the specifications and testing of a variety of voice network components, focusing on various aspects of call center performance particularly the analysis of emerging technologies involving computer telephony integration. Primarily because of my success in these activities, I was named a Bellcore Fellow in 1992, only the 5th person to receive such an award. From 1994 to 1995, I was a Chief Scientist at Bellcore. Since 1995, I have been President of my company, Forys Consulting, which provides consulting in voice and data communication services. As President of Forys Consulting, I have done root cause analysis on a variety of problems in data network elements and in signaling networks.

**II. BACKGROUND OF THE TECHNOLOGY**

8. My description of the background of the technology is fully set forth in my Rebuttal Report. (*See id.* at ¶¶34-40.) Some key points:

9. The relevant technology is call centers. (*See id.* at ¶¶34-36.) Call centers are composed of automatic call distributors ("ACD"), in which a series of queues or waiting rooms are used to segregate calls (and in the more general case, chat and email transactions) in order to provide varying grades of service and priorities. (*See id.* at ¶35.)

10. With the prevalent use of computer networks, ACDs handle not only voice calls but emails and chat sessions as well. Agents can often simultaneously handle several chat sessions and even email and voice calls at the same time. (*See id.* at ¶40.)

## III. PATENT-AT-ISSUE

### A. Person of Ordinary Skill in the Art

11. In my opinion, a person of ordinary skill in the art would have had a B.S. or Masters Degree in electrical engineering or computer science, and/or three to five years of work experience in the field of computer telephony. Insofar as ACDs are alleged by Microsoft as falling within the scope of the asserted patent, a person of ordinary skill in the art would also need to have three to five years of experience with ACDs as well. (*See id.* at ¶23.)

## IV. OPERATION OF THE ACCUSED GENESYS SYSTEM

### A. Overview of the Accused Genesys Product

[redacted]



**B. The ’289 Patent**

18. The ’289 Patent claims a method and a computer program product for determining when to establish telephone communication between two parties by monitoring one or both of the parties’ computer activity (*i.e.*, whether a party’s computer is active or idle) and making the assumption that if a party is active on his or her computer, then he or she is probably present at the monitored computer, presumably not occupied on another telephone call and therefore available to take a call at a telephone that has been associated with the monitored computer. The claims also require that in determining when a party is available to take a call, the system take into account “pre-determined” rules, such as a restriction as to when a party is willing to accept a call. (*See id.* at ¶49.)

**C. The Accused Product Routes Calls Based On Agent State And Agent Skills**





**D. No Contributory Infringement**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of May, 2008 in New Jersey.

Dr. Leonard J. Forys

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on May 16, 2008 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on May 16, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C..
919 N. Market Street
Suite 1100
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

Ruffin B. Cordell, Esquire
Linda Liu Kordziel, Esquire
FISH & RICHARDSON P.C.
1425 K. Street, N.W.
11th Floor
Washington, DC 20005

John E. Gartman, Esquire
FISH & RICHARDSON P.C.
12390 EL Camino Real
San Diego, CA 92130

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)

# EXHIBIT 1

REDACTED

# EXHIBIT 2

REDACTED