# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 22, 2008

The Honorable Sue L. Robinson               *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Microsoft Corporation v. Alcatel-Lucent Enterprise, et al.*
            C.A. No. 07-090 (SLR)

Dear Judge Robinson:

      As Your Honor knows, this is a companion action to an ITC proceeding that Microsoft instituted on the same four patents. I write on behalf of the defendants to advise Your Honor that earlier this week, the ITC issued its final determination (Ex. A) that there had been no violation of Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, *i.e.*, that Alcatel-Lucent Enterprise had not infringed any of the four patents. A number of the claims of the patents were also held invalid. Given this development, and with the trial on the same patents scheduled for September before Your Honor, we think it would make sense for the parties to contact Judge Thynge to see whether they can reach a resolution that will not require the use of the Court's resources, as provided by paragraph 4 of the Court's August 3, 2007 Scheduling Order (D.I. 26). We intend to do that promptly.

                        Respectfully,

                        */s/ Jack B. Blumenfeld*

                        Jack B. Blumenfeld (#1014)

JBB/dlb
cc:    Clerk of Court (Via Hand Delivery)
       Thomas L. Halkowski, Esquire (Via Electronic Mail and Hand Delivery)
       Ruffin B. Cordell, Esquire (Via Electronic Mail)
       Steven C. Cherny, Esquire (Via Electronic Mail)

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN UNIFIED
COMMUNICATIONS SYSTEMS,
PRODUCTS USED WITH SUCH
SYSTEMS, AND COMPONENTS
THEREOF

Investigation No. 337-TA-598

NOTICE OF COMMISSION DECISION TO REVERSE-IN-PART AND MODIFY-IN-PART A FINAL INITIAL DETERMINATION FINDING A VIOLATION OF SECTION 337 AND TERMINATION OF THE INVESTIGATION WITH A FINDING OF NO VIOLATION

AGENCY: U.S. International Trade Commission.

ACTION: Notice.

SUMMARY: Notice is hereby given that the U.S. International Trade Commission has determined to reverse-in-part and modify-in-part a final initial determination ("ID") of the presiding administrative law judge ("ALJ"). The Commission has determined that there is no violation of section 337 in the above-captioned investigation.

FOR FURTHER INFORMATION CONTACT: Clint Gerdine, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 708-5468. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov.* The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov.* Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

SUPPLEMENTARY INFORMATION: The Commission instituted this investigation on March 26, 2007, based on a complaint filed by Microsoft Corporation ("Microsoft") of Redmond, Washington. 72 *Fed. Reg.* 14138-9. The complaint, as amended and supplemented, alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the

importation into the United States, the sale for importation, and the sale within the United States after importation of certain unified communications systems, products used with such systems, and components thereof by reason of infringement of certain claims of U.S. Patent Nos. 6,421,439 ("the '439 patent"); 6,430,289; 6,263,064 ("the '064 patent"); and 6,728,357. The complaint further alleges the existence of a domestic industry. The Commission's notice of investigation named Alcatel-Lucent ("ALE") of Paris, France as the only respondent.

On April 20, 2007, Microsoft moved to amend the complaint to: 1) substitute Alcatel Business Systems for Alcatel-Lucent as respondent in this investigation, and 2) add allegations of infringement of claims 8, 28, 38, and 48 of the '439 patent, and claim 20 of the '064 patent. Respondent and the Commission investigative attorney ("IA") did not oppose the motion.

On May 17 and September 20, 2007, respectively, the Commission determined not to review IDs, issued by the presiding ALJ, granting Microsoft's motions to amend the complaint and to terminate the investigation in part based on Microsoft's withdrawal of certain claims. On October 23 and October 26, 2007, respectively, the Commission determined not to review IDs, issued by the presiding ALJ, granting Microsoft's motion to terminate the investigation in part based on Microsoft's withdrawal of certain claims and granting ALE's motion to amend the complaint.

On January 28, 2008, the ALJ issued his final ID and recommended determinations on remedy and bonding. The ALJ found a violation of section 337 based on his findings that the respondent's accused products infringe claims 1 and 28 of the '439 patent, and that those claims were not proven invalid and that the domestic industry and importation requirements of section 337 were met as to those claims. On February 11, 2008, all parties, including the IA, filed petitions for review of the final ID. On February 19, 2008, all parties filed responses to the petitions for review.

On March 14, 2008, the Commission determined to review-in-part the final ID. Particularly, the Commission determined to review: 1) the ALJ's construction of the claim term "current activity of subscribers on the computer network;" 2) the ALJ's determination that ALE's OXE system directly and indirectly infringes the '439 patent; 3) the ALJ's determination that ALE's OXO system does not infringe the '439 patent; 4) the ALJ's determination that claims 1 and 28 of the '439 patent are not invalid in view of U.S. Patent No. 6,041,114 ("the '114 patent") or U.S. Patent No. 5,652,789 ("the '789 patent"); 5) the ALJ's determination that claim 38 of the '439 patent is invalid in view of the '114 patent; and 6) the ALJ's determination that claim 38 is not invalid in view of the '789 patent.

With respect to violation, the Commission requested written submissions from the parties relating to the following issues:

> 1) the ALJ's finding that the "current activity of the user on the computer network" as found in the '439 patent "can consist of both user-selected indicators based on user activity (e.g., 'conditional

2

processing' as per the '439 specification) and the transfer of data between the computer and telephone networks while the user is engaged in a VoIP phone call" (ID at 47), and the implications of this finding for the infringement and invalidity analyses;

2) what is the exact demarcation between the '439 patent claim terms "telephone network" and "computer network" as it relates to claim construction, invalidity using the '114 and '789 patents, and the infringement analysis for a Voice-over-IP (VoIP) communication system;

3) whether the PBX and telecommute server of the '114 patent, functioning together, can be considered to disclose the "network access port" and "controller" limitations of claim 1 of the '439 patent to anticipate this claim;

4) to what extent, if any, does anticipation of claims 1 and 28 of the '439 patent depend on a finding that the claim limitations are inherently disclosed by the '114 and '789 patents; and

5) please comment on Microsoft's argument that the ALJ, when construing the term "current activity" to mean "either the status of the user or subscriber at the present time or the most recent status of a user or subscriber," did so in a manner inconsistent with Federal Circuit precedent. Complainant Microsoft's Contingent Petition for Review at 9. In addressing this argument, please address Free Motion Fitness, Inc. v. Cybex Int'l, Inc., 423 F.3d 1343 (Fed. Cir. 2005) ("[u]nder Phillips, the rule that 'a court will give a claim term the full range of its ordinary meaning,' . . . does not mean that the term will presumptively receive its broadest dictionary definition or the aggregate of multiple dictionary definitions . . .")) and Impax Labs, Inc. v. Aventis Pharms, Inc. 468 F.3d 1368, 1374 (Fed. Cir. 2006) ("claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term its broadest reasonable construction consistent with the specification").

73 *Fed. Reg.* 15005-07.

Further, the Commission requested written submissions on the issues of remedy, the public interest, and bonding. *Id.*

On March 24 and March 31, 2008, respectively, the complainant Microsoft, the respondent ALE, and the IA filed briefs and reply briefs on the issues for which the Commission requested written submissions.

Having reviewed the record in this investigation, including the final ID and the parties' written submissions, the Commission has determined to reverse-in-part and modify-in-part the ID. Particularly, the Commission has modified the ALJ's claim construction of the term "current activity of the user on the computer network" in claims 1, 28, and 38 of the '439 patent to be "the current status of the user on the computer network" where "current status" includes "either the status of a user or subscriber at the present time or the most recent status of a user or subscriber." Further, the Commission has reversed the ALJ's ruling of infringement of the '439 patent by ALE's OXE system and determined that this system does not infringe claims 1, 28, and 38 under at least the Commission's modified claim construction of "current activity of the user on the computer network." The Commission has also affirmed the ALJ's ruling of non-infringement of the '439 patent by ALE's OXO system. In addition, the Commission has reversed the ALJ's finding that claims 1 and 28 are not invalid in view of the '114 patent or the '789 patent, reversed the ALJ's finding that claim 38 is not invalid in view of the '789 patent, and affirmed the ALJ's finding that claim 38 is invalid in view of the '114 patent. Particularly, the Commission has determined that claims 1, 28, and 38 are invalid in view of the '114 patent, and are also invalid in view of the '789 patent.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.45, and 210.50 of the Commission's Rules of Practice and Procedure (19 C.F.R. §§ 210.45, 210.50).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 19, 2008

4